1  Alan Harris (SBN 146079)
   David Zelenski (SBN 231768)
2  HARRIS & RUBLE
   5455 Wilshire Boulevard, Suite 1800
3  Los Angeles, CA 90036
   Telephone: (323) 931-3777
4  Facsimile: (323) 931-3366

5  Attorneys for Plaintiff

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 WALTER PEREZ ESCOBAR,              Case No. 08           1120
   MARGARITO GONZALEZ, and
12 FRANCISCO CISNEROS-               **CLASS ACTION COMPLAINT**
   ZAVALA, individually and on
13 behalf of all others similarly        1. Cal. Lab. Code § 226.7 (wages for
   situated,                               rest and meal period)
14
                Plaintiff,              2. Cal. Lab. Code § 203 (continuing
15                                        wages)
        v.
16                                     3. Cal. Lab. Code § 226 (wage
   WHITESIDE CONSTRUCTION                 statements)
17 CORPORATION, NMS SUPPLY,
   INC., J. W. CONSTRUCTION,            4. Cal. Lab Code §§ 204, 510 and
18 INC., and DAVID R. WHITESIDE,          1194 California Labor Code
                                          (Failure to Pay Minimum Wage or
19              Defendants.               Overtime Compensation)

20                                     5. 29 USCS § 206 and 207 (Fair
                                          Labor Standards Act)
21
                                       6. Cal. Bus. & Prof. Code § 17200 *et
22                                        seq.*

23                                     7. California Labor Code § 2802,
                                          Indemnification for Expenditures
24                                        or Losses in Discharge of Duties

25
                                          **DEMAND FOR JURY TRIAL**
26

27

28

                                   1
                                COMPLAINT

1  COME NOW Plaintiffs, and for their causes of action against Defendants, allege:

2  ## JURISDICTION AND VENUE

3  1.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b).

4  Defendants constitute an "enterprise" within the meaning of the Fair Labor Standards

5  Act, 29 U.S.C. § 203.  See 29 U.S.C. § 203(r) (defining "enterprise").  Defendants are

6  engaged in interstate commerce, with annual sales in excess of $1,000,000 and with

7  more than 300 employees.  This Court has federal-question jurisdiction under 28 U.S.C.

8  § 1331.  Furthermore, under 28 U.S.C. § 1367, this Court may exercise supplemental

9  jurisdiction over Plaintiff's state-law claims.  There are no grounds that would justify

10  this Court's declining to exercise its jurisdiction pursuant to 28 U.S.C. § 1367.  See 28

11  U.S.C. § 1367(c) (explaining grounds on which courts may decline to exercise

12  supplemental jurisdiction).

13  ## PARTIES AND JURISDICTION

14  2.    Plaintiffs FRANCISCO CISNEROS-ZAVALA ("CISNEROS-ZAVALA"),

15  MARGARITO GONZALEZ ("GONZALEZ") and WALTER PEREZ ESCOBAR

16  ("ESCOBAR") (collectively, "Plaintiffs") are individuals who, during the time periods

17  relevant to this Complaint, were employed within the County of Contra Costa, State of

18  California.  ESCOBAR is resident of the County of Marin, State of California.

19  CISNEROS-ZAVALA and GONZALEZ are residents of the County of Contra Costa.

20  3.    Defendant WHITESIDE CONSTRUCTION CORPORATION

21  ("WHITESIDE") was and is a California Corporation doing business within the State of

22  California.  On the California Secretary of State's website, WHITESIDE lists its address

23  as P.O. Box 3578, San Rafael, California 94912.  Defendants are informed and believe

24  and thereupon allege that WHITESIDE'S actual place of business is 1151 Hensley

25  Street, Richmond, California 94801.  WHITESIDE'S Agent for Service of Process is

26  David R. Whiteside, 101 Morphew Street, San Rafael, California 94901.  WHITESIDE

27  is a large concrete construction company that conducts business throughout the greater

28  San Francisco Bay Area.  WHITESIDE is licensed in California under Contractor's

1  License number 577719.

2    4.    Defendant NMS SUPPLY INC. ("NMS") was and is a California

3  Corporation doing business within the State of California. On the California Secretary

4  of State's website, NMS lists its address as 1151 Hensley Street, Richmond, California

5  94801. NMS's Agent for Service of Process is David R. Whiteside, 20 Baywood Circle,

6  Novato, California 94949. On information and belief, NMS does not appear to hold a

7  California Contractor's License.

8    5.    Defendant J.W. CONSTRUCTION, INC. ("JWC") was and is a California

9  Corporation doing business within the State of California. On the California Secretary

10  of State's website, JWC lists its address as 631 Marina Way South, Richmond,

11  California 94804. JWC's Agent for Service of Process is Michelle A. Whiteside, 615

12  Biscayne Drive, San Rafael, California 94901. On information and belief, JWC does not

13  appear to hold a California Contractor's License.

14    6.    WHITESIDE 2007 ("WHITESIDE 2007") is the name of the company that

15  is listed on GONZALEZ's W2 for the year 2007. The California Secretary of State does

16  not list WHITESIDE 2007 as either a registered California Corporation or a registered

17  Limited Liability Company. GONZALEZ's W2 lists WHITESIDE 2007's Employer

18  Identification Number ("EIN") as the same EIN as is listed on WHITESIDE's W2.

19  Plaintiffs are informed and believe and thereupon allege that Defendant DAVID R.

20  WHITESIDE controls and operates WHITESIDE 2007, and that WHITESIDE 2007 is

21  another name for WHITESIDE.

22    7.    Plaintiffs are informed and believe and thereupon allege that Defendant

23  David R. Whiteside ("DAVID R. WHITESIDE") is the President of WHITESIDE, NMS,

24  and JWC. DAVID R. WHITESIDE controls and is responsible for the operations,

25  policies and practices as herein alleged for WHITESIDE, NMS, and JWC. Defendants

26  are informed and believe and thereupon alleged that DAVID R. WHITESIDE is a

27  resident of Novato, California. Plaintiffs are informed and believe and thereupon allege

28  that DAVID R. WHITESIDE hires employees by and through WHITESIDE, JWC, and

1  NMS to work on and for DAVID R. WHITESIDE's various construction jobs

2  throughout Northern California.

3      8.    Defendants are informed and believe and thereupon alleged that

4  WHITESIDE, NMS, JWC, and DAVID R. WHITESIDE maintain facilities in and

5  throughout Marin and Contra Costa Counties.  WHITESIDE, NMS, JWC, and DAVID

6  R. WHITESIDE conduct business throughout Northern California and at all relevant

7  times employed Plaintiffs and numerous other hourly paid employees throughout

8  Northern California.  WHITESIDE, NMS, JWC, and DAVID R. WHITESIDE have

9  significant contacts with this judicial district and the activities complained of herein

10 occurred in whole or in part, in this judicial district.

11                          **GENERAL ALLEGATIONS**

12     9.    CISNEROS-ZAVALA worked as an employee of WHITESIDE, NMS

13 and/or JWC from approximately December 2000 through August 2007.  During this

14 period CISNEROS-ZAVALA was employed as a non-exempt Laborer at

15 WHITESIDES's facilities in Richmond, California.  GONZALEZ worked as an

16 employee of WHITESIDE and JWC from approximately April 1991 through February

17 2007.  During this period GONZALEZ was employed as a non-exempt Laborer at

18 WHITESIDES's facilities in Richmond, California.  ESCOBAR worked as an employee

19 of NMS from approximately November 2007 through December 2007.  During this

20 period GONZALEZ was employed as a non-exempt Laborer at WHITESIDES's

21 facilities in Richmond, California.  Under Wage Order 16-2001, Construction

22 occupations, including construction Laborers such as Plaintiffs, are not considered

23 exempt employees.

24     10.   WHITESIDE, NMS, JWC and DAVID R. WHITESIDE required that

25 Plaintiffs report to the WHITESIDE construction yard in Richmond, California at 6:00

26 A.M. each workday.  At that time, the Plaintiffs would be directed by WHITESIDE

27 management, including but not limited to DAVID R. WHITESIDE, as to where they

28 were being assigned to work that particular day.  Thereafter, the Plaintiffs would travel

1   from the WHITESIDE construction yard to the WHITESIDE project where they were

2   assigned to work.  Generally, WHITESIDE would assign the Plaintiffs a work schedule

3   that began at 7:00 A.M and ended at 3:30 P.M.

4          11.    Generally, WHITESIDE, NMS, JWC and DAVID R. WHITESIDE did not

5   pay the Plaintiffs for any time spent working prior to 7:00 A.M.  Furthermore, Plaintiffs

6   were not paid for the travel time between the WHITESIDE construction yard in

7   Richmond, California and the location where the Plaintiffs would work that day.

8   Furthermore, many times the Plaintiffs would work past 3:30 PM, the time they were

9   regularly scheduled to end work, but Plaintiffs were rarely, if ever, compensated for this

10  additional time spent working.  Furthermore, Plaintiffs would not be compensated for the

11  afternoon or evening time spent driving from the Defendant construction site to the

12  WHITESIDE yard in Richmond, California.

13         12.    Plaintiffs were rarely provided with a 10 minute break within the first 4

14  hours of their workday.  Furthermore, Plaintiffs were never provided with a 10 minute

15  break within the second 4 hours of their workday (i.e. within hours 5 through 9 of a

16  typical workday).

17         13.    Furthermore, in many instances Plaintiffs were required to work through

18  their 30 minute lunch break, and were either not allowed to take a lunch break, or, were

19  required to cut short their 30 minute lunch break.

20         14.    In many instances, the Plaintiffs were required to drive their own vehicles

21  from the WHITESIDE yard in Richmond, California to the Defendants' construction

22  location where the employee was assigned to work on a particular day.  Sometimes the

23  work site would be more than an hour from the WHITESIDE yard in Richmond,

24  California.  Even though Plaintiffs used their personal vehicles to drive from the

25  WHITESIDE yard in Richmond to the construction site, the Plaintiffs were never paid a

26  mileage stipend, nor were they compensated for their gas money or bridge tolls.

27         15.    At all relevant times mentioned herein, section 201 of the California Labor

28  Code provided that "wages earned and unpaid at the time of discharge are due and

1    payable immediately." Section 202 of the California Labor code provided that for

2    individuals who quit with at least three days notice, payment of final wages would be

3    immediate and that for individuals who quit without notice, payment of final wages

4    would be within 72 hours.

5        16.    WHITESIDE, NMS, JWC and DAVID R. WHITESIDE did not compensate

6    Plaintiffs as required by sections 201 and/or 202 of the California Labor Code.

7        17.    To date, Plaintiffs have not been compensated for all of the work they

8    performed for WHITESIDE, NMS, JWC and DAVID R. WHITESIDE.

9        18.    At all relevant times mentioned herein, section 203 of the California Labor

10   Code provided:

11        If an employer willfully fails to pay, without abatement or reduction, in

12        accordance with Sections 201, 201.5, 202 and 202.5, any wages of an

13        employee who is discharged or who quits, the wages of the employee shall

14        continue as a penalty from the due date thereof at the same rate until paid or

15        until action therefor is commenced; but the wages shall not continue for

16        more than 30 days.

17        19.    Plaintiffs contend that the failure of WHITESIDE, NMS, JWC and DAVID

18    R. WHITESIDE to pay them within the time provided by sections 201 and 202 of the

19    California Labor Code has been and is "willful" within the meaning of section 203 of the

20    California Labor Code and that, accordingly, Plaintiffs are entitled to the "continuing

21    wages" provided for by section 203.

22        20.    At all relevant times mentioned herein, section 1198 of the California Labor

23    Code provided:

24        The maximum hours of work and the standard conditions of labor fixed by

25        the [Industrial Welfare Commission] shall be the maximum hours of work

26        and the standard conditions of labor for employees. The employment of any

27        employee for longer hours than those fixed by [an] order or under

28        conditions of labor prohibited by [an] order is unlawful.

1    21.    At all relevant times mentioned herein, Wage Order Number 16 (as

2  periodically amended) applied to Plaintiffs.

3    22.    Wage Order 16 requires a one-hour wage premium for each day that an

4  employee is not provided with a mandated ten-minute rest period per four-hour work

5  period. Wage Order 16, ¶11(D). Additionally, Wage Order 16 requires a one-hour wage

6  premium for each day that an employee is not provided with a mandated thirty-minute

7  meal period for any shift that is longer than five hours. Wage Order 16, ¶10(F).

8  Additionally, Wage Order 16 requires that those who are employed more than eight (8)

9  hours in any workday or more than 40 hours in any workweek receive overtime

10  compensation. Wage Order 16, ¶3(A). Finally, Wage Order 16 requires that all

11  employer-mandated travel that occurs after the first location where the employee's

12  presence is required by the employer shall be compensated at the employee's regular rate

13  of pay or, if applicable, the premium rate that may be required by the provisions of the

14  California Labor Code. Wage Order 16, ¶5(A).

15    23.    The right to rest periods and meal periods has been codified in sections

16  226.7 and 512 of the California Labor Code. At all relevant times mentioned herein,

17  section 512(a) provided:

18         An employer may not employ an employee for a work period of more than

19         five hours per day without providing the employee with a meal period of not

20         less than 30 minutes, except that if the total work period per day of the

21         employee is no more than six hours, the meal period may be waived by

22         mutual consent of both the employer and employee. An employer may not

23         employ an employee for a work period of more than 10 hours per day

24         without providing the employee with a second meal period of not less than

25         30 minutes, except that if the total hours worked is no more than 12 hours,

26         the second meal period may be waived by mutual consent of the employer

27         and the employee only if the first meal period was not waived.

28  At all relevant times mentioned herein, section 226.7(b) provided:

1    If an employer fails to provide an employee a meal period or rest period in

2    accordance with an applicable order of the Industrial Welfare Commission,

3    the employer shall pay the employee one additional hour of pay at the

4    employee's regular rate of compensation for each work day that the meal or

5    rest period is not provided.

6    24.    Compensation for missed rest and meal periods constitutes wages within the

7    meaning of section 201 of the California Labor Code.

8    25.    At all relevant times mentioned herein, section 558 of the California Labor

9    Code provided:

10    (a) Any employer or other person acting on behalf of an employer who

11    violates, or causes to be violated, a section of this chapter or any provision

12    regulating hours and days of work in any order of the Industrial Welfare

13    Commission shall be subject to a civil penalty as follows:  (1) For any initial

14    violation, fifty dollars ($50) for each underpaid employee for each pay

15    period for which the employee was underpaid in addition to an amount

16    sufficient to recover underpaid wages.  (2) For each subsequent violation,

17    one hundred dollars ($100) for each underpaid employee for each pay

18    period for which the employee was underpaid in addition to an amount

19    sufficient to recover underpaid wages.  (3) Wages recovered pursuant to this

20    section shall be paid to the affected employee.

21    26.    Plaintiffs contend that WHITESIDE, NMS, JWC and DAVID R.

22    WHITESIDE's failure to comply with section 512 of the California Labor Code and with

23    Wage Order 16 subjects WHITESIDE, NMS, and JWC to civil penalties pursuant to

24    section 558.

25    27.    Plaintiffs also contend that WHITESIDE, NMS, and JWC's failure to

26    comply with section 226 of the California Labor Code subjects WHITESIDE, NMS, and

27    JWC to civil penalties pursuant to section 226.3 of the California Labor Code.  At all

28    relevant times mentioned herein, section 226 of the California Labor Code provided:

1    (a) Every employer shall, semimonthly or at the time of each payment of

2    wages, furnish each of his or her employees, either as a detachable part of

3    the check, draft, or voucher paying the employee's wages, or separately

4    when wages are paid by personal check or cash, an itemized statement in

5    writing showing (1) gross wages earned, (2) total hours worked by the

6    employee, except for any employee whose compensation is solely based on

7    a salary and who is exempt from payment of overtime under subdivision (a)

8    of Section 515 or any applicable order of the Industrial Welfare

9    Commission, (3) the number of piece-rate units earned and any applicable

10    piece rate if the employee is paid on a piece-rate basis, (4) all deductions,

11    provided, that all deductions made on written orders of the employee may

12    be aggregated and shown as one item, (5) net wages earned, (6) the

13    inclusive dates of the period for which the employee is paid, (7) the name of

14    the employee and his or her social security number, (8) the name and

15    address of the legal entity that is the employer, and (9) all applicable hourly

16    rates in effect during the pay period and the corresponding number of hours

17    worked at each hourly rate by the employee.  The deductions made from

18    payments of wages shall be recorded in ink or other indelible form, properly

19    dated, showing the month, day, and year, and a copy of the statement or a

20    record of the deductions shall be kept on file by the employer for at least

21    three years at the place of employment or at a central location within the

22    State of California.

23    . . . .

24    (e) An employee suffering injury as a result of a knowing and intentional

25    failure by an employer to comply with subdivision (a) is entitled to recover

26    the greater of all actual damages or fifty dollars ($50) for the initial pay

27    period in which a violation occurs and one hundred dollars ($100) per

28    employee for each violation in a subsequent pay period, not exceeding an

1    aggregate penalty of four thousand dollars ($4,000), and is entitled to an

2    award of costs and reasonable attorney's fees.

3    . . . .

4    (g) An employee may also bring an action for injunctive relief to ensure

5    compliance with this section, and is entitled to an award of costs and

6    reasonable attorney's fees.

7    WHITESIDE, NMS, and JWC employed Plaintiffs but failed to provide them with the

8    data required by section 226 of the California Labor Code.  For example, WHITESIDE,

9    NMS, and JWC failed to provide information concerning the legal name and address of

10   the employer, the total hours actually worked by the employee and total wages earned on

11   account of meal and rest penalties.  WHITESIDE, NMS, and JWC further failed to

12   provide information regarding the time and wages for pre and post-shift work performed

13   by Plaintiffs but not paid for by WHITESIDE, NMS, and JWC.  Exhibit 1 hereto reflects

14   certain of Plaintiffs' wage statements.  At all relevant times mentioned herein, section

15   226.3 of the California Labor Code provided:

16   Any employer who violates subdivision (a) of Section 226 shall be subject

17   to a civil penalty in the amount of two hundred fifty dollars ($250) per

18   employee per violation in an initial citation and one thousand dollars

19   ($1,000) per employee for each violation in a subsequent citation, for which

20   the employer fails to provide the employee a wage deduction statement or

21   fails to keep the records required in subdivision (a) of Section 226.  The

22   civil penalties provided for in this section are in addition to any other

23   penalty provided by law.

24   28. At all relevant times mentioned herein, section 204(a) of the California Labor

25   Code provided:

26   All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2,

27   earned by any person in any employment are due and payable twice during

28   each calendar month, on days designated in advance by the employer as the

1    regular paydays. Labor performed between the 1st and 15th days, inclusive,
2    of any calendar month shall be paid for between the 16th and the 26th day
3    of the month during which the labor was performed, and labor performed
4    between the 16th and the last day, inclusive, of any calendar month, shall be
5    paid for between the 1st and 10th day of the following month.

6        29. At all relevant times mentioned herein, section 510 (a) of the California Labor
7    Code provided:

8        Eight hours of labor constitutes a day's work. Any work in excess of
9        eight hours in one workday and any work in excess of 40 hours in any
10       one workweek and the first eight hours worked on the seventh day of
11       work in any one workweek shall be compensated at the rate of at least one
12       and one-half times the regular rate of pay for an employee. Any work in
13       excess of 12 hours in one day shall be compensated at the rate of no less
14       than twice the regular rate of pay for an employee. In addition, any work
15       in excess of eight hours on any seventh day of a workweek shall be
16       compensated at the rate of no less than twice the regular rate of pay of an
17       employee. Nothing in this section requires an employer to combine more
18       than one rate of overtime compensation in order to calculate the amount
19       to be paid to an employee for any hour of overtime work. The
20       requirements of this section do not apply to the payment of overtime
21       compensation to an employee working pursuant to any of the following
22           (1) An alternative workweek schedule adopted pursuant to Section 511.
23           (2) An alternative workweek schedule adopted pursuant to a collective
24               bargaining agreement pursuant to Section 514.

25       30. In regard to the employment of Plaintiffs, the provisions of subparagraphs (1)
26   and (2) of section 510 of the California Labor Code were inapplicable in that no
27   alternative workweek schedule had been adopted pursuant to section 511 and Plaintiffs'
28   employment to which reference is hereinafter made was not governed by any collective

1  bargaining agreement.

2      31. At all relevant times mentioned herein, section 1194 of the California Labor
3  Code provided:

4      Notwithstanding any agreement to work for a lesser wage, any employee
5      receiving less than the legal minimum wage or the legal overtime
6      compensation applicable to the employee is entitled to recover in a civil
7      action the unpaid balance of the full amount of this . . . overtime
8      compensation, including interest thereon, reasonable attorney's fees, and
9      costs of suit.

10  At all relevant times mentioned herein, section 1194.2 of the California Labor Code
11  provided:

12      (a) In any action under . . . Section 1194 to recover wages because of the
13      payment of a wage less than the minimum wage fixed by an order of the
14      commission, an employee shall be entitled to recover liquidated damages in
15      an amount equal to the wages unlawfully unpaid and interest thereon.

16      32. Notwithstanding the foregoing requirements of law, Plaintiffs were routinely
17  denied payment of minimum wage or overtime wages, being compensated only for hours
18  scheduled rather than for actual hours worked.  For example, Plaintiffs were not
19  compensated for work performed before and/or after the scheduled work shift.

20      33.    Section 2699 of the California Labor Code, the Labor Code Private
21  Attorneys General Act of 2004, provides in subpart (a) and subparts (f) through (g):

22      Notwithstanding any other provision of law, any provision of this code that
23      provides for a civil penalty to be assessed and collected by the Labor and
24      Workforce Development Agency or any of its departments, divisions,
25      boards, agencies or employees, for a violation of this code, may, as an
26      alternative, be recovered through a civil action brought by an aggrieved
27      employee on behalf of herself or herself and other current or former
28      employees pursuant to the procedures specified in Section 2699.3.

1    . . . .

2    For all provisions of this code except those for which a civil penalty is

3    specifically provided, there is established a civil penalty for a violation of

4    these provisions . . . on behalf of herself or herself and other current or

5    former employees . . . .

6        34.    Pursuant to section 2699 of the California Labor Code, Plaintiffs contends

7    that sections 201, 203, 204, 226, 226.3, 226.7, 512, 558, 1194 and 1198 of the California

8    Labor Code may entitle them to recover civil penalties against WHITESIDE, NMS, and

9    JWC through a civil action on behalf of themselves and other current and former

10   employees.  Further, the provisions of Wage Order 16 also may entitle them to recover

11   civil penalties against WHITESIDE, NMS, and JWC through a civil action on behalf of

12   themselves and other current and former employees.

13   ## CLASS-ACTION ALLEGATIONS

14       35.    The class represented by Plaintiffs (hereafter referred to as the "Class")

15   consists of all natural persons who were issued one or more paychecks by WHITESIDE,

16   NMS, and/or JWC in California during the period beginning four years prior to the filing

17   of this Complaint to date (such persons referred to hereafter as "Class Members" and

18   such period referred to hereafter as "Class Period").

19       36.    Plaintiffs contend that the failure of WHITESIDE, NMS, and/or JWC to

20   provide the data required by section 226 of the California Labor Code entitles each Class

21   Member to either actual damages or statutory damages, whichever is greater.

22       37.    Plaintiffs contend that the failure of WHITESIDE, NMS, and/or JWC to pay

23   wages as provided by section 226.7 of the California Labor Code entitles each Class

24   Member to payment of such earned but unpaid wages owing on account of missed rest

25   periods and meal breaks.

26       38.    Plaintiffs contend that the failure of WHITESIDE, NMS, and/or JWC to pay

27   overtime wages as provided by sections 204, 514 and 1194 of the California Labor Code

28   entitles each Class Member to payment of such earned but unpaid overtime wages,

1   WHITESIDE, NMS, and/or JWC having, inter alia, failed to consider unpaid wages

2   owed on account of missed rest periods and meal breaks in computing the overtime rate

3   applicable to Plaintiffs and Class Members.

4        39.    Plaintiffs contend that the failure of WHITESIDE, NMS, and JWC to make

5   final wage payments within the time provided by sections 201 and/or 202 of the

6   California Labor Code has been and is "willful" within the meaning of section 203 of the

7   California Labor Code and that, accordingly, each Class Member who has had his

8   employment with Defendants WHITESIDE, NMS, or JWC terminated is entitled to the

9   "continuing wages" for which provision is made by section 203 of the California Labor

10  Code.

11       40.    The number of Class Members is great, believed to be in excess of one-

12  thousand persons.  It therefore is impractical to join each Class Member as a named

13  plaintiff.  Accordingly, utilization of a class action is the most economically feasible

14  means of determining the merits of this litigation.

15       41.    Despite the Class Members' numerosity, the Class Members are readily

16  ascertainable through an examination of the records that WHITESIDE, NMS, and JWC

17  are required by law to keep.  Likewise, the dollar amount owed to each Class Member is

18  readily ascertainable by an examination of those same records.

19       42.    Common questions of fact and of law predominate in the claims of Class

20  Members over individual issues regarding the money owed to each Class Member.

21  Some of the common issues herein are described in Paragraph 46, infra.

22       43.    There is a well-defined community of interest in the questions of law and

23  fact common to the Class Members. Some of the common issues herein are described in

24  Paragraph 46, infra.

25       44.    Plaintiffs' claims are typical of the claims of the Class Members, which

26  claims all arise from the same general operative facts, namely, Defendants did not

27  compensate employees as required by the California Labor Code and the Fair Labor

28  Standards Act.  Plaintiffs have no conflict of interest with the other Class Members and

1 | they and their counsel are able to represent the interests of the other Class Members
2 | fairly and adequately.

3 |     45.    A class action is a superior method for the fair and efficient adjudication of
4 | this controversy. The persons within the Class are so numerous that joinder of all of
5 | them is impracticable. The disposition of all claims of the members of the class in a
6 | class action, rather than in individual actions, benefits the parties and the court. The
7 | interest of the Class Members in controlling the prosecution of separate claims against
8 | Defendants is small when compared with the efficiency of a class action. The claims of
9 | each individual Class Member are too small to litigate individually, and the
10 | commencement of separate actions in this Court would lead to an undue burden on
11 | scarce judicial resources. Further, the alternative of individual proceedings before the
12 | California Labor Commissioner is impractical inasmuch as that agency has insufficient
13 | resources to process such claims promptly and, under the provisions of California Labor
14 | Code section 98.2, if the individual class members were to succeed in obtaining awards
15 | in their favor, such awards are subject to appeal as a matter of right for a *de novo* trial in
16 | Superior Court, leading to a multiplicity of such trials in that court. Further, absent class
17 | treatment, employees will most likely be unable to secure redress given the time and
18 | expense necessary to pursue individual claims, and individual Class Members will likely
19 | be unable to retain counsel willing to prosecute their claims on an individual basis, given
20 | the small amount of recovery. As a practical matter, denial of class treatment will lead to
21 | denial of recovery to the individual Class Members.

22 |     46.  There is a well-defined community of interest in the questions of law and fact
23 | common to the Class. The key questions are the same for each Class Member: (a) Was
24 | such Class Member an employee of Defendant WHITESIDE, NMS, JWC and/or DAVID
25 | R. WHITESIDE? (b) Was such Class Member entitled to continuing wages? (c) Was
26 | such Class Member paid his or her wages as provided by sections 201 and/or 202 of the
27 | California Labor Code? (d) Did WHITESIDE, NMS, JWC and/or DAVID R.
28 | WHITESIDE fail to timely pay Class members their minimum and overtime wages? (e)

1   Did WHITESIDE, NMS, JWC and/or DAVID R. WHITESIDE fail to pay Class

2   Members for work performed before and/or after a work shift? (f) Did WHITESIDE,

3   NMS, JWC and/or DAVID R. WHITESIDE fail to provide Class Members with

4   appropriate a thirty minute, uninterrupted meal break? (g) Did WHITESIDE, NMS, JWC

5   and/or DAVID R. WHITESIDE fail to provide Class Members with a mandated ten-

6   minute rest period per four-hour work period? (h) Did WHITESIDE, NMS, JWC and/or

7   DAVID R. WHITESIDE commit unlawful business acts or practices within the meaning

8   of California Business and Professions Code sections 17200 *et seq.*? (i) Did

9   WHITESIDE, NMS, JWC and/or DAVID R. WHITESIDE fail to compensate Class

10  Members for car and transportation expense between WHITESIDE, which is located in

11  Richmond, California and the Class Members' daily work site?

12      47.  The interest of each Class Member in controlling the prosecution of his or her

13  individual claim against WHITESIDE, NMS, JWC and DAVID R. WHITESIDE is small

14  when compared with the efficiency of a class action.

15              **FLSA COLLECTIVE ACTION ALLEGATIONS**

16      48. In this collective action, Plaintiffs seek to represent all individuals who were

17  employed by Defendants (the "COLLECTIVE ACTION MEMBERS").

18      49.  Plaintiffs are similarly situated with the COLLECTIVE ACTION MEMBERS

19  in that: (a) Plaintiffs and the COLLECTIVE ACTION MEMBERS were employed by

20  Defendants; (b) Plaintiffs and the COLLECTIVE ACTION MEMBERS were not paid

21  their wages for actual hours worked, instead being paid for scheduled hours; (c)

22  Plaintiffs and the COLLECTIVE ACTION MEMBERS were not paid for work

23  performed before and/or after a work shift; (d) Defendants knowingly and willfully

24  violated provisions of the FLSA, by not paying Plaintiffs and the COLLECTIVE

25  ACTION MEMBERS their wages; (e) As a result of Defendants' practice of withholding

26  compensation for all hours worked, Plaintiffs and the COLLECTIVE ACTION

27  MEMBERS have been similarly damaged in that they have not received timely payment

28  in full of their earned wages.

1    50. This action is maintainable as an "opt-in" collective action pursuant to 29

2    U.S.C. § 216(b) as to claims for liquidated damages, costs and attorneys' fees under the

3    FLSA.

4    51. All individuals employed by Defendants should be given notice and be

5    allowed to give their consent in writing, i.e., "opt in," to the collective action pursuant to

6    29 U.S.C. § 216(b).

7                        **FIRST CLAIM FOR RELIEF**
                         (Cal. Lab. Code § 226.7 *et seq.*)
8        (On Behalf of Class Against WHITESIDE, NMS, and JWC)

9    52.    Plaintiffs replead, reallege, and incorporate by reference each and every

10   allegation set forth in the Complaint.

11   53.    During the Class Period, Plaintiffs and Class Members generally were not

12   provided time to take all required ten-minute rest periods during their work shifts.

13   54.    During the Class Period, Plaintiffs and Class Members generally were not

14   provided time to take all required non-working thirty-minute meal breaks during their

15   work shifts.

16   55.    Accordingly, each Plaintiff and Class Member is entitled to compensation

17   for one hour of pay for each work shift longer than four hours during which he or she

18   was not provided a ten-minute rest period.  Likewise, each Plaintiff and Class Member is

19   entitled to compensation for one hour of pay for each work shift longer than five hours

20   during which he or she was not provided a thirty-minute non-working meal break.

21                       **SECOND CLAIM FOR RELIEF**
                         (Cal. Lab. Code § 203)
22       (On Behalf of Class Against WHITESIDE, NMS, and JWC)

23   56.    Plaintiffs replead, reallege, and incorporate by reference each and every

24   allegation set forth in the Complaint.

25   57.    The failure of WHITESIDE, NMS, and JWC to compensate Plaintiffs and

26   Class Members within the time provided by sections 201 and/or 202 of the California

27   Labor Code, despite its knowledge of its obligation to do so, was "willful" within the

28   meaning of section 203 of the California Labor Code.  Each Plaintiff and Class Member

1  is entitled to continuing wages from the date on which his or her wages were due until

2  the date on which WHITESIDE, NMS and JWC makes payment of the wages, not to

3  exceed thirty days.

4       58.    Plaintiffs and Class Members are entitled to an injunction to prevent such

5  misconduct in the future, costs and such other relief as may be appropriate, demand for

6  which is hereby made in accord with the provisions of the California Labor Code.

7                    **THIRD CLAIM FOR RELIEF**
                         (Cal. Lab. Code § 226)
8             (On Behalf of Class Against WHITESIDE, NMS, and JWC)

9       59.    Plaintiffs replead, reallege, and incorporate by reference each and every

10  allegation set forth in the Complaint.

11       60.    WHITESIDE, NMS, JWC and DAVID R. WHITESIDE employed Plaintiffs

12  and Class Members but failed to provide them with the data required by section 226 of

13  the California Labor Code.  For example, WHITESIDE, NMS, JWC and DAVID R.

14  WHITESIDE failed to provide information concerning the legal name and address of the

15  employer, the total hours actually worked by the employee and total wages earned on

16  account of meal and rest penalties.  WHITESIDE, NMS, JWC and DAVID R.

17  WHITESIDE further failed to provide information regarding the time and wages for pre

18  and post-shift work preformed by Plaintiffs and Class Members but not paid for by

19  WHITESIDE, NMS, and/or JWC.  Accordingly, each Plaintiff and Class Member is

20  entitled to damages, and Plaintiffs are entitled to an injunction to prevent such

21  misconduct in the future, costs and attorney's fees, demand for which is hereby made in

22  accord with the provisions of the California Labor Code.

23                   **FOURTH CLAIM FOR RELIEF**
       (Cal. Lab Code §§ 204, 510, 1194, 1194.2 and 1197 California Labor Code -- Failure
24                to Pay Minimum Wage and Overtime Compensation)
              (On Behalf of Class Against WHITESIDE, NMS, and JWC)
25
        61.    Plaintiffs replead, reallege, and incorporate by reference each and every
26
    allegation set forth in the Complaint.
27
        62.    WHITESIDE, NMS, and JWC employed Plaintiffs and Class Members but
28

1    failed to provide them with the overtime compensation required by sections 204, 510,

2    1194, 1194.2 and 1197 of the California Labor Code. WHITESIDE, NMS, and JWC

3    routinely paid employees for their scheduled time, rather than for their actual hours

4    worked. Accordingly, each Plaintiff and Class Member is entitled to damages and

5    liquidated damages, and Plaintiffs are entitled to costs and attorney's fees, demand for

6    which is hereby made in accord with the provisions of the California Labor Code.

7                            **FIFTH CLAIM FOR RELIEF**

8    (29 USCS § 206 and 207 – Fair Labor Standards Act -- Failure to Pay Minimum Wage
                           and Overtime Compensation)

9                (On Behalf of Class Against All Defendants)

10       63.  Plaintiffs replead, reallege, and incorporate by reference each and every

   allegation set forth in the Complaint.

11

12       64.  Defendants, by failing to pay Plaintiffs and Class Members the wages due

13   and owing to them for work in excess of hours scheduled, have violated the Fair Labor

   Standards Act by failing to provide at least minimum and overtime wages as required by

14

15   29 USCS § 206 and 207.

16       65.  Each Plaintiff and Class Member therefore is entitled to be paid according

   to proof at least the minimum and overtime wages for the hours they worked and

17

18   damages under 29 USCS § 216. Additionally, Plaintiffs are entitled to attorney's fees

   and costs.

19

20                         **SIXTH CLAIM FOR RELIEF**
                  (Cal. Bus. & Prof. Code § 17200 *et seq.*)

21              (On Behalf of Class Against All Defendants)

22       66.  Plaintiffs replead, reallege, and incorporate by reference each and every

   allegation set forth in the Complaint.

23

24       67.  WHITESIDE, NMS, JWC and DAVID R. WHITESIDE each are a "person"

   within the meaning of section 17201 of the California Business and Professions Code.

25

26       68.  As set forth in this Complaint, Plaintiffs are informed, believe, and thereon

   allege that, for the last four years, WHITESIDE, NMS, JWC and DAVID R.

27

28   WHITESIDE intentionally and improperly failed to comply with the California Labor

1 Code and the federal Fair Labor Standards Act.

2      69.    The failure of WHITESIDE, NMS, JWC and DAVID R. WHITESIDE to

3 comply with the California Labor Code has resulted in WHITESIDE, NMS, JWC and

4 DAVID R. WHITESIDE under-reporting to state authorities wages earned by Plaintiffs

5 and Class Members and, therefore, in Defendants under-paying state taxes,

6 unemployment premiums, and workers' compensation premiums, all this in an amount

7 based on estimated unpaid wages according to proof.

8      70.    Additionally, Plaintiffs are informed, believe, and thereon allege that

9 WHITESIDE, NMS, JWC and DAVID R. WHITESIDE were able to compete unfairly

10 by not complying with the California Labor Code. By competing unfairly, WHITESIDE,

11 NMS, JWC and DAVID R. WHITESIDE have gained a competitive advantage over

12 other comparable businesses in the State of California.

13      71.    Accordingly, the failure of WHITESIDE, NMS, JWC and DAVID R.

14 WHITESIDE to comply with the California Labor Code is an unfair and/or unlawful

15 business activity prohibited by section 17200 *et seq.* of the California Business and

16 Professions Code, and it justifies the issuance of an injunction, restitution, and other

17 equitable relief pursuant to section 17203 of the California Business and Professions

18 Code. All remedies are cumulative pursuant to section 17205 of the California Business

19 and Professions Code.

20      72.    Further, Plaintiffs request attorney's fees and costs pursuant to section

21 1021.5 of the California Code of Civil Procedure upon proof that they have acted in the

22 public interest as set forth in the Private Attorneys General Act.

23                  **SEVENTH CLAIM FOR RELIEF**
        (California Labor Code § 2802, Indemnification for Expenditures
24                     or Losses in Discharge of Duties)
        (On Behalf of Class Against WHITESIDE, NMS, and JWC)
25

26      73. Plaintiffs replead, reallege, and incorporate by reference each and every

allegation set forth in the Complaint.
27

28      74. At all times relevant herein, the relevant portion of section 2802 of the

California Labor Code provided:

> (a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.
>
> (b) All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.
>
> (c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

75.  Plaintiffs and the members of the Class were required by Defendants to use their own funds to provide for gas and tolls when traveling to and from construction sites and the WHITESIDE yard in Richmond, California.  On information and belief, Plaintiffs and members of the Class have never been reimbursed for such costs, or depreciation on their vehicles. Defendants required Plaintiffs and Class members to bring and use their vehicles to perform the required duties.  Accordingly, Plaitiffs and class members use of their vehicles for Defendants was in "direct consequence of the discharge of his [] duties."  Cal. Lab. Code § 2802(a).

76.  To date, Defendants have not reimbursed Plaintiffs and/or the members of the Class for their expenditures.

77.  Accordingly, Plaintiffs and the members of the Class are entitled to damages in accordance with California Labor Code section 2802.

///

///

1  **WHEREFORE**, Plaintiffs pray for judgment as follows:

2     1.    That this Court certify the class action and the collective action described in
3  this Complaint.

4     2.    That, with respect to the First Claim for Relief, Plaintiff and Class Members
5  be awarded judgment according to proof, interest, attorneys' fees and costs.

6     3.    That, with respect to the Second Claim for Relief, it be adjudged that the
7  failure of Defendant to make payment of wages within the time prescribed by sections
8  201 and/or 202 of the California Labor Code was "willful" within the meaning of section
9  203 of the California Labor Code and that this Court award Class Members continuing
10  wages, costs of suit, and interest, each according to proof.

11    4.    That, with respect to the Third Claim for Relief, this Court enter judgment
12  in favor of Class Members for damages, injunctive relief, reasonable attorney's fees, and
13  costs of suit, each according to proof.

14    5.    That, with respect to the Fourth Claim for Relief, each Class Member be
15  awarded his or her wages, liquidated damages, attorney's fees, and costs according to
16  proof.

17    6.    That, with respect to the Fifth Claim for Relief, this Court enter judgment in
18  favor of Plaintiff in the amount of damages according to proof, reasonable attorney's
19  fees, statutory damages, and costs of suit.

20    7.    That, with respect to the Sixth Claim for Relief, this Court enter judgment
21  for restitution in an amount according to proof, for interest on any restitution, and for
22  reasonable attorney's fees and costs.

23    8.    That, with respect to the Seventh Claim for Relief, this Court enter
24  judgment in favor of Plaintiff in the amount of damages according to proof, reasonable
25  attorney's fees, statutory damages, and costs of suit.

26  ///

27  ///

28  ///

9       For such further relief as the Court may order.

DATED:  February 25, 2008

HARRIS & RUBLE

Alan Harris
*Attorney for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

HARRIS & RUBLE

Alan Harris
*Attorney for Plaintiffs*

# EXHIBIT 1

029010

## WHITESIDE CONSTRUCTION CORPORATION

| Rec#: 299 | | Emp#: 485 MARGARITO GONZALEZ | | | | Quarter: 1   State: CA | | |
|---|---|---|---|---|---|---|---|---|
| Check: 29010 | | Date: 02/06/2007 | | | | Period: 02/05/2007   to   02/11/2007 | | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 23.9900 | 35.9900 | 47.9800 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Hours: | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| Pay: | 191.92 | 0.00 | 0.00 | | | | | |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 8.00 | 191.92 | 18.24 | 35.58 | 174.58 | 6,273.49 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 13.03 | 424.44 | State Disability (S | Ded | 1.26 | 41.06 |
| Employee Medicare | Ded | 3.05 | 99.27 | LABOR VACATION | A/D | 18.24 | 572.28 |
| Federal Income Tax | Ded | | 453.82 | LABOR PENSION | Acc | 26.08 | 818.26 |
| State Income Taxes | Ded | | 100.57 | | | | |

030009

## WHITESIDE CONSTRUCTION CORPORATION

| Rec#: 1235 | | Emp#: 485 MARGARITO GONZALEZ | | | | Quarter: 2   State: CA | | |
|---|---|---|---|---|---|---|---|---|
| Check: 30009 | | Date: 06/01/2007 | | | | Period: 05/28/2007   to   06/03/2007 | | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 23.9900 | 35.9900 | 47.9800 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Hours: | 18.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| Pay: | 431.82 | 0.00 | 0.00 | | | | | |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 18.00 | 431.82 | 41.04 | 80.23 | 392.63 | 7,281.07 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 29.32 | 492.85 | State Disability (S | Ded | 2.84 | 47.68 |
| Employee Medicare | Ded | 6.86 | 115.27 | LABOR VACATION | A/D | 41.04 | 668.04 |
| Federal Income Tax | Ded | 0.17 | 469.92 | LABOR PENSION | Acc | 58.68 | 955.18 |
| State Income Taxes | Ded | | 100.57 | | | | |

## WHITESIDE CONSTRUCTION CORPORATION

**027375**

| Rec#: 1820 | | Emp#: 485 MARGARITO GONZALEZ | | | | Quarter: 3 | State: CA | |
|---|---|---|---|---|---|---|---|---|
| Check: 27375 | | Date: 09/08/2006 | | | Period: 08/28/2006 | to | 09/03/2006 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 23.9900 | 35.9900 | 45.9800 | | | | | |
| Hours: | 40.00 | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 959.60 | 35.99 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 41.00 | 995.59 | 93.48 | 284.19 | 804.88 | 15,283.69 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 67.52 | 1,037.08 | State Disablility (S | Ded | 8.71 | 133.83 |
| Employee Medicare | Ded | 15.79 | 242.55 | LABOR VACATION | A/D | 93.48 | 1,443.24 |
| Federal Income Tax | Ded | 80.09 | 1,182.32 | LABOR PENSION | Acc | 133.66 | 1,875.63 |
| State Income Taxes | Ded | 18.60 | 272.76 | | | | |

## WHITESIDE CONSTRUCTION CORPORATION

**027494**

| Rec#: 1937 | | Emp#: 485 MARGARITO GONZALEZ | | | | Quarter: 3 | State: CA | |
|---|---|---|---|---|---|---|---|---|
| Check: 27494 | | Date: 09/22/2006 | | | Period: 09/11/2006 | to | 09/17/2006 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 23.9900 | 35.9900 | 45.9800 | | | | | |
| Hours: | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 959.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 40.00 | 959.60 | 91.20 | 270.66 | 780.14 | 17,046.96 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 65.15 | 1,156.72 | State Disablility (S | Ded | 8.41 | 149.27 |
| Employee Medicare | Ded | 15.24 | 270.53 | LABOR VACATION | A/D | 91.20 | 1,609.68 |
| Federal Income Tax | Ded | 74.35 | 1,305.24 | LABOR PENSION | Acc | 130.40 | 2,113.61 |
| State Income Taxes | Ded | 16.31 | 297.61 | | | | |

## WHITESIDE CONSTRUCTION CORPORATION

**027429**

| Rec#: 1873 | | Emp#: 485 MARGARITO GONZALEZ | | | | Quarter: 3 | State: CA | |
|---|---|---|---|---|---|---|---|---|
| Check: 27429 | | Date: 09/15/2006 | | | Period: 09/04/2006 | to | 09/10/2006 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 23.9900 | 35.9900 | 45.9800 | | | | | |
| Hours: | 32.00 | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 767.68 | 35.99 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 33.00 | 803.67 | 75.24 | 206.61 | 672.30 | 16,087.36 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 54.49 | 1,091.57 | State Disability (S | Ded | 7.03 | 140.86 |
| Employee Medicare | Ded | 12.74 | 255.29 | LABOR VACATION | A/D | 75.24 | 1,518.48 |
| Federal Income Tax | Ded | 48.57 | 1,230.89 | LABOR PENSION | Acc | 107.58 | 1,983.21 |
| State Income Taxes | Ded | 8.54 | 281.30 | | | | |

## W. CONSTRUCTION, INC.

**009022**

| Rec#: 239 | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | | Quarter: 3  State: CA | | |
|---|---|---|---|---|---|---|---|---|
| Check: 9022 | Date: 07/13/2007 | | | | Period: 07/02/2007 | to | 07/08/2007 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | | |
| Hours: | 32.00 | 1.50 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 528.00 | 37.13 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 33.50 | 565.13 | 0.00 | 46.62 | 518.51 | 17,980.90 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 35.04 | 1,114.85 | State Income Taxes | Ded | | 16.39 |
| Employee Medicare | Ded | 8.19 | 260.72 | State Disability (S | Ded | 3.39 | 107.90 |
| Federal Income Tax | Ded | | 187.65 | | | | |

## J. W. CONSTRUCTION, INC.

**009009**

| Rec#: 229 | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | | Quarter: 3  State: CA | | |
|---|---|---|---|---|---|---|---|---|
| Check: 9009 | Date: 07/06/2007 | | | | Period: 06/25/2007 | to | 07/01/2007 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | | |
| Hours: | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 660.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 40.00 | 660.00 | 0.00 | 60.64 | 599.36 | 17,415.77 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 40.92 | 1,079.81 | State Income Taxes | Ded | | 16.39 |
| Employee Medicare | Ded | 9.57 | 252.53 | State Disability (S | Ded | 3.96 | 104.51 |
| Federal Income Tax | Ded | 6.19 | 187.65 | | | | |

## S SUPPLY, INC.

**000102**

| Rec#: 10 | Emp#: 2 FRANCISCO CISNEROS-ZAVAL | | | | | Quarter: 3  State: CA | | |
|---|---|---|---|---|---|---|---|---|
| Check: 102 | Date: 08/10/2007 | | | | Period: 07/30/2007 | to | 08/05/2007 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 33.0000 | | | | | |
| Hours: | 40.00 | 10.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 660.00 | 247.50 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 50.00 | 907.50 | 0.00 | 134.99 | 772.51 | 1,171.50 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 56.27 | 72.64 | State Income Taxes | Ded | 8.98 | 8.98 |
| Employee Medicare | Ded | 13.16 | 16.99 | State Disability (S | Ded | 5.45 | 7.03 |
| Federal Income Tax | Ded | 51.13 | 51.13 | | | | |

## J. W. CONSTRUCTION, INC.

008997

| Rec#: 219 | | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | | Quarter: 2 State: CA | |
|---|---|---|---|---|---|---|---|---|
| Check: 8997 | | Date: 06/22/2007 | | | | Period: 06/11/2007 to 06/17/2007 | | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | | |
| Hours: | 12.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 198.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 12.00 | 198.00 | 0.00 | 16.34 | 181.66 | 16,083.39 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 12.28 | 997.20 | State Income Taxes | Ded | | 16.39 |
| Employee Medicare | Ded | 2.87 | 233.21 | State Disability (S | Ded | 1.19 | 96.52 |
| Federal Income Tax | Ded | | 174.03 | | | | |

## W. CONSTRUCTION, INC.

009058

| Rec#: 274 | | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | | Quarter: 3 State: CA | |
|---|---|---|---|---|---|---|---|---|
| Check: 9058 | | Date: 07/27/2007 | | | | Period: 07/16/2007 to 07/22/2007 | | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | | |
| Hours: | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 0.00 | 198.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 8.00 | 198.00 | 0.00 | 16.34 | 181.66 | 19,771.15 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 12.28 | 1,225.85 | State Income Taxes | Ded | | 23.01 |
| Employee Medicare | Ded | 2.87 | 286.68 | State Disability (S | Ded | 1.19 | 118.64 |
| Federal Income Tax | Ded | | 229.64 | | | | |

## J. W. CONSTRUCTION, INC.

009045

| Rec#: 281 | | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | | Quarter: 3 State: CA | |
|---|---|---|---|---|---|---|---|---|
| Check: 9045 | | Date: 07/27/2007 | | | | Period: 07/16/2007 to 07/22/2007 | | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | | |
| Hours: | 40.00 | 11.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 660.00 | 272.25 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 51.00 | 932.25 | 0.00 | 119.33 | 812.92 | 19,771.15 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 57.80 | 1,225.85 | State Income Taxes | Ded | 6.62 | 23.01 |
| Employee Medicare | Ded | 13.52 | 286.68 | State Disability (S | Ded | 5.59 | 118.64 |
| Federal Income Tax | Ded | 35.80 | 229.64 | | | | |

## W. CONSTRUCTION, INC.

008968

| Rec#: 192 | | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | Quarter: 2   State: CA | | |
|---|---|---|---|---|---|---|---|---|
| Check: 8968 | | Date: 06/08/2007 | | | Period: 05/28/2007 to | 06/03/2007 | | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | | |
| Hours: | 24.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 396.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 24.00 | 396.00 | 0.00 | 32.67 | 363.33 | 14,594.26 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 24.55 | 904.87 | State Income Taxes | Ded | | 16.39 |
| Employee Medicare | Ded | 5.74 | 211.62 | State Disability (S | Ded | 2.38 | 87.59 |
| Federal Income Tax | Ded | | 167.84 | | | | |

## W. CONSTRUCTION, INC.

008986

| Rec#: 209 | | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | Quarter: 2   State: CA | | |
|---|---|---|---|---|---|---|---|---|
| Check: 8986 | | Date: 06/15/2007 | | | Period: 06/04/2007 to | 06/10/2007 | | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | | |
| Hours: | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 132.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 8.00 | 132.00 | 0.00 | 10.88 | 121.12 | 15,225.39 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 8.18 | 944.00 | State Income Taxes | Ded | | 16.39 |
| Employee Medicare | Ded | 1.91 | 220.77 | State Disability (S | Ded | 0.79 | 91.37 |
| Federal Income Tax | Ded | | 167.84 | | | | |

## W. CONSTRUCTION, INC.

009033

| Rec#: 250 | | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | Quarter: 3   State: CA | | |
|---|---|---|---|---|---|---|---|---|
| Check: 9033 | | Date: 07/20/2007 | | | Period: 07/09/2007 to | 07/15/2007 | | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | | |
| Hours: | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 660.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 40.00 | 660.00 | 0.00 | 60.64 | 599.36 | 18,640.90 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 40.92 | 1,155.77 | State Income Taxes | Ded | | 16.39 |
| Employee Medicare | Ded | 9.57 | 270.29 | State Disability (S | Ded | 3.96 | 111.86 |
| Federal Income Tax | Ded | 6.19 | 193.84 | | | | |

599.36
5 8.51
16 1 3 6 0

**J. W. CONSTRUCTION, INC.**

UU6844

| Rec#: 337 | | Emp#: 90 MARGARITO GONZALEZ | | | | | Quarter: 2    State: CA | | |
|---|---|---|---|---|---|---|---|---|---|
| Check: 6844 | | Date: 06/25/2004 | | | | Period: 06/14/2004 | to | 06/20/2004 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | | 0.00 |
| Rate: | 15.0000 | 22.5000 | 0.0000 | | | | | | |
| Hours: | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | | 0.00 |
| Pay: | 600.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | | |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Misc | | 0.00 |
| Totals: | 40.00 | 600.00 | 0.00 | 196.38 | 403.62 | 14,715.00 | Salary | | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 37.20 | 912.35 | State Income Taxes | Ded | | 0.42 |
| Employee Medicare | Ded | 8.70 | 213.38 | State Disability (S | Ded | 7.08 | 173.65 |
| Federal Income Tax | Ded | 8.85 | 200.60 | Wage Attachment | Ded | 134.55 | 1,345.50 |

**J. W. CONSTRUCTION, INC.**

006732

| Rec#: 253 | | Emp#: 90 MARGARITO GONZALEZ | | | | | Quarter: 2    State: CA | | |
|---|---|---|---|---|---|---|---|---|---|
| Check: 6732 | | Date: 05/07/2004 | | | | Period: 04/26/2004 | to | 05/02/2004 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | | 0.00 |
| Rate: | 15.0000 | 22.5000 | 0.0000 | | | | | | |
| Hours: | 40.00 | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | | 0.00 |
| Pay: | 600.00 | 22.50 | 0.00 | 0.00 | 0.00 | 0.00 | | | |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Misc | | 0.00 |
| Totals: | 41.00 | 622.50 | 0.00 | 200.63 | 421.87 | 10,620.00 | Salary | | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 38.60 | 658.45 | State Income Taxes | Ded | | 0.42 |
| Employee Medicare | Ded | 9.03 | 154.00 | State Disability (S | Ded | 7.35 | 125.32 |
| Federal Income Tax | Ded | 11.10 | 145.25 | Wage Attachment | Ded | 134.55 | 403.65 |

**J. W. CONSTRUCTION, INC.**

006861

| Rec#: 349 | | Emp#: 90 MARGARITO GONZALEZ | | | | | Quarter: 3    State: CA | | |
|---|---|---|---|---|---|---|---|---|---|
| Check: 6861 | | Date: 07/02/2004 | | | | Period: 06/21/2004 | to | 06/27/2004 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | | 0.00 |
| Rate: | 15.0000 | 22.5000 | 0.0000 | | | | | | |
| Hours: | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | | 0.00 |
| Pay: | 600.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | | |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Misc | | 0.00 |
| Totals: | 40.00 | 600.00 | 0.00 | 196.38 | 403.62 | 15,315.00 | Salary | | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 37.20 | 949.55 | State Income Taxes | Ded | | 0.42 |
| Employee Medicare | Ded | 8.70 | 222.08 | State Disability (S | Ded | 7.08 | 180.73 |
| Federal Income Tax | Ded | 8.85 | 209.45 | Wage Attachment | Ded | 134.55 | 1,480.05 |

. CONSTRUCTION, INC.

007664

| Rec#: 331 | | Emp#: 90 MARGARITO GONZALEZ | | | | | Quarter: 2 | State: CA |
|---|---|---|---|---|---|---|---|---|
| Check: 7664 | | Date: 06/10/2005 | | | Period: 05/30/2005 | to | 06/05/2005 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 15.0000 | 22.5000 | 0.0000 | | | | | |
| Hours: | 32.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 480.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 32.00 | 480.00 | 0.00 | 41.90 | 438.10 | 12,393.75 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 29.76 | 768.41 | Federal Income Tax | Ded | | 133.29 |
| Employee Medicare | Ded | 6.96 | 179.70 | State Disablility (S | Ded | 5.18 | 133.85 |

007908

CONSTRUCTION, INC.

| Rec#: 555 | | Emp#: 90 MARGARITO GONZALEZ | | | | | Quarter: 4 | State: CA |
|---|---|---|---|---|---|---|---|---|
| Check: 7908 | | Date: 10/21/2005 | | | Period: 10/10/2005 | to | 10/16/2005 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | | |
| Hours: | 40.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 660.00 | 198.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 48.00 | 858.00 | 0.00 | 117.18 | 740.82 | 25,240.13 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 53.20 | 1,564.92 | State Income Taxes | Ded | 6.07 | 35.68 |
| Employee Medicare | Ded | 12.44 | 365.99 | State Disability (S | Ded | 9.27 | 272.61 |
| Federal Income Tax | Ded | 36.20 | 472.70 | | | | |

007568

. W. CONSTRUCTION, INC.

| Rec#: 243 | | Emp#: 90 MARGARITO GONZALEZ | | | | | Quarter: 2 | State: CA |
|---|---|---|---|---|---|---|---|---|
| Check: 7568 | | Date: 04/29/2005 | | | Period: 04/18/2005 | to | 04/24/2005 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 15.0000 | 22.5000 | 0.0000 | | | | | |
| Hours: | 40.00 | 2.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 600.00 | 45.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 42.00 | 645.00 | 0.00 | 68.50 | 576.50 | 9,405.00 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 39.99 | 583.11 | Federal Income Tax | Ded | 12.19 | 115.65 |
| Employee Medicare | Ded | 9.35 | 136.37 | State Disablility (S | Ded | 6.97 | 101.58 |

000129

**NMS SUPPLY, INC.**

| Rec#: 33 | Emp#: 2 FRANCISCO CISNEROS-ZAVAL | | | | | | Quarter: 3   State: CA | |
|---|---|---|---|---|---|---|---|---|
| Check: 129 | Date: 08/17/2007 | | | | Period: 08/06/2007 | to | 08/12/2007 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 33.0000 | | | | Diem | 0.00 |
| Hours: | | 3.50 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| Pay: | 660.00 | 210.38 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 43.50 | 870.38 | 0.00 | 124.85 | 745.53 | 2,041.88 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee FICA | Ded | 53.98 | 126.60 | State Income Taxes | Ded | 7.49 | 16.14 |
| Employee Medicare | Ded | 12.62 | 29.61 | State Disability (S | Ded | 5.22 | 12.25 |
| Federal Income Tax | Ded | 45.56 | 96.88 | | | | |

000103

**NMS SUPPLY, INC.**

| Rec#: 11 | Emp#: 2 FRANCISCO CISNEROS-ZAVAL | | | | | | Quarter: 3   State: CA | |
|---|---|---|---|---|---|---|---|---|
| Check: 103 | Date: 08/10/2007 | | | | Period: 07/30/2007 | to | 08/05/2007 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 33.0000 | | | | Diem | 0.00 |
| Hours: | 16.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| Pay: | 264.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 16.00 | 264.00 | 0.00 | 21.78 | 242.22 | 1,171.50 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee FICA | Ded | 16.37 | 72.64 | State Income Taxes | Ded | | 8.98 |
| Employee Medicare | Ded | 3.83 | 16.99 | State Disability (S | Ded | 1.58 | 7.03 |
| Federal Income Tax | Ded | | 51.13 | | | | |

000142

**NMS SUPPLY, INC.**

| Rec#: 48 | Emp#: 2 FRANCISCO CISNEROS-ZAVAL | | | | | | Quarter: 3   State: CA | |
|---|---|---|---|---|---|---|---|---|
| Check: 142 | Date: 08/24/2007 | | | | Period: 08/13/2007 | to | 08/19/2007 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 33.0000 | | | | Diem | 0.00 |
| Hours: | 40.00 | 1.50 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| Pay: | 660.00 | 37.13 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 41.50 | 697.13 | 0.00 | 80.75 | 616.38 | 2,739.01 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee FICA | Ded | 43.22 | 169.82 | State Income Taxes | Ded | 0.64 | 17.11 |
| Employee Medicare | Ded | 10.11 | 39.72 | State Disability (S | Ded | 4.18 | 16.43 |
| Federal Income Tax | Ded | 22.60 | 119.28 | | | | |

**NMS SUPPLY, INC.**

000331

| Rec#: 217 | Emp#: 27 WALTER A. PEREZ ESCOBAR #27 | | | | | Quarter: 4 | State: CA | | |
|---|---|---|---|---|---|---|---|---|---|
| Check: 331 | Date: 12/07/2007 | | | | Period: 11/26/2007 | | to | 12/02/2007 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | | 0.00 |
| Rate: | 25.0000 | 37.5000 | 50.0000 | | | | Diem | | 0.00 |
| Hours: | 32.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | | |
| Pay: | 800.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | | 0.00 |
| Totals: | 32.00 | 800.00 | 0.00 | 128.06 | 671.94 | 2,418.75 | | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 49.60 | 149.96 | State Income Taxes | Ded | 8.02 | 26.84 |
| Employee Medicare | Ded | 11.60 | 35.07 | State Disability (S | Ded | 4.80 | 14.51 |
| Federal Income Tax | Ded | 54.04 | 166.47 | | | | |

**NMS SUPPLY, INC.**

000345

| Rec#: 230 | Emp#: 27 WALTER A. PEREZ ESCOBAR #27 | | | | | Quarter: 4 | State: CA | | |
|---|---|---|---|---|---|---|---|---|---|
| Check: 345 | Date: 12/14/2007 | | | | Period: 12/10/2007 | | to | 12/16/2007 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | | 0.00 |
| Rate: | 25.0000 | 37.5000 | 50.0000 | | | | Diem | | 0.00 |
| Hours: | 32.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | | |
| Pay: | 800.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | | 0.00 |
| Totals: | 32.00 | 800.00 | 0.00 | 128.06 | 671.94 | 4,218.75 | | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 49.60 | 261.56 | State Income Taxes | Ded | 8.02 | 50.88 |
| Employee Medicare | Ded | 11.60 | 61.17 | State Disability (S | Ded | 4.80 | 25.31 |
| Federal Income Tax | Ded | 54.04 | 304.55 | | | | |

**NMS SUPPLY, INC.**

000340

| Rec#: 225 | Emp#: 27 WALTER A. PEREZ ESCOBAR #27 | | | | | Quarter: 4 | State: CA | | |
|---|---|---|---|---|---|---|---|---|---|
| Check: 340 | Date: 12/14/2007 | | | | Period: 12/03/2007 | | to | 12/09/2007 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | | 0.00 |
| Rate: | 25.0000 | 37.5000 | 50.0000 | | | | Diem | | 0.00 |
| Hours: | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | | |
| Pay: | 1,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | | 0.00 |
| Totals: | 40.00 | 1,000.00 | 0.00 | 182.56 | 817.44 | 3,418.75 | | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 62.00 | 211.96 | State Income Taxes | Ded | 16.02 | 42.86 |
| Employee Medicare | Ded | 14.50 | 49.57 | State Disability (S | Ded | 6.00 | 20.51 |
| Federal Income Tax | Ded | 84.04 | 250.51 | | | | |