PAUL V. SIMPSON, Bar No. 83878
psimpson@sgilaw.com
TIMOTHY P. O'DONNELL, Bar No. 185492
todonnell@sgilaw.com
JENNIFER M. CHAN, Bar No.182849
jchan@sgilaw.com
SIMPSON, GARRITY & INNES
Professional Corporation
601 Gateway Boulevard, Suite 950
South San Francisco, CA 94080
Telephone: (650) 615-4860
Fax: (650) 615-4861

Attorneys for Defendants Whiteside Construction Corporation,
NMS Supply, Inc., J.W. Construction, Inc., and
David R. Whiteside

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WALTER PEREZ ESCOBAR, MARGARITO GONZALEZ, and FRANCISCO CISNEROS-ZAVALA, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WHITESIDE CONSTRUCTION CORPORATION, NMS SUPPLY, INC., J.W. CONSTRUCTION, INC., and DAVID R. WHITESIDE <br><br> Defendants. | Case No. CV 08 1120 WHA <br><br> **DEFENDANTS WHITESIDE CONSTRUCTION CORPORATION, NMS SUPPLY, INC., J.W. CONSTRUCTION, INC., and DAVID R. WHITESIDE ANSWER TO PLAINTIFF'S COMPLAINT** |

DEFENDANTS Whiteside Construction Corporation, NMS Supply, Inc., J.W Construction, Inc. and David R. Whiteside (hereinafter "Defendants") answer Plaintiffs' Complaint as follows:

## JURISDICTION AND VENUE

1.  Answering Paragraph 1 of the Complaint, Defendants deny each and every allegation concerning David R. Whiteside contained therein.

## PARTIES AND JURISDICTION

2.  Answering Paragraph 2 of the Complaint, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and on that basis, deny each and every allegation contained therein.

3.  Answering Paragraph 3 of the Complaint, Defendants deny that Whiteside is a large concrete construction company and that David R. Whiteside hires employees by and through Whiteside, JWC, and NMS to work on and for David R. Whiteside's various construction jobs throughout Northern California.

4.  Answering Paragraph 4 of the Complaint, Defendants admit the allegations contained therein.

5.  Answering Paragraph 5 of the Complaint, Defendants admit the allegations contained therein.

6.  Answering Paragraph 6 of the Complaint, Defendants admit that Gonzalez W2 is for wages earned for work performed at Whiteside. Except as expressly admitted herein, Defendants deny each and every allegation contained in Paragraph 6 of the Complaint.

7.  Answering Paragraph 7 of the Complaint, Defendants admit that David R. Whiteside is the P, NMS and JWC resident of Whiteside and that he is a resident of Novato, California. Except as expressly admitted herein, Defendants deny each and every allegation contained in Paragraph 7 of the Complaint.

8.  Answering Paragraph 8 of the Complaint, Defendants admit that Plaintiffs were employed by either Whiteside, JWC or NMS and that said entities did business throughout

Northern California.  Except as expressly admitted herein, Defendants deny each and every allegation contained in Paragraph 8 of the Complaint.

## GENERAL ALLEGATIONS

9. Answering Paragraph 9 of the Complaint, Defendants admit the allegations contained therein.

10. Answering Paragraph 10 of the Complaint, Defendants deny each and every allegation contained therein.

11. Answering Paragraph 11 of the Complaint, Defendants deny each and every allegation contained therein.

12. Answering Paragraph 12 of the Complaint, Defendants deny each and every allegation contained therein.

13. Answering Paragraph 13 of the Complaint, Defendants deny each and every allegation contained therein.

14. Answering Paragraph 14 of the Complaint, Defendants deny each and every allegation contained therein.

15. Answering Paragraph 15 of the Complaint, Defendant acknowledged the California Labor Sections 201 and 202 set forth statutory obligations.

16. Answering Paragraph 16 of the Complaint, Defendants, deny each and every allegation contained therein.

17. Answering Paragraph 17 of the Complaint, Defendants deny each and every allegation contained therein.

18. Answering Paragraph 18 of the Complaint, Defendants admit that California Labor Code Section 203 is accurately stated in the Complaint.

19. Answering Paragraph 19 of the Complaint, Defendants deny each and every allegation contained therein.

20. Answering Paragraph 20 of the Complaint, Defendants admit that California Labor Code Section 1198 is accurately stated in the Complaint.

21. Answering Paragraph 21 of the Complaint, Defendants deny that Wage Order 16 applied to Defendant David R. Whiteside.

22. Answering Paragraph 22 of the Complaint, Defendants deny that Wage Order 16 requires a one-hour wage premium for each day that an employee is not provided with a mandated 10 minute res period per four hour work period and that it requires a one-hour wage premium for each day that an employee is not provided with a mandated 30 minute meal period for any shift that is longer than five hours.

23. Answering Paragraph 23 of the Complaint, Defendants admit that California Labor Code Sections 226.7 and 512 are accurately stated in the Complaint.

24. Answering Paragraph 24 of the Complaint, Defendants admit the allegations contained therein.

25. Answering Paragraph 25 of the Complaint, Defendants admit that California Labor Code Section 558 is accurately stated in the Complaint.

26. Answering Paragraph 26 of the Complaint, Defendants deny each and every allegation contained therein.

27. Answering Paragraph 27 of the Complaint, Defendants deny each and every allegation contained therein.

28. Answering Paragraph 28 of the Complaint, Defendants admit that California Labor Code Section 204(a) is accurately stated in the Complaint.

29. Answering Paragraph 29 of the Complaint, Defendants admit that California Labor Code Section 510(a) is accurately stated in the Complaint.

30. Answering Paragraph 30 of the Complaint, Defendants deny that Plaintiffs employment was not governed by a collective bargaining agreement.

31. Answering Paragraph 31 of the Complaint, Answering Paragraph 3 of the Complaint, Defendants admit that California Labor Code Section 1194 and 1194.2 are accurately stated in the Complaint.

32. Answering Paragraph 32 of the Complaint, Defendants deny each and every allegation contained therein.

1    33.    Answering Paragraph 33 of the Complaint, Defendants admit that California Labor Code Section 2699 is accurately stated in the Complaint.

2    34.    Answering Paragraph 34 of the Complaint, Defendants deny each and every allegation contained therein.

## CLASS ACTION ALLEGATIONS

35.    Answering Paragraph 35 of the Complaint, deny each and every allegation contained therein.

36.    Answering Paragraph 36 of the Complaint, Defendants deny each and every allegation contained therein

37.    Answering Paragraph 37 of the Complaint, Defendants deny each and every allegation contained therein.

38.    Answering Paragraph 38 of the Complaint, Defendants deny each and every allegation contained therein.

39.    Answering Paragraph 39 of the Complaint, deny each and every allegation contained therein.

40.    Answering Paragraph 40 of the Complaint, Defendants deny each and every allegation contained therein.

41.    Answering Paragraph 41 of the Complaint, Defendants deny each and every allegation contained therein.

42.    Answering Paragraph 42 of the Complaint, Defendants deny each and every allegation contained therein.

43.    Answering Paragraph 43 of the Complaint, Defendants deny each and every allegation contained therein.

44.    Answering Paragraph 44 of the Complaint, Defendants deny each and every allegation contained therein.

45.    Answering Paragraph 45 of the Complaint, Defendants deny each and every allegation contained therein.

46. Answering Paragraph 46 of the Complaint, Defendants deny each and every allegation contained therein.

47. Answering Paragraph 47 of the Complaint, Defendants deny each and every allegation contained therein.

### FLSA COLLECTIVE ACTION ALLEGATIONS

48. Answering Paragraph 48 of the Complaint, Defendants admit the allegations contained therein.

49. Answering Paragraph 49 of the Complaint, Defendants deny each and every allegation contained therein.

50. Answering Paragraph 50 of the Complaint, Defendants deny each and every allegation contained therein.

51. Answering Paragraph 51 of the Complaint, Defendants deny each and every allegation contained therein.

### FIRST CLAIM FOR RELIEF
California Labor Code Section 226.7 ET. SEQ.
(On behalf of Class against Whiteside NMS and JWC)

52. Answering Paragraph 52 of the Complaint, Defendants reallege and incorporate by reference their responses previously made in Paragraphs 1 through 51 above.

53. Answering Paragraph 53 of the Complaint, Defendants deny each and every allegation contained therein.

54. Answering Paragraph 54 of the Complaint, Defendants deny each and every allegation contained therein.

55. Answering Paragraph 55 of the Complaint, Defendants deny each and every allegation contained therein.

### SECOND CLAIM FOR RELIEF
Cal. Lab. Code. Section 203

56. Answering Paragraph 56 of the Complaint, Defendants reallege and incorporate by reference their responses previously made in Paragraphs 1 through 55 above.

57. Answering Paragraph 57 of the Complaint, Defendants deny each and every allegation contained therein.

58. Answering Paragraph 58 of the Complaint, Defendants deny each and every allegation contained therein.

### THIRD CLAIM FOR RELIEF
(Cal. Lab. Code. Section 226)
(On behalf of Class Against Whiteside, NMS and JWC)

59. Answering Paragraph 59 of the Complaint, Defendants reallege and incorporate by reference their responses previously made in Paragraphs 1 through 58 above.

60. Answering Paragraph 60 of the Complaint, Defendants deny each and every allegation contained therein.

### FOURTH CLAIM FOR RELIEF
(Cal. Lab. Code. Sections 204, 510, 1194.2 and 1197—
Failure to Pay Minimum Wage and Overtime Compensation)
(On behalf of Class Against Whiteside, NMS and JWC)

61. Answering Paragraph 61 of the Complaint, Defendants reallege and incorporate by reference their responses previously made in Paragraphs 1 through 60 above.

62. Answering Paragraph 62 of the Complaint, Defendants deny each and every allegation contained therein.

### FIFTH CLAIM FOR RELIEF
(29 USCS Sections 206 and 207-FLSA –
Failure to Pay Minimum Wage & Overtime Compensation)
(On Behalf of Class Against All Defendants)

63. Answering Paragraph 63 of the Complaint, Defendants reallege and incorporate by reference their responses previously made in Paragraphs 1 through 62 above.

64. Answering Paragraph 64 of the Complaint, Defendants deny each and every allegation contained therein.

65. Answering Paragraph 65 of the Complaint, Defendants deny each and every allegation contained therein.

**SIXTH CLAIM FOR RELIEF**
(Cal. Bus. & Prof. Code Section1720 et seq.)
(On Behalf of Class Against All Defendants)

66. Answering Paragraph 66 of the Complaint, Defendants reallege and incorporate by reference their responses previously made in Paragraphs 1 through 65 above.

67. Answering Paragraph 67 of the Complaint, Defendants deny each and every allegation contained therein.

68. Answering Paragraph 68 of the Complaint, Defendants deny each and every allegation contained therein.

69. Answering Paragraph 69 of the Complaint, Defendants deny each and every allegation contained therein.

70. Answering Paragraph 70 of the Complaint, Defendants deny each and every allegation contained therein.

71. Answering Paragraph 71 of the Complaint, Defendants deny each and every allegation contained therein.

72. Answering Paragraph 72 of the Complaint, Defendants deny each and every allegation contained therein.

**SEVENTH CLAIM FOR RELIEF**
(Cal. Lab. Code. Section 2802)
(On Behalf of Class Against Whiteside , NMS, and JWC)

73. Answering Paragraph 73 of the Complaint, Defendants reallege and incorporate by reference their responses previously made in Paragraphs 1 through 72 above.

74. Answering Paragraph 74 of the Complaint, Defendants admit that California Labor Code Section 2802 is accurately stated in the Complaint.

75. Answering Paragraph 75 of the Complaint, Defendants deny each and every allegation contained therein.

76. Answering Paragraph 76 of the Complaint, Defendants deny each and every allegation contained therein.

77. Answering Paragraph 77 of the Complaint, Defendants deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that the Complaint, and each purported claim alleged therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that Plaintiffs' claims for relief are barred by the applicable statute(s) of limitations.

### THIRD AFFIRMATIVE DEFENSE

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that Plaintiffs' claims for relief are preempted in whole or in part by 29 USC Section 185 (Section 301 of the Labor Management Relations Act.)

### FOURTH AFFIRMATIVE DEFENSE

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that Plaintiffs are barred from any and all recovery by virtue of their conduct constituting a waiver of each and every alleged claim for relief.

### FIFTH AFFIRMATIVE DEFENSE

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that Plaintiffs are estopped by their own actions and conduct from seeking recovery on his claims for relief.

### SIXTH AFFIRMATIVE DEFENSE

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that Plaintiffs' claims are barred by their unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege Plaintiffs' claims are barred because Plaintiffs approved, consented to, authorized and/or ratified the alleged conduct of Defendants complained of in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

AS A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that it and they duly performed, satisfied and discharged all duties and obligations it/they may have had to Plaintiffs, if any, and that the allegations in the Complaint are therefore barred in whole or in part by the provisions of California Civil Code Sections 1473 through 1477.

### NINTH AFFIRMATIVE DEFENSE

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that Plaintiffs have been paid all wages due and owing to them.

### TENTH AFFIRMATIVE DEFENSE

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that any failure, if any, to pay all wages due to Plaintiffs was made in good faith and based upon reasonable grounds.

### ELEVENTH AFFIRMATIVE DEFENSE

AS A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that any failure by Defendants to pay wages allegedly due to Plaintiffs was based on a good faith dispute as to whether those wages were due.

### TWELFTH AFFIRMATIVE DEFENSE

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that Plaintiffs have failed to mitigate their damages, if any, by failing to take such actions as are reasonably necessary to minimize any loss that may have been, or in the future may be, sustained.

### THIRTEENTH AFFIRMATIVE DEFENSE

AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that Plaintiffs are not entitled to any penalty award under California Labor Code, since, at all relevant times, Defendants did not willfully fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that they had not violated those provisions.

### FOURTEENTH AFFIRMATIVE DEFENSE

AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to the sixth count for violation of the UCL, Defendants allege that Plaintiffs may not recover damages for any alleged violation of the UCL.

### FIFTEENTH AFFIRMATIVE DEFENSE

AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to the sixth count for violation of the UCL, Defendants allege that Plaintiffs are not entitled to restitution.

### SIXTEENTH AFFIRMATIVE DEFENSE

AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that Plaintiffs' claims, and the claims of the persons that they purport to represent, are barred to the extent that they have failed to exhaust their administrative remedies under the California Labor Code and its applicable regulations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that Plaintiffs' claims are barred in whole or in part because the alleged damages sought in the Complaint are too speculative and uncertain.

### EIGHTEENTH AFFIRMATIVE DEFENSE

AS A EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants allege that Plaintiffs have failed to state a claim for an award of attorneys' fees or costs.

### NINETEENTH AFFIRMATIVE DEFENSE

AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to the third count for breach of contract, Defendants allege that they substantially performed all of their obligations under any alleged contract.

### TWENTIETH AFFIRMATIVE DEFENSE

AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE to each and every cause of action asserted against Defendants, Defendants allege that Plaintiffs have failed to allege and cannot prove the facts and prerequisites necessary to the maintenance of either a class or representative action, including but not limited to numerosity, commonality, superiority of class-based resolution, typicality and adequacy of class representatives and class counsel.

### TWENTY FIRST AFFIRMATIVE DEFENSE

AS A TWENTY FIRST SEPARATE AND AFFIRMATIVE DEFENSE to each and every cause of action asserted against Defendants, Defendants allege Plaintiffs' claims, and the claims of the persons that they purport to represent, are barred in whole or in part because this action is not properly maintainable as a class action.

### TWENTY SECOND AFFIRMATIVE DEFENSE

AS A TWENTY SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendants have insufficient knowledge or information on which to form a belief as to whether it may have additional, but as yet unstated, affirmative defenses available to it. Defendants, therefore, reserve the right to assert additional affirmative defenses in the event discovery indicates such defenses are available.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by reason of its Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Defendants;

2. That Defendants be awarded their reasonable costs and attorneys' fees; and

3. That Defendants be awarded such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| 1 | Date: April 18, 2008 | Respectfully submitted, |
| 2 | | SIMPSON, GARRITY & INNES |
| | | Professional Corporation |
| 3 | | |
| 4 | | By: /s/   Paul V. Simpson |
| | |      PAUL V. SIMPSON |
| 5 | |      TIMOTHY P. O'DONNELL |
| | |      JENNIFER M. CHAN |
| 6 | |      Attorneys for Defendants Whiteside Construction Corporation, NMS Supply, Inc., J.W.Construction, Inc., and David R. Whiteside |