1  Alan Harris (SBN 146079)
   David Zelenski (SBN 231768)
2  HARRIS & RUBLE
   5455 Wilshire Boulevard, Suite 1800
3  Los Angeles, CA 90036
   Telephone:  (323) 931-3777
4  Facsimile:  (323) 931-3366

5  David S. Harris (SBN 215224)
   NORTH BAY LAW GROUP
6  901 Irwin Street
   San Rafael, CA 94901
7  Telephone: (415) 460-5300
   Facsimile: (415) 460-5303

8
   Attorneys for Plaintiffs
9  WALTER PEREZ ESCOBAR, MARGARITO
   GONZALEZ and FRANCISCO CISNEROS-ZAVALA
10
   Paul V. Simpson (State Bar No. 83878)
11 Timothy P. O'Donnell (State Bar No.  185492)
   Jennifer Chan (State Bar No. 182849 )
12 SIMPSON GARRITY & INNES
   601 Gateway Blvd, Suite 950
13 South San Francisco, CA 94080
   Telephone:  (650) 615-4860
14 Facsimile:  (650) 615-4861

15 Attorneys for Defendants
   WHITESIDE CONSTRUCTION CORP., NMS
16 SUPPLY INC., J.W. CONSTRUCTION, INC.
   and DAVID R. WHITESIDE
17
                    UNITED STATES DISTRICT COURT
18
                   NORTHERN DISTRICT OF CALIFORNIA
19

20
   WALTER PEREZ ESCOBAR, MARGARITO          Case No. CV-08-1120 WHA
21 GONZALEZ and FRANCISCO CISNEROS-
   ZAVALA, individually and on behalf of all   **PLAINTIFFS WALTER PEREZ**
22 others similarly situated,                    **ESCOBAR, MARGARITO GONZALEZ**
                                                **AND FRANCISCO CISNEROS-**
23                       Plaintiffs,            **ZAVALA AND DEFENDANTS**
                                                **WHITESIDE CONSTRUCTION**
24           v.                                 **CORPORATION, NMS SUPPLY INC.,**
                                                **J.W. CONSTRUCTION, INC. AND**
25 WHITESIDE CONSTRUCTION                       **DAVID R. WHITESIDE'S JOINT CASE**
   CORPORATION, NMS SUPPLY INC., J.W.         **MANAGEMENT STATEMENT**
26 CONSTRUCTION, INC. and DAVID R.
   WHITESIDE,                                   Complaint Filed:   2/25/2008
27                                              Trial Date:        None Set
                         Defendants.
28

                                         1
   JOINT CASE MANAGEMENT STATEMENT                    Case No.  CV-08-1120 WHA

Pursuant to this Court's Order Setting Initial Case Management Conference, Civil Local Rule 16-9 and the Standing Order, Plaintiffs Walter Perez Escobar ("Escobar"), Margarito Gonzalez ("Gonzalez") and Francisco Cisneros-Zavala ("Cisneros-Zavala") (hereinafter referred to as "Plaintiffs") and Defendants Whiteside Construction Corporation ("Whiteside"), NMS Supply Inc. ("NMS"), J.W. Construction, Inc. ("JWC") and David R. Whiteside ("Mr. Whiteside") (all co-defendants collectively referred to hereinafter as the "Defendants") (Plaintiffs and Defendants collectively referred to hereinafter as the "Parties"), by and through their respective counsel, submit the following Joint Case Management Conference Statement.

**A.    Jurisdiction and Service:**

This Court has jurisdiction of claims asserted under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and federal question jurisdiction under 28 U.S.C. §1331. This Court has supplemental jurisdiction over the California state law claims. There are no remaining parties to be served.

**B.    Facts/Description of the Case:**

**1.    A brief description of the events underlying the action:**

On February 25, 2008, Plaintiffs Walter Perez Escobar, Margarito Gonzalez and Francisco Cisneros-Zavala filed a class action complaint in the U.S. District Court for the Northern District of California, alleging the following seven claims: 1) California Labor Code § 226.7, failure to provide meal and rest periods in compliance with California law; 2) California Labor Code § 203, failure to pay wages due under California Labor Code §§ 201 and 202; 3) California Labor Code § 226, failure to provide itemized wage statements in compliance with California law; 4) California Labor Code §§ 204, 510 and 1194, failure to pay minimum wage or overtime compensation; 5) 29 U.S.C.S. §§ 206 and 207, Fair Labor Standards Act, failure to pay minimum wage and overtime compensation; 6) California Business & Professions Code § 17200 *et seq.*, unfair competition; and 7) California Labor Code § 2802, failure to pay expenditures and losses incurred by employees in discharge of the employees' duties. Plaintiffs seek to represent a class of "all natural persons who were issued one or more paychecks by Whiteside, NMS and/or JWC in California during the period beginning four years prior to the filing of th[e] Complaint," or

2

1  February 25, 2004, to the present.

2      Plaintiffs Cisneros-Zavala, Gonzalez and Escobar are individuals who, during the time

3  periods relevant to this Complaint, were employed by Whiteside, NMS and/or JWC within the

4  County of Contra Costa, State of California.

5      Cisneros-Zavala worked as an employee of Whiteside, NMS and JWC from

6  approximately December 2000 through August 2007.  During this period Cisneros-Zavala was

7  employed as a non-exempt Laborer at Whitesides's facilities in Richmond, California.  Gonzalez

8  worked as an employee of Whiteside and JWC from approximately April 1991 through February

9  2007.  During this period Gonzalez was employed as a non-exempt Laborer at Whitesides's

10  facilities in Richmond, California.  Escobar worked as an employee of NMS from approximately

11  November 2007 through December 2007.  During this period Escobar was employed as a non-

12  exempt Laborer at Whitesides's facilities in Richmond, California.  Under Wage Order 16-2001,

13  Construction occupations, including construction Laborers, are not considered exempt employees.

14      Whiteside, NMS and JWC, corporations owned by Mr. Whiteside, are headquartered in

15  Richmond, California. Whiteside is signatory to various union agreements

16      Plaintiffs allege that during their employment with the Defendants, they were not provided

17  with meal and rest periods in compliance with California law.  As a result, they claim they are

18  entitled to a one-hour wage premium for each missed meal period and each missed rest period

19  under Wage Order No. 16-2001 and Labor Code section 226.7.  Plaintiffs also allege that

20  Defendants failed to pay all wages earned on separation, statutory minimum wages and applicable

21  overtime pay.  Plaintiffs also claim they were not provided with accurate itemized wage

22  statements.  Plaintiffs claim the Defendants employed them but failed to provide them with the

23  data required by section 226 of the California Labor Code in their wage statements.  Plaintiffs

24  also claim that they were not compensated for time worked before and after their scheduled work

25  shifts.  Plaintiffs also contend they were not reimbursed for all expenditures and losses incurred in

26  discharge of their job duties. Defendants dispute each of Plaintiffs' contentions

27

28

3

1       **2.       The principal factual issues which the parties dispute:**

2              The Parties have met and conferred regarding the numerous issues each believes exist or

3      potentially exist in this matter.  The fact that any particular issue is listed is not necessarily

4      indicative that both Parties agree that the issue is relevant to the case, or even appropriately

5      stated; rather, it is simply indicative that at least one of the Parties believes that the issue, as

6      stated, is relevant at this time.

7              In light of the factual inquiry necessary to determine some legal issues and the

8      interdependency of many factual and legal concepts, the Parties have attempted to frame the

9      following issues in the most appropriate category.  If any of the following issues is stated as a

10     factual issue when it would be more appropriate to list such issue in the legal category (or vice

11     versa) the Parties incorporate such issue in the correct category.  In addition, further factual and

12     legal issues may become known to one or both of the Parties as discovery continues.

13             The factual issues that the Parties dispute include, but are not necessarily limited to, the

14     following:

15             *       Whether Plaintiffs were provided with meal and rest periods in compliance with

16     California law;

17             *       Whether Plaintiffs were properly paid for all work performed;

18             *       Whether Plaintiffs were paid for all overtime hours worked as required by

19     California wage and hour law for time worked in excess of eight (8) hours in a workday , or forty

20     (40) hours in a workweek;

21             *       Whether Plaintiffs have been paid minimum wages for all hours worked;

22             *       Whether Plaintiffs were timely furnished with itemized wage statements providing

23     the detail required by California Labor Code § 226;

24             *       Whether Plaintiffs were not reimbursed for all expenditures and losses incurred in

25     discharge of their job duties;

26             *       Whether Plaintiffs were required to work prior to their scheduled shift;

27             *       Whether Plaintiffs were required to work after their scheduled shift ended;

28

4

**C.**    <u>**The principal legal issues which the parties dispute:**</u>

\*    Whether Plaintiffs or any putative class members can establish personal liability of Defendant David Whiteside;

\*    Whether this case may be certified as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, including, but not limited to, whether Plaintiffs' claims are typical of those of the putative class, whether there are common policies and practices applicable to the putative class as a whole relating to Plaintiffs' claims, whether Plaintiffs have demonstrated an ascertainable class, and whether Plaintiffs are adequately represented;

\*    Whether Plaintiffs or any putative class members were subjected to a violation of California Labor Code §§ 204, 510, 1194, 1194.2 and 1197 by being denied minimum wage and overtime compensation;

\*    Whether Plaintiffs or any putative class members were subjected to a violation of California Business and Professions Code § 17200 *et seq.* by being denied pay for all hours worked;

\*    Whether Plaintiffs or any putative class members were subjected to a violation of California Labor Code § 226 or Business & Professions Code § 17200 *et seq.* by not being timely furnished with itemized statements each pay period containing all statutorily required information;

\*    Whether Plaintiffs or any putative class members were subjected to violations of 29 U.S.C.S §§ 206 and 207 by not being paid minimum wage and overtime compensation;

\*    Whether Plaintiffs or any putative class members are entitled to one hour of pay for each shift of four hours or more in which they were not provided with a ten-minute rest period;

\*    Whether Plaintiffs or any putative class members were subjected to a violation of California Labor Code § 2802 for failing to be reimbursed for all expenditures and losses incurred in discharge of their duties;

\*    Whether Plaintiffs or any putative class members are entitled to one hour of pay for each shift of five hours or more in which they were not provided with a thirty-minute meal

5

1  period;

2  **D.    Motions:**

3      Plaintiffs anticipate filing a motion for class certification under FRCP Rule 23 and a

4  motion for certification of an FLSA collective action pursuant to 29 U.S.C. § 216(b).   Plaintiffs

5  may move to bifurcate liability from damages at trial.

6      Defendants anticipate moving for summary judgment on specific causes of action

7  following the completion of discovery.

8      The parties agree that additional motions, not presently foreseeable, may be necessary

9  depending on the results of discovery and further investigation.

10  **E.    Amendment of Pleadings:**

11      Plaintiffs intend to amend their complaint to add a claim under the California Private

12  Attorney General Act, Labor Code § 2698 *et seq.*

13  **F.    Evidence Preservation:**

14      Defendants have taken affirmative steps to ensure the preservation of all evidence –

15  including evidence electronically recorded – relevant to the issues reasonably evident in the

16  action.

17  **G.    Disclosures:**

18      The parties will have served their initial disclosures by the time of the case management

19  conference.  As further documents and witnesses may become known as the investigation and

20  discovery in this matter continue, the parties will supplement their disclosures as necessary.

21  Since this case is a putative class action involving hundreds of employees, the parties anticipate

22  supplementation of initial disclosures will be necessary.

23  **H.    Discovery:**

24      The parties have not engaged in any formal discovery to date but defendants have

25  provided Plaintiffs some material information pertinent to the issues in this case.  The parties

26  have identified relevant materials to exchange in their initial disclosures.  The parties agree that it

27  may be necessary and appropriate to differentiate between discovery at the class certification

28  stage, and later discovery after the Court rules on Plaintiffs' anticipated motions for class and/or

6

FLSA section 16(b) collective action certification (29 USC § 216(b)). Paragraphs 1-3 below address discovery at the class certification stage only.

      **1.**    **Written discovery.** After reviewing the initial disclosures, the parties will propound written discovery, requests for production, requests for admissions, and interrogatories within the next sixty days.

      **2.**    **Depositions.** Plaintiffs anticipate noticing the deposition of the individual Defendant, corporate persons pursuant to Rule 30(b)(6), and any persons submitting declarations for Defendants. Plaintiffs also anticipate noticing the deposition of various Whiteside Supervisors and Foremen, including, without limitation, the following individuals: Whiteside Supervisors - Bob (last name unknown) and Jeff (last name unknown); Whiteside Foremen – Juan Mendoza, Jose Losada, Carlos Castillo, Francisco Castillo, Santiago Sandoval, Elias Andrado, Ricardo Torres, Alonzo Jimenez, Leon Ramirez and Marcos Palmer.

      Defendants anticipate noticing the deposition of the named Plaintiffs.

      **3.**    **Discovery Limitations.** Defendants seek to limit discovery to class certification issues. Otherwise the parties do not at this time seek any limitations or modifications of the discovery rules as imposed by the Federal Rules of Civil Procedure and Local Rules.

**I.**    **Class Actions:**

      (1) Plaintiffs contend that a class action is maintainable under F.R.C.P. 23(a), (b) and (c).

      (2) Plaintiffs contend the action is brought on behalf of "all natural persons who were issued one or more paychecks by Whiteside, NMS and/or JWC in California during the period beginning four years prior to the filing of th[e] Complaint."

      (3) Plaintiffs contend that the facts demonstrating that Plaintiffs are entitled to maintain the action under F.R.C.P. 23(a), (b) and (c) include the following:

      There were well in excess of three-hundred (300) non-exempt field construction employees who were tendered a paycheck by the Defendants during the four years before the filing of the Complaint; the putative Class is so numerous that joinder of all putative Class Members is impracticable; there are numerous, crucial legal and factual issues that are common to the putative Class; the claims of the Plaintiffs are typical of the claims of the putative Class;

Plaintiffs and their counsel will adequately and fairly represent the interests of the putative Class; the prosecution of separate actions by or against individual Members of the putative Class would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the party opposing the putative Class; and, by the Defendants not providing all required meal and rest breaks, by Defendants not paying the Class for all work performed, by not paying the Class for all overtime worked, by not paying the Class minimum wages for all hours worked, by not providing the appropriate pay-stub information to its employees and by not reimbursing the Defendants for all work-related expenses the Parties opposing the putative Class have acted and refused to act on grounds generally applicable to the putative Class, thereby making appropriate final injunctive relief with respect to the putative Class as a whole.

(4) Defendants contend that none of the claims are appropriate for class certification, inter alia, on the grounds that the named plaintiffs are employed by Defendants and are not proper representatives of the putative class as they do not share the same community of interests as other putative class members; the nature of the claims will require individual inquiries with respect to the different working conditions of individual class members all of whom work for multiple supervisors on multiple jobsites; a class-action will not provide a more efficient resolution than other alternative forums available for dispute resolution;

**J.**    **<u>Related Cases</u>:**

None that the parties are aware of at the present time.

**K.**    **<u>Relief</u>:**

Plaintiffs, on behalf of themselves and the putative class members, seek compensation for one hour of pay for each work shift longer than four hours that the class member was not provided a ten-minute rest period, compensation for one hour of pay for each work shift longer than five hours during which the class member was not provided a thirty-minute non-working meal period and an injunction to prevent such misconduct in the future; continuing wages from the date on which wages were due and an injunction against Defendants' for failing to pay for all hours worked; reimbursement for all work-related expenses; damages and liquidated damages for all wages earned including overtime pay under the California Labor Code and the Fair Labor

8

Standards Act; and injunctive relief and restitution and other equitable relief pursuant to section 17203 of the California Business and Professions Code.  Plaintiffs also seek monetary relief under the California wage and hour laws for the payment of unpaid wages, including pre- and post-judgment interest, statutory penalties, and an award of costs and attorneys' fees as prayed for in the Complaint.

**L.    Settlement and ADR:**

The Parties have had preliminary settlement discussions, and have agreed to a settlement conference before a Magistrate Judge.

**M.    Consent to Magistrate Judge for Trial:**

The Plaintiffs consent to a Magistrate Judge for trial; the Defendants have not consented to a Magistrate Judge for trial.

**N.    Other References:**

At this time, the parties do not recommend referring this case to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**O.    Narrowing of Issues:**

Plaintiffs may seek to bifurcate liability and damage issues.  The parties are unaware of any other means to narrow the issues at this time, although a Magistrate Judge may be able to assist in such narrowing in some respects during the settlement conference.

**P.    Expedited Schedule:**

Not applicable.

**Q.    Scheduling:**

The Parties propose scheduling an early settlement conference of this matter following initial discovery.   If the settlement conference proves unsuccessful, the Parties propose the following schedules:

Defendant:

1.    Last day to amend pleadings, except to add PAGA claim
and file an amended responsive pleading, and/or to join
plaintiffs if the class is not certified:                              August 31, 2008

JOINT CASE MANAGEMENT STATEMENT                    Case No.  CV-08-1120 WHA

| | | |
|---|---|---|
| 2. | Pre-class certification discovery | November 30, 2008 |
| 3. | Class certification motion deadline | January 15, 2008 |
| 5. | Non-expert discovery cut-off | To be determined |
| 6. | Expert disclosure | To be determined |
| 7. | Expert discovery cut-off | To be determined |
| 8. | Dispositive motion deadline | To be determined |
| 9. | Trial | To be determined |

**R.**    <u>**Trial:**</u>

Plaintiffs have demanded a jury trial.  The Parties propose setting a trial date after class certification has been determined, as the length of trial will be determined by whether or not the case is to be tried as a class action.

**S.**    <u>**Disclosure of Non-party Interested Entities of Persons:**</u>

Plaintiffs are not aware of any non-party interested entities or persons. Defendants disclose Michelle Whiteside, spouse of Defendant David Whiteside, as a non-party interested person.

Dated:  May 29, 2008                    HARRIS & RUBLE

By:        /s/
           Alan Harris

           Attorneys for Plaintiffs
           WALTER PEREZ ESCOBAR, MARGARITO
           GONZALEZ and FRANCISCO CISNEROS-
           ZAVALA

Dated:  May 29, 2008                    NORTH BAY LAW GROUP

By:        /s/
           David S. Harris

           Attorneys for Plaintiffs
           WALTER PEREZ ESCOBAR, MARGARITO
           GONZALEZ and FRANCISCO CISNEROS-
           ZAVALA

10

1    Dated:  May 29, 2008                SIMPSON GARRITY & INNES

2                                        By:        /s/

3                                               Paul Simpson

4                                        Attorneys for Defendants
                                         WHITESIDE CONSTRUCTION CORPORATION,
                                         NMS SUPPLY INC., J.W. CONSTRUCTION, INC.
5                                        and DAVID R. WHITESIDE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         11