Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
5455 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90036
Telephone: (323) 931-3777
Facsimile: (323) 931-3366

Attorneys for Plaintiffs
WALTER PEREZ ESCOBAR, MARGARITO GONZALEZ and FRANCISCO CISNEROS-ZAVALA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER PEREZ ESCOBAR, MARGARITO GONZALEZ and FRANCISCO CISNEROS-ZAVALA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WHITESIDE CONSTRUCTION CORPORATION, NMS SUPPLY INC., J.W. CONSTRUCTION, INC. and DAVID R. WHITESIDE,<br><br>Defendants. | Case No. CV-08-1120 WHA<br><br>**NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>Date:       August 21, 2008<br>Time:      8:00 AM<br>Courtroom: 9<br>Judge:     Hon. William Alsup |

1
PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

# NOTICE OF MOTION

**TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that, on August 21, 2008, at 8:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9, 19th Floor, of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiffs Walter Perez Escobar, Margarito Gonzalez, and Francisco Cisneros-Zavala will, and hereby do, move this Court pursuant to Fed. R. Civ. P. § 15(a)(2) for leave to file a First Amended Complaint, adding additional and more specific allegations regarding Defendants' violations of various labor codes as alleged in Plaintiffs' original Complaint, as well as adding an eighth cause of action pursuant to the Labor Code Private Attorneys General Act, Cal. Lab. Code § 2698 *et seq.*, as further described in the accompanying Memorandum of Points and Authorities set forth below.

This Motion is made and based upon the Complaint filed herein, this Notice of Motion, the supporting Memorandum of Points and Authorities, the Declaration of Alan Harris, and all pleadings and papers in the Court's file in this matter, as well as such further evidence and argument that will be admitted or argued in accordance with the law at the time of the hearing.

Dated: July 10, 2008               HARRIS & RUBLE

                                   By:    _____/s/_____
                                          Alan Harris

                                   Attorneys for Plaintiffs
                                   WALTER PEREZ ESCOBAR,
                                   MARGARITO
                                   GONZALEZ and FRANCISCO
                                   CISNEROS-ZAVALA

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

This is a wage and hour class action case, involving claims for violations of various Federal and State labor laws. In particular, in the original Complaint, Plaintiffs alleged the following seven claims: 1) California Labor Code section 226.7, failure to provide meal and rest periods in compliance with California law; 2) California Labor Code section 203, failure to pay wages due under California Labor Code sections 201 and 202; 3) California Labor Code section 226, failure to provide itemized wage statements in compliance with California law; 4) California Labor Code sections 204, 510, and 1194, failure to pay minimum wage or overtime compensation; 5) 29 U.S.C. §§ 206 and 207, Fair Labor Standards Act, failure to pay minimum wage and overtime compensation; 6) California Business & Professions Code section 17200 *et seq.*, unfair competition; and 7) California Labor Code section 2802, failure to pay expenditures and losses incurred by employees in discharge of the employees' duties.

Pursuant to the Court's Scheduling Order that was issued at the time of the filing of the Complaint, Plaintiffs' counsel and Defendants' counsel met and conferred and thereafter filed a Joint Case Management Conference Statement on May 29, 2008 (hereinafter, "CMC Statement"), a true and correct copy of which is attached as Exhibit 1 to the Declaration of Alan Harris in Support of Plaintiffs' Motion For Leave to File a First Amended Complaint ("Harris Declaration"). In section Q(1) of the CMC Statement, the parties agreed that, among other things, August 31, 2008, would be the last day for the parties to amend the pleadings. Inexplicably, at the Case Management Conference on June 19, 2008, Defendants abandoned the undertaking they had made in the CMC Statement, insisting that the new deadline for the parties to seek leave to file an amended pleading would be July 10, 2008. This new date was eventually memorialized in the Court's Case Management Order and Reference to ADR Unit for Mediation, a true and correct

copy of which is attached as Exhibit 2 to the Harris Declaration. As a result, Plaintiffs must now seek leave to file an Amended Complaint in order to (1) add an eighth cause of action pursuant to the Labor Code Private Attorneys General Act and (2) add additional and more specific allegations regarding Defendants' violations of various labor codes as alleged in Plaintiffs' original Complaint. A true and correct copy of Plaintiffs' Proposed First Amended Complaint is attached as Exhibit 3 to the Harris Declaration.

### 1. Plaintiffs Seek Leave to File An Eighth Cause of Action Pursuant to the Labor Code Private Attorneys General Act

On June 20, 2008, Plaintiffs sent three separate letters to the California Labor and Workforce Development Agency, advising the Agency regarding Whiteside Construction Corporation's, NMS Supply Inc.'s and J.W. Construction, Inc.'s violations of the California Labor Code. Plaintiffs provided the Agency with a copy of the Complaint in the instant action and requested that the Agency advise as to whether they will proceed with an investigation of this matter or whether Plaintiffs may seek civil-penalty recovery through their private counsel for Defendants' labor code violations under the Labor Code Attorneys General Act. True and correct copies of the June 20, 2008, letters to the California Labor and Workforce Development Agency are attached as Exhibit 4 to the Harris Declaration. To date, the Plaintiffs have not yet received a final response to their letters. As Plaintiffs have not yet been advised as to the Agency's decision, Plaintiffs cannot, at this time, file a Private Attorneys General Act claim. Plaintiffs' counsel anticipates that it will be advised of the Agency's decision to permit them to assert the Eighth Cause of Action sometime in the coming days. As detailed in the Harris Declaration, in dozens of similar cases, the Agency has chosen to permit Harris & Ruble to pursue such matters on its behalf. At this stage, Plaintiffs seek leave to amend their Complaint and add an eighth cause of action pursuant to the Labor Code Private Attorneys General Act. By the time of the hearing on this

Motion, it is nearly certain that the final required administrative action will be completed, permitting the actual filing of the First Amended Complaint.

2.  **Plaintiff Seeks Leave to Add Additional and More Specific Allegations Regarding Defendants' Violations of Various Labor Codes**

In the course of both informal and formal discovery over the past few months, Plaintiffs have learned of additional claims, as well as more specific violations, that can and should be asserted against Defendants. Furthermore, Plaintiff seek leave to amend their pleadings and allegations against Defendants for failing to use the appropriate base rate in computing overtime wages. As Defendants failed to provide rest and meal breaks, Defendants were required to provide their employees with an additional one hour of wages for each day worked without a break. As a result, this additional hour of pay must be included when computing an employee's overtime rate. For illustration purposes only, if an employee worked 9 hours and was paid $10 per hour, he or she is entitled to 8 hours of pay at $10 per hour (or $80) and 1 hour of overtime pay at 1½ times the base rate of $10, or $15 per hour. If, however, an employee is not provided with a rest break—as Defendants' employees were not—he or she is entitled to an additional hour of pay. Using the example above, that same employee who worked 9 hours but was not provided with a rest break would have a base rate of $11.25 per hour, which is calculated as follows: 8 hours of pay at $10 per hour plus an additional hour of pay for the missed meal break for a total of $90, divided by 8 hours. Thus, the employee's base rate for purposes of calculating the overtime rate is $11.25, not $10.00 per hour. As Defendants have failed to provide their employees with rest breaks required under the law, Defendants have also failed to compute accurately their employees' base rate and corresponding overtime rate.

As a result, Plaintiffs move this Court, in accordance with F.R.C.P. 15(a)(2), for an Order permitting the filing of a First Amended Complaint to add new and

additional allegations, all of which clarify and supplement the claims and allegations asserted in Plaintiffs' original Complaint. Furthermore, Plaintiffs seek leave to add an eighth cause of action pursuant to the Labor Code Private Attorneys General Act.

## ARGUMENT

In order to amend a complaint after an answer has been filed, a plaintiff must obtain the consent of the opposing party or the court's leave to amend. Fed. R. Civ. P. 15. The district court has discretion in granting a motion to amend, *Foman v. Davis,* 371 U.S. 178, 182 (1962), and "the court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has adopted a liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities. The Ninth Circuit has consistently embraced a liberal approach in allowing such amendment. *See*, *e.g.*, *Desert Empire Bank v. Ins. Co. of North America,* 623 F.2d 1371, 1375–76 (9th Cir. 1980). Amendment should be permitted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment or the futility of the amendment, etc." *Foman,* 371 U.S. at 182. No reason exists to deny leave to amend in this case, as the First Amended Complaint clarifies the original causes of action, adding another that is related to the initial Complaint but that could not have been brought when the Complaint was first filed.

Under section 2699.3 of the California Labor Code:

(a) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met:

(1) The aggrieved employee or representative shall give written notice

by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

**(2)(A)** The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

(B) If the agency intends to investigate the alleged violation, it shall notify the employer and the aggrieved employee or representative by certified mail of its decision within 33 calendar days of the postmark date of the notice received pursuant to paragraph (1). Within 120 calendar days of that decision, the agency may investigate the alleged violation and issue any appropriate citation. If the agency determines that no citation will be issued, it shall notify the employer and aggrieved employee of that decision within five business days thereof by certified mail. Upon receipt of that notice or if no citation is issued by the agency within the 158-day period prescribed by subparagraph (A) and this subparagraph or if the agency fails to provide timely or any notification, the aggrieved employee may commence a civil action pursuant to Section 2699.

(C) *Notwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action*

*arising under this part at any time within 60 days of the time periods specified in this part.*

Cal Lab. Code § 2699.3 (emphasis supplied).  The state procedural rule permitting Plaintiffs to amend "as a matter of right" does not control in this Court.  However, as a practical matter, this Court should permit the amendment as a matter of course, particularly when the request for leave to amend, as here, is timely.

## CONCLUSION

This Court should grant the requested relief and permit Plaintiffs to file their First Amended Complaint.

Dated: July 10, 2008                    HARRIS & RUBLE

                                        By:    ____/s/_____
                                        Alan Harris

                                        Attorneys for Plaintiffs
                                        WALTER PEREZ ESCOBAR,
                                        MARGARITO
                                        GONZALEZ and FRANCISCO
                                        CISNEROS-ZAVALA

# PROOF OF SERVICE

I am an attorney for Plaintiffs herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 5455 Wilshire Boulevard, Suite 1800, Los Angeles, California 90036. On July 10, 2008, I served the within document(s):

**NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

I caused such to be delivered by hand in person to:

   N/A

I caused such to be delivered by fax or e-mail to:

   N/A

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

   N/A

I caused such to be delivered via the Court's CM/ECF System to:

   Paul Simpson -- psimpson@sgilaw.com

I declare under penalty of perjury that the above is true and correct.

Executed on July 10, 2008, at Los Angeles, California.

                                   /s/
                              David Zelenski