Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
5455 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90036
Telephone: (323) 931-3777
Facsimile: (323) 931-3366

Attorneys for Plaintiffs
WALTER PEREZ ESCOBAR, MARGARITO
GONZALEZ and FRANCISCO CISNEROS-ZAVALA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WALTER PEREZ ESCOBAR, MARGARITO GONZALEZ and FRANCISCO CISNEROS-ZAVALA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WHITESIDE CONSTRUCTION CORPORATION, NMS SUPPLY INC., J.W. CONSTRUCTION, INC. and DAVID R. WHITESIDE,<br><br>Defendants. | Case No. CV-08-1120 WHA<br><br>**DECLARATION OF ALAN HARRIS IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>Date:         August 21, 2008<br>Time:         8:00 AM<br>Courtroom: 9<br>Judge:        Hon. William Alsup |

1

DECLARATION OF ALAN HARRIS IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

I, Alan Harris, declare under penalty of perjury as follows:

1.      I am a member in good standing of the State Bar of California and am one of the attorneys for Plaintiffs in the within action.  I make this Declaration on behalf of Plaintiffs and in support of Plaintiffs' Motion for Leave to File a First Amended Complaint.  If sworn as a witness, I could competently testify to each and every fact set forth herein from my own personal knowledge.

2.      Attached hereto as **Exhibit 1** is a true and correct copy of the Joint Case Management Statement, jointly submitted and filed by Plaintiffs and Defendants on May 29, 2008.

3.      Attached hereto as **Exhibit 2** is a true and correct copy of the Court's Case Management Order and Reference to ADR Unit for Mediation, entered by the Court on June 19, 2008.

4.      Attached hereto as **Exhibit 3** is a true and correct copy of Plaintiffs' Proposed First Amended Complaint.

5.      Attached hereto as **Exhibit 4** are true and correct copies of Plaintiffs' June 20, 2008, letters to the California Labor and Workforce Development Agency.

6.      Over the past several years, the California Labor and Workforce Development Agency has authorized Harris & Ruble to prosecute dozens of civil penalty cases.  Before receipt of the first such authorization, the Agency held a hearing in Los Angeles at which inquiry was made with respect to the experience of Harris & Ruble in the prosecution of such matters.  At that hearing, the undersigned advised the court of his representation of numerous other state governments in antitrust, bankruptcy, environmental law and tax cases.  E.g., U.S. v. Gleneagles Inv. Co., Inc., 584 F. Supp. 671, 689 (M.D. Pa. 1984), aff'd. in part & vacated in part, and remanded sub. nom. U.S. v. Tabor Ct. Realty Corp. 803 F.2d 1288 (3d Cir. 1986), cert. den. sub. nom. McClellan Realty Co. v. U.S. 483 U.S. 1005 (1987)

1    (Commonweatlh of Pennsylvania); In re Blue Coal Corp., 206 B.R. 730 (M.D. Pa.

2    1997) (Commonwealth of Pennsylvania); In re Anthracite Coal Antitrust Litig., 82

3    F.R.D. 364 (M.D. Pa. 1979) (Commonwealth of Pennsylvania); In re Masterkey

4    Antitrust Litig., 1977 U.S. Dist. LEXIS 12948 (D. Conn. 1977) (all fifty states); In

5    re Cement-Concrete Block, Chicago Area, Grand Jury Proceedings, 381 F.Supp.

6    1108 (N.D. Ill. 1974) (State of Illinois).  In addition, review was made of Harris &

7    Ruble's experience in labor-law matters.  Harris & Ruble has extensive experience

8    in the prosecution of labor-law matters in federal and state courts of California, as

9    well as before the California Division of Labor Standards Enforcement.

10          I have read the foregoing, and the facts set forth therein are true and correct

11   of my own personal knowledge.

12

13          Executed July 10, 2008, in the County of Los Angeles, State of California.

14

15                                              _____/s/_____

16                                              Alan Harris

17

18

19

20

21

22

23

24

25

26

27

28

                                          3
                DECLARATION OF ALAN HARRIS IN SUPPORT OF PLAINTIFFS'
                MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

# Exhibit 1

1    Alan Harris (SBN 146079)
     David Zelenski (SBN 231768)
2    HARRIS & RUBLE
     5455 Wilshire Boulevard, Suite 1800
3    Los Angeles, CA 90036
     Telephone: (323) 931-3777
4    Facsimile: (323) 931-3366

5    David S. Harris (SBN 215224)
     NORTH BAY LAW GROUP
6    901 Irwin Street
     San Rafael, CA 94901
7    Telephone: (415) 460-5300
     Facsimile: (415) 460-5303

8
     Attorneys for Plaintiffs
9    WALTER PEREZ ESCOBAR, MARGARITO
     GONZALEZ and FRANCISCO CISNEROS-ZAVALA
10

11   Paul V. Simpson (State Bar No. 83878)
     Timothy P. O'Donnell (State Bar No. 185492)
     Jennifer Chan (State Bar No. 182849 )
12   SIMPSON GARRITY & INNES
     601 Gateway Blvd, Suite 950
13   South San Francisco, CA 94080
     Telephone: (650) 615-4860
14   Facsimile: (650) 615-4861

15   Attorneys for Defendants
     WHITESIDE CONSTRUCTION CORP., NMS
16   SUPPLY INC., J.W. CONSTRUCTION, INC.
     and DAVID R. WHITESIDE

17                    UNITED STATES DISTRICT COURT

18                  NORTHERN DISTRICT OF CALIFORNIA

19

20   WALTER PEREZ ESCOBAR, MARGARITO        Case No. CV-08-1120 WHA
21   GONZALEZ and FRANCISCO CISNEROS-
     ZAVALA, individually and on behalf of all    **PLAINTIFFS WALTER PEREZ
22   others similarly situated,                **ESCOBAR, MARGARITO GONZALEZ**
                                               **AND FRANCISCO CISNEROS-**
23            Plaintiffs,                      **ZAVALA AND DEFENDANTS**
                                               **WHITESIDE CONSTRUCTION**
24        v.                                   **CORPORATION, NMS SUPPLY INC.,**
                                               **J.W. CONSTRUCTION, INC. AND**
25   WHITESIDE CONSTRUCTION               **DAVID R. WHITESIDE'S JOINT CASE**
     CORPORATION, NMS SUPPLY INC., J.W.  **MANAGEMENT STATEMENT**
26   CONSTRUCTION, INC. and DAVID R.
     WHITESIDE,                               Complaint Filed:    2/25/2008
27                                            Trial Date:         None Set
              Defendants.
28

                                       1
     JOINT CASE MANAGEMENT STATEMENT            Case No.  CV-08-1120 WHA

1       Pursuant to this Court's Order Setting Initial Case Management Conference, Civil Local

2   Rule 16-9 and the Standing Order, Plaintiffs Walter Perez Escobar ("Escobar"), Margarito

3   Gonzalez ("Gonzalez") and Francisco Cisneros-Zavala ("Cisneros-Zavala") (hereinafter referred

4   to as "Plaintiffs") and Defendants Whiteside Construction Corporation ("Whiteside"), NMS

5   Supply Inc. ("NMS"), J.W. Construction, Inc. ("JWC") and David R. Whiteside ("Mr.

6   Whiteside") (all co-defendants collectively referred to hereinafter as the "Defendants") (Plaintiffs

7   and Defendants collectively referred to hereinafter as the "Parties"), by and through their

8   respective counsel, submit the following Joint Case Management Conference Statement.

9   **A.     Jurisdiction and Service:**

10      This Court has jurisdiction of claims asserted under the Fair Labor Standards Act

11  ("FLSA"), 29 U.S.C. §201, *et seq.*, and federal question jurisdiction under 28 U.S.C. §1331. This

12  Court has supplemental jurisdiction over the California state law claims. There are no remaining

13  parties to be served.

14  **B.     Facts/Description of the Case:**

15      **1.     A brief description of the events underlying the action:**

16      On February 25, 2008, Plaintiffs Walter Perez Escobar, Margarito Gonzalez and Francisco

17  Cisneros-Zavala filed a class action complaint in the U.S. District Court for the Northern District

18  of California, alleging the following seven claims: 1) California Labor Code § 226.7, failure to

19  provide meal and rest periods in compliance with California law; 2) California Labor Code § 203,

20  failure to pay wages due under California Labor Code §§ 201 and 202; 3) California Labor Code

21  § 226, failure to provide itemized wage statements in compliance with California law; 4)

22  California Labor Code §§ 204, 510 and 1194, failure to pay minimum wage or overtime

23  compensation; 5) 29 U.S.C.S. §§ 206 and 207, Fair Labor Standards Act, failure to pay minimum

24  wage and overtime compensation; 6) California Business & Professions Code § 17200 *et seq.*,

25  unfair competition; and 7) California Labor Code § 2802, failure to pay expenditures and losses

26  incurred by employees in discharge of the employees' duties. Plaintiffs seek to represent a class

27  of "all natural persons who were issued one or more paychecks by Whiteside, NMS and/or JWC

28  in California during the period beginning four years prior to the filing of th[e] Complaint," or

2

1    February 25, 2004, to the present.

2        Plaintiffs Cisneros-Zavala, Gonzalez and Escobar are individuals who, during the time
3    periods relevant to this Complaint, were employed by Whiteside, NMS and/or JWC within the
4    County of Contra Costa, State of California.

5        Cisneros-Zavala worked as an employee of Whiteside, NMS and JWC from
6    approximately December 2000 through August 2007. During this period Cisneros-Zavala was
7    employed as a non-exempt Laborer at Whitesides's facilities in Richmond, California. Gonzalez
8    worked as an employee of Whiteside and JWC from approximately April 1991 through February
9    2007. During this period Gonzalez was employed as a non-exempt Laborer at Whitesides's
10   facilities in Richmond, California. Escobar worked as an employee of NMS from approximately
11   November 2007 through December 2007. During this period Escobar was employed as a non-
12   exempt Laborer at Whitesides's facilities in Richmond, California. Under Wage Order 16-2001,
13   Construction occupations, including construction Laborers, are not considered exempt employees.

14       Whiteside, NMS and JWC, corporations owned by Mr. Whiteside, are headquartered in
15   Richmond, California. Whiteside is signatory to various union agreements

16       Plaintiffs allege that during their employment with the Defendants, they were not provided
17   with meal and rest periods in compliance with California law. As a result, they claim they are
18   entitled to a one-hour wage premium for each missed meal period and each missed rest period
19   under Wage Order No. 16-2001 and Labor Code section 226.7. Plaintiffs also allege that
20   Defendants failed to pay all wages earned on separation, statutory minimum wages and applicable
21   overtime pay. Plaintiffs also claim they were not provided with accurate itemized wage
22   statements. Plaintiffs claim the Defendants employed them but failed to provide them with the
23   data required by section 226 of the California Labor Code in their wage statements. Plaintiffs
24   also claim that they were not compensated for time worked before and after their scheduled work
25   shifts. Plaintiffs also contend they were not reimbursed for all expenditures and losses incurred in
26   discharge of their job duties. Defendants dispute each of Plaintiffs' contentions

27

28

3

JOINT CASE MANAGEMENT STATEMENT                    Case No.  CV-08-1120 WHA

1    **2.    The principal factual issues which the parties dispute:**

2        The Parties have met and conferred regarding the numerous issues each believes exist or

3    potentially exist in this matter.  The fact that any particular issue is listed is not necessarily

4    indicative that both Parties agree that the issue is relevant to the case, or even appropriately

5    stated; rather, it is simply indicative that at least one of the Parties believes that the issue, as

6    stated, is relevant at this time.

7        In light of the factual inquiry necessary to determine some legal issues and the

8    interdependency of many factual and legal concepts, the Parties have attempted to frame the

9    following issues in the most appropriate category.  If any of the following issues is stated as a

10   factual issue when it would be more appropriate to list such issue in the legal category (or vice

11   versa) the Parties incorporate such issue in the correct category.  In addition, further factual and

12   legal issues may become known to one or both of the Parties as discovery continues.

13       The factual issues that the Parties dispute include, but are not necessarily limited to, the

14   following:

15       *        Whether Plaintiffs were provided with meal and rest periods in compliance with

16   California law;

17       *        Whether Plaintiffs were properly paid for all work performed;

18       *        Whether Plaintiffs were paid for all overtime hours worked as required by

19   California wage and hour law for time worked in excess of eight (8) hours in a workday , or forty

20   (40) hours in a workweek;

21       *        Whether Plaintiffs have been paid minimum wages for all hours worked;

22       *        Whether Plaintiffs were timely furnished with itemized wage statements providing

23   the detail required by California Labor Code § 226;

24       *        Whether Plaintiffs were not reimbursed for all expenditures and losses incurred in

25   discharge of their job duties;

26       *        Whether Plaintiffs were required to work prior to their scheduled shift;

27       *        Whether Plaintiffs were required to work after their scheduled shift ended;

28

4

JOINT CASE MANAGEMENT STATEMENT                    Case No.  CV-08-1120 WHA

1   **C.    The principal legal issues which the parties dispute:**

2          *       Whether Plaintiffs or any putative class members can establish personal liability of

3   Defendant David Whiteside;

4          *       Whether this case may be certified as a class action pursuant to Rule 23 of the

5   Federal Rules of Civil Procedure, including, but not limited to, whether Plaintiffs' claims are

6   typical of those of the putative class, whether there are common policies and practices applicable

7   to the putative class as a whole relating to Plaintiffs' claims, whether Plaintiffs have demonstrated

8   an ascertainable class, and whether Plaintiffs are adequately represented;

9          *       Whether Plaintiffs or any putative class members were subjected to a violation of

10  California Labor Code §§ 204, 510, 1194, 1194.2 and 1197 by being denied minimum wage and

11  overtime compensation;

12         *       Whether Plaintiffs or any putative class members were subjected to a violation of

13  California Business and Professions Code § 17200 *et seq.* by being denied pay for all hours

14  worked;

15         *       Whether Plaintiffs or any putative class members were subjected to a violation of

16  California Labor Code § 226 or Business & Professions Code § 17200 *et seq.* by not being timely

17  furnished with itemized statements each pay period containing all statutorily required

18  information;

19         *       Whether Plaintiffs or any putative class members were subjected to violations of

20  29 U.S.C.S §§ 206 and 207 by not being paid minimum wage and overtime compensation;

21         *       Whether Plaintiffs or any putative class members are entitled to one hour of pay

22  for each shift of four hours or more in which they were not provided with a ten-minute rest

23  period;

24         *       Whether Plaintiffs or any putative class members were subjected to a violation of

25  California Labor Code § 2802 for failing to be reimbursed for all expenditures and losses incurred

26  in discharge of their duties;

27         *       Whether Plaintiffs or any putative class members are entitled to one hour of pay

28  for each shift of five hours or more in which they were not provided with a thirty-minute meal

                                                    5
JOINT CASE MANAGEMENT STATEMENT              Case No.  CV-08-1120 WHA

Case 3:08-cv-0112___HA    Document 12    Filed 05/29___08    Page 6 of 11

1    period;

2    **D.**    **Motions**:

3       Plaintiffs anticipate filing a motion for class certification under FRCP Rule 23 and a

4    motion for certification of an FLSA collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs

5    may move to bifurcate liability from damages at trial.

6       Defendants anticipate moving for summary judgment on specific causes of action

7    following the completion of discovery.

8       The parties agree that additional motions, not presently foreseeable, may be necessary

9    depending on the results of discovery and further investigation.

10    **E.**    **Amendment of Pleadings**:

11       Plaintiffs intend to amend their complaint to add a claim under the California Private

12    Attorney General Act, Labor Code § 2698 *et seq.*

13    **F.**    **Evidence Preservation**:

14       Defendants have taken affirmative steps to ensure the preservation of all evidence –

15    including evidence electronically recorded – relevant to the issues reasonably evident in the

16    action.

17    **G.**    **Disclosures**:

18       The parties will have served their initial disclosures by the time of the case management

19    conference. As further documents and witnesses may become known as the investigation and

20    discovery in this matter continue, the parties will supplement their disclosures as necessary.

21    Since this case is a putative class action involving hundreds of employees, the parties anticipate

22    supplementation of initial disclosures will be necessary.

23    **H.**    **Discovery**:

24       The parties have not engaged in any formal discovery to date but defendants have

25    provided Plaintiffs some material information pertinent to the issues in this case. The parties

26    have identified relevant materials to exchange in their initial disclosures. The parties agree that it

27    may be necessary and appropriate to differentiate between discovery at the class certification

28    stage, and later discovery after the Court rules on Plaintiffs' anticipated motions for class and/or

6

JOINT CASE MANAGEMENT STATEMENT      Case No. CV-08-1120 WHA

Case 3:08-cv-0112   /HA     Document 12     Filed 05/29, _J8     Page 7 of 11

1    FLSA section 16(b) collective action certification (29 USC § 216(b)). Paragraphs 1-3 below

2    address discovery at the class certification stage only.

3       **1.**   **Written discovery.** After reviewing the initial disclosures, the parties will

4    propound written discovery, requests for production, requests for admissions, and interrogatories

5    within the next sixty days.

6       **2.**   **Depositions.** Plaintiffs anticipate noticing the deposition of the individual

7    Defendant, corporate persons pursuant to Rule 30(b)(6), and any persons submitting declarations

8    for Defendants.   Plaintiffs also anticipate noticing the deposition of various Whiteside

9    Supervisors and Foremen, including, without limitation, the following individuals: Whiteside

10   Supervisors - Bob (last name unknown) and Jeff (last name unknown); Whiteside Foremen – Juan

11   Mendoza, Jose Losada, Carlos Castillo, Francisco Castillo, Santiago Sandoval, Elias Andrado,

12   Ricardo Torres, Alonzo Jimenez, Leon Ramirez and Marcos Palmer.

13       Defendants anticipate noticing the deposition of the named Plaintiffs.

14       **3.**   **Discovery Limitations.** Defendants seek to limit discovery to class certification

15   issues. Otherwise the parties do not at this time seek any limitations or modifications of the

16   discovery rules as imposed by the Federal Rules of Civil Procedure and Local Rules.

17   **I.**   **Class Actions:**

18       (1) Plaintiffs contend that a class action is maintainable under F.R.C.P. 23(a), (b) and (c).

19       (2) Plaintiffs contend the action is brought on behalf of "all natural persons who were

20   issued one or more paychecks by Whiteside, NMS and/or JWC in California during the period

21   beginning four years prior to the filing of th[e] Complaint."

22       (3) Plaintiffs contend that the facts demonstrating that Plaintiffs are entitled to maintain the

23   action under F.R.C.P. 23(a), (b) and (c) include the following:

24       There were well in excess of three-hundred (300) non-exempt field construction

25   employees who were tendered a paycheck by the Defendants during the four years before the

26   filing of the Complaint; the putative Class is so numerous that joinder of all putative Class

27   Members is impracticable; there are numerous, crucial legal and factual issues that are common to

28   the putative Class; the claims of the Plaintiffs are typical of the claims of the putative Class;

7

1    Plaintiffs and their counsel will adequately and fairly represent the interests of the putative Class;
2    the prosecution of separate actions by or against individual Members of the putative Class would
3    create a risk of inconsistent or varying adjudications that would establish incompatible standards
4    of conduct for the party opposing the putative Class; and, by the Defendants not providing all
5    required meal and rest breaks, by Defendants not paying the Class for all work performed, by not
6    paying the Class for all overtime worked, by not paying the Class minimum wages for all hours
7    worked, by not providing the appropriate pay-stub information to its employees and by not
8    reimbursing the Defendants for all work-related expenses the Parties opposing the putative Class
9    have acted and refused to act on grounds generally applicable to the putative Class, thereby
10   making appropriate final injunctive relief with respect to the putative Class as a whole.

11          (4) Defendants contend that none of the claims are appropriate for class certification, inter
12   alia, on the grounds that the named plaintiffs are employed by Defendants and are not proper
13   representatives of the putative class as they do not share the same community of interests as other
14   putative class members; the nature of the claims will require individual inquiries with respect to
15   the different working conditions of individual class members all of whom work for multiple
16   supervisors on multiple jobsites; a class-action will not provide a more efficient resolution than
17   other alternative forums available for dispute resolution;

18   J.      **Related Cases:**

19          None that the parties are aware of at the present time.

20   K.      **Relief:**

21          Plaintiffs, on behalf of themselves and the putative class members, seek compensation for
22   one hour of pay for each work shift longer than four hours that the class member was not
23   provided a ten-minute rest period, compensation for one hour of pay for each work shift longer
24   than five hours during which the class member was not provided a thirty-minute non-working
25   meal period and an injunction to prevent such misconduct in the future; continuing wages from
26   the date on which wages were due and an injunction against Defendants' for failing to pay for all
27   hours worked; reimbursement for all work-related expenses; damages and liquidated damages for
28   all wages earned including overtime pay under the California Labor Code and the Fair Labor

8

Case 3:08-cv-0112⎽/HA    Document 12    Filed 05/29⎽⎽08    Page 9 of 11

1  Standards Act; and injunctive relief and restitution and other equitable relief pursuant to section

2  17203 of the California Business and Professions Code. Plaintiffs also seek monetary relief under

3  the California wage and hour laws for the payment of unpaid wages, including pre- and post-

4  judgment interest, statutory penalties, and an award of costs and attorneys' fees as prayed for in

5  the Complaint.

6  **L.    Settlement and ADR:**

7      The Parties have had preliminary settlement discussions, and have agreed to a settlement

8  conference before a Magistrate Judge.

9  **M.    Consent to Magistrate Judge for Trial:**

10      The Plaintiffs consent to a Magistrate Judge for trial; the Defendants have not consented

11  to a Magistrate Judge for trial.

12  **N.    Other References:**

13      At this time, the parties do not recommend referring this case to binding arbitration, a

14  special master, or the Judicial Panel on Multidistrict Litigation.

15  **O.    Narrowing of Issues:**

16      Plaintiffs may seek to bifurcate liability and damage issues. The parties are unaware of

17  any other means to narrow the issues at this time, although a Magistrate Judge may be able to

18  assist in such narrowing in some respects during the settlement conference.

19  **P.    Expedited Schedule:**

20      Not applicable.

21  **Q.    Scheduling:**

22      The Parties propose scheduling an early settlement conference of this matter following

23  initial discovery. If the settlement conference proves unsuccessful, the Parties propose the

24  following schedules:

25  Defendant:

26      1.    Last day to amend pleadings, except to add PAGA claim

27          and file an amended responsive pleading, and/or to join

28          plaintiffs if the class is not certified:                August 31, 2008

9

JOINT CASE MANAGEMENT STATEMENT                Case No.  CV-08-1120 WHA

| | | | |
|---|---|---|---|
| 1 | 2. | Pre-class certification discovery | November 30, 2008 |
| 2 | 3. | Class certification motion deadline | January 15, 2008 |
| 3 | 5. | Non-expert discovery cut-off | To be determined |
| 4 | 6. | Expert disclosure | To be determined |
| 5 | 7. | Expert discovery cut-off | To be determined |
| 6 | 8. | Dispositive motion deadline | To be determined |
| 7 | 9. | Trial | To be determined |

**R.    Trial:**

Plaintiffs have demanded a jury trial. The Parties propose setting a trial date after class certification has been determined, as the length of trial will be determined by whether or not the case is to be tried as a class action.

**S.    Disclosure of Non-party Interested Entities of Persons:**

Plaintiffs are not aware of any non-party interested entities or persons. Defendants disclose Michelle Whiteside, spouse of Defendant David Whiteside, as a non-party interested person.


Dated: May 29, 2008                HARRIS & RUBLE

                                By:        /s/
                                        Alan Harris

                                Attorneys for Plaintiffs
                                WALTER PEREZ ESCOBAR, MARGARITO
                                GONZALEZ and FRANCISCO CISNEROS-
                                ZAVALA


Dated: May 29, 2008                NORTH BAY LAW GROUP

                                By:        /s/
                                        David S. Harris

                                Attorneys for Plaintiffs
                                WALTER PEREZ ESCOBAR, MARGARITO
                                GONZALEZ and FRANCISCO CISNEROS-
                                ZAVALA

JOINT CASE MANAGEMENT STATEMENT                Case No.  CV-08-1120 WHA

1    Dated: May 29, 2008        SIMPSON GARRITY & INNES

2                  By:      /s/

3                              Paul Simpson

4                        Attorneys for Defendants
                          WHITESIDE CONSTRUCTION CORPORATION,

5                        NMS SUPPLY INC., J.W. CONSTRUCTION, INC.
                         and DAVID R. WHITESIDE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                 11

JOINT CASE MANAGEMENT STATEMENT               Case No. CV-08-1120 WHA

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WALTER PEREZ ESCOBAR, MARGARITA
GONZALEZ and FRANCISCO
CISNEROS-ZAVALA, individually and on
behalf of all others similarly situated,

    Plaintiffs,

 v.

WHITE SIDE CONSTRUCTION
CORPORATION, NMS SUPPLY INC.,
J.W. CONSTRUCTION, INC., and
DAVID R. WHITESIDE,

    Defendants.

              /

No. C 08-01120 WHA

**CASE MANAGEMENT ORDER
AND REFERENCE TO ADR
UNIT FOR MEDIATION**

  After a case management conference, the Court enters the following order pursuant to

Rule 16 of the Federal Rules of Civil Procedure ("FRCP") and Civil Local Rule 16-10:

1. All initial disclosures under FRCP 26 must be completed by **JUNE 30, 2008**, on pain of

  preclusion under FRCP 37(c).

2. Leave to add any new parties or pleading amendments must be sought by

  **JULY 10, 2008.**

3. The class certification motion must be filed by **JANUARY 15, 2009**, to be heard on a

  normal 35-day track.

4. The non-expert discovery cut-off date shall be **APRIL 3, 2009.**

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

5.    The last date for designation of expert testimony and disclosure of full expert reports under FRCP 26(a)(2) as to any issue on which a party has the burden of proof ("opening reports") shall be **APRIL 3, 2009.** Within **FOURTEEN CALENDAR DAYS** thereafter, all other parties must disclose any responsive expert testimony with full expert reports responsive to opening reports ("opposition reports"). Within **SEVEN CALENDAR DAYS** thereafter, the opening parties must disclose any reply reports rebutting specific material in opposition reports. Reply reports must be limited to true rebuttal and should be very brief. They should not add new material that should have been placed in the opening report. Without a reply report disclosure, no reply/rebuttal expert testimony will ordinarily be allowed. The cutoff for all expert discovery shall be **FOURTEEN CALENDAR DAYS** after the deadline for reply reports. In aid of preparing an opposition or reply report, a responding party may depose the adverse expert sufficiently before the deadline for the opposition or reply report so as to use the testimony in preparing the response. Experts must make themselves readily available for such depositions. Alternatively, the responding party can elect to depose the expert later in the expert-discovery period. An expert, however, may be deposed only once unless the expert is used for different opening and/or opposition reports, in which case the expert may be deposed independently on the subject matter of each report. At least **28 CALENDAR DAYS** before the due date for opening reports, each party shall serve a list of issues on which it will offer any expert testimony in its case-in-chief (including from non-retained experts). This is so that all parties will be timely able to obtain counter-experts on the listed issues and to facilitate the timely completeness of all expert reports. Failure to so disclose may result in preclusion.

6.    As to damages studies, the cut-off date for *past damages* will be as of the expert report (or such earlier date as the expert may select). In addition, the experts may try to project *future damages* (*i.e.*, after the cut-off date) if the substantive standards for future damages can be met. With timely leave of Court or by written stipulation, the

2

United States District Court
For the Northern District of California

1    experts may update their reports (with supplemental reports) to a date closer to the time

2    of trial.

3  7.  At trial, the direct testimony of experts will be limited to the matters disclosed in their

4    reports. Omitted material may not ordinarily be added on direct examination.

5    This means the reports must be complete and sufficiently detailed.

6    Illustrative animations, diagrams, charts and models may be used on direct examination

7    only if they were part of the expert's report, with the exception of simple drawings and

8    tabulations that plainly illustrate what is already in the report, which can be drawn by

9    the witness at trial or otherwise shown to the jury. If cross-examination fairly opens

10    the door, however, an expert may go beyond the written report on cross-examination

11    and/or redirect examination. By written stipulation, of course, all sides may relax these

12    requirements.

13  8.  To head off a recurring problem, experts lacking percipient knowledge should avoid

14    vouching for the credibility of witnesses, *i.e.*, whose version of the facts in dispute is

15    correct. This means that they may not, for example, testify that based upon a review of

16    fact depositions and other material supplied by counsel, a police officer did (or did not)

17    violate standards. Rather, the expert should be asked for his or her opinion based —

18    explicitly — upon an assumed fact scenario. This will make clear that the witness is

19    not attempting to make credibility and fact findings and thereby to invade the province

20    of the jury. Of course, a qualified expert can testify to relevant customs, usages,

21    practices, recognized standards of conduct, and other specialized matters beyond the

22    ken of a lay jury. This subject is addressed further in the trial guidelines referenced in

23    paragraph 16 below.

24  9.  Counsel need not request a motion hearing date and may notice non-discovery motions

25    for any Thursday (excepting holidays) at 8:00 a.m. The Court sometimes rules on the

26    papers, issuing a written order and vacating the hearing. If a written request for oral

27    argument is filed before a ruling, stating that a lawyer of four or fewer years out of law

28    school will conduct the oral argument or at least the lion's share, then the Court will

United States District Court
For the Northern District of California

1    hear oral argument, believing that young lawyers need more opportunities for

2    appearances than they usually receive.

3    10.    The last date to file dispositive motions shall be MAY 14, 2009. No dispositive motions

4    shall be heard more than 35 days *after* this deadline, *i.e.*, if any party waits until the last

5    day to file, then the parties must adhere to the 35-day track in order to avoid pressure

6    on the trial date.

7    11.    The FINAL PRETRIAL CONFERENCE shall be at 2:00 P.M. on JUNE 29, 2009. For the

8    form of submissions for the final pretrial conference and trial, please see paragraph 16

9    below.

10    12.    A BENCH TRIAL shall begin on JULY 13, 2009, at 7:30 A.M., in Courtroom 9,

11    19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102. The trial

12    schedule and time limits shall be set at the final pretrial conference. Although almost

13    all trials proceed on the date scheduled, it may be necessary on occasion for a case to

14    trail, meaning the trial may commence a few days or even a few weeks after the date

15    stated above, due to calendar congestion and the need to give priority to criminal trials.

16    Counsel and the parties should plan accordingly, including advising witnesses.

17    13.    Counsel may not stipulate around the foregoing dates without Court approval.

18    14.    While the Court encourages the parties to engage in settlement discussions, please do

19    not ask for any extensions on the ground of settlement discussions or on the ground that

20    the parties experienced delays in scheduling settlement conferences, mediation or ENE.

21    The parties should proceed to prepare their cases for trial. No continuance (even if

22    stipulated) shall be granted on the ground of incomplete preparation without competent

23    and detailed declarations setting forth good cause.

24    15.    To avoid any misunderstanding with respect to the final pretrial conference and trial,

25    the Court wishes to emphasize that all filings and appearances must be made — on pain

26    of dismissal, default or other sanction — unless and until a dismissal fully resolving the

27    case is received. It will not be enough to inform the clerk that a settlement in principle

28    has been reached or to lodge a partially executed settlement agreement or to lodge a

4

1    fully executed agreement (or dismissal) that resolves less than the entire case.

2    Where, however, a fully-executed settlement agreement clearly and fully disposing of

3    the entire case is lodged reasonably in advance of the pretrial conference or trial and

4    only a ministerial act remains, the Court will arrange a telephone conference to work

5    out an alternate procedure pending a formal dismissal.

6    16.    If you have not already done so, please read and follow the "Supplemental Order to

7    Order Setting Initial Case Management Conference in Civil Cases Before Judge

8    William Alsup" and other orders issued by the Clerk's office when this action was

9    commenced. Among other things, the supplemental order explains when submissions

10    are to go to the Clerk's Office (the general rule) versus when submissions may go

11    directly to chambers (rarely). With respect to the final pretrial conference and trial,

12    please read and follow the "Guidelines For Trial and Final Pretrial Conference in Civil

13    Bench Cases Before The Honorable William Alsup." All orders and guidelines

14    referenced in the paragraph are available on the district court's website at

15    http://www.cand.uscourts.gov. The website also includes other guidelines for

16    attorney's fees motions and the necessary form of attorney time records for cases

17    before Judge Alsup. If you do not have access to the Internet, you may contact Deputy

18    Clerk Dawn K. Toland at (415) 522-2020 to learn how to pick up a hard copy.

19    17.    All pretrial disclosures under FRCP 26(a)(3) and objections required by FRCP 26(a)(3)

20    must be made on the schedule established by said rule.

21    18.    This matter is hereby **REFERRED** to the **ADR UNIT** for **MEDIATION**.

22

23    **IT IS SO ORDERED.**

24

25    Dated: June 19, 2008.

26    _____
      WILLIAM ALSUP
      UNITED STATES DISTRICT JUDGE

27

28

5

# Exhibit
# 3

Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
5455 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90036
Telephone: (323) 931-3777
Facsimile: (323) 931-3366

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WALTER PEREZ ESCOBAR, MARGARITO GONZALEZ, and FRANCISCO CISNEROS-ZAVALA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WHITESIDE CONSTRUCTION CORPORATION, NMS SUPPLY, INC., J. W. CONSTRUCTION, INC., and DAVID R. WHITESIDE,<br><br>Defendants. | Case No. CV-08-1120 WHA<br><br>**[PROPOSED] FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1. Cal. Lab. Code § 226.7 (wages for rest and meal period)<br><br>2. Cal. Lab. Code § 203 (continuing wages)<br><br>3. Cal. Lab. Code § 226 (wage statements)<br><br>4. Cal. Lab Code §§ 204, 510 and 1194 California Labor Code (Failure to Pay Minimum Wage or Overtime Compensation)<br><br>5. 29 USCS § 206 and 207 (Fair Labor Standards Act)<br><br>6. Cal. Bus. & Prof. Code § 17200 *et seq.*<br><br>7. California Labor Code § 2802, Indemnification for Expenditures or Losses in Discharge of Duties<br><br>8. Cal. Lab Code § 2698 *et seq.*, Civil Penalties<br><br>**DEMAND FOR JURY TRIAL** |

1

COME NOW Plaintiffs, and for their causes of action against Defendants, allege:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b). Defendants constitute an "enterprise" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203. See 29 U.S.C. § 203(r) (defining "enterprise"). Defendants are engaged in interstate commerce, with annual sales in excess of $1,000,000 and with more than 300 employees. This Court has federal-question jurisdiction under 28 U.S.C. § 1331. Furthermore, under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over Plaintiff's state-law claims. There are no grounds that would justify this Court's declining to exercise its jurisdiction pursuant to 28 U.S.C. § 1367. See 28 U.S.C. § 1367(c) (explaining grounds on which courts may decline to exercise supplemental jurisdiction).

## PARTIES AND JURISDICTION

2.      Plaintiffs FRANCISCO CISNEROS-ZAVALA ("CISNEROS-ZAVALA"), MARGARITO GONZALEZ ("GONZALEZ") and WALTER PEREZ ESCOBAR ("ESCOBAR") (collectively, "Plaintiffs") are individuals who, during the time periods relevant to this Complaint, were employed within the County of Contra Costa, State of California. ESCOBAR is resident of the County of Marin, State of California. CISNEROS-ZAVALA and GONZALEZ are residents of the County of Contra Costa.

3.      Defendant WHITESIDE CONSTRUCTION CORPORATION ("WHITESIDE") was and is a California Corporation doing business within the State of California. On the California Secretary of State's website, WHITESIDE lists its address as P.O. Box 3578, San Rafael, California 94912. Defendants are informed and believe and thereupon allege that WHITESIDE'S actual place of business is 1151 Hensley Street, Richmond, California 94801. WHITESIDE'S Agent for Service of Process is David R. Whiteside, 101 Morphew Street, San Rafael, California 94901. WHITESIDE is a large concrete construction company that conducts business throughout the greater San Francisco Bay Area. WHITESIDE is licensed in California under Contractor's

1    License number 577719.

2        4.      Defendant NMS SUPPLY INC. ("NMS") was and is a California

3    Corporation doing business within the State of California. On the California Secretary

4    of State's website, NMS lists its address as 1151 Hensley Street, Richmond, California

5    94801. NMS's Agent for Service of Process is David R. Whiteside, 20 Baywood Circle,

6    Novato, California 94949. On information and belief, NMS does not appear to hold a

7    California Contractor's License.

8        5.      Defendant J.W. CONSTRUCTION, INC. ("JWC") was and is a California

9    Corporation doing business within the State of California. On the California Secretary

10   of State's website, JWC lists its address as 631 Marina Way South, Richmond,

11   California 94804. JWC's Agent for Service of Process is Michelle A. Whiteside, 615

12   Biscayne Drive, San Rafael, California 94901. On information and belief, JWC does not

13   appear to hold a California Contractor's License.

14       6.      WHITESIDE 2007 ("WHITESIDE 2007") is the name of the company that

15   is listed on GONZALEZ's W2 for the year 2007. The California Secretary of State does

16   not list WHITESIDE 2007 as either a registered California Corporation or a registered

17   Limited Liability Company. GONZALEZ's W2 lists WHITESIDE 2007's Employer

18   Identification Number ("EIN") as the same EIN as is listed on WHITESIDE's W2.

19   Plaintiffs are informed and believe and thereupon allege that Defendant DAVID R.

20   WHITESIDE controls and operates WHITESIDE 2007, and that WHITESIDE 2007 is

21   another name for WHITESIDE.

22       7.      Plaintiffs are informed and believe and thereupon allege that Defendant

23   David R. Whiteside ("DAVID R. WHITESIDE") is the President of WHITESIDE, NMS,

24   and JWC. DAVID R. WHITESIDE controls and is responsible for the operations,

25   policies and practices as herein alleged for WHITESIDE, NMS, and JWC. Defendants

26   are informed and believe and thereupon alleged that DAVID R. WHITESIDE is a

27   resident of Novato, California. Plaintiffs are informed and believe and thereupon allege

28   that DAVID R. WHITESIDE hires employees by and through WHITESIDE, JWC, and

1  NMS to work on and for DAVID R. WHITESIDE's various construction jobs
2  throughout Northern California.

3    8.    Defendants are informed and believe and thereupon alleged that
4  WHITESIDE, NMS, JWC, and DAVID R. WHITESIDE maintain facilities in and
5  throughout Marin and Contra Costa Counties. WHITESIDE, NMS, JWC, and DAVID
6  R. WHITESIDE conduct business throughout Northern California and at all relevant
7  times employed Plaintiffs and numerous other hourly paid employees throughout
8  Northern California. WHITESIDE, NMS, JWC, and DAVID R. WHITESIDE have
9  significant contacts with this judicial district and the activities complained of herein
10 occurred in whole or in part, in this judicial district.

## GENERAL ALLEGATIONS

12   9.    CISNEROS-ZAVALA worked as an employee of NMS and/or JWC from
13 approximately December 2000 through August 2007. During this period CISNEROS-
14 ZAVALA was employed as a non-exempt Laborer at WHITESIDES's facilities in
15 Richmond, California. GONZALEZ worked as an employee of WHITESIDE and JWC
16 from approximately April 1991 through February 2007. During this period GONZALEZ
17 was employed as a non-exempt Laborer at WHITESIDES's facilities in Richmond,
18 California. ESCOBAR worked as an employee of NMS from approximately November
19 2007 through December 2007. During this period GONZALEZ was employed as a non-
20 exempt Laborer at WHITESIDES's facilities in Richmond, California. Under Wage
21 Order 16-2001, Construction occupations, including construction Laborers such as
22 Plaintiffs, are not considered exempt employees.

23   10.   WHITESIDE, NMS, JWC and DAVID R. WHITESIDE required that
24 Plaintiffs report to the WHITESIDE construction yard in Richmond, California at 6:00
25 A.M. each workday. In many instances, however, the Plaintiffs were required to show
26 up even earlier than 6:00 A.M. At that time, the Plaintiffs were required to help load the
27 trucks and prepare the equipment for the work that day. Thereafter, the Plaintiffs would
28 travel from the WHITESIDE construction yard to the WHITESIDE project where they

1    were assigned to work. Generally, WHITESIDE would assign the Plaintiffs a work
2    schedule that began at 7:00 A.M and ended at 3:30 P.M.

3        11.    Generally, WHITESIDE, NMS, JWC and DAVID R. WHITESIDE did not
4    pay the Plaintiffs for any time spent working prior to 7:00 A.M. Furthermore, Plaintiffs
5    were not paid for the travel time between the WHITESIDE construction yard in
6    Richmond, California and the location where the Plaintiffs would work that day.
7    Furthermore, the Plaintiffs generally worked until 3:30 in the afternoon. Furthermore,
8    the Plaintiffs were never compensated for the afternoon or evening time spent driving
9    from the Defendant construction site to the WHITESIDE yard in Richmond, California.
10    Once the Plaintiffs returned to the WHITESIDE yard in Richmond, they were required to
11    help unload the trucks but they were never compensated for this work.

12        12.    Plaintiffs were rarely provided with a 10 minute break within the first 4
13    hours of their workday. Furthermore, Plaintiffs were never provided with a 10 minute
14    break within the second 4 hours of work of their workday (i.e. within hours 5 through 8
15    of a typical workday).

16        13.    Furthermore, in many instances Plaintiffs were required to work through
17    their 30 minute lunch break, and were either not allowed to take a lunch break, or, were
18    required to cut short their 30 minute lunch break.

19        14.    In many instances, the Plaintiffs were required to drive their own vehicles
20    from the WHITESIDE yard in Richmond, California to the defendant construction
21    location where the employee was assigned to work on a particular day. Sometimes the
22    work site would be more than an hour from the WHITESIDE yard in Richmond,
23    California. Even though Plaintiffs used their personal vehicles to drive from the
24    WHITESIDE yard in Richmond to the construction site, the Plaintiffs were never paid a
25    mileage stipend, nor were they compensated for their gas money or bridge tolls.

26        15.    At all relevant times mentioned herein, section 201 of the California Labor
27    Code provided that "wages earned and unpaid at the time of discharge are due and
28    payable immediately." Section 202 of the California Labor code provided that for

1  individuals who quit with at least three days notice, payment of final wages would be
2  immediate and that for individuals who quit without notice, payment of final wages
3  would be within 72 hours.

4      16.    WHITESIDE, NMS, JWC and DAVID R. WHITESIDE did not compensate
5  Plaintiffs as required by sections 201 and/or 202 of the California Labor Code.

6      17.    To date, Plaintiffs have not been compensated for all of the work they
7  performed for WHITESIDE, NMS, JWC and DAVID R. WHITESIDE.

8      18.    At all relevant times mentioned herein, section 203 of the California Labor
9  Code provided:

10         If an employer willfully fails to pay, without abatement or reduction, in
11         accordance with Sections 201, 201.5, 202 and 202.5, any wages of an
12         employee who is discharged or who quits, the wages of the employee shall
13         continue as a penalty from the due date thereof at the same rate until paid or
14         until action therefor is commenced; but the wages shall not continue for
15         more than 30 days.

16      19.    Plaintiffs contend that the failure of WHITESIDE, NMS, JWC and DAVID
17  R. WHITESIDE to pay them within the time provided by sections 201 and 202 of the
18  California Labor Code has been and is "willful" within the meaning of section 203 of the
19  California Labor Code and that, accordingly, Plaintiffs are entitled to the "continuing
20  wages" provided for by section 203.

21      20.    At all relevant times mentioned herein, section 1198 of the California Labor
22  Code provided:

23         The maximum hours of work and the standard conditions of labor fixed by
24         the [Industrial Welfare Commission] shall be the maximum hours of work
25         and the standard conditions of labor for employees.  The employment of any
26         employee for longer hours than those fixed by [an] order or under
27         conditions of labor prohibited by [an] order is unlawful.

28      21.    At all relevant times mentioned herein, Wage Order Number 16 (as

[PROPOSED] FIRST AMENDED COMPLAINT

periodically amended) applied to Plaintiffs.

22.    Wage Order 16 requires a one-hour wage premium for each day that an employee is not provided with a mandated ten-minute rest period per four-hour work period. Wage Order 16, ¶11(D). Additionally, Wage Order 16 requires a one-hour wage premium for each day that an employee is not provided with a mandated thirty-minute meal period for any shift that is longer than five hours. Wage Order 16, ¶10(F). Finally, Wage Order 16 requires that those who are employed more than eight (8) hours in any workday or more than 40 hours in any workweek receive overtime compensation. Wage Order 16, ¶3(A).

23.    The right to rest periods and meal periods has been codified in sections 226.7 and 512 of the California Labor Code. At all relevant times mentioned herein, section 512(a) provided:

> An employer may not employ an employee for a work period of more than
> five hours per day without providing the employee with a meal period of not
> less than 30 minutes, except that if the total work period per day of the
> employee is no more than six hours, the meal period may be waived by
> mutual consent of both the employer and employee. An employer may not
> employ an employee for a work period of more than 10 hours per day
> without providing the employee with a second meal period of not less than
> 30 minutes, except that if the total hours worked is no more than 12 hours,
> the second meal period may be waived by mutual consent of the employer
> and the employee only if the first meal period was not waived.

At all relevant times mentioned herein, section 226.7(b) provided:

> If an employer fails to provide an employee a meal period or rest period in
> accordance with an applicable order of the Industrial Welfare Commission,
> the employer shall pay the employee one additional hour of pay at the
> employee's regular rate of compensation for each work day that the meal or
> rest period is not provided.

24.    Compensation for missed rest and meal periods constitutes wages within the meaning of the California Labor Code.

25.    At all relevant times mentioned herein, section 558 of the California Labor Code provided:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (3) Wages recovered pursuant to this section shall be paid to the affected employee.

26.    Plaintiffs contend that WHITESIDE, NMS, JWC and DAVID R. WHITESIDE's failure to comply with section 512 of the California Labor Code and with Wage Order 16 subjects WHITESIDE, NMS, and JWC to civil penalties pursuant to section 558.

27.    Plaintiffs also contend that WHITESIDE, NMS, and JWC's failure to comply with section 226 of the California Labor Code subjects WHITESIDE, NMS, and JWC to civil penalties pursuant to section 226.3 of the California Labor Code.  At all relevant times mentioned herein, section 226 of the California Labor Code provided:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the

employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

. . . .

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and

1   reasonable attorney's fees.

2   WHITESIDE, NMS, and JWC employed Plaintiffs but failed to provide them with the

3   data required by section 226 of the California Labor Code. For example, WHITESIDE,

4   NMS, and JWC failed to provide information concerning the legal name and address of

5   the employer, the total hours actually worked by the employee and total wages earned on

6   account of meal and rest penalties. WHITESIDE, NMS, and JWC further failed to

7   provide information regarding the time and wages for pre and post-shift work preformed

8   by Plaintiffs but not paid for by WHITESIDE, NMS, and JWC. Exhibit 1 hereto reflects

9   certain of Plaintiffs' wage statements. At all relevant times mentioned herein, section

10  226.3 of the California Labor Code provided:

11      Any employer who violates subdivision (a) of Section 226 shall be subject

12      to a civil penalty in the amount of two hundred fifty dollars ($250) per

13      employee per violation in an initial citation and one thousand dollars

14      ($1,000) per employee for each violation in a subsequent citation, for which

15      the employer fails to provide the employee a wage deduction statement or

16      fails to keep the records required in subdivision (a) of Section 226. The

17      civil penalties provided for in this section are in addition to any other

18      penalty provided by law.

19      28. At all relevant times mentioned herein, section 204(a) of the California Labor

20  Code provided:

21      All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2,

22      earned by any person in any employment are due and payable twice during

23      each calendar month, on days designated in advance by the employer as the

24      regular paydays. Labor performed between the 1st and 15th days, inclusive,

25      of any calendar month shall be paid for between the 16th and the 26th day

26      of the month during which the labor was performed, and labor performed

27      between the 16th and the last day, inclusive, of any calendar month, shall be

28      paid for between the 1st and 10th day of the following month.

[PROPOSED] FIRST AMENDED COMPLAINT

29. At all relevant times mentioned herein, section 510 (a) of the California Labor Code provided:

> Eight hours of labor constitutes a day's work. Any work in excess of
> eight hours in one workday and any work in excess of 40 hours in any
> one workweek and the first eight hours worked on the seventh day of
> work in any one workweek shall be compensated at the rate of at least one
> and one-half times the regular rate of pay for an employee. Any work in
> excess of 12 hours in one day shall be compensated at the rate of no less
> than twice the regular rate of pay for an employee. In addition, any work
> in excess of eight hours on any seventh day of a workweek shall be
> compensated at the rate of no less than twice the regular rate of pay of an
> employee. Nothing in this section requires an employer to combine more
> than one rate of overtime compensation in order to calculate the amount
> to be paid to an employee for any hour of overtime work. The
> requirements of this section do not apply to the payment of overtime
> compensation to an employee working pursuant to any of the following
>> (1) An alternative workweek schedule adopted pursuant to Section 511.
>> (2) An alternative workweek schedule adopted pursuant to a collective
>> bargaining agreement pursuant to Section 514.

30. In regard to the employment of Plaintiffs, the provisions of subparagraphs (1) and (2) of section 510 of the California Labor Code were inapplicable in that no alternative workweek schedule had been adopted pursuant to section 511 and Plaintiffs' employment to which reference is hereinafter made was not governed by any collective bargaining agreement.

31. At all relevant times mentioned herein, section 1194 of the California Labor Code provided:

> Notwithstanding any agreement to work for a lesser wage, any employee
> receiving less than the legal minimum wage or the legal overtime

1    compensation applicable to the employee is entitled to recover in a civil

2    action the unpaid balance of the full amount of this . . . overtime

3    compensation, including interest thereon, reasonable attorney's fees, and

4    costs of suit.

5    At all relevant times mentioned herein, section 1194.2 of the California Labor Code

6    provided:

7    (a) In any action under . . . Section 1194 to recover wages because of the

8    payment of a wage less than the minimum wage fixed by an order of the

9    commission, an employee shall be entitled to recover liquidated damages in

10    an amount equal to the wages unlawfully unpaid and interest thereon.

11    32. Notwithstanding the foregoing requirements of law, Plaintiffs were routinely

12    denied payment of minimum wage or overtime wages, being compensated only for hours

13    scheduled rather than for actual hours worked. For example, Plaintiffs were not

14    compensated for work performed before and/or after the scheduled work shift. Further,

15    when paying overtime, Plaintiffs were routinely paid at an artificially low rate, the

16    employer-Defendants, when computing the applicable base hourly wage, failing to give

17    proper consideration to wages earned by reason of employee work through rest periods

18    and meal breaks. As a result, the Defendants failed to pay overtime wages at the correct

19    overtime rate.

20    33.    Section 2699 of the California Labor Code, the Labor Code Private

21    Attorneys General Act of 2004, provides in subpart (a) and subparts (f) through (g):

22    Notwithstanding any other provision of law, any provision of this code that

23    provides for a civil penalty to be assessed and collected by the Labor and

24    Workforce Development Agency or any of its departments, divisions,

25    boards, agencies or employees, for a violation of this code, may, as an

26    alternative, be recovered through a civil action brought by an aggrieved

27    employee on behalf of herself or herself and other current or former

28    employees pursuant to the procedures specified in Section 2699.3.

[PROPOSED] FIRST AMENDED COMPLAINT

1 . . . .

2    For all provisions of this code except those for which a civil penalty is

3    specifically provided, there is established a civil penalty for a violation of

4    these provisions . . . on behalf of herself or herself and other current or

5    former employees . . . .

6    34.    Pursuant to section 2699 of the California Labor Code, Plaintiffs contends

7 that sections 201, 203, 204, 226, 226.3, 226.7, 512, 558, 1194 and 1198 of the California

8 Labor Code may entitle them to recover civil penalties against WHITESIDE, NMS, and

9 JWC through a civil action on behalf of themselves and other current and former

10 employees.  Further, the provisions of Wage Order 16 also may entitle them to recover

11 civil penalties against WHITESIDE, NMS, and JWC through a civil action on behalf of

12 themselves and other current and former employees.

13                            **CLASS-ACTION ALLEGATIONS**

14    35.    The class represented by Plaintiffs (hereafter referred to as the "Class")

15 consists of all natural persons who were issued one or more paychecks by WHITESIDE,

16 NMS, and/or JWC in California during the period beginning four years prior to the filing

17 of this Complaint to date (such persons referred to hereafter as "Class Members" and

18 such period referred to hereafter as "Class Period").

19    36.    Plaintiffs contend that the failure of WHITESIDE, NMS, and/or JWC to

20 provide the data required by section 226 of the California Labor Code entitles each Class

21 Member to either actual damages or statutory damages, whichever is greater.

22    37.    Plaintiffs contend that the failure of WHITESIDE, NMS, and/or JWC to pay

23 wages as provided by section 226.7 of the California Labor Code entitles each Class

24 Member to payment of such earned but unpaid wages owing on account of missed rest

25 periods and meal breaks.

26    38.    Plaintiffs contend that the failure of WHITESIDE, NMS, and/or JWC to pay

27 overtime wages as provided by sections 204, 514 and 1194 of the California Labor Code

28 entitles each Class Member to payment of such earned but unpaid overtime wages,

1 WHITESIDE, NMS, and/or JWC having, inter alia, failed to consider unpaid wages

2 owed on account of missed rest periods and meal breaks in computing the overtime rate

3 applicable to Plaintiffs and Class Members.

4     39.    Plaintiffs contend that the failure of WHITESIDE, NMS, and JWC to make

5 final wage payments within the time provided by sections 201 and/or 202 of the

6 California Labor Code has been and is "willful" within the meaning of section 203 of the

7 California Labor Code and that, accordingly, each Class Member who has had his

8 employment with the Defendants terminated is entitled to the "continuing wages" for

9 which provision is made by section 203 of the California Labor Code.

10     40.    The number of Class Members is great, believed to be in excess of one-

11 thousand persons. It therefore is impractical to join each Class Member as a named

12 plaintiff. Accordingly, utilization of a class action is the most economically feasible

13 means of determining the merits of this litigation.

14     41.    Despite the Class Members' numerosity, the Class Members are readily

15 ascertainable through an examination of the records that WHITESIDE, NMS, and JWC

16 are required by law to keep. Likewise, the dollar amount owed to each Class Member is

17 readily ascertainable by an examination of those same records.

18     42.    Common questions of fact and of law predominate in the claims of Class

19 Members over individual issues regarding the money owed to each Class Member.

20 Some of the common issues herein are described in Paragraph 46, infra.

21     43.    There is a well-defined community of interest in the questions of law and

22 fact common to the Class Members. Some of the common issues herein are described in

23 Paragraph 46, infra.

24     44.    Plaintiffs' claims are typical of the claims of the Class Members, which

25 claims all arise from the same general operative facts, namely, Defendants did not

26 compensate employees as required by the California Labor Code and the Fair Labor

27 Standards Act. Plaintiffs have no conflict of interest with the other Class Members and

28 they and their counsel are able to represent the interests of the other Class Members

1   fairly and adequately.

2       45.   A class action is a superior method for the fair and efficient adjudication of

3   this controversy. The persons within the Class are so numerous that joinder of all of

4   them is impracticable. The disposition of all claims of the members of the class in a

5   class action, rather than in individual actions, benefits the parties and the court. The

6   interest of the Class Members in controlling the prosecution of separate claims against

7   Defendants is small when compared with the efficiency of a class action. The claims of

8   each individual Class Member are too small to litigate individually, and the

9   commencement of separate actions in this Court would lead to an undue burden on

10  scarce judicial resources. Further, the alternative of individual proceedings before the

11  California Labor Commissioner is impractical inasmuch as that agency has insufficient

12  resources to process such claims promptly and, under the provisions of California Labor

13  Code section 98.2, if the individual class members were to succeed in obtaining awards

14  in their favor, such awards are subject to appeal as a matter of right for a *de novo* trial in

15  Superior Court, leading to a multiplicity of such trials in that court. Further, absent class

16  treatment, employees will most likely be unable to secure redress given the time and

17  expense necessary to pursue individual claims, and individual Class Members will likely

18  be unable to retain counsel willing to prosecute their claims on an individual basis, given

19  the small amount of recovery. As a practical matter, denial of class treatment will lead to

20  denial of recovery to the individual Class Members.

21      46. There is a well-defined community of interest in the questions of law and fact

22  common to the Class. The key questions are the same for each Class Member: (a) Was

23  such Class Member an employee of Defendant WHITESIDE, NMS, JWC and/or DAVID

24  R. WHITESIDE? (b) Was such Class Member entitled to continuing wages? (c) Was

25  such Class Member paid his or her wages as provided by sections 201 and/or 202 of the

26  California Labor Code? (d) Did WHITESIDE, NMS, JWC and/or DAVID R.

27  WHITESIDE fail to timely pay Class members their minimum and overtime wages? (e)

28  Did WHITESIDE, NMS, JWC and/or DAVID R. WHITESIDE fail to pay Class

1   Members for work performed before and/or after a work shift? (f) Did WHITESIDE,

2   NMS, JWC and/or DAVID R. WHITESIDE fail to provide Class Members with

3   appropriate a thirty minute, uninterrupted meal break? (g) Did WHITESIDE, NMS, JWC

4   and/or DAVID R. WHITESIDE fail to provide Class Members with a mandated ten-

5   minute rest period per four-hour work period? (h) Did WHITESIDE, NMS, JWC and/or

6   DAVID R. WHITESIDE commit unlawful business acts or practices within the meaning

7   of California Business and Professions Code sections 17200 *et seq.*? (i) Did

8   WHITESIDE, NMS, JWC and/or DAVID R. WHITESIDE fail to compensate Class

9   Members for car and transportation expense between WHITESIDE, which is located in

10  Richmond, California and the Class Members' daily work site?

11      47.  The interest of each Class Member in controlling the prosecution of his or her

12  individual claim against WHITESIDE, NMS, JWC and DAVID R. WHITESIDE is small

13  when compared with the efficiency of a class action.

14                    **FLSA COLLECTIVE ACTION ALLEGATIONS**

15      48. In this collective action, Plaintiffs seek to represent all individuals who were

16  employed by Defendants (the "COLLECTIVE ACTION MEMBERS").

17      49.  Plaintiffs are similarly situated with the COLLECTIVE ACTION MEMBERS

18  in that: (a) Plaintiffs and the COLLECTIVE ACTION MEMBERS were employed by

19  Defendants; (b) Plaintiffs and the COLLECTIVE ACTION MEMBERS were not paid

20  their wages for actual hours worked, instead being paid for scheduled hours; (c)

21  Plaintiffs and the COLLECTIVE ACTION MEMBERS were not paid for work

22  performed before and/or after a work shift; (d) Defendants knowingly and willfully

23  violated provisions of the FLSA, by not paying Plaintiffs and the COLLECTIVE

24  ACTION MEMBERS their wages; (e) As a result of Defendants' practice of withholding

25  compensation for all hours worked, Plaintiffs and the COLLECTIVE ACTION

26  MEMBERS have been similarly damaged in that they have not received timely payment

27  in full of their earned wages.

28      50. This action is maintainable as an "opt-in" collective action pursuant to 29

1  U.S.C. § 216(b) as to claims for liquidated damages, costs and attorneys' fees under the

2  FLSA.

3      51. All individuals employed by Defendants should be given notice and be

4  allowed to give their consent in writing, i.e., "opt in," to the collective action pursuant to

5  29 U.S.C. § 216(b).

6                        **FIRST CLAIM FOR RELIEF**
                         (Cal. Lab. Code § 226.7 *et seq.*)
7          (On Behalf of Class Against WHITESIDE, NMS, and JWC)

8      52.    Plaintiffs replead, reallege, and incorporate by reference each and every

9  allegation set forth in the Complaint.

10     53.    During the Class Period, Plaintiffs and Class Members generally were not

11 provided time to take all required ten-minute rest period during their work shifts.

12     54.    During the Class Period, Plaintiffs and Class Members generally were not

13 provided time to take all required non-working thirty-minute meal breaks during their

14 work shifts.

15     55.    Accordingly, each Plaintiff and Class Member is entitled to compensation

16 for one hour of pay for each work shift longer than four hours during which he or she

17 was not provided a ten-minute rest period. Likewise, each Plaintiff and Class Member is

18 entitled to compensation for one hour of pay for each work shift longer than five hours

19 during which he or she was not provided a thirty-minute non-working meal break.

20                       **SECOND CLAIM FOR RELIEF**
                         (Cal. Lab. Code § 203)
21         (On Behalf of Class Against WHITESIDE, NMS, and JWC)

22     56.    Plaintiffs replead, reallege, and incorporate by reference each and every

23 allegation set forth in the Complaint.

24     57.    The failure of Defendants to compensate Plaintiffs and Class Members

25 within the time provided by sections 201 and/or 202 of the California Labor Code,

26 despite its knowledge of its obligation to do so, was "willful" within the meaning of

27 section 203 of the California Labor Code. Each Plaintiff and Class Member is entitled to

28 continuing wages from the date on which his or her wages were due until the date on

1   which WHITESIDE, NMS, JWC and DAVID R. WHITESIDE makes payment of the

2   wages, not to exceed thirty days.

3       58.    Plaintiffs and Class Members are entitled to an injunction to prevent such

4   misconduct in the future, costs and such other relief as may be appropriate, demand for

5   which is hereby made in accord with the provisions of the California Labor Code.

6                            **THIRD CLAIM FOR RELIEF**
                                 (Cal. Lab. Code § 226)
7                   (On Behalf of Class Against WHITESIDE, NMS, and JWC)

8       59.    Plaintiffs replead, reallege, and incorporate by reference each and every

9   allegation set forth in the Complaint.

10      60.    WHITESIDE, NMS, JWC and DAVID R. WHITESIDE employed Plaintiffs

11  and Class Members but failed to provide them with the data required by section 226 of

12  the California Labor Code. For example, WHITESIDE, NMS, JWC and DAVID R.

13  WHITESIDE failed to provide information concerning the legal name and address of the

14  employer, the total hours actually worked by the employee and total wages earned on

15  account of meal and rest penalties. WHITESIDE, NMS, JWC and DAVID R.

16  WHITESIDE further failed to provide information regarding the time and wages for pre

17  and post-shift work preformed by Plaintiffs and Class Members but not paid for by

18  WHITESIDE, NMS, and/or JWC. Accordingly, each Plaintiff and Class Member is

19  entitled to damages, and Plaintiffs are entitled to an injunction to prevent such

20  misconduct in the future, costs and attorney's fees, demand for which is hereby made in

21  accord with the provisions of the California Labor Code.

22                           **FOURTH CLAIM FOR RELIEF**
    (Cal. Lab Code §§ 204, 510, 1194, 1194.2 and 1197 California Labor Code -- Failure
23                  to Pay Minimum Wage and Overtime Compensation)
                    (On Behalf of Class Against WHITESIDE, NMS, and JWC)
24

25      61.    Plaintiffs replead, reallege, and incorporate by reference each and every

    allegation set forth in the Complaint.
26
        62.    WHITESIDE, NMS, and JWC employed Plaintiffs and Class Members but
27
    failed to provide them with the overtime compensation required by sections 204, 510,
28

                                        18

1  1194, 1194.2 and 1197 of the California Labor Code.  WHITESIDE, NMS, and JWC

2  routinely paid employees for their scheduled time, rather than for their actual hours

3  worked.  WHITESIDE, NMS, and JWC routinely paid employees at an artificially low

4  overtime rate, failing to consider the impact of wages owing on account of employee

5  work during rest periods and meal breaks.  Accordingly, each Plaintiff and Class

6  Member is entitled to damages and liquidated damages, and Plaintiffs are entitled to

7  costs and attorney's fees, demand for which is hereby made in accord with the provisions

8  of the California Labor Code.

9
## FIFTH CLAIM FOR RELIEF
(29 USCS § 206 and 207 – Fair Labor Standards Act -- Failure to Pay Minimum Wage
and Overtime Compensation)
(On Behalf of Class Against All Defendants)

63.  Plaintiffs replead, reallege, and incorporate by reference each and every

allegation set forth in the Complaint.

64.  Defendants, by failing to pay Plaintiffs and Class Members the wages due

and owing to them for work in excess of hours scheduled, have violated the Fair Labor

Standards Act by failing to provide at least minimum and overtime wages as required by

29 USCS § 206 and 207.  WHITESIDE, NMS, and JWC routinely paid employees at an

artificially low overtime rate, failing to consider the impact of wages owing on account

of employee work during rest periods and meal breaks.

65.  Each Plaintiff and Class Member therefore is entitled to be paid according

to proof at least the minimum and overtime wages for the hours they worked and

damages under 29 USCS § 216.  Additionally, Plaintiffs are entitled to attorney's fees

and costs.

## SIXTH CLAIM FOR RELIEF
(Cal. Bus. & Prof. Code § 17200 et seq.)
(On Behalf of Class Against All Defendants)

66.  Plaintiffs replead, reallege, and incorporate by reference each and every

allegation set forth in the Complaint.

67.  WHITESIDE, NMS, JWC and DAVID R. WHITESIDE each are a "person"

1    within the meaning of section 17201 of the California Business and Professions Code.

2        68.    As set forth in this Complaint, Plaintiffs are informed, believe, and thereon

3    allege that, for the last four years, WHITESIDE, NMS, JWC and DAVID R.

4    WHITESIDE intentionally and improperly failed to comply with the California Labor

5    Code and the federal Fair Labor Standards Act.

6        69.    The failure of WHITESIDE, NMS, JWC and DAVID R. WHITESIDE to

7    comply with the California Labor Code has resulted in WHITESIDE, NMS, JWC and

8    DAVID R. WHITESIDE under-reporting to state authorities wages earned by Plaintiffs

9    and Class Members and, therefore, in Defendants under-paying state taxes,

10   unemployment premiums, and workers' compensation premiums, all this in an amount

11   based on estimated unpaid wages according to proof.

12       70.    Additionally, Plaintiffs are informed, believe, and thereon allege that

13   WHITESIDE, NMS, JWC and DAVID R. WHITESIDE were able to compete unfairly

14   by not complying with the California Labor Code. By competing unfairly, WHITESIDE,

15   NMS, JWC and DAVID R. WHITESIDE have gained a competitive advantage over

16   other comparable businesses in the State of California.

17       71.    Accordingly, the failure of WHITESIDE, NMS, JWC and DAVID R.

18   WHITESIDE to comply with the California Labor Code is an unfair and/or unlawful

19   business activity prohibited by section 17200 *et seq.* of the California Business and

20   Professions Code, and it justifies the issuance of an injunction, restitution, and other

21   equitable relief pursuant to section 17203 of the California Business and Professions

22   Code. All remedies are cumulative pursuant to section 17205 of the California Business

23   and Professions Code.

24       72.    Further, Plaintiffs request attorney's fees and costs pursuant to section

25   1021.5 of the California Code of Civil Procedure upon proof that they have acted in the

26   public interest as set forth in the Private Attorneys General Act.

27                              **SEVENTH CLAIM FOR RELIEF**
              (California Labor Code § 2802, Indemnification for Expenditures
28                          or Losses in Discharge of Duties)

1    (On Behalf of Class Against WHITESIDE, NMS, and JWC)

2    73. Plaintiffs replead, reallege, and incorporate by reference each and every

3    allegation set forth in the Complaint.

4    74. At all times relevant herein, the relevant portion of section 2802 of the

5    California Labor Code provided:

6    (a) An employer shall indemnify his or her employee for all necessary

7    expenditures or losses incurred by the employee in direct consequence of

8    the discharge of his or her duties, or of his or her obedience to the directions

9    of the employer, even though unlawful, unless the employee, at the time of

10    obeying the directions, believed them to be unlawful.

11    (b) All awards made by a court or by the Division of Labor Standards

12    Enforcement for reimbursement of necessary expenditures under this

13    section shall carry interest at the same rate as judgments in civil actions.

14    Interest shall accrue from the date on which the employee incurred the

15    necessary expenditure or loss.

16    (c) For purposes of this section, the term "necessary expenditures or losses"

17    shall include all reasonable costs, including, but not limited to, attorney's

18    fees incurred by the employee enforcing the rights granted by this section.

19    75. Plaintiffs and the members of the Class were required by Defendants to use

20    their own funds to provide for gas and tolls when traveling to and from construction sites

21    and the WHITESIDE yard in Richmond, California. On information and belief,

22    Plaintiffs and members of the Class have never been reimbursed for such costs, or

23    depreciation on their vehicles. Defendants required Plaintiffs and Class members to

24    bring and use their vehicles to perform the required duties. Accordingly, Plaintiffs and

25    class members use of their vehicles for Defendants was in "direct consequence of the

26    discharge of his [] duties." Cal. Lab. Code § 2802(a).

27    76. To date, Defendants have not reimbursed Plaintiffs and/or the members of the

28    Class for their expenditures.

21

1    77.  Accordingly, Plaintiffs and the members of the Class are entitled to damages

2    in accordance with California Labor Code section 2802.

3                          **EIGHTH CLAIM FOR RELIEF**
                (California Labor Code § 2802, Indemnification for Expenditures
4                        or Losses in Discharge of Duties)
                  (On Behalf of Class Against WHITESIDE, NMS, and JWC)

5    78.  Plaintiffs replead, reallege, and incorporate by reference each and every

6    allegation set forth in the Complaint.

7    79.  Pursuant to California Labor Code section 2699.3(a)(1), on June 20, 2008,

8    Plaintiffs gave written notice by certified mail to the Labor and Workforce Development

9    Agency and Defendants, through their attorney, of the specific provisions of the

10   California Labor Code alleged to have been violated, including the facts and theories

11   specified in the original Complaint.

12   80.  Thereafter, the appropriate official of the Labor and Workforce

13   Development Agency sent a letter to Plaintiffs and to Defendants.  Pursuant to section

14   2699.3(a)(2)(A), the letter stated that the Labor and Workforce Development Agency did

15   not intend to investigate Defendants' alleged violations.  Accordingly, Plaintiffs "may as

16   a matter of right amend [the] existing complaint to add a cause of action arising under

17   this part within 60 days of the time periods specified in this part." Cal. Lab. Code §

18   2699.3(a)(2)(C).

19   81.  Section 2699 of the Labor Code provides for civil penalties for violations of

20   the Labor Code.  Section 2699(a) provides that civil penalties may be "recovered through

21   a civil action brought by an aggrieved employee on behalf of himself or herself and other

22   current or former employees." Id. § 2699(a).  Section 2699(g) provides that an employee

23   who prevails in a civil action under section 2699 shall be entitled to an award of

24   reasonable attorneys' fees and costs.

25   82.  The State of California and Plaintiffs are, therefore, entitled to civil

26   penalties, attorneys' fees and costs, according to proof.

27

28

1    **WHEREFORE**, Plaintiffs pray judgment as follows:

2        1.      That this Court certify the class action and the collective action described in

3    this Complaint.

4        2.      That, with respect to the First Claim for Relief, Plaintiff and Class Members

5    be awarded judgment according to proof, interest, attorneys' fees and costs.

6        3.      That, with respect to the Second Claim for Relief, it be adjudged that the

7    failure of Defendants to make payment of wages within the time prescribed by sections

8    201 and/or 202 of the California Labor Code was "willful" within the meaning of section

9    203 of the California Labor Code and that this Court award Class Members continuing

10   wages, costs of suit, and interest, each according to proof.

11       4.      That, with respect to the Third Claim for Relief, this Court enter judgment

12   in favor of Class Members for damages, injunctive relief, reasonable attorney's fees, and

13   costs of suit, each according to proof.

14       5.      That, with respect to the Fourth Claim for Relief, each Class Member be

15   awarded his or her wages, liquidated damages, attorney's fees, and costs according to

16   proof.

17       6.      That, with respect to the Fifth Claim for Relief, this Court enter judgment in

18   favor of Plaintiff in the amount of damages according to proof, reasonable attorney's

19   fees, statutory damages, and costs of suit.

20       7.      That, with respect to the Sixth Claim for Relief, this Court enter judgment

21   for restitution in an amount according to proof, for interest on any restitution, and for

22   reasonable attorney's fees and costs.

23       8.      That, with respect to the Seventh Claim for Relief, this Court enter

24   judgment in favor of Plaintiff in the amount of damages according to proof, reasonable

25   attorney's fees, statutory damages, and costs of suit.

26       9.      With respect to the Eighth Claim for Relief, that the State of California,

27   Plaintiff, and the putative Class Members be awarded their civil penalties, attorney's

28   fees, and costs, each according to proof.

[PROPOSED] FIRST AMENDED COMPLAINT

1      10    For such further relief as the Court may order.

2   DATED:  July 10, 2008          HARRIS & RUBLE

3

4                                    Alan Harris
                                    *Attorney for Plaintiff*

5

6                      **DEMAND FOR JURY TRIAL**

7       Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal

8   Rules of Civil Procedure.

9                            HARRIS & RUBLE

10

11                              Alan Harris
                                    *Attorney for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] FIRST AMENDED COMPLAINT

## WHITESIDE CONSTRUCTION CORPORATION

027375

| Rec#: 1820 | | Emp#: 485 MARGARITO GONZALEZ | | | | | Quarter: 3 | State: CA |
|---|---|---|---|---|---|---|---|---|
| Check: 27375 | | Date: 09/08/2006 | | | | Period: 08/28/2006 | to | 09/03/2006 |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 23.9900 | 35.9900 | 45.9800 | | | | Diem | 0.00 |
| Hours: | 40.00 | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| Pay: | 959.60 | 35.99 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 41.00 | 995.59 | 93.48 | 284.19 | 804.68 | 15,283.69 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 57.52 | 1,037.08 | State Disability (S | Ded | 8.71 | 133.83 |
| Employee Medicare | Ded | 15.79 | 242.55 | LABOR VACATION | A/D | 93.48 | 1,443.24 |
| Federal Income Tax | Ded | 80.09 | 1,182.32 | LABOR PENSION | Acc | 133.66 | 1,875.63 |
| State Income Taxes | Ded | 18.60 | 272.76 | | | | |

## WHITESIDE CONSTRUCTION CORPORATION

027494

| Rec#: 1937 | | Emp#: 485 MARGARITO GONZALEZ | | | | | Quarter: 3 | State: CA |
|---|---|---|---|---|---|---|---|---|
| Check: 27494 | | Date: 09/22/2006 | | | | Period: 09/11/2006 | to | 09/17/2006 |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 23.9900 | 35.9900 | 45.9800 | | | | Diem | 0.00 |
| Hours: | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| Pay: | 959.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 40.00 | 959.60 | 91.20 | 270.66 | 780.14 | 17,046.96 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 65.15 | 1,156.72 | State Disability (S | Ded | 8.41 | 149.27 |
| Employee Medicare | Ded | 15.24 | 270.53 | LABOR VACATION | A/D | 91.20 | 1,609.68 |
| Federal Income Tax | Ded | 74.35 | 1,305.24 | LABOR PENSION | Acc | 130.40 | 2,113.61 |
| State Income Taxes | Ded | 16.31 | 297.61 | | | | |

## ITESIDE CONSTRUCTION CORPORATION

027429

| Rec#: 1873 | | Emp#: 485 MARGARITO GONZALEZ | | | | | Quarter: 3 | State: CA |
|---|---|---|---|---|---|---|---|---|
| Check: 27429 | | Date: 09/15/2006 | | | | Period: 09/04/2006 | to | 09/10/2006 |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 23.9900 | 35.9900 | 45.9800 | | | | Diem | 0.00 |
| Hours: | 32.00 | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| Pay: | 767.68 | 35.99 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 33.00 | 803.67 | 75.24 | 206.61 | 672.30 | 16,087.36 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 54.49 | 1,091.57 | State Disability (S | Ded | 7.03 | 140.86 |
| Employee Medicare | Ded | 12.74 | 255.29 | LABOR VACATION | A/D | 75.24 | 1,518.48 |
| Federal Income Tax | Ded | 48.57 | 1,230.89 | LABOR PENSION | Acc | 107.58 | 1,983.21 |
| State Income Taxes | Ded | 8.54 | 281.30 | | | | |

EX HIBIT 1

029010

## WHITESIDE CONSTRUCTION CORPORATION

Quarter: 1  State: CA

| Rec#: 299 | | Emp#: 485 MARGARITO GONZALEZ | | | | Period: 02/05/2007 | to | 02/11/2007 | |
|---|---|---|---|---|---|---|---|---|---|
| Check: 29010 | | Date: 02/06/2007 | | | | | | | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | | Piece | 0.00 |
| | | 35.9900 | 47.9800 | | | | | Diem | 0.00 |
| Rate: | 23.9900 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | Misc | 0.00 |
| Hours: | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | | |
| Pay: | 191.92 | | | | | | | Salary | 0.00 |
| | Hours | Gross Pay | | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 8.00 | 191.92 | | 18.24 | 35.58 | 174.58 | 6,273.49 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 13.03 | 424.44 | State Disability (S | Ded | 1.25 | 41.05 |
| Employee Medicare | Ded | 3.05 | 99.27 | LABOR VACATION | A/D | 18.24 | 572.28 |
| Federal Income Tax | Ded | | 453.82 | LABOR PENSION | Acc | 26.06 | 818.26 |
| State Income Taxes | Ded | | 100.57 | | | | |

030009

## WHITESIDE CONSTRUCTION CORPORATION

Quarter: 2  State: CA

| Rec#: 1235 | | Emp#: 485 MARGARITO GONZALEZ | | | | Period: 05/28/2007 | to | 06/03/2007 | |
|---|---|---|---|---|---|---|---|---|---|
| Check: 30009 | | Date: 06/01/2007 | | | | | | | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | | Piece | 0.00 |
| | | 35.9900 | 47.9800 | | | | | Diem | 0.00 |
| Rate: | 23.9900 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | Misc | 0.00 |
| Hours: | 18.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | | |
| Pay: | 431.82 | | | | | | | Salary | 0.00 |
| | Hours | Gross Pay | | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 18.00 | 431.82 | | 41.04 | 80.23 | 392.63 | 7,281.07 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 29.32 | 492.85 | State Disability (S | Ded | 2.84 | 47.68 |
| Employee Medicare | Ded | 6.86 | 115.27 | LABOR VACATION | A/D | 41.04 | 666.04 |
| Federal Income Tax | Ded | 0.17 | 466.92 | LABOR PENSION | Acc | 58.68 | 955.18 |
| State Income Taxes | Ded | | 100.57 | | | | |

009022

**W. CONSTRUCTION, INC.**

| Rect#: 239 | | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | Quarter: 3    State: CA | | |
|---|---|---|---|---|---|---|---|---|
| Check: 9022 | | Date: 07/13/2007 | | | | Period: 07/02/2007    to    07/08/2007 | | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | Diem | 0.00 |
| Hours: | 32.00 | 1.50 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| Pay: | 528.00 | 37.13 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 33.50 | 565.13 | 0.00 | 46.62 | 518.51 | 17,980.90 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 35.04 | 1,114.85 | State Income Taxes | Ded | | 16.39 |
| Employee Medicare | Ded | 8.19 | 260.72 | State Disability (S | Ded | 3.39 | 107.90 |
| Federal Income Tax | Ded | | 187.65 | | | | |

009009

**J. W. CONSTRUCTION, INC.**

| Rect#: 229 | | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | Quarter: 3    State: CA | | |
|---|---|---|---|---|---|---|---|---|
| Check: 9009 | | Date: 07/06/2007 | | | | Period: 06/25/2007    to    07/01/2007 | | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | Diem | 0.00 |
| Hours: | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| Pay: | 660.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 40.00 | 660.00 | 0.00 | 60.64 | 599.36 | 17,415.77 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 40.92 | 1,079.81 | State Income Taxes | Ded | | 16.39 |
| Employee Medicare | Ded | 9.57 | 252.53 | State Disability (S | Ded | 3.96 | 104.51 |
| Federal Income Tax | Ded | 6.19 | 187.65 | | | | |

000102

**IS SUPPLY, INC.**

| Rect#: 10 | | Emp#: 2 FRANCISCO CISNEROS-ZAVAL | | | | Quarter: 3    State: CA | | |
|---|---|---|---|---|---|---|---|---|
| Check: 102 | | Date: 08/10/2007 | | | | Period: 07/30/2007    to    08/06/2007 | | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 33.0000 | | | | Diem | 0.00 |
| Hours: | 40.00 | 10.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| Pay: | 660.00 | 247.50 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 50.00 | 907.50 | 0.00 | 134.99 | 772.51 | 1,171.50 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 56.27 | 72.64 | State Income Taxes | Ded | 8.98 | 8.98 |
| Employee Medicare | Ded | 13.16 | 16.99 | State Disability (S | Ded | 5.46 | 7.03 |
| Federal Income Tax | Ded | 51.13 | 51.13 | | | | |

**J. W. CONSTRUCTION, INC.**

008997

| Rec#: 219 | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | Quarter: 2   State: CA | |
|---|---|---|---|---|---|---|
| Check: 8997 | Date: 06/22/2007 | | | | Period: 06/11/2007   to   06/17/2007 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | Diem | 0.00 |
| Hours: | 12.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| Pay: | 198.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 12.00 | 198.00 | 0.00 | 16.34 | 181.66 | 16,083.39 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 12.28 | 997.20 | State Income Taxes | Ded | | 16.39 |
| Employee Medicare | Ded | 2.87 | 233.21 | State Disability (S | Ded | 1.19 | 96.52 |
| Federal Income Tax | Ded | | 174.03 | | | | |

**W. CONSTRUCTION, INC.**

009058

| Rec#: 274 | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | Quarter: 3   State: CA | |
|---|---|---|---|---|---|---|
| Check: 9058 | Date: 07/27/2007 | | | | Period: 07/16/2007   to   07/27/2007 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | Diem | 0.00 |
| Hours: | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| Pay: | 0.00 | 198.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 8.00 | 198.00 | 0.00 | 16.34 | 181.66 | 19,771.15 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 12.28 | 1,225.85 | State Income Taxes | Ded | | 23.01 |
| Employee Medicare | Ded | 2.87 | 286.68 | State Disability (S | Ded | 1.19 | 118.64 |
| Federal Income Tax | Ded | | 229.64 | | | | |

**J. W. CONSTRUCTION, INC.**

009045

| Rec#: 261 | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | Quarter: 3   State: CA | |
|---|---|---|---|---|---|---|
| Check: 9045 | Date: 07/27/2007 | | | | Period: 07/16/2007   to   07/22/2007 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | Diem | 0.00 |
| Hours: | 40.00 | 11.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| Pay: | 660.00 | 272.25 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 51.00 | 932.25 | 0.00 | 119.33 | 812.92 | 19,771.15 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 57.80 | 1,225.85 | State Income Taxes | Ded | 6.62 | 23.01 |
| Employee Medicare | Ded | 13.52 | 286.68 | State Disability (S | Ded | 5.59 | 118.64 |
| Federal Income Tax | Ded | 35.80 | 229.64 | | | | |

## W. CONSTRUCTION, INC.

**008968**

| Recit: 182 | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | Quarter: 2    State: CA | | |
|---|---|---|---|---|---|---|---|
| Check: 8968 | Date: 06/08/2007 | | | | Period: 05/28/2007   to   06/03/2007 | | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | Diem | 0.00 |
| Hours: | 24.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| Pay: | 396.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 24.00 | 396.00 | 0.00 | 32.67 | 363.33 | 14,594.26 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 24.55 | 904.87 | State Income Taxes | Ded | | 16.39 |
| Employee Medicare | Ded | 5.74 | 211.62 | State Disability (S | Ded | 2.38 | 87.59 |
| Federal Income Tax | Ded | | 167.84 | | | | |

## W. CONSTRUCTION, INC.

**008986**

| Recit: 209 | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | Quarter: 2    State: CA | | |
|---|---|---|---|---|---|---|---|
| Check: 8986 | Date: 06/15/2007 | | | | Period: 06/04/2007   to   06/10/2007 | | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | Diem | 0.00 |
| Hours: | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| Pay: | 132.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 8.00 | 132.00 | 0.00 | 10.88 | 121.12 | 15,225.39 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 8.18 | 944.00 | State Income Taxes | Ded | | 16.39 |
| Employee Medicare | Ded | 1.91 | 220.77 | State Disability (S | Ded | 0.79 | 91.37 |
| Federal Income Tax | Ded | | 167.84 | | | | |

## W. CONSTRUCTION, INC.

**009033**

| Recit: 250 | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | Quarter: 3    State: CA | | |
|---|---|---|---|---|---|---|---|
| Check: 9033 | Date: 07/20/2007 | | | | Period: 07/09/2007   to   07/15/2007 | | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | Diem | 0.00 |
| Hours: | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| Pay: | 660.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 40.00 | 660.00 | 0.00 | 60.64 | 599.36 | 16,640.90 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 40.92 | 1,155.77 | State Income Taxes | Ded | | 16.39 |
| Employee Medicare | Ded | 9.57 | 270.29 | State Disability (S | Ded | 3.96 | 111.86 |
| Federal Income Tax | Ded | 6.19 | 193.84 | | | | |



## J. W. CONSTRUCTION, INC.

UU6844

| Rec#: 337 | | Emp#: 90 MARGARITO GONZALEZ | | | | Quarter: 2   State: CA | | |
|---|---|---|---|---|---|---|---|---|
| Check: 6844 | | Date: 06/25/2004 | | | | Period: 06/14/2004   to   06/20/2004 | | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 15.0000 | 22.5000 | 0.0000 | | | | Diem | 0.00 |
| Hours: | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| Pay: | 600.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 40.00 | 600.00 | 0.00 | 196.38 | 403.62 | 14,715.00 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 37.20 | 912.35 | State Income Taxes | Ded | | 0.42 |
| Employee Medicare | Ded | 8.70 | 213.38 | State Disability (S | Ded | 7.08 | 173.65 |
| Federal Income Tax | Ded | 8.85 | 200.60 | Wage Attachment | Ded | 134.55 | 1,345.50 |

## J. W. CONSTRUCTION, INC.

006732

| Rec#: 253 | | Emp#: 90 MARGARITO GONZALEZ | | | | Quarter: 2   State: CA | | |
|---|---|---|---|---|---|---|---|---|
| Check: 6732 | | Date: 05/07/2004 | | | | Period: 04/26/2004   to   05/02/2004 | | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 15.0000 | 22.5000 | 0.0000 | | | | Diem | 0.00 |
| Hours: | 40.00 | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| Pay: | 600.00 | 22.50 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 41.00 | 622.50 | 0.00 | 200.63 | 421.87 | 10,620.00 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 38.60 | 658.45 | State Income Taxes | Ded | | 0.42 |
| Employee Medicare | Ded | 9.03 | 154.00 | State Disability (S | Ded | 7.35 | 125.32 |
| Federal Income Tax | Ded | 11.10 | 145.25 | Wage Attachment | Ded | 134.55 | 403.65 |

## J. W. CONSTRUCTION, INC.

006861

| Rec#: 349 | | Emp#: 90 MARGARITO GONZALEZ | | | | Quarter: 3   State: CA | | |
|---|---|---|---|---|---|---|---|---|
| Check: 6861 | | Date: 07/02/2004 | | | | Period: 06/21/2004   to   06/27/2004 | | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 15.0000 | 22.5000 | 0.0000 | | | | Diem | 0.00 |
| Hours: | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| Pay: | 600.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 40.00 | 600.00 | 0.00 | 196.38 | 403.62 | 15,315.00 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 37.20 | 949.55 | State Income Taxes | Ded | | 0.42 |
| Employee Medicare | Ded | 8.70 | 222.08 | State Disability (S | Ded | 7.08 | 180.73 |
| Federal Income Tax | Ded | 8.85 | 209.45 | Wage Attachment | Ded | 134.55 | 1,480.05 |

007004

**. CONSTRUCTION, INC.**

| Rec#: 331 | | Emp#: 90 MARGARITO GONZALEZ | | | Quarter: 2 | State: CA | |
|---|---|---|---|---|---|---|---|
| Check: 7664 | | Date: 06/10/2005 | | | Period: 05/30/2005 to 06/05/2005 | | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 15.0000 | 22.5000 | 0.0000 | | | | Diem | 0.00 |
| Hours: | 32.00 | 6.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| Pay: | 480.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 32.00 | 480.00 | 0.00 | 41.90 | 438.10 | 12,393.75 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 29.76 | 768.41 | Federal Income Tax | Ded | | 133.29 |
| Employee Medicare | Ded | 6.96 | 179.70 | State Disability (S | Ded | 5.18 | 133.85 |

007908

**CONSTRUCTION, INC.**

| Rec#: 555 | | Emp#: 90 MARGARITO GONZALEZ | | | Quarter: 4 | State: CA | |
|---|---|---|---|---|---|---|---|
| Check: 7908 | | Date: 10/21/2005 | | | Period: 10/10/2005 to 10/16/2005 | | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | Diem | 0.00 |
| Hours: | 40.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| Pay: | 660.00 | 198.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 48.00 | 858.00 | 0.00 | 117.18 | 740.82 | 25,240.13 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 53.20 | 1,564.92 | State Income Taxes | Ded | 6.07 | 35.68 |
| Employee Medicare | Ded | 12.44 | 365.99 | State Disability (S | Ded | 9.27 | 272.61 |
| Federal Income Tax | Ded | 36.20 | 472.70 | | | | |

007568

**. W. CONSTRUCTION, INC.**

| Rec#: 243 | | Emp#: 90 MARGARITO GONZALEZ | | | Quarter: 2 | State: CA | |
|---|---|---|---|---|---|---|---|
| Check: 7568 | | Date: 04/29/2005 | | | Period: 04/18/2005 to 04/24/2005 | | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 15.0000 | 22.5000 | 0.0000 | | | | Diem | 0.00 |
| Hours: | 40.00 | 2.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| Pay: | 600.00 | 45.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 42.00 | 645.00 | 0.00 | 68.50 | 576.50 | 9,405.00 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 39.99 | 583.11 | Federal Income Tax | Ded | 12.19 | 115.65 |
| Employee Medicare | Ded | 9.35 | 136.37 | State Disability (S | Ded | 6.97 | 101.58 |

000331

## NMS SUPPLY, INC.

| Rec#: 217 | Emp#: 27 WALTER A. PEREZ ESCOBAR #27 | | | | | Quarter: 4 | State: CA |
|---|---|---|---|---|---|---|---|
| Check: 331 | Date: 12/07/2007 | | | Period: 11/26/2007 | to | 12/09/2007 | |

| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
|---|---|---|---|---|---|---|---|---|
| Rate: | 25.0000 | 37.5000 | 50.0000 | | | | Diem | 0.00 |
| Hours: | 32.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| Pay: | 800.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 32.00 | 800.00 | 0.00 | 128.06 | 671.94 | 2,418.75 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 49.60 | 149.96 | State Income Taxes | Ded | 8.02 | 26.84 |
| Employee Medicare | Ded | 11.60 | 35.07 | State Disability (S | Ded | 4.80 | 14.51 |
| Federal Income Tax | Ded | 54.04 | 166.47 | | | | |

000345

## NMS SUPPLY, INC.

| Rec#: 230 | Emp#: 27 WALTER A. PEREZ ESCOBAR #27 | | | | | Quarter: 4 | State: CA |
|---|---|---|---|---|---|---|---|
| Check: 345 | Date: 12/14/2007 | | | Period: 12/10/2007 | to | 12/16/2007 | |

| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
|---|---|---|---|---|---|---|---|---|
| Rate: | 25.0000 | 37.5000 | 50.0000 | | | | Diem | 0.00 |
| Hours: | 32.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| Pay: | 800.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 32.00 | 800.00 | 0.00 | 128.06 | 671.94 | 4,218.75 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 49.60 | 261.56 | State Income Taxes | Ded | 8.02 | 50.88 |
| Employee Medicare | Ded | 11.60 | 61.17 | State Disability (S | Ded | 4.80 | 25.31 |
| Federal Income Tax | Ded | 54.04 | 301.55 | | | | |

000340

## NMS SUPPLY, INC.

| Rec#: 225 | Emp#: 27 WALTER A. PEREZ ESCOBAR #27 | | | | | Quarter: 4 | State: CA |
|---|---|---|---|---|---|---|---|
| Check: 340 | Date: 12/14/2007 | | | Period: 12/03/2007 | to | 12/09/2007 | |

| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
|---|---|---|---|---|---|---|---|---|
| Rate: | 25.0000 | 37.5000 | 50.0000 | | | | Diem | 0.00 |
| Hours: | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| Pay: | 1,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 40.00 | 1,000.00 | 0.00 | 182.56 | 817.44 | 3,418.75 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 62.00 | 211.96 | State Income Taxes | Ded | 16.02 | 42.86 |
| Employee Medicare | Ded | 14.50 | 49.57 | State Disability (S | Ded | 6.00 | 20.51 |
| Federal Income Tax | Ded | 84.04 | 250.51 | | | | |

000120

**NMS SUPPLY, INC.**

| Rec# 33 | Empl# 2 FRANCISCO CISNEROS-ZAVAL | | | | | | Quarter: 3  State: CA | |
|---|---|---|---|---|---|---|---|---|
| Check 120 | Date: 08/17/2007 | | | | Period: 08/06/2007 | to | 08/12/2007 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 33.0000 | | | | Diem | 0.00 |
| Hours: | 40.00 | 8.50 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| Pay: | 660.00 | 210.38 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 48.50 | 870.38 | 0.00 | 124.85 | 745.53 | 2,041.86 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 53.96 | 126.60 | State Income Taxes | Ded | 7.49 | 16.47 |
| Employee Medicare | Ded | 12.62 | 29.61 | State Disability (S | Ded | 5.22 | 12.25 |
| Federal Income Tax | Ded | 45.56 | 96.60 | | | | |

000103

**NMS SUPPLY, INC.**

| Rec# 11 | Empl# 2 FRANCISCO CISNEROS-ZAVAL | | | | | | Quarter: 3  State: CA | |
|---|---|---|---|---|---|---|---|---|
| Check 103 | Date: 08/10/2007 | | | | Period: 07/30/2007 | to | 08/05/2007 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 33.0000 | | | | Diem | 0.00 |
| Hours: | 16.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| Pay: | 264.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 16.00 | 264.00 | 0.00 | 21.78 | 242.22 | 1,171.50 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 16.37 | 72.64 | State Income Taxes | Ded | | 8.98 |
| Employee Medicare | Ded | 3.83 | 16.99 | State Disability (S | Ded | 1.58 | 7.03 |
| Federal Income Tax | Ded | | 51.13 | | | | |

000142

**NMS SUPPLY, INC.**

| Rec# 48 | Empl# 2 FRANCISCO CISNEROS-ZAVAL | | | | | | Quarter: 3  State: CA | |
|---|---|---|---|---|---|---|---|---|
| Check 142 | Date: 08/24/2007 | | | | Period: 08/13/2007 | to | 08/19/2007 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 33.0000 | | | | Diem | 0.00 |
| Hours: | 40.00 | 1.50 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| Pay: | 660.00 | 37.13 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 41.50 | 697.13 | 0.00 | 80.75 | 616.38 | 2,739.01 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 43.22 | 169.82 | State Income Taxes | Ded | 0.64 | 17.11 |
| Employee Medicare | Ded | 10.11 | 39.72 | State Disability (S | Ded | 4.18 | 16.43 |
| Federal Income Tax | Ded | 22.60 | 119.28 | | | | |

# Exhibit
# 4

# HARRIS & RUBLE

## ATTORNEYS AND COUNSELORS AT LAW

**SOUTHERN CALIFORNIA OFFICE:**

5455 WILSHIRE BLVD., SUITE 1800
LOS ANGELES, CA 90036
TELEPHONE: 323.931.3777

FAX: 323.931.3366
www.harrisandruble.com

**ALAN HARRIS**
**MARCELLA RUBLE***

LISA OWEN**
JONATHAN RICASA***
ABIGAIL TREANOR***
DAVID ZELENSKI***
MATTHEW E. KAVANAUGH***

*ADMITTED IN ILLINOIS ONLY
**ADMITTED IN CALIFORNIA & KANSAS ONLY
***ADMITTED IN CALIFORNIA ONLY

**NORTHERN CALIFORNIA OFFICE:**

901 IRWIN STREET
SAN RAFAEL, CA 94901
TELEPHONE: 415.460.5300

DAVID HARRIS ***
Of Counsel

**ILLINOIS OFFICE:**

330 WEST MAIN STREET
BARRINGTON, IL 60010
TELEPHONE: 312.543.0967

RICHARD LENG*
Of Counsel

June 20, 2008                                      VIA CERTIFIED MAIL

Victoria L. Bradshaw
California Labor & Workforce Development Agency
801 'K' Street, Suite 2101
Sacramento, CA 95814

Re: <u>Walter Perez Escobar, et. al. v. Whiteside Construction Corporation, et. al.</u>, U.S. District Court, Northern District of California, San Francisco, Case No. CV 08-1120 WHA

Secretary Bradshaw:

Pursuant to the applicable provisions of the California Labor Code Private Attorneys General Act, Walter Perez Escobar, Margarito Gonzalez and Francisco Cisneros -Zavala hereby allege with respect to their employment Whiteside Construction Corporation violated provisions of the California Labor Code. Specifically, Mr.Escobar, Mr. Gonzalez and Mr. Cisneros-Zavala allege that Whiteside Construction Corporation, violated sections 201, 202.3, 203, 204, 226, 226.7, 510, 1194 and 2802 of the California Labor Code. The facts and circumstances concerning the alleged violations are outlined in the Complaint, which Complaint is enclosed with this correspondence.

Please advise whether you will proceed with an investigation of this matter or whether Mr. Escobar, Mr. Gonzalez and Mr. Cisneros-Zavala may seek civil-penalty recovery for the alleged violations of the California Labor Code under the Labor Code Private Attorneys General Act through their private counsel.

Very truly yours,


Lisa Owen

- 2 -

cc (with enclosure) via certified mail:

Attorney for Whiteside Construction Corporation
Paul Simpson
Simpson, Garrity & Innes
601 Gateway Blvd., Ste. 950
South San Francisco, CA 94080

# HARRIS & RUBLE

## ATTORNEYS AND COUNSELORS AT LAW

**SOUTHERN CALIFORNIA OFFICE:**

5455 WILSHIRE BLVD., SUITE 1800
LOS ANGELES, CA 90036
TELEPHONE: 323.931.3777

FAX: 323.931.3366
www.harrisandruble.com

ALAN HARRIS
MARCELLA RUBLE*

LISA OWEN**
JONATHAN RICASA***
ABIGAIL TREANOR***
DAVID ZELENSKI***
MATTHEW E. KAVANAUGH***

*ADMITTED IN ILLINOIS ONLY
**ADMITTED IN CALIFORNIA & KANSAS ONLY
***ADMITTED IN CALIFORNIA ONLY

**NORTHERN CALIFORNIA OFFICE:**

901 IRWIN STREET
SAN RAFAEL, CA 94901
TELEPHONE: 415.460.5300

DAVID HARRIS ***
Of Counsel

**ILLINOIS OFFICE:**

330 WEST MAIN STREET
BARRINGTON, IL 60010
TELEPHONE: 312.543.0967

RICHARD LENG*
Of Counsel

June 20, 2008

VIA CERTIFIED MAIL

Victoria L. Bradshaw
California Labor & Workforce Development Agency
801 'K' Street, Suite 2101
Sacramento, CA 95814

Re: Walter Perez Escobar, et. al. v. NMS Supply, Inc., et. al., U.S. District Court,
Northern District of California, San Francisco, Case No. CV 08-1120 WHA

Secretary Bradshaw:

Pursuant to the applicable provisions of the California Labor Code Private Attorneys
General Act, Walter Perez Escobar, Margarito Gonzalez and Francisco Cisneros -Zavala
hereby allege with respect to their employment NMS Supply, Inc. violated provisions of
the California Labor Code. Specifically, Mr.Escobar, Mr. Gonzalez and Mr. Cisneros-
Zavala allege that NMS Supply, Inc., violated sections 201, 202.3, 203, 204, 226, 226.7,
510, 1194 and 2802 of the California Labor Code. The facts and circumstances
concerning the alleged violations are outlined in the Complaint, which Complaint is
enclosed with this correspondence.

Please advise whether you will proceed with an investigation of this matter or whether
Mr. Escobar, Mr. Gonzalez and Mr. Cisneros-Zavala may seek civil-penalty recovery for
the alleged violations of the California Labor Code under the Labor Code Private
Attorneys General Act through their private counsel.

Very truly yours,

Lisa Owen

- 2 -

cc (with enclosure) via certified mail:

Attorney for NMS Supply, Inc.
Paul Simpson
Simpson, Garrity & Innes
601 Gateway Blvd., Ste. 950
South San Francisco, CA 94080

# HARRIS & RUBLE
## ATTORNEYS AND COUNSELORS AT LAW

SOUTHERN CALIFORNIA OFFICE:

5455 WILSHIRE BLVD., SUITE 1800
LOS ANGELES, CA 90036
TELEPHONE: 323.931.3777

FAX: 323.931.3366
www.harrisandruble.com

ALAN HARRIS
MARCELLA RUBLE*
—————

LISA OWEN**
JONATHAN RICASA***
ABIGAIL TREANOR***
DAVID ZELENSKI***
MATTHEW E. KAVANAUGH***

*ADMITTED IN ILLINOIS ONLY
**ADMITTED IN CALIFORNIA & KANSAS ONLY
***ADMITTED IN CALIFORNIA ONLY

NORTHERN CALIFORNIA OFFICE:

901 IRWIN STREET
SAN RAFAEL, CA 94901
TELEPHONE: 415.460.5300

DAVID HARRIS ***
Of Counsel
—————

ILLINOIS OFFICE:

330 WEST MAIN STREET
BARRINGTON, IL 60010
TELEPHONE: 312.543.0967

RICHARD LENG*
Of Counsel

June 20, 2008                                    VIA CERTIFIED MAIL

Victoria L. Bradshaw
California Labor & Workforce Development Agency
801 'K' Street, Suite 2101
Sacramento, CA 95814

Re: Walter Perez Escobar, et. al. v. J. W. Construction, Inc., et. al., U.S. District Court,
Northern District of California, San Francisco, Case No. CV 08-1120 WHA

Secretary Bradshaw:

Pursuant to the applicable provisions of the California Labor Code Private Attorneys
General Act, Walter Perez Escobar, Margarito Gonzalez and Francisco Cisneros -Zavala
hereby allege with respect to their employment J. W. Construction, Inc. violated
provisions of the California Labor Code. Specifically, Mr.Escobar, Mr. Gonzalez and
Mr. Cisneros-Zavala allege that J. W. Construction, Inc., violated sections 201, 202.3,
203, 204, 226, 226.7, 510, 1194 and 2802 of the California Labor Code. The facts and
circumstances concerning the alleged violations are outlined in the Complaint, which
Complaint is enclosed with this correspondence.

Please advise whether you will proceed with an investigation of this matter or whether
Mr. Escobar, Mr. Gonzalez and Mr. Cisneros-Zavala may seek civil-penalty recovery for
the alleged violations of the California Labor Code under the Labor Code Private
Attorneys General Act through their private counsel.

Very truly yours,


Lisa Owen

- 2 -

cc (with enclosure) via certified mail:

Attorney for J. W. Construction, Inc.
Paul Simpson
Simpson, Garrity & Innes
601 Gateway Blvd., Ste. 950
South San Francisco, CA 94080

1

2

## PROOF OF SERVICE

3   I am an attorney for Plaintiffs herein, over the age of eighteen years, and not a party
    to the within action. My business address is Harris & Ruble, 5455 Wilshire

4   Boulevard, Suite 1800, Los Angeles, California 90036. On July 10, 2008, I served
    the within document(s):

5

6   **DECLARATION OF ALAN HARRIS IN SUPPORT OF PLAINTIFFS'
    MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

7

8   I caused such to be delivered by hand in person to:

9          N/A

10  I caused such to be delivered by fax or e-mail to:

11         N/A

12  I am readily familiar with the Firm's practice of collection and processing
    correspondence for mailing. Under that practice, the document(s) would be

13  deposited with the U.S. Postal Service on that same day with postage thereon fully
    prepaid in the ordinary course of business, addressed as follows:

14         N/A

15  I caused such to be delivered via the Court's CM/ECF System to:

16         Paul Simpson -- psimpson@sgilaw.com

17  I declare under penalty of perjury that the above is true and correct.

18  Executed on July 10, 2008, at Los Angeles, California.

19                                          _____/s/_____
                                            David Zelenski
20

21

22

23

24

25

26

27

28
                                        4
              DECLARATION OF ALAN HARRIS IN SUPPORT OF PLAINTIFFS'
              MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT