1  Alan Harris (SBN 146079)
   David Zelenski (SBN 231768)
2  HARRIS & RUBLE
   5455 Wilshire Boulevard, Suite 1800
3  Los Angeles, CA 90036
   Telephone: (323) 931-3777
4  Facsimile: (323) 931-3366

5  David S. Harris (SBN 215224)
   NORTH BAY LAW GROUP
6  901 Irwin Street
   San Rafael, CA 94901
7  Telephone: (415) 460-5300
   Facsimile: (415) 460-5303

8
   Attorneys for Plaintiffs
9  WALTER PEREZ ESCOBAR, MARGARITO
   GONZALEZ and FRANCISCO CISNEROS-ZAVALA

10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13

14  WALTER PEREZ ESCOBAR, MARGARITO          Case No. CV-08-1120 WHA
    GONZALEZ and FRANCISCO CISNEROS-
15  ZAVALA, individually and on behalf of all    **HARRIS DECLARATION IN
    others similarly situated,                   SUPPORT OF PLAINTIFF'S
16                                                MEMORANDUM OF POINTS AND
                       Plaintiffs,               AUTHORITIES IN SUPPORT OF
17                                                MOTION FOR CERTIFICATION OF
        v.                                        COLLECTIVE ACTION**
18
    WHITESIDE CONSTRUCTION
19  CORPORATION, NMS SUPPLY INC., J.W.      Date:        August 21, 2008
    CONSTRUCTION, INC. and DAVID R.        Time:        8:00 AM
20  WHITESIDE,                             Courtroom: 9
                                           Judge:       Hon. William Alsup
21                     Defendants.

22

23  ALAN HARRIS declares under penalty of perjury as follows:

24       1.      I am a member in good standing of the State Bar of California and am one of the

25  attorneys for Plaintiff.  I make this declaration in support of Plaintiff's Memorandum in Support of

26  Motion for Certification of a Collective Action.  If sworn as a witness, I could competently testify to

27  each and every fact set forth herein from my own personal knowledge.

28       2.      I have been and am licensed as an attorney, first in Illinois (1974) and later in California

(1989). I am a graduate of the University of Illinois (A.B. 1970; J.D. 1974). After graduation from law school in January 1974, I was hired as a litigation associate at a plaintiffs' antitrust boutique in Chicago, Illinois: Freeman, Freeman & Salzman. I became a partner in that firm in 1980, and I started my own practice in 1982. I have represented plaintiffs in complex business litigation for over thirty-four years. E.g., Illinois v. Ill. Brick Co., Inc., 431 U.S. 720 (1977); In re My Left Hook, LLC, 129 Fed. Appx. 352 (9th Cir. 2005); Gregory v. SCIE, LLC, 317 F.3d 1050 (9th Cir. 2003); In re Blue Coal Corp., 986 F.2d 687 (3d Cir. 1993); In re Blue Coal Corp., 206 B.R. 730 (M.D. Pa. 1997); U.S. v. Gleneagles Inv. Co., Inc., 584 F. Supp. 671, 689 (M.D. Pa. 1984), aff'd. in part & vacated in part, and remanded sub. nom. U.S. v. Tabor Ct. Realty Corp. 803 F.2d 1288 (3d Cir. 1986), cert. den. sub. nom. McClellan Realty Co. v. U.S. 483 U.S. 1005 (1987); In re Uranium Antitrust Litig., 503 F. Supp. 33 (N.D. Ill. 1981); In re Grand Jury, 469 F. Supp. 666 (M.D. Pa. 1980); In re Anthracite Coal Antitrust Litig., 82 F.R.D. 364 (M.D. Pa. 1979), In re Folding Carton Antitrust Litig., 83 F.R.D. 251 (N.D. Ill. 1978); In re Anthracite Coal Antitrust Litig., 78 F.R.D. 709 (M.D. Pa. 1978); In re Masterkey Antitrust Litig., 1977 U.S. Dist. LEXIS 12948 (D. Conn. 1977) (jury trial for plaintiffs); A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp., 68 F.R.D. 383 (N.D. Ill. 1975); In re Cement-Concrete Block, Chicago Area, Grand Jury Proceedings, 381 F.Supp. 1108 (N.D. Ill. 1974); Lisa Frank, Inc. v. Brown, 2006 Westlaw 1237277 (Cal Ct. App. 2006); Parmet v. Lapin, 2004 Cal. App. Unpub. LEXIS 5217 (June 1, 2004). I have represented employees in numerous disputes concerning their receipt of pay in connection with their employment, both before the State of California Division of Labor Standards Enforcement and in state and federal courts in California. E.g., Tremblay v. Chevron Stations, Inc., 2008 Westlaw 2020514 (N.D. Cal. May 8, 2008) (certification of collective action); Perez v. Maid Brigade, Inc., 2007 U.S. Dist. LEXIS 78412 (N.D. Cal. 2007) (denial of employer's effort to enforce arbitration clause in employment agreements); Hoffman v. Uncle P Prods., 2008 Cal. App. Unpub. LEXIS 3609 (three-year statute of limitations applies to section 203 claims for continuing wages); Bithell v. E. P. Management Services, LP, 2007 Westlaw 4216854 (Cal. Ct. App. 2007) (sustaining class settlement of entertainment industry employees section 203 and 226 claims against entertainment industry "payroll companies" and studios); DuPont v. Avalon Hollywood Services, Inc., 2007 Westlaw 93386 (Cal. App. 2007); Gregory v. Superior Court, 2004 Westlaw 2786357 (Cal. Ct. App. 2004) (employee of entertainment-industry

"payroll company" not subject to arbitration of dispute under collective bargaining agreement). The undersigned has been appointed lead class counsel in many settled class actions, e.g., Kang v. Albertson's, Inc., United States District Court for the Central District of California Case No. 2:07-cv-00894-CAS-FFM ($6,637,500 settlement of labor law claims); Tremblay v. Chevron Stations, Inc., United States District Court for the Northern District of California, Case No. CV 07-6009 EDL ($4,500,000 settlement of labor-law claims); Jacobs v. CSAA Inter Insurance Bureau, United States District Court for the Northern District of California, Case No. CV 07-00362 MHP ($850,000 settlement of labor-law claims); Doty v. Costco Wholesale Corp., United States District Court for the Central District of California Case No. CV 05-3241 FMC (JWJx) ($7,500,000 distributed to class members for FLSA and California Labor Code section 203 and 226 violations); Agatep v. Exxon Mobil Corporation, United States District Court, Central District of California No. CV 05-2342 GAF ($1,500,000 settlement on behalf of service-station employees in California); Alfano v. International Coffee & Tea, LLC, United States District Court for the Central District of California Case No. CV 04-8996 SVW (CWx) (FLSA and California Labor Code section 226, 510 and 1194 case); Jenne v. On Stage Audio Corporation, United States District Court for the Central District of California Case No. CV 04-2045 CAS (PJWx) (FLSA and California Labor Code section 203 violations); Hansen v. Advanced Tech Security Services, Inc., Los Angeles Superior Court, Case No: BC 367175 ($1,050,000 settlement of labor-law claims); Ross v. Human Resources, Inc., Los Angeles Superior Court, Case Number BC 351506 (California Labor Code section 203 case); Harrington v. Manpay, LLC, Los Angeles Superior Court No. BC 312171 ($1,000,000 distributed to class members in a section 510 and section 1194 case); Brackett v. Saatchi & Saatchi, Los Angeles Superior Court Case No. BC 298728 (over $170,000 distributed to class members in an FLSA and section 203 case); Readmond v. Straw Dogs, Inc., Los Angeles Superior Court No. BC257394 (over $100,000 distributed to class members in a section 203 case); Greenberg v. EP Management Services, LP, Los Angeles Superior Court Case No. BC 237787 ($5,348,000 settlement of claims under sections 203 and 226 of California Labor Code); Angel Paws, Inc. v. Avalon Payroll Servs., Inc., Los Angeles Superior Court No. BC 188982 (over $450,000 distributed to class members in a section 203 case); Saunders v. Metro Image Group, San Diego Superior Court Case No. GIC 809753 (California Labor Code section 203 case); Stratford v. Citicorp West FSB, Monterrey Superior Court

Case No. M 81026 ($950,000 settlement of labor-law claims).  The majority of the foregoing cases were undertaken on a contingent-fee basis, and Harris & Ruble has sufficient financial resources to engage in that sort of practice.

3.      Attached as Exhibit 1 hereto is Plaintiff Francisco Cisneros-Zavala's Declaration in Support of Motion for Certification of Collective Action.

4.      Attached as Exhibit 2 hereto is Plaintiff Walter Perez Escobar's Declaration in Support of Motion for Certification of Collective Action.

5.      Attached as Exhibit 3 hereto is Plaintiff Margarito Gonzalez's Declaration in Support of Motion for Certification of Collective Action.

6.      Attached as Exhibit 4 hereto is a proposed form of Notice to Members of the collective action.

7.      Attached as Exhibit 5 hereto is an email from defense counsel to the undersigned.

8.      Attached as Exhibit 6 is a portion of the web site for Gilardi & Co., LLC. ("Gilardi"). Gilardi is an experienced class-action administrator with which I have worked in the past.  They are fully qualified to discharge the duties involved in providing notice to Class Members and in reporting the results.  Based on my informal discovery in this case, I estimate that the proposed Class consists of approximately 300 persons.  This range is quite manageable as a collective action.

I have read the foregoing Declaration, and the facts set forth therein are true of my own personal knowledge.  Executed July 16, 2008, in the County of Los Angeles, State of California.


                                    /s/
                                Alan Harris

<u>Index to Exhibits</u>

Exhibit 1:  Plaintiff Francisco Cisneros-Zavala's Declaration in Support of Motion for Certification of Collective Action.

Exhibit 2:  Plaintiff Walter Perez Escobar's Declaration in Support of Motion for Certification of Collective Action.

Exhibit 3:  Plaintiff Margarito Gonzalez's Declaration in Support of Motion for Certification of Collective Action.

Exhibit 4:  Proposed form of Notice to Members of the collective action.

Exhibit 5:  An e-mail from defense counsel to Alan Harris.

Exhibit 6:  A portion of the web site for Gilardi & Co., LLC. ("Gilardi").

HARRIS DECL. IN SUPP. OF PL.'S MOT. FOR CERTIFICATION OF COLLECTIVE ACTION

1

## **PROOF OF SERVICE**

2

I am an attorney for Plaintiff herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 5455 Wilshire Boulevard, Suite 1800, Los Angeles, California 90036. On July 16, 2008, I served the within document(s):

3

4

**HARRIS DECLARATION IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR CERTIFICATION OF COLLECTIVE ACTION**.

5

6

I caused such document(s) to be delivered by hand in person to:

7

N/A

8

I caused such document(s) to be delivered by fax or e-mail to:

9

N/A

10

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

11

12

N/A

13

I caused such document(s) to be delivered via the Court's CM/ECF System to:

14

Paul Simpson -- psimpson@sgilaw.com

15

I declare under penalty of perjury that the above is true and correct. Executed on July 16, 2008, at Los Angeles, California.

16

17

_____/s/_____
David Zelenski

18

19

20

21

22

23

24

25

26

27

28

HARRIS DECL. IN SUPP. OF PL.'S MOT. FOR CERTIFICATION OF COLLECTIVE ACTION

1  Alan Harris (SBN 146079)
   David Zelenski (SBN 231768)
2  HARRIS & RUBLE
   5455 Wilshire Boulevard, Suite 1800
3  Los Angeles, CA 90036
   Telephone: (323) 931-3777
4  Facsimile: (323) 931-3366

5  Attorneys for Plaintiffs
   WALTER PEREZ ESCOBAR, MARGARITO
6  GONZALEZ and FRANCISCO CISNEROS-ZAVALA

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  WALTER PEREZ ESCOBAR,               Case No. CV-08-1120 WHA
    MARGARITO GONZALEZ and
12  FRANCISCO CISNEROS-ZAVALA,          **PLAINTIFF FRANCISCO
    individually and on behalf of all others   CISNEROS-ZAVALA'S
13  similarly situated,                 DECLARATION IN SUPPORT
                                        OF MOTION FOR
14               Plaintiffs,            CERTIFICATION OF
                                        COLLECTIVE ACTION**
15      v.

16  WHITESIDE CONSTRUCTION             Complaint Filed:  2/25/2008
    CORPORATION, NMS SUPPLY INC.,      Trial Date:       None Set
17  J.W. CONSTRUCTION, INC. and
    DAVID R. WHITESIDE,
18
                 Defendants.
19

20

21

22

23

24

25

26

27

28

                              1

EXHIBIT 1–000000001

1   I, Francisco Cisneros-Zavala, declare under penalty of perjury as follows:

2   (1)   If sworn as a witness, I could competently testify to each and every

3   fact set forth herein from my own personal knowledge.

4   (2)   I am a Plaintiff in this action and submit this Declaration in support of

5   Plaintiff's Motion for Certification of a Collective Action under the federal Fair

6   Labor Standards Act ("FLSA").

7   (3)   I worked as an employee for both NMS Supply, Inc. and J.W.

8   Constructions, Inc. from approximately December 2000 through August 2007.

9   During this period I was employed as a Laborer and worked out of Whiteside

10  Construction Corporation's facilities, which are currently located at 1151 Hensley

11  Street, Richmond, California.

12  (4)   Although my paycheck came from either NMS Supply, Inc. or J.W.

13  Constructions, Inc., all of the work I performed was for and with Whiteside

14  Construction Corporation.  All of the projects I worked on were at the direction of

15  supervisors and/or employees who worked for Whiteside Construction Corporation.

16  The equipment and trucks I worked on were all marked with the name Whiteside

17  Construction Corporation.

18  (5)   While working for NMS Supply, Inc. and J.W. Constructions, Inc., I

19  was required to report for work to Whiteside Construction Corporation's main yard,

20  which is now located at 1151 Hensley Street, Richmond, California.  All of the

21  work that I performed was largely the same as that of the other laborers, some of

22  whom I now understand officially worked for Whiteside Construction Corporation,

23  NMS Supply, Inc. and/or J.W. Construction, Inc.   The procedures, work and

24  routine, however, was the same for me as it was for the dozens of other workers

25  who worked for Whiteside Construction Corporation, NMS Supply, Inc. and/or

26  J.W. Construction, Inc.

27  (6)   I was employed as a non-union laborer and was not subject to any

28  collective bargaining agreement(s).

2

EXHIBIT 1-000000002

(7)   Whiteside Construction Corporation, NMS Supply, Inc., J.W. Construction, Inc. and David R. Whiteside required that I report to the Whiteside Construction Corporation construction yard in Richmond, California by 6:00 A.M. each workday. In many instances, however, I was required to show up even earlier than 6:00 A.M. At that time, I was required to help load the trucks and prepare the equipment for the work that day. Thereafter, I would travel from the Whiteside Construction Corporation construction yard to the project where I was assigned to work. For the past few years I was a driver of the Whiteside Construction Corporation's trucks.

(8)   I was generally assigned to work a schedule that began at 7:00 A.M and ended at 3:30 P.M. Whiteside Construction Corporation, NMS Supply, Inc., J.W. Construction, Inc. and David R. Whiteside did not pay me for any time spent working prior to 7:00 A.M. For example, I was not paid to show up at the Whiteside Construction Corporation yard by 6:00 A.M. (or in many instances earlier than 6:00 A.M.) nor was I compensated for any of the work I performed at the construction yard in the morning. I was also not paid for the travel time between the Whiteside Construction Corporation yard in Richmond, California and the location where I would work on a particular day. Furthermore, we generally worked until 3:30 in the afternoon. I was never compensated for the afternoon or evening time spent driving from the construction site back to the Whiteside Construction Corporation yard in Richmond, California. Once we got back to the Whiteside Construction Corporation yard in Richmond, we were required to help unload the trucks but we were never compensated for any of this work. The only work for which we were compensated was for work after 7:00 A.M. through the time we stopped working on the construction site.

(9)   Until approximately two years ago, we were never provided with rest breaks. Since then, we were provided with a 10 minute morning rest break, but we were never provided with a 10 minute rest break within the second 4 hours of our

3

EXHIBIT 1-000000003

1  workday (i.e. within hours 5 through 8 of a typical workday). Furthermore, many

2  times the supervisors and/or management required that I cut short my 10 minute

3  morning rest break and get back to work.

4      (10)  Furthermore, in many instances I was required to work through my 30

5  minute lunch break, and was either not allowed to take a lunch break at all, or, was

6  required to cut short my 30 minute lunch break.

7      (11)  In those instances when I didn't drive a Whiteside Construction

8  Corporation truck to the construction site in the morning, I was sometimes required

9  to drive my own vehicle from the Whiteside Construction Corporation yard in

10  Richmond, California to the construction location where I was assigned to work on

11  a particular day. Sometimes the work site would be more than an hour from the

12  Whiteside Construction Corporation yard in Richmond, California. Even though I

13  used my personal vehicle to drive from the Whiteside Construction Corporation

14  yard in Richmond to the construction site, I was never paid a mileage stipend nor

15  was I compensated for my gas or bridge toll.

16      (12)  To date, I have not been compensated for all of the work I did for

17  Whiteside Construction Corporation, NMS Supply, Inc., J.W. Construction, Inc.

18  and/or David R. Whiteside. Indeed, I was routinely denied payment of all

19  minimum wages or overtime wages, being compensated only for hours scheduled

20  rather than for actual hours worked. For example, I was routinely not compensated

21  for work performed before and/or after the scheduled work shift.

22      (13)  In this collective action, I seek to represent all individuals who were

23  employed by Whiteside Construction Corporation, NMS Supply, Inc., J.W.

24  Construction, Inc. and David R. Whiteside (the "potential members of the collective

25  action").

26      (14)  I believe I am similarly situated with the other Plaintiffs and the

27  potential members of the collective action in that: (a) the potential members of the

28  collective action and the Plaintiffs were employed by Whiteside Construction

4

EXHIBIT 1-000000004

1   Corporation, NMS Supply, Inc., J.W. Construction, Inc. and/or David R. Whiteside;
2   (b) the potential members of the collective action and Plaintiffs were not paid their
3   wages for actual hours worked, instead we were paid for scheduled hours; (c) the
4   potential members of the collective action and Plaintiffs were not paid for work
5   performed before and/or after a work shift, including work performed at the
6   Whiteside Construction Corporation yard beginning at 6 AM nor were we paid for
7   our travel time to and from the daily construction sites; (d) the potential member of
8   the collective action and Plaintiffs were not provided with a 10 minute break within
9   the second 4 hours of a workday (*i.e.* within hours 5 through 8 of a typical
10  workday); (e) the potential member of the collective action and Plaintiffs were not
11  compensated for work related expenses, including mileage stipends, gas money
12  and/or bridge tolls; (f) as a result of Defendants' practice of withholding
13  compensation for all hours worked, Plaintiffs and the potential members of the
14  collective action have been similarly damaged in that we have not received timely
15  payment in full of our earned wages.

16      (15)  In connection with this case, I have met and/or spoken with my co-
17  Plaintiffs and counsel, Alan Harris and David Harris, both before and after the
18  filing of the Complaint, reviewing my work experiences with them, and learning
19  about and accepting my responsibilities as a class representative. I feel as though I
20  can be a good representative of others who have worked for Whiteside Construction
21  Corporation, NMS Supply, Inc., J.W. Construction, Inc. and/or David R. Whiteside.
22  My main concern is that all employees be treated fairly.

23      (16)  As a class representative, I understand that I am acting as a
24  representative of other, unnamed class members and that, as such a representative, I
25  owe a duty of good faith to the unnamed class members and I will not act just in my
26  own self-interest.

27      (17)  My interest in prosecuting the lawsuit is to secure compensation for all
28  of the members of the class for the Defendants' failure to comply with the labor

5

EXHIBIT 1-000000005

laws. I have not been promised any special monetary reward or treatment for acting as a class representative. I have no interest adverse to the members of the class as a whole and I believe that my individual claims are typical of the claims of the members of the class as a whole.

(18)   I intend to continue to take an active part in the litigation, to continue to participate in settlement procedures. I understand that my fiduciary obligations to the class will continue until all trial and/or settlement procedures are concluded and the funds from judgment and/or settlement are distributed to the class members.

(19)   This declaration that I have signed has been read and translated to me into Spanish, so to ensure that what I am signing is complete and accurate.

I have read the foregoing and the facts set forth herein are true and correct of my own personal knowledge.

Executed on July 8, 2008, in San Rafael, California.

Francisco Cisneros
FRANCISCO CISNEROS-ZAVALA

6

EXHIBIT 1-000000006

Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
5455 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90036
Telephone: (323) 931-3777
Facsimile: (323) 931-3366

Attorneys for Plaintiffs
WALTER PEREZ ESCOBAR, MARGARITO
GONZALEZ and FRANCISCO CISNEROS-ZAVALA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER PEREZ ESCOBAR, MARGARITO GONZALEZ and FRANCISCO CISNEROS-ZAVALA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WHITESIDE CONSTRUCTION CORPORATION, NMS SUPPLY INC., J.W. CONSTRUCTION, INC. and DAVID R. WHITESIDE,<br><br>Defendants. | Case No. CV-08-1120 WHA<br><br>**PLAINTIFF WALTER PEREZ ESCOBAR'S DECLARATION IN SUPPORT OF MOTION FOR CERTIFICATION OF COLLECTIVE ACTION**<br><br>Complaint Filed: 2/25/2008<br>Trial Date: None Set |

1

EXHIBIT 2-000000001

1   I, Walter Perez Escobar, declare under penalty of perjury as follows:

2       (1)   If sworn as a witness, I could competently testify to each and every

3   fact set forth herein from my own personal knowledge.

4       (2)   I am a Plaintiff in this action and submit this Declaration in support of

5   Plaintiff's Motion for Certification of a Collective Action under the federal Fair

6   Labor Standards Act ("FLSA").

7       (3)   I worked as an employee of NMS Supply, Inc. from approximately

8   November 2007 through December 2007. During this period I was employed as a

9   Laborer and worked out of Whiteside Construction Corporation's facilities, which

10  are located at 1151 Hensley Street, Richmond, California.

11      (4)   Although my paycheck came from NMS Supply, Inc., all of the work I

12  performed was for and with Whiteside Construction Corporation.  All of the

13  projects I worked on were at the direction of supervisors and/or employees who

14  worked for Whiteside Construction Corporation.  The equipment and trucks I

15  worked on were all marked with the name Whiteside Construction Corporation.

16      (5)   While working for NMS Supply, I was required to report for work to

17  Whiteside Construction Corporation's main yard, which is located at 1151 Hensley

18  Street, Richmond, California.  All of the work that I performed was largely the

19  same as that of the other laborers, some of whom I now understand officially

20  worked for Whiteside Construction Corporation, NMS Supply, Inc. and/or J.W.

21  Construction, Inc.  The procedures, work and routine, however, was the same for

22  me as it was for the dozens of other workers who worked for Whiteside

23  Construction Corporation, NMS Supply, Inc. and/or J.W. Construction, Inc.

24      (6)   I was employed as a non-union laborer and was not subject to any

25  collective bargaining agreement(s).

26      (7)   Whiteside Construction Corporation, NMS Supply, Inc. and David R.

27  Whiteside required that I report to the Whiteside Construction Corporation

28  construction yard in Richmond, California by 6:00 A.M. each workday.  In certain

2

EXHIBIT 2-000000002

1   instances I was required to show up even earlier than 6:00 A.M.  At that time, I was
2   required to help load the trucks and prepare the equipment for the work that day.
3   Thereafter, I would travel from the Whiteside Construction Corporation
4   construction yard to the project where I was assigned to work.

5       (8)    I was generally assigned to work a schedule that began at 7:00 A.M
6   and ended at 3:30 P.M.   Whiteside Construction Corporation, NMS Supply, Inc.
7   and David R. Whiteside did not pay me for any time spent working prior to 7:00
8   A.M.  For example, I was not paid to show up at the Whiteside Construction
9   Corporation yard by 6:00 A.M. (or in many instances earlier than 6:00 A.M.) nor
10  was I compensated for any of the work I performed at the construction yard in the
11  morning.   I was also not paid for the travel time between the Whiteside
12  Construction Corporation yard in Richmond, California and the location where I
13  would work on a particular day.  Furthermore, we generally worked until 3:30 in
14  the afternoon.  I was never compensated for the afternoon or evening time spent
15  driving from the construction site back to the Whiteside Construction Corporation
16  yard in Richmond, California.  Once we got back to the Whiteside Construction
17  Corporation yard in Richmond, we were required to help unload the trucks but we
18  were never compensated for any of this work.  The only work for which we were
19  compensated was for work after 7:00 A.M. through the time we stopped working
20  on the construction site.

21      (9)    Furthermore, I was never provided with a 10 minute rest break within
22  the second 4 hours of my workday (i.e. within hours 5 through 8 of a typical
23  workday).

24      (10)   Furthermore, in many instances I was required to work through my 30
25  minute lunch break, and was either not allowed to take a lunch break, or, was
26  required to cut short my 30 minute lunch break.

27      (11)   Furthermore, many times the supervisors and/or management required
28  that I cut short my 10 minute morning rest break.

3

EXHIBIT 2-000000003

1   (12)  In many instances I was required to drive my own vehicle from the
2   Whiteside Construction Corporation yard in Richmond, California to the
3   construction location where I was assigned to work on a particular day.  Sometimes
4   the work site would be more than an hour from the Whiteside Construction
5   Corporation yard in Richmond, California.  Even though I used my personal vehicle
6   to drive from the Whiteside Construction Corporation yard in Richmond to the
7   construction site, I was never paid a mileage stipend or bridge toll and I was only
8   once compensated for my gas.

9   (13)  To date, I have not been compensated for all of the work I did for
10  Whiteside Construction Corporation, NMS Supply, Inc. and/or David R. Whiteside.
11  Indeed, I was routinely denied payment of all minimum wages or overtime wages,
12  being compensated only for hours scheduled rather than for actual hours worked.
13  As described above, I was routinely not compensated for work performed before
14  and/or after the scheduled work shift.

15  (14)  In this collective action, I seek to represent all individuals who were
16  employed by Whiteside Construction Corporation, NMS Supply, Inc., J.W.
17  Construction, Inc. and David R. Whiteside (the "potential members of the collective
18  action").

19  (15)  I believe I am similarly situated with the other Plaintiffs and the
20  potential members of the collective action in that: (a) the potential members of the
21  collective action and the Plaintiffs were employed by Whiteside Construction
22  Corporation, NMS Supply, Inc., J.W. Construction, Inc. and/or David R. Whiteside;
23  (b) the potential members of the collective action and Plaintiffs were not paid their
24  wages for actual hours worked, instead we were paid for scheduled hours; (c) the
25  potential members of the collective action and Plaintiffs were not paid for work
26  performed before and/or after a work shift, including work performed at the
27  Whiteside Construction Corporation yard beginning at 6 AM nor were we paid for
28  our travel time to and from the daily construction sites; (d) the potential member of

4

EXHIBIT 2-000000004

the collective action and Plaintiffs were not provided with a 10 minute break within the second 4 hours of a workday (*i.e.* within hours 5 through 8 of a typical workday); (e) the potential member of the collective action and Plaintiffs were not compensated for work related expenses, including mileage stipends, gas money and/or bridge tolls; (f) as a result of Defendants' practice of withholding compensation for all hours worked, Plaintiffs and the potential members of the collective action have been similarly damaged in that we have not received timely payment in full of our earned wages.

(16)   In connection with this case, I have met and/or spoken with my co-Plaintiffs and counsel, Alan Harris and David Harris, both before and after the filing of the Complaint, reviewing my work experiences with them, and learning about and accepting my responsibilities as a class representative. I feel as though I can be a good representative of others who have worked for Whiteside Construction Corporation, NMS Supply, Inc., J.W. Construction, Inc. and/or David R. Whiteside. My main concern is that all employees be treated fairly.

(17)   As a class representative, I understand that I am acting as a representative of other, unnamed class members and that, as such a representative, I owe a duty of good faith to the unnamed class members and I will not act just in my own self-interest.

(18)   My interest in prosecuting the lawsuit is to secure compensation for all of the members of the class for the Defendants' failure to comply with the labor laws. I have not been promised any special monetary reward or treatment for acting as a class representative. I have no interest adverse to the members of the class as a whole and I believe that my individual claims are typical of the claims of the members of the class as a whole.

(19)   I intend to continue to take an active part in the litigation, to continue to participate in settlement procedures. I understand that my fiduciary obligations to the class will continue until all trial and/or settlement procedures are concluded

5

EXHIBIT 2-000000005

1  and the funds from judgment and/or settlement are distributed to the class members.

2      (20)  This declaration that I have signed has been read and translated to me

3  into Spanish, so to ensure that what I am signing is complete and accurate.

4      I have read the foregoing and the facts set forth herein are true and correct of

5  my own personal knowledge.

6      Executed on July 8, 2008, in San Rafael, California.

7

8                                                    WALTER PEREZ ESCOBAR

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

EXHIBIT 2-000000006

1   Alan Harris (SBN 146079)
    David Zelenski (SBN 231768)
2   HARRIS & RUBLE
    5455 Wilshire Boulevard, Suite 1800
3   Los Angeles, CA 90036
    Telephone: (323) 931-3777
4   Facsimile: (323) 931-3366

5   Attorneys for Plaintiffs
    WALTER PEREZ ESCOBAR, MARGARITO
6   GONZALEZ and FRANCISCO CISNEROS-ZAVALA

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  WALTER PEREZ ESCOBAR,              Case No. CV-08-1120 WHA
    MARGARITO GONZALEZ and
12  FRANCISCO CISNEROS-ZAVALA,         **PLAINTIFF MARGARITO
    individually and on behalf of all others   GONZALEZ'S DECLARATION
13  similarly situated,                IN SUPPORT OF MOTION FOR
                                       CERTIFICATION OF
14          Plaintiffs,                COLLECTIVE ACTION**

15      v.
                                       Complaint Filed:  2/25/2008
16  WHITESIDE CONSTRUCTION             Trial Date:       None Set
    CORPORATION, NMS SUPPLY INC.,
17  J.W. CONSTRUCTION, INC. and
    DAVID R. WHITESIDE,
18
            Defendants.
19

20

21

22

23

24

25

26

27

28

                                    1

EXHIBIT 3-000000001

1  I, Margarito Gonzalez, declare under penalty of perjury as follows:

2      (1)    If sworn as a witness, I could competently testify to each and every
3  fact set forth herein from my own personal knowledge.

4      (2)    I am a Plaintiff in this action and submit this Declaration in support of
5  Plaintiff's Motion for Certification of a Collective Action under the federal Fair
6  Labor Standards Act ("FLSA").

7      (3)    I worked as an employee for both J.W. Construction, Inc. and
8  Whiteside Construction Corporation from approximately April 1991 through
9  February 2007. During this period I was employed as a Laborer and worked out of
10  Whiteside Construction Corporation's facilities, which are currently located at 1151
11  Hensley Street, Richmond, California.

12      (4)    Although my paycheck came from either J.W. Construction, Inc. and
13  Whiteside Construction Corporation, all of the work I performed was for and with
14  Whiteside Construction Corporation. All of the projects I worked on were at the
15  direction of supervisors and/or employees who worked for Whiteside Construction
16  Corporation. The equipment and trucks I worked on were all marked with the name
17  Whiteside Construction Corporation.

18      (5)    While working for J.W. Construction, Inc. and Whiteside Construction
19  Corporation, I was required to report for work to Whiteside Construction
20  Corporation's main yard, which is now located at 1151 Hensley Street, Richmond,
21  California. All of the work that I performed was largely the same as that of the
22  other laborers, some of whom I now understand officially worked for Whiteside
23  Construction Corporation, NMS Supply, Inc. and/or J.W. Construction, Inc. The
24  procedures, work and routine, however, was the same for me as it was for the
25  dozens of other workers who worked for Whiteside Construction Corporation,
26  NMS Supply, Inc. and/or J.W. Construction, Inc.

27      (6)    For the last year of my employment while I worked for Whiteside
28  Construction Corporation, I was employed as a union laborer. I now understand

2

EXHIBIT 3-000000002

1    that in my capacity as a union worker, I was part of a collective bargaining
2    agreement. I have never seen a copy of the collective bargaining agreement and I
3    am not aware of its contents.    Prior to working for Whiteside Construction
4    Corporation, I was employed as a non-union laborer.

5        (7)    Whiteside Construction Corporation, J.W. Construction, Inc. and
6    David R. Whiteside required that I report to the Whiteside Construction
7    Corporation's construction yard in Richmond, California by 6:00 A.M. each
8    workday. In many instances, however, I was required to show up even earlier than
9    6:00 A.M. At that time, I was required to help load the trucks and prepare the
10   equipment for the work that day. Thereafter, I would travel from the Whiteside
11   Construction Corporation construction yard to the project where I was assigned to
12   work.

13       (8)    I was generally assigned to work a schedule that began at 7:00 A.M
14   and ended at 3:30 P.M.    Whiteside Construction Corporation, J.W. Construction,
15   Inc. and David R. Whiteside did not pay me for any time spent working prior to
16   7:00 A.M. For example, I was not paid to show up at the Whiteside Construction
17   Corporation yard by 6:00 A.M. (or in many instances earlier than 6:00 A.M.) nor
18   was I compensated for any of the work I performed at the construction yard in the
19   morning.    I was also not paid for the travel time between the Whiteside
20   Construction Corporation yard in Richmond, California and the location where I
21   would work on a particular day. Furthermore, we generally worked until 3:30 in
22   the afternoon. I was never compensated for the afternoon or evening time spent
23   driving from the construction site back to the Whiteside Construction Corporation
24   yard in Richmond, California. Once we got back to the Whiteside Construction
25   Corporation yard in Richmond, we were required to help unload the trucks but we
26   were never compensated for any of this work. The only work for which we were
27   compensated was for work after 7:00 A.M. through the time we stopped working
28   on the construction site.

3

EXHIBIT 3-000000003

1   (9)   Until approximately two years ago, we were never provided with rest
2   breaks. Since then, we were provided with a 10 minute morning rest break, but we
3   were never provided with a 10 minute rest break within the second 4 hours of our
4   workday (i.e. within hours 5 through 8 of a typical workday). Furthermore, many
5   times the supervisors and/or management required that I cut short my 10 minute
6   morning rest break and get back to work.

7   (10)   Furthermore, in many instances I was required to work through my 30
8   minute lunch break, and was either not allowed to take a lunch break at all, or, was
9   required to cut short my 30 minute lunch break.

10   (11)   I was sometimes required to drive my own vehicle from the Whiteside
11   Construction Corporation yard in Richmond, California to the construction location
12   where I was assigned to work on a particular day. Sometimes the work site would
13   be more than an hour from the Whiteside Construction Corporation yard in
14   Richmond, California. Even though I used my personal vehicle to drive from the
15   Whiteside Construction Corporation yard in Richmond to the construction site, I
16   was never paid a mileage stipend nor was I compensated for my gas or bridge toll.

17   (12)   To date, I have not been compensated for all of the work I did for
18   Whiteside Construction Corporation, J.W. Construction, Inc. and/or David R.
19   Whiteside. Indeed, I was routinely denied payment of all minimum wages or
20   overtime wages, being compensated only for hours scheduled rather than for actual
21   hours worked. As described above, I was routinely not compensated for work
22   performed before and/or after the scheduled work shift.

23   (13)   In this collective action, I seek to represent all individuals who were
24   employed by Whiteside Construction Corporation, NMS Supply, Inc., J.W.
25   Construction, Inc. and David R. Whiteside (the "potential members of the collective
26   action").

27   (14)   I believe I am similarly situated with the other Plaintiffs and the
28   potential members of the collective action in that: (a) the potential members of the

4

EXHIBIT 3-000000004

collective action and the Plaintiffs were employed by Whiteside Construction Corporation, NMS Supply, Inc., J.W. Construction, Inc. and/or David R. Whiteside; (b) the potential members of the collective action and Plaintiffs were not paid their wages for actual hours worked, instead we were paid for scheduled hours; (c) the potential members of the collective action and Plaintiffs were not paid for work performed before and/or after a work shift, including work performed at the Whiteside Construction Corporation yard beginning at 6 AM nor were we paid for our travel time to and from the daily construction sites; (d) the potential member of the collective action and Plaintiffs were not provided with a 10 minute break within the second 4 hours of a workday (*i.e.* within hours 5 through 8 of a typical workday); (e) the potential member of the collective action and Plaintiffs were not compensated for work related expenses, including mileage stipends, gas money and/or bridge tolls; (f) as a result of Defendants' practice of withholding compensation for all hours worked, Plaintiffs and the potential members of the collective action have been similarly damaged in that we have not received timely payment in full of our earned wages.

(15)   In connection with this case, I have met and/or spoken with my co-Plaintiffs and counsel, Alan Harris and David Harris, both before and after the filing of the Complaint, reviewing my work experiences with them, and learning about and accepting my responsibilities as a class representative. I feel as though I can be a good representative of others who have worked for Whiteside Construction Corporation, NMS Supply, Inc., J.W. Construction, Inc. and/or David R. Whiteside. My main concern is that all employees be treated fairly.

(16)   As a class representative, I understand that I am acting as a representative of other, unnamed class members and that, as such a representative, I owe a duty of good faith to the unnamed class members and I will not act just in my own self-interest.

(17)   My interest in prosecuting the lawsuit is to secure compensation for all

EXHIBIT 3-000000005

1  of the members of the class for the Defendants' failure to comply with the labor
2  laws. I have not been promised any special monetary reward or treatment for acting
3  as a class representative. I have no interest adverse to the members of the class as a
4  whole and I believe that my individual claims are typical of the claims of the
5  members of the class as a whole.

6      (18)  I intend to continue to take an active part in the litigation, to continue
7  to participate in settlement procedures. I understand that my fiduciary obligations
8  to the class will continue until all trial and/or settlement procedures are concluded
9  and the funds from judgment and/or settlement are distributed to the class members.

10     (19)  This declaration that I have signed has been read and translated to me
11 into Spanish, so to ensure that what I am signing is complete and accurate.

12     I have read the foregoing and the facts set forth herein are true and correct of
13 my own personal knowledge.

14     Executed on July 8, 2008, in San Rafael, California.

15

16                                     _MARGARITO GONZALEZ_
17                                      MARGARITO GONZALEZ

18

19

20

21

22

23

24

25

26

27

28

6

EXHIBIT 3-000000006

> ### NOTICE OF PENDENCY OF FEDERAL LAW FAIR LABOR STANDARDS ACT COLLECTIVE ACTION
> Escobar v. Whiteside Construction Corporation, NMS Supply, Inc., J.W. Construction, Inc. and David R. Whiteside
> United States District Court Case No. CV-08-1120 WHA (N.D. Cal.)

## PLEASE READ THIS NOTICE CAREFULLY

**THIS NOTICE RELATES TO A FEDERAL LAW FAIR LABOR STANDARDS ACT COLLECTIVE ACTION AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS AS A POTENTIAL MEMBER OF THE COLLECTIVE ACTION (IF YOU OPT IN).**

**AS EXPLAINED IN MORE DETAIL BELOW, TO PARTICIPATE IN THE COLLECTIVE ACTION YOU MUST OPT IN BY [insert date – 60 days from mailing]. IF YOU FAIL TO TIMELY OPT IN, YOU WILL RECEIVE NOTHING UNDER THIS LAWSUIT.**

Pursuant to an Order of the United States District Court (the "Court"), dated August __, 2008, a federal law collective action has been certified. Information regarding your address has been obtained under the auspices of a Court Order and is being handled in a confidential manner, for use in this case only. In Escobar v. Whiteside Construction Corporation, NMS Supply, Inc., J.W. Construction, Inc. and David R. Whiteside, United States District Court Case No. CV-08-1120 WHA (N.D. Cal.) (the "Litigation"), Plaintiff has filed suit on your behalf, seeking damages for certain similarly situated employees. The Litigation may provide payments to Members of the Collective Action who file Opt In Forms with respect to the collective action. You will be bound by the result of the collective action, but only if you opt in.

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation or the merits of the claims or defenses asserted. This Notice is to advise you of the case and your rights in connection with it.

## A.    PURPOSE OF THIS NOTICE

The Court has certified the following collective action (the "Collective Action Class"):

> **All natural persons who worked as employees in California at any time during the period from February 25, 2004, through August 21, 2008, for Whiteside Construction Corporation, NMS Supply Inc. and/or J.W. Construction, Inc.**

You may be a member of the Collective Action Class. The purpose of this notice is to inform you about the matter and to discuss your rights and options with respect to the Litigation.

## B.    DESCRIPTION OF THE LITIGATION

Plaintiff contends that members of the Collective Action Class were not provided wage payments in accordance with the federal Fair Labor Standards Act ("FLSA"), thereby entitling members of the Collective Action Class to back wages, liquidated damages under the FLSA, and/or interest.

Please be advised that the Court has not ruled on the merits of Plaintiff's claims or Defendants' defenses. If you "opt in," you may be asked to participate in some court proceedings. There is

EXHIBIT 4-000000001

a possibility that Collective Action Class Members will recover nothing.

The attorneys representing the Collective Action Class ("Class Counsel") are:

> **David S. Harris**
> **NORTH BAY LAW GROUP**
> **901 Irwin Street**
> **San Rafael, CA 94901**
> **Telephone: (415) 460-5300**
> **Facsimile: (415) 460-5303**
>
> **David Zelenski**
> **HARRIS & RUBLE**
> **5455 Wilshire Boulevard, Suite 1800**
> **Los Angeles, CA 90036**
> **Telephone: (323) 931-3777**
> **Facsimile: (323) 931-3366**

## C.    TO PARTICIPATE IN THE COLLECTIVE ACTION

Plaintiff filed a lawsuit in which he claims that he is entitled to certain monetary compensation under the FLSA when an employer fails to make proper payment of wages. You may be entitled to collect such compensation if you join the lawsuit and if the lawsuit is successful. If you do not join the lawsuit, you will not receive any benefit from the suit in the event that it is successful. You would, however, have the right, should you so choose, to file your own separate lawsuit, however it may be subject to the applicable statute of limitations.

If you desire to join the lawsuit, you must completely fill out and sign the attached form. In order to be valid, your request must be postmarked not later than [date – 60 days from mailing].

## D.    IF YOU DO NOTHING

If you do nothing in response to this Notice, you will not receive any proceeds under the collective action, but you will have the right to adjudicate your own claims, if any, under the federal FLSA. But, if you opt in and if this case is not successful, you will be barred from asserting further claims on the same legal basis against Defendants

You have the right, if you so desire, to enter an appearance in this Litigation through your own counsel.

## E.    ADDITIONAL INFORMATION

This Notice only summarizes the Litigation and other related matters. For more information, you may review the Court's files at the Office of the Clerk of the Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California (16th Floor) 94102, during business hours of each business day. You may also review the Court's files at pacer.psc.uscourts.gov. Any questions regarding this Notice or this Opt In Form should be addressed to Class Counsel at the address and telephone number set forth above. If your address changes or is different from the one on the envelope enclosing this Notice, please promptly notify Gilardi & Co., LLC at the address listed below. Please note that your contact information was obtained for purposes of this litigation only, as ordered by the Court, and

EXHIBIT 4-000000002

shall not be utilized for any other purpose other than this pending litigation.  Gilardi & Co., LLC shall use all reasonable means to protect your information.

## F.      REMINDER AS TO TIME LIMITS

If you wish to submit this Opt In Form, you must complete the balance of this page and timely return it to Gilardi & Co., LLC.  Your Form must be postmarked on or before [date – 60 days after mailing] or it will be considered untimely.  You must mail it to:

Gilardi & Co., LLC
[insert address]

**I wish to join the lawsuit as a party plaintiff under the FLSA.**
                           Yes [   ]

Please print your full name, present address, and telephone number, and then sign this form and return it postmarked by [date – 60 days after mailing].

Name _____

Address _____

Telephone number: _____

          **Signature:** _____


## PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE

EXHIBIT 4-000000003

Escobar et al v. Whiteside Construction et al--Number of potential class members       Page 1 Page 1 of 1

## Alan Harris

**From:**  Simpson, Paul [psimpson@sgilaw.com]

**Sent:**  Tuesday, July 15, 2008 1:46 PM

**To:**  Alan Harris; David Harris - External Contact

**Subject:** Escobar et al v. Whiteside Construction et al--Number of potential class members

Gentlemen,

Excluding field construction supervisors, the number of potential class members in the various categories going back four years from the filing date of the complaint are as follows:

**Whiteside Construction:**

**81 cement masons**

**64 laborers**

**55 carpenters**

**JW Construction Inc. and NMS Supply , Inc.:**

**92 misc. construction workers**

Please provide me the name of the field supervisor you intend to depose in addition to david Whiteside.

Regards,

Paul V. Simpson

EXHIBIT 5-000000001

7/16/2008



## Efficient    Accurate    Responsive    Reliable

Gilardi & Co. is a privately held, full service class action claims administrator with nearly a quarter century of experience. We are experts at every phase of claims administration, from notice and publication through final distribution and reporting. We are a dedicated resource for attorneys in public and private practice across the country and our experience and expertise includes the following:

- Antitrust
- Consumer Protection
- Federal Trade Commission Redress
- Product Liability
- Private Securities Litigation
- Securities and Exchange Commission Restitution
- Wage and Employment

**Dedicated claims administrator with more than a quarter century of experience.**
**A trusted resource for comprehensive legal settlement services.**
**Established procedures and depth of knowledge administering class action settlements.**
**Full service provider of notification, processing, distribution and reporting services.**

Home    Site Map    Privacy Policy

Copyright © 2008 Gilardi Co

EXHIBIT 6-000000001

7/16/2008