PAUL V. SIMPSON, Bar No. 83878
psimpson@sgilaw.com
JENNIFER M. CHAN, Bar No. 182849
jchan@sgilaw.com
TIMOTHY P. O'DONNELL, Bar No.185492
todonnell@sgilaw.com
SIMPSON, GARRITY & INNES
Professional Corporation
601 Gateway Boulevard, Suite 950
South San Francisco, CA  94080
Telephone:  (650) 615-4860
Fax:  (650) 615-4861

Attorneys for Defendants Whiteside Construction Corporation,
NMS Supply, Inc., J.W. Construction, Inc., and
David R. Whiteside

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WALTER PEREZ ESCOBAR, MARGARITO GONZALEZ, and FRANCISCO CISNEROS-ZAVALA, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>WHITESIDE CONSTRUCTION CORPORATION, NMS SUPPLY, INC., J.W. CONSTRUCTION, INC., and DAVID R. WHITESIDE<br><br>                    Defendants. | Case No. CV 08 1120 WHA<br><br>**DEFENDANTS WHITESIDE CONSTRUCTION CORPORATION, NMS SUPPLY, INC., J.W. CONSTRUCTION, INC., AND DAVID R. WHITESIDE'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>Date:       August 21, 2008<br>Time        8:00 A.M.<br>Courtroom: 9<br>Judge:      Hon. William Alsup |

Come now defendants WHITESIDE CONSTRUCTION CORPORATION, NMS SUPPLY, INC., J.W. CONSTRUCTION, INC., and DAVID R. WHITESIDE (collectively "Defendants") and oppose Plaintiffs' WALTER PEREZ ESCOBAR, MARGARITO GONZALEZ, and FRANCISCO CISNEROS-ZAVALA's Motion For Leave To File A First Amended Complaint.

## I. INTRODUCTION

Plaintiffs' Motion For Leave To File A First Amended Complaint ("Plaintiffs' Motion") seeks to amend the complaint in two respects. First, and primarily, Plaintiffs seek to add an eighth cause of action to recover penalties under the California Labor Code Private Attorneys General Act of 2004 ("PAGA"). Second, Plaintiffs' amended complaint adds additional factual allegations to "clarify and supplement" Plaintiffs' existing claims. Plaintiffs' Motion should be denied. Plaintiffs' PAGA claim does not allege compliance with all of the statutory prerequisites for the claim. Therefore, the claim is futile. Plaintiffs' other amendments, which merely add details to their already-existing claims, appear only to be "along for the ride" with the attempt to add the PAGA claim. By themselves, however, these amendments to not justify granting leave to amend. Accordingly, the Court should deny Plaintiffs' Motion in its entirety.

## II. ARGUMENT

### A. Leave To Add A Claim For Penalties Under the California Labor Code Private Attorneys General Act Should Be Denied Because The Amendment Would Be "Futile"

The policy contained in Federal Rule of Civil Procedure 15, that leave to amend should be freely given, is not without limitation. One such limitation, applicable here, is that leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) ("A district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile."). Futility alone can justify a court's refusal to grant leave to amend. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). In assessing the futility of an amendment, the applicable standard is the same as that governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d

122, 126 (1st Cir. 2006). Accordingly, a proposed amendment is futile when it fails to state a claim for which relief may be granted. *Partington v. Bugliosi*, 56 F.3d 1147, 1162 (9th Cir. 1995) (trial court's denial of leave to file amended complaint proper where amendment failed to state a claim, thus making amendment "futile").

Plaintiffs boldly assert, "No reason exists to deny leave to amend in this case." (Motion at p. 6). Plaintiffs' assertion is incorrect. The proposed new eighth cause of action (containing the same title as the seventh cause of action) seeks penalties under the California Labor Code Private Attorneys General Act of 2004 ("PAGA"). However, since Plaintiffs have not alleged fulfillment of all of the statutory prerequisites for bringing a PAGA claim, the proposed claim fails to state a claim upon which relief can be granted and therefore is futile. Specifically, the claim fails to allege compliance with the requirement that "the aggrieved employee . . . shall give written notice by certified mail to the . . . **employer** . . . ." Cal. Lab. Code § 2699.3(a)(1) (emphasis added).

In general, pre-lawsuit notice requirements in a statute are strictly interpreted. *See, e.g., Outboard Marine Corp. v. Superior Court*, 52 Cal.App.3d 30, 40 (1975) (pre-lawsuit notice requirements strictly interpreted; court cannot disregard or enlarge the plain provisions of the statute); *Hoyme v. Board of Education* (1980) 107 Cal.App.3d 449, 451-452 (statutory notice requirements strictly interpreted). Additionally, "[i]t is a prime rule of construction that the legislative intent underlying a statute must be ascertained from its language; if the language is clear there can be no room for interpretation, and effect must be given to its plain meaning." *Id.*

Here, the proposed amended complaint alleges that the written notice required by section 2699.3(a)(1) was provided to Defendants' attorney. (Exhibit 3 to Declaration of Alan Harris In Support Of Plaintiffs' Motion For Leave To File A First Amended Complaint ("Harris Declaration"), at p. 22, ¶ 79). However, the proposed amended complaint does not allege that the notices were mailed to "the employer." While Plaintiffs' purport to provide the Court with copies of the notices (Exhibit 4 to Harris Decl.), the alleged notices confirm that, at best, the notices were sent to Defendants' attorney.

The language of the PAGA clearly and unmistakably requires that the notice be given to the employer. Had the legislature meant to allow substituted notice to an employer's attorney,

1  they would have added the language "or representative" to the "and the employer" language in
2  Section 2699.3(a)(1) like it did when it modified "aggrieved employee" with "or representative" at
3  the beginning of that section.  Instead, the language of the PAGA requires that the notice be given
4  to the employer in the manner specified.  Since the notices were not given "by certified mail" "to
5  the employer", Plaintiffs have not satisfied the pre-filing requirements, and their claim fails.  As a
6  result, the proposed amendment is futile, justifying denial of Plaintiffs' motion.

### B. Leave To Add Additional Details To The Existing Causes Of Action Should Be Denied

Apparently, Plaintiffs are trying to take advantage of the opportunity presented by the possible amendment to add the PAGA claim to add additional allegations to the claims already contained in their present complaint.  Since the Plaintiffs attempt to add the PAGA claim is deficient, the mere addition of details to existing causes of action does not justify the granting of leave to amend.  Indeed, Courts have denied leave to amend where "the additional allegations merely reiterate and embroider the claims . . . already presented in the original complaint, adding little, if anything, of substance to the case." *Scottish Air International v. British Caledonian Group, PLC.*, 152 F.R.D. 18, 30 (S.D.N.Y. 1993)(quoting *Coleman v. Ramada Hotel Operating Co.*, 933 F.2d 470, 473 (7th Cir. 1991)); see also *O'Brien v. Price Waterhouse*, 740 F. Supp. 276, 284 (S.D.N.Y. 1990)("mere elaboration and increased verbiage concerning the same core allegations initially put forward" deemed insufficient to warrant amendment).  Moreover, amendments that merely add detail to already existing claims violate Rule 8's requirement that the pleading contain of "a short and plain statement of the claim." Fed. R. Civ. Proc. 8(a)(2); *Araujo v. Schron*, 2007 U.S. Dist. LEXIS 67628 at *4 (S.D.N.Y. 2007).  Accordingly, on their own, these additional allegations do not justify the granting of leave to amend.

### III. CONCLUSION

For the foregoing reasons, Defendants Whiteside Construction Corporation, NMS Supply, Inc., J.W.Construction, Inc., and David R. Whiteside request that the Court deny Plaintiffs'

/ / /

/ / /

1 | Motion For Leave To File A First Amended Complaint in its entirety.

3 | Date: July 31, 2008                              Respectfully submitted,

SIMPSON, GARRITY & INNES
Professional Corporation

By: /s/  Paul V. Simpson
    PAUL V. SIMPSON
    JENNIFER M. CHAN
    TIMOTHY P. O'DONNELL
    Attorneys for Defendants Whiteside Construction
    Corporation, NMS Supply, Inc.,
    J.W. Construction, Inc., and David R. Whiteside