
1  PAUL V. SIMPSON, Bar No. 83878
   psimpson@sgilaw.com
2  JENNIFER M. CHAN, Bar No. 182849
   jchan@sgilaw.com
3  TIMOTHY P. O'DONNELL, Bar No.185492
   todonnell@sgilaw.com
4  SIMPSON, GARRITY & INNES
   Professional Corporation
5  601 Gateway Boulevard, Suite 950
   South San Francisco, CA  94080
6  Telephone:  (650) 615-4860
   Fax:  (650) 615-4861
7

8  Attorneys for Defendants Whiteside Construction Corporation,
   NMS Supply, Inc., J.W. Construction, Inc., and
9  David R. Whiteside

10

11                     UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13                         SAN FRANCISCO DIVISION

14 WALTER PEREZ ESCOBAR, MARGARITO         ) Case No. CV 08 1120 WHA
   GONZALEZ, and FRANCISCO CISNEROS-       )
15 ZAVALA, individually and on behalf of all others ) **DEFENDANTS WHITESIDE**
   similarly situated                      ) **CONSTRUCTION CORPORATION,**
16                                         ) **NMS SUPPLY, INC., J.W.**
                   Plaintiff,              ) **CONSTRUCTION, INC., AND DAVID**
17                                         ) **R. WHITESIDE'S OPPOSITION TO**
           v.                              ) **PLAINTIFFS' MOTION FOR**
18                                         ) **CERTIFICATION OF A COLLECTIVE**
                                           ) **ACTION**
19 WHITESIDE CONSTRUCTION CORPORATION, )
   NMS SUPPLY, INC., J.W. CONSTRUCTION,    ) Date:      August 21, 2008
20 INC., and DAVID R. WHITESIDE             ) Time       8:00 A.M.
                                           ) Courtroom: 9
21                 Defendants.             ) Judge:     Hon. William Alsup
                                           )

{CLIENT FILES\31395\1\00093131.DOC}                                          - 1 -
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CERTIFICATION OF A COLLECTIVE ACTION
                          CASE NO. CV 08 1120 WHA

Come now defendants WHITESIDE CONSTRUCTION CORPORATION, NMS SUPPLY, INC., J.W. CONSTRUCTION, INC., and DAVID R. WHITESIDE (collectively "Defendants") and oppose Plaintiffs' WALTER PEREZ ESCOBAR, MARGARITO GONZALEZ, and FRANCISCO CISNEROS-ZAVALA's Motion For Certification Of A Collective Action.

**I.    INTRODUCTION**

Plaintiffs allege they are former employees of Defendants Whiteside Construction Corporation, NMS Supply, Inc., J.W.Construction, Inc. (collectively "Defendants"). Plaintiffs motion seeks an order certifying a collective-action pursuant to the Fair Labor Standards Act ("FLSA") consisting of a class of "all persons who were employed by Defendants at any time between February 25, 2004 through August 21, 2008." (Plaintiffs' Notice of Motion, p. 2). Plaintiffs base their request for certification of an FLSA collective action on their allegations that employees reported to the Company's yard in Richmond at 6 a.m. but were paid starting at 7 a.m. (Plaintiff's Memorandum of Points And Authorities In Support of Motion For Certification of Collective Action ("Plaintiffs' Memorandum") at pp. 3-4). Also, Plaintiffs allege they were required to return to the yard in the afternoon but were not paid for the time spent traveling from the jobsite to the yard. *Id.*

Certification of a collective action in this case is not appropriate. Plaintiffs have failed to meet their burden of proof with respect to the motion. Although it was Plaintiffs' burden to demonstrate the existence of a common company decision, policy, or plan, and not Defendants' burden to show the absence thereof, Defendants' evidence establishes that no such decision, policy or plan existed. Also, a collective action is not appropriate given the several individualized inquiries that would be necessary in Plaintiffs' proposed collective action. These individualized inquires include whether individual employees did, in fact, report to the yard before going to the jobsite; whether employees who traveled to the yard before going to the jobsite did so merely to carpool with other employees to the jobsite; whether employees who went to the yard before going to the jobsite actually performed work while at the yard; and whether those employees who went to the yard and performed de minimis or compensable work.

1  Finally, Plaintiffs' description of the proposed members of the collective action is over-
2 inclusive and overbroad.  Accordingly, Plaintiffs' motion should be denied in its entirety.

3 **II.    ARGUMENT**

4  **A.    Plaintiffs Claims Are Not Amenable To Collective Action Treatment**

5  Under the FLSA 29 U.S.C §206, employers must pay their employees the hourly minimum
6 wage for time on the job.  Under the Portal to Portal Act 29 U.S.C. §254, employers do not have to
7 pay the minimum wage to an employee for the following activities: "(1) walking, riding or
8 traveling to and from the actual place of performance of the principal activity or activities from
9 which such employee is employed to perform, and (2)  activities which are preliminary to or Post
10 luminary to said principal activity or activities, which occur either prior to the time on any
11 particular work day at which some employee commences or subsequent to the time on any
12 particular workday at which he ceases, such principal activity or activities." 29 U.S.C. §254(a).

13  The law is established that ordinary home to work travel is clearly not compensable
14 whether the employee works in a fixed location or a different job site. 29 U.S. C. §254; 29 CFR
15 §785.35 (1990). In *Vega v. Gaspar*, 36 F.2d. 417, 425 (5th Cir. 1984) the Court held  that farm
16 workers who used a company bus to ride four hours to and from their work location were engaged
17 in" ordinary to work or from work travel" and that the time spent traveling was "not compensable"
18 under the Portal to Portal Act. *Id.* at p.425. The Court explained that the workers were not required
19 to use the employer's buses to get to work, that they chose where they lived and how to get to and
20 from work and that not all of the employer's fieldworkers rode its buses.  The Court further noted
21 that the fact travel time was so long did not make it compensable under the FLSA.  See 29 CFR
22 §790.7 (1990).

23  While Plaintiffs have failed abysmally to present substantial evidence sufficient to meet
24 their burden at this stage of the proceeding, Defendants have presented substantial evidence that
25 their policies and practices involving travel to and from the first designated worksite each day in
26 which its employees are left to their own devices to get to their assigned construction jobsite by
27 the designated starting time, whether it be their own vehicle, carpooling or a company-provided
28 ride.

1   Plaintiffs self-serving declarations that Defendants' construction workers were "required" to report to Whiteside Construction's yard each day are directly contradicted by the declarations of their co-workers, one of their supervisors and Defendants' president David Whiteside, as well as the company policy statement each Plaintiff executed acknowledging they were not required to report to the yard each day to obtain their work assignment.

Moreover, any issue of whether any employee who went to the yard to obtain a ride was "suffered or permitted to work" so as to transmute the time in the yard and subsequent to and from travel to the jobsite into compensable time under the FLSA would necessitate an individualized factual inquiry that is patently unsuitable for a collective action. See *Lindow v. United States*, 738 F.2d 1057 (9th Cir. 1984) wherein the Court held that because employees who reported to work early to relieve outgoing employees before the  and the employer had not pressured the employees to report early it did not give rise over time liability.  In *Lindow* the Court addressed the FLSA de minimis doctrine under federal law and found a daily periods of 10 minutes were de minimis and not compensable under the FLSA.  *Id.* citing *Anderson v. Mt. Clemency Pottery Co.* 328, U.S.680, 692 (1946). In the instant case there is no substantial evidence to suggest a common practice of employees performing compensable work at the Richmond yard before grabbing a ride to their worksite. *See also Dolan v. Project Construction*, 558 F. Supp. 1308 (D. Col. 1983) (holding that electricians who worked on an employers construction project who, unlike in the present case, were required to ride its buses to and from job site for safety considerations and traffic problems on the road that led to the site were not entitled to compensation pursuant to §254 of the Portal to Portal Act).

   **B.** **<u>Certification Of A Collective Action Is Inappropriate Where The Moving Party Fails To Demonstrate Harm From A Common Company Decision, Policy Or Plan.</u>**

The FLSA, 29 U.S.C. §201 et seq., allows claims under the Act to be "maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §216(b).  At present, Plaintiffs seek an order certifying the case as an FLSA collective action and allowing notice of the action to be provided to potential collective action members.

1   Establishing an FLSA collective action involves a two-stage process.  This case is
2 currently at the first stage in which the Court determines whether a collective action should be
3 conditionally certified.  A conditional certification results in the sending of notice to the potential
4 collective action members of the lawsuit and allowing the potential collective action members to
5 "opt in" to the lawsuit.  *Leuthold v. Destination Am.*, 224 F.R.D. 462, 467 (N.D. Cal. 2004).  In
6 this stage, the Court determines whether the named plaintiffs and the potential collective action
7 members are "similarly situated."  *Id.* at 466.  The plaintiff bears the burden of proof on this issue.
8 *Id.*

9   The FLSA does not contain a definition of the term "similarly situated", and the Ninth
10 Circuit has not addressed the issue.  *Id.*  To establish that the putative collective action members
11 are "similarly situated" with the named plaintiffs requires "substantial allegations that the putative
12 class members were together the victims of a single decision, policy, or plan."  *Thiessen v.*
13 *General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001).  To meet this standard, the
14 plaintiffs "must show that there is some factual basis beyond the mere averments in their
15 complaint for the class allegations."  *Adams v. Inter-Con Sec. Sys.*, 242 F.R.D. 530, 536 (N.D. Cal.
16 2007).  As explained below, the evidence submitted by the parties show that Plaintiffs have not
17 met their burden and that the named Plaintiffs are not "similarly situated" with the potential
18 collective action members.

19   **C.   Plaintiffs Have Failed To Meet Their Burden To Show The Existence Of A Decision, Policy Or Plan**
20
21   In an attempt to demonstrate the existence of the requisite decision, policy or plan,
22 Plaintiffs claim that the Defendants maintained a policy "of denying wages to all employees who
23 worked between reporting to the construction yard at 6 a.m. but were not put on the clock until 7
24 a.m., as well as those employees who were not paid their wages earned when returning to the
25 construction yard at the end of the day."  (Plaintiff's Memorandum at pp. 2).  Putting aside
26 whether the alleged travel time is even compensable, Plaintiffs claim that they were "required" to
27 report to the Company's Richmond yard before going to the day's jobsite.  (Harris Declaration In
28 Support Of Plaintiffs' Motion ("Harris Declaration"), Exh. 1, ¶ 7; Exh. 2, ¶ 7; Exh. 3, ¶ 7).

1  The evidence Plaintiffs submit to support their claim consists of the identical, bare assertion by each Plaintiff that Defendants required them "to report to the Whiteside Construction Corporation construction yard in Richmond, California by 6:00 A.M. each workday." (Harris Declaration In Support Of Plaintiffs' Motion ("Harris Declaration"), Exh. 1, ¶ 7; Exh. 2, ¶ 7; Exh. 3, ¶ 7). Plaintiffs provide no further details about the alleged "requirement" such as the identity of the person who made the requirement, and whether that person made the same requirement of anyone other than the Plaintiffs.

The self-serving nature of Plaintiffs' declarations is exposed by the fact that each Plaintiff, during their employment with Defendants, acknowledged in writing that they were not required to report to the yard each day to obtain their work assignment. See, Whiteside Declaration, Exh. 3, 4, 5. Moreover, Defendants have submitted declarations of Plaintiffs' co-workers, one of their supervisors, and Defendants' president, David Whiteside (referred to collectively as "Defendants' declarations"), attesting to the fact that Defendants' construction workers were not required to report to the yard, either before or after their shifts. See, e.g., Declaration of David Whiteside In Opposition To Plaintiffs' Motion ("Whiteside Declaration"), ¶¶ 7-10; Declaration of Charles Flanders In Opposition to Plaintiffs' Motion ("Flanders Declaration"), ¶¶ 4-5; Declaration of Raul Palacio In Opposition to Plaintiffs' Motion ("Palacio Declaration"), ¶ 6; Declaration of Gregorio Sigala In Opposition to Plaintiffs' Motion ("Sigala Declaration"), ¶¶ 4-5; Declaration of Daniel Castillo In Opposition to Plaintiffs' Motion ("Daniel Castillo Declaration"), ¶ 4; Declaration of David Castillo In Opposition to Plaintiffs' Motion ("David Castillo Declaration), ¶¶ 4-5). Defendants' declarations also show that if Defendants' construction workers went to the yard before their shift, they did so for reasons other than to perform work. *Id.*

In short, Plaintiffs' evidence, directly contradicted by their own signed acknowledgements and Defendants' evidence, fails to show the existence of an alleged policy or plan to deny Defendants' employees of their wages. Thus, Plaintiffs have failed to meet their burden to show they were "similarly situated" with other putative collective action members and their motion should be denied.

### D. Numerous Individualized Inquires Required Plaintiffs Have Not Demonstrated Are Not "Similarly Situated" With Other Potential Members Of The Collective Action Because

"Courts have ruled that where FLSA claims require significant individual determinations and considerations, they are inappropriate for conditional certification under [the FLSA]. *Mooney v. Aramco Servs.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995); *see Basco v. Wal-Mart Stores, Inc.*, No. Civ. A. 00-3184, 2004 U.S. Dist. LEXIS 12441, 2004 WL 1497709, at *8 (E.D. La. July 2, 2004); *West v. Border Foods, Inc.*, No. 05-2525, 2006 U.S. Dist. LEXIS 46506, 2006 WL 1892527, at *3 (D. Minn. July 10, 2006); *Ray v. Motel 6 Operating, Ltd. Pshp.*, No. 3-95-828, 1996 U.S. Dist. LEXIS 22564, 1996 WL 938 231, at *4-5 (D. Minn. Mar. 18, 1996)." *Hinojos v. Home Depot, Inc.*, 2006 U.S. Dist. LEXIS 95434 at *7 (D. Nev. 2006) (denying certification of collective action because of the need for individualized determinations to resolve the claims of each plaintiff, making trial unmanageable).

Here, Plaintiffs understate the inherent differences among the potential collective-action members by asserting "the individual differences among Defendants' employees are limited solely to readily quantifiable amounts owing on account of wages unpaid when workers were forced to toil off the clock." (Plaintiffs' Memorandum at p. 2:18-20). Plaintiffs' fail to acknowledge the myriad of individualized, factual inquires that would be required at trial should the case proceed as collective action. Those fact-specific inquiries include whether individual employees did, in fact, report to the yard before going to the jobsite (See e.g., Palacio Declaration, ¶ 4); whether employees who traveled to the yard before going to the jobsite did so merely to carpool with other employees to the jobsite (See, e.g., Sigala Declaration, ¶ 4); whether employees who went to the yard before going to the jobsite actually performed work while at the yard (See, e.g., Sigala Declaration, ¶ 5); and whether those employees who went to the yard and performed de minimis or compensable work (See, e.g., Palacio Declaration, ¶ 4; David Castillo Declaration, ¶ 5). These significant individual determinations and considerations related to Plaintiffs' FLSA claim and the evidence that will be presented at trial regarding these determinations, show that conditional certification of a collective action is inappropriate in this case.

### E. **Plaintiffs' Proposed Class Is Overbroad**

In the event the Court determines that the certification of a conditional collective action is appropriate, Plaintiffs' description of the proposed members of the collective action is overbroad. Plaintiffs seek certification of a class consisting of all persons who were employed by Defendants at any time between February 25, 2004 through August 21, 2008. (Plaintiffs' Notice of Motion, p. 2). However, this proposed class includes overtime exempt employees, office and clerical employees and field supervisors including foremen, project managers and estimators. The overbroad nature of the description of the members of the proposed collective action also makes this case unsuitable for certification as a collective action.

## III. CONCLUSION

For the foregoing reasons, Defendants Whiteside Construction Corporation, NMS Supply, Inc., J.W.Construction, Inc., and David R. Whiteside request that the Court deny Plaintiffs' Motion For Certification Of A Collective Action in its entirety.

Date: July 31, 2008                    Respectfully submitted,

                                                   SIMPSON, GARRITY & INNES
                                                  Professional Corporation

                                                  By:  /s/   Paul V. Simpson
                                                       PAUL V. SIMPSON
                                                       JENNIFER M. CHAN
                                                       TIMOTHY P. O'DONNELL
                                                       Attorneys for Defendants Whiteside Construction
                                                       Corporation, NMS Supply, Inc.,
                                                       J.W.Construction, Inc., and David R. Whiteside