1 | PAUL V. SIMPSON, Bar No. 83878
psimpson@sgilaw.com
2 | JENNIFER M. CHAN, Bar No. 182849
jchan@sgilaw.com
3 | TIMOTHY P. O'DONNELL, Bar No.185492
todonnell@sgilaw.com
4 | SIMPSON, GARRITY & INNES
Professional Corporation
5 | 601 Gateway Boulevard, Suite 950
South San Francisco, CA 94080
6 | Telephone: (650) 615-4860
Fax: (650) 615-4861

8 | Attorneys for Defendants Whiteside Construction Corporation,
NMS Supply, Inc., J.W. Construction, Inc., and
9 | David R. Whiteside

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| WALTER PEREZ ESCOBAR, MARGARITO GONZALEZ, and FRANCISCO CISNEROS-ZAVALA, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>WHITESIDE CONSTRUCTION CORPORATION, NMS SUPPLY, INC., J.W. CONSTRUCTION, INC., and DAVID R. WHITESIDE<br><br>  Defendants. | Case No. CV 08 1120 WHA<br><br>**DECLARATION OF CHARLES FLANDERS IN OPPOSITION TO PLAINTIFFS' MOTION FOR CERTIFICATION OF FAIR LABOR STANDARDS ACT COLLECTIVE ACTION AND APPROVAL OF NOTICE**<br><br>Date:   August 21, 2008<br>Time   8:00 a.m.<br>Courtroom:   9<br>Judge:   Hon. William Alsup |
|---|---|

{CLIENT FILES:31395:1:00093537.DOC}   - 1 -

DECLARATION OF DANIEL CASTILLO IN OPPOSITION TO PLAINTIFFS' MOTION FOR CERTIFICATION OF FAIR LABOR
STANDARDS ACT COLLECTIVE ACTION AND APPROVAL OF NOTICE - CASE NO. CV 08 1120 WHA

I, Charles Flanders, declare:

1. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

2. I have made this declaration voluntarily, and I have not been pressured by anyone to provide this declaration. Further, I have not received any payment or promise of future consideration for this declaration.

3. I have been employed by Whiteside Construction Corporation ("Whiteside") for approximately ten years and have been employed as a foreman supervising construction crews for the past eight years. I directly supervise crews of four to ten carpenters on Whiteside jobsites and oversee as many as 30 employees on a jobsite.

4. As long as I have worked at Whiteside I have commuted to and from the jobsite from my home. Employees on my crews either commute to the jobsite from their homes or elect to go to the Company yard in Richmond for a ride to the jobsite in a company truck if a truck is going to a particular jobsite. However, it is the employee's responsibility to get himself to the jobsite by the designated starting time. Magarito Gonzalez worked on my crews at different times. I recall one job in Larkspur, in Marin County, the Drake's Landing Sidewalk Repair job, where I believe Gonzalez used his own vehicle to commute to and from the job. I remember Gonzalez asked me how he was supposed to get to the job. I told him he would have to get himself there just like everyone else. I believe there were other times where Gonzalez may have obtained a ride to the job in a company truck. Employees are not required to return to the Richmond yard at the end of the workday.

5. An employee's work location is generally the same each day until he is no longer needed on that job. Some jobs can last for months. If the work assignment changes either I will tell the employee that afternoon what his assignment is for the next day, the employee can call the office that day to get the

/ / /

/ / /

{CLIENT FILES\31395\1\00093537.DOC}                                                                                                        - 2 -

DECLARATION OF DANIEL CASTILLO IN OPPOSITION TO PLAINTIFFS' MOTION FOR CERTIFICATION OF FAIR LABOR STANDARDS ACT COLLECTIVE ACTION AND APPROVAL OF NOTICE - CASE NO. CV 08 1120 WHA

///

///

///

assignment or he can get the information the next day before his shift begins.

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed this 31st day of July, 2008, at San Francisco, California.

_____
Charles Flanders