PAUL V. SIMPSON, Bar No. 83878
psimpson@sgilaw.com
JENNIFER M. CHAN, Bar No. 182849
jchan@sgilaw.com
TIMOTHY P. O'DONNELL, Bar No.185492
todonnell@sgilaw.com
SIMPSON, GARRITY & INNES
Professional Corporation
601 Gateway Boulevard, Suite 950
South San Francisco, CA 94080
Telephone: (650) 615-4860
Fax: (650) 615-4861

Attorneys for Defendants Whiteside Construction Corporation,
NMS Supply, Inc., J.W. Construction, Inc., and
David R. Whiteside

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WALTER PEREZ ESCOBAR, MARGARITO GONZALEZ, and FRANCISCO CISNEROS-ZAVALA, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>WHITESIDE CONSTRUCTION CORPORATION, NMS SUPPLY, INC., J.W. CONSTRUCTION, INC., and DAVID R. WHITESIDE<br><br>Defendants. | Case No. CV 08 1120 WHA<br><br>**DECLARATION OF GREGORIO SIGALA IN OPPOSITION TO PLAINTIFFS' MOTION FOR CERTIFICATION OF FAIR LABOR STANDARDS ACT COLLECTIVE ACTION AND APPROVAL OF NOTICE**<br><br>Date:        August 21, 2008<br>Time        8:00 a.m.<br>Courtroom:   9<br>Judge:       Hon. William Alsup |

- 2 -

      I, Gregorio Sigala, declare:

1. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto. I understand and read English.

2. I make this declaration voluntarily, and I have not been pressured by anyone to provide this declaration. Further, I have not received any payment or promise of future consideration for this declaration.

3. I have been employed by Whiteside Construction Corporation since August, 2007. During my employment with Whiteside Construction, I have been employed as a union carpenter. My pay rate is determined by the Company's union contract with the Carpenters Union.

4. During my employment at Whiteside Construction, I have almost always driven my own car from my home directly to the job site in the morning. At the beginning of my employment, I became aware that I and other employees have the option either to go directly to the job site at the beginning of the day or to go to the Company's yard in Richmond and obtain a ride to the jobsite from there. To my knowledge, the Company does not require employees to report to its yard every day before the beginning of the day's shift.

5. I have gone to the yard in the morning before the beginning of my shift two times during my employment with Whiteside Construction. One time, I went to the yard to find out the location of my assignment for the day because I did not call the office the day before. The other time, I went to the yard to get a ride to the job site, located at the Chevron refinery a short distance away in Richmond. On neither occasion did I help load equipment into a Company truck or my car.

//////
//////
//////

6. Each afternoon, I get my assignment for the next day from the foreman working at the job site. The foreman tells me where I will be working and what time to begin work at the job site. Sometimes, the foreman does not know my assignment for the next day. When that has happened, I have called the Company's office to learn the location and time of my assignment for the next day except for the time I went to the yard to find out my assignment. I am not required to go to the yard in Richmond to find out where I work.

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed this 31st day of July 2008, at San Francisco, California.

*/s/ Gregorio Sigala*       7/31/2008
IN SAN FRANCISCO CA
35 YRS OF AGE