Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
5455 Wilshire Boulevard, Suite 1800
Los Angeles, California 90036
Telephone: (323) 931-3777
Facsimile: (323) 931-3366

Attorneys for Plaintiffs
WALTER PEREZ ESCOBAR, MARGARITO
GONZALEZ, and FRANCISCO CISNEROS-ZAVALA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER PEREZ ESCOBAR, MARGARITO GONZALEZ and FRANCISCO CISNEROS-ZAVALA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WHITESIDE CONSTRUCTION CORPORATION, NMS SUPPLY INC., J.W. CONSTRUCTION, INC. and DAVID R. WHITESIDE,<br><br>Defendants. | Case No. CV-08-1120 WHA<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>Date: August 21, 2008<br>Time: 8:00 AM<br>Courtroom: 9<br>Judge: Hon. William Alsup |

# INTRODUCTION

As a result of Defendants' counsel's refusal to comply with the schedule to which he had previously stipulated prior to the initial Case Management Conference, Plaintiffs were forced to file the instant Motion for Leave to File a First Amended Complaint ("Motion").[1]  At the time of the filing of the Motion, Plaintiffs had still not received written notice from the California Labor and Workforce Development Agency ("LWDA") confirming that it did not intend to investigate Plaintiffs' allegations regarding their employment with Defendants—notice that is required in order to confer on Plaintiffs the statutory right to assert claims in this action pursuant to the Labor Code Private Attorneys General Act ("PAGA"), California Labor Code section 2698 *et seq*.  (*See* Decl. of Alan Harris in Sup. of Pls.' Reply Mem. in Supp. of Pls.' Mot. for Leave to File a First Amended Compl. ("Harris Decl.") ¶ 2.)  Since the filing of the Motion, however, Plaintiffs have received written confirmation that the LWDA does not intend to investigate the allegations.  (*See* Harris Decl. ¶ 3, Ex. 1.)  As a result, Plaintiffs may now—as a matter of right—amend the Complaint to add an eighth cause of action arising under PAGA.  Cal. Lab. Code § 2699.3(a)(2)(C).  Plaintiffs additionally seek leave to add new and additional allegations that have come to light over the past few months since the filing of the original Complaint.  As leave to amend should be freely granted, especially in light of the present circumstances, Plaintiffs respectfully request that the Court grant the requested relief and permit the filing of a First Amended Complaint.

///

---

[1] In the original Joint Case Management Conference Statement, Defendants agreed and stipulated that the last day for the parties to amend the pleadings would be August 31, 2008.  At the Case Management Conference, however, Defendants' counsel abandoned this undertaking and insisted that the deadline be moved to July 10, 2008.  In their Opposition to the Motion for Leave to File a First Amended Complaint ("Opposition"), Defendants do not dispute that they flip-flopped their position at the Case Management Conference.  Instead, Defendants are silent on this issue and fail to address it entirely.

## ARGUMENT

### 1. The Filing of A PAGA Claim Would Not Be "Futile."

In the Opposition, Defendants argue that Plaintiffs should not be granted leave to add a PAGA claim as such an amendment would be "futile" because it allegedly fails to state a claim for which relief may be granted. Defendants do not—indeed, cannot—make this argument by contending that they were unaware that Plaintiffs sent the PAGA notices to the LWDA. Instead, Defendants somehow come to the conclusion that the amendment is futile by arguing that Plaintiffs failed to comply with the notice requirements of California Labor Code section 2699.3(a)(1) because written notice was provided to Defendants' attorneys in this matter instead of directly to Defendants themselves.

Defendants' argument is laughable and flies in the face of the California Rules of Professional Conduct. In this regard, it is telling that the cases upon which Defendants rely relate to *pre-lawsuit* notice requirements. (*See* Defs. Whiteside Constr. Corp., NMS Supply, Inc., J.W. Constr., Inc., & David R. Whiteside's Opp'n to Pl.'s Mot. for Leave to File a First Am. Compl. ("Defs.' Opp'n") at 3:13–17 ("In general, pre-lawsuit notice requirements in a statute are strictly interpreted. *See*, *e.g.*, *Outboard Marine Corp. v. Superior Court*, 52 Cal. App. 3d 30, 40 (1975) (pre-lawsuit notice requirements strictly interpreted; court cannot disregard or enlarge the plain provisions of the statute); *Hoyme v. Board of Education* (1980) 107 Cal. App. 3d 449, 451–452 (statutory notice requirements strictly interpreted).") Here, of course, notice was sent to the LWDA and Defendants' counsel *after the initiation of the lawsuit and after Defendants were already represented by counsel*. (*See* Decl. of Alan Harris in Supp. of Pl.'s Mot. for Leave to File a First Am. Compl. ¶ 5, Ex. 4 (indicating that notice was sent to the LWDA and Defendants' counsel on June 20, 2008).) According to the California Rules of Professional Conduct, a party's counsel "*shall not communicate directly or*

*indirectly* about the subject of the representation with a party the member knows to be represented by another lawyer in the matter." Cal. R. Prof'l. Conduct 2-100(a) (emphasis supplied). In other words, an attorney is precluded from communicating directly with opposing parties who are represented by counsel. Under such circumstances, all communications <u>*must*</u> be directed to the represented parties' counsel.

One implication of Defendants' argument is that employers who are sued for violations of the California Labor Code are immunized from associated PAGA claims so long as they themselves retain counsel. With respect to such employers, an existing complaint could never be amended to add a PAGA claim. Such an outcome is absurd given that PAGA itself talks about how an employee "may as a matter of right amend an existing complaint to add a cause of action arising under [PAGA]." Cal. Lab. Code § 2699.3(a)(2)(C). Plaintiffs submit that, if their notification via Defendants' attorneys were inadequate, the LWDA would not have responded by giving Plaintiffs the right to amend the Complaint and file a PAGA claim. In fact, as further confirmation that Plaintiffs' notice was appropriate, the LWDA's letter of July 28, 2008, was sent to Defendants' attorney and addressed to "NMS Supply, Inc. c/o Paul Simpson." (Harris Decl. Ex. 1.) There is no indication that any correspondence from the LWDA was sent directly to Defendants.

Defendants' desperate attempt to attack to the sufficiency of Plaintiffs' notice is without merit. Accordingly, Plaintiffs' Motion for Leave to File a First Amended Complaint should be granted.

**2. The Additional Proposed Allegations Provide Detail and Examples of How Defendants Fail to Compute Accurately the Correct Overtime Rate.**

During the course of both informal and formal discovery over the past few months, Plaintiffs have learned of additional claims, as well as of more specific

violations, that can and should be asserted against Defendants. For example, Plaintiffs seek to add the following additional allegations to paragraph 32 in the Complaint:

> For example, Plaintiffs were not compensated for work performed before and/or after the scheduled work shift. Further, when paying overtime, Plaintiffs were routinely paid at an artificially low rate, the employer-Defendants, when computing the applicable base hourly wage, failing to give proper consideration to wages earned by reason of employee work through rest periods or meal breaks. As a result, the Defendants failed to pay overtime wages at the correct overtime rate.

(Harris Decl. Ex. 2 at ¶ 32.) Similarly, Plaintiffs seek to add the following allegations to paragraph 64 of the Complaint:

> WHITESIDE, NMS and JWC routinely paid employees at an artificially low overtime rate, failing to consider the impact of wages owing on account of employee time work during rest periods and meal breaks.

(Harris Decl. Ex. 2 at ¶ 64.) The additional allegations that Plaintiffs propose to add are not "increased verbiage," nor are the allegations simply "along for the ride," as Defendants argue in their Opposition. (Defs.' Opp'n at 2:14, 4:17–19.) Rather, the additional proposed allegations provide a specific contention regarding how and why Defendants failed to compute accurately the correct overtime rate—a contention that may not be explicitly clear in the original pleading. There is no reason why Plaintiffs should be precluded from alleging newly discovered allegations of behavior that give rise to the specific claims Plaintiffs are asserting in

///

///

1  this action.²

2  Once again, Defendants' argument is wholly unavailing. Consequently,

3  Plaintiffs' Motion for Leave to File a First Amended Complaint should be granted.

## CONCLUSION

5  This Court should grant the requested relief and permit Plaintiffs to file their

6  First Amended Complaint.

8  Dated: August 7, 2008                    HARRIS & RUBLE

9                                    By:    /s/
                                            _____
10                                          Alan Harris
                                            *Attorneys for Plaintiffs WALTER PEREZ*
11                                          *ESCOBAR, MARGARITO GONZALEZ, and*
                                            *FRANCISCO CISNEROS-ZAVALA*

---

² Additionally, Plaintiffs acknowledge that the caption under the Eighth Cause of Action in the [Proposed] First Amended Complaint attached as Exhibit 3 to the original Declaration of Alan Harris does not describe accurately the claim being asserted. Plaintiffs have corrected the caption and attached a modified draft of the [Proposed] First Amended Complaint as Exhibit 2 to the Declaration of Alan Harris in Support of Plaintiff's Reply Memorandum in Support of Plaintiff's Motion for Leave to File a First Amended Complaint.

## **PROOF OF SERVICE**

I am attorney for Plaintiffs herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 5455 Wilshire Boulevard, Suite 1800, Los Angeles, California 90036. On August 7, 2008, I served the within document(s): **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**.

I caused such to be delivered by hand in person to:

    N/A

I caused such to be delivered by fax or e-mail to:

    N/A

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

    N/A

I caused such to be delivered via the Court's CM/ECF System:

    Paul Simpson – psimpson@sgilaw.com

I declare under penalty of perjury that the above is true and correct. Executed on August 7, 2008, at Los Angeles, California.

                                           /s/
                                      David Zelenski

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT