1  Alan Harris (SBN 146079)
   David Zelenski (SBN 231768)
2  HARRIS & RUBLE
   5455 Wilshire Boulevard, Suite 1800
3  Los Angeles, California 90036
   Telephone: (323) 931-3777
4  Facsimile: (323) 931-3366

5  Attorneys for Plaintiffs
   WALTER PEREZ ESCOBAR, MARGARITO,
6  GONZALEZ and FRANCISCO CISNEROS-ZAVALA

7

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

12  WALTER PEREZ ESCOBAR,               Case No. CV-08-1120 WHA
    MARGARITO GONZALEZ and
13  FRANCISCO CISNEROS-ZAVALA,          **DECLARATION OF ALAN**
    individually and on behalf of all others  **HARRIS IN SUPPORT OF**
14  similarly situated,                 **PLAINTIFFS' REPLY**
                                        **MEMORANDUM IN SUPPORT**
15              Plaintiffs,             **OF PLAINTIFFS' MOTION FOR**
                                        **LEAVE TO FILE A FIRST**
16          v.                          **AMENDED COMPLAINT**

17  WHITESIDE CONSTRUCTION              Date:      August 21, 2008
    CORPORATION, NMS SUPPLY INC.,       Time:      8:00 AM
18  J.W. CONSTRUCTION, INC. and         Courtroom: 9
    DAVID R. WHITESIDE,                 Judge:     Hon. William Alsup
19
                Defendants.
20

21

22

23

24

25

26

27

28
                                    1

I, Alan Harris, declare under penalty of perjury as follows:

      1.     I am a member in good standing of the State Bar of California and am one of the attorneys for Plaintiffs in the within action. I make this Declaration on behalf of the Plaintiffs and in support of the Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion for Leave to File a First Amended Complaint. If sworn as a witness, I could competently testify to each and every fact set forth herein from my own personal knowledge.

      2.     At the time of the filing of the Motion for Leave to File a First Amended Complaint, Plaintiffs had still not received written notice from the California Labor and Workforce Development Agency ("LWDA") confirming that it did not intend to investigate, thereby giving Plaintiffs the statutory right to assert claims in this action pursuant to the Labor Code Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq*.

      3.     Attached hereto as **<u>Exhibit 1</u>** is a true and correct copy of the July 28, 2008, LWDA letter informing the parties that the LWDA did not intend to investigate the claims. In addition to receiving this letter from the LWDA regarding NMS Supply, Inc., a representative from the LWDA confirmed that a similar letter had been sent out with respect to Whiteside Construction Corporation and that a similar letter will be sent out shortly with respect to J.W. Construction, Inc. Plaintiffs expect to receive the remaining letters prior the hearing date on the instant Motion. At that time, Plaintiffs will file a supplemental declaration and attach the outstanding LWDA letters.

///

///

///

///

///

DECLARATION OF ALAN HARRIS IN SUPPORT OF PLAINTIFFS'
REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
LEAVE TO FILE A FIRST AMENDED COMPLAINT

4.      Attached hereto as **Exhibit 2** is a corrected copy of Plaintiffs' [Proposed] First Amended Complaint, which Amended Complaint includes an accurate description of the claim being asserted in the Eight Cause of Action.

I have read the foregoing, and the facts set forth therein are true and correct of my own personal knowledge.  Executed August 7, 2008, in the County of Los Angeles, State of California.

_/s/_____

Alan Harris

## PROOF OF SERVICE

I am attorney for Plaintiffs herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 5455 Wilshire Boulevard, Suite 1800, Los Angeles, California 90036. On August 7, 2008, I served the within document(s): **DECLARATION OF ALAN HARRIS IN SUPPORT OF PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**.

I caused such to be delivered by hand in person to:

    N/A

I caused such to be delivered by fax or e-mail to:

    N/A

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

    N/A

I caused such to be delivered via the Court's CM/ECF System:

    Paul Simpson – psimpson@sgilaw.com

I declare under penalty of perjury that the above is true and correct. Executed on August 7, 2008, at Los Angeles, California.

                                /s/
                                David Zelenski

EXHIBIT 1



Governor
Arnold
Schwarzenegger

Secretary
Victoria L. Bradshaw

Agricultural
Labor
Relations
Board

California
Unemployment
Insurance
Appeals
Board

California
Workforce
Investment
Board

Department of
Industrial
Relations

Economic
Strategy
Panel

Employment
Development
Department

Employment
Training
Panel

# CALIFORNIA
# Labor & Workforce Development Agency

Date July 28, 2008

Harris & Ruble
5455 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036

Whiteside Construction Corporation
c/o Paul Simpson
Simpson, Garrity & Innes
601 Gateway Blvd., Suite 950
South San Francisco, CA 94080

Re:      LWDA No: 3681
         Employer:    Whiteside Construction Corporation
         Employee:    Walter Perez Escobar

Dear Employer and Representative of the Employee:

This is to inform you that the Labor and Workforce Development Agency (LWDA)
received your notice of alleged Labor Code violations pursuant to Labor Code Section
2699, postmarked June 20, 2008 and after review, does not intend to investigate the
allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides that "…civil
penalties recovered by aggrieved employees shall be distributed as follows:  75 percent to
the LWDA for enforcement of labor laws and education of employers and employees about
their rights and responsibilities under this code".  Labor Code Section 2699(l) specifies
"[T]he superior court shall review and approve any penalties sought as part of a proposed
settlement agreement pursuant to this part".

Consequently you must advise us of the results of the litigation, and forward a copy of the
court judgment or the court-approved settlement agreement.

Sincerely,

Doug Hoffner
Undersecretary

State of California
Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

Harris & Ruble
5455 Wilshire Boulevard #1800
Los Angeles, CA 90036
3681

CERTIFIED MAIL

7006 0100 0001 9658 7272

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

U.S. POSTAGE
PB5550489
$05.32°
30 JUL 2008
MAILED FROM ZIP CODE 95814
PITNEY BOWES

EXHIBIT 2

1  Alan Harris (SBN 146079)
   David Zelenski (SBN 231768)
2  HARRIS & RUBLE
   5455 Wilshire Boulevard, Suite 1800
3  Los Angeles, CA 90036
   Telephone: (323) 931-3777
4  Facsimile: (323) 931-3366

5  Attorneys for Plaintiff

6

7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11 WALTER PEREZ ESCOBAR,              Case No. CV-08-1120 WHA
   MARGARITO GONZALEZ, and
12 FRANCISCO CISNEROS-                **CLASS ACTION COMPLAINT**
   ZAVALA, individually and on
13 behalf of all others similarly      1. Cal. Lab. Code § 226.7 (wages for
   situated,                             rest and meal period)
14
                 Plaintiff,           2. Cal. Lab. Code § 203 (continuing
15                                       wages)
16      v.                            3. Cal. Lab. Code § 226 (wage
                                         statements)
17 WHITESIDE CONSTRUCTION
   CORPORATION, NMS SUPPLY,           4. Cal. Lab Code §§ 204, 510 and
18 INC., J. W. CONSTRUCTION,             1194 California Labor Code
   INC., and DAVID R. WHITESIDE,         (Failure to Pay Minimum Wage or
19                                       Overtime Compensation)
                 Defendants.
20                                    5. 29 USCS § 206 and 207 (Fair
                                         Labor Standards Act)
21
                                      6. Cal. Bus. & Prof. Code § 17200 *et
22                                       seq.*

23                                    7. California Labor Code § 2802,
                                         Indemnification for Expenditures
24                                       or Losses in Discharge of Duties

25                                    8. Cal. Lab. Code § 2698 *et seq.*,
                                         Civil Penalties
26

27                                    **DEMAND FOR JURY TRIAL**

28

[PROPOSED] FIRST AMENDED COMPLAINT

1   COME NOW Plaintiffs, and for their causes of action against Defendants, allege:

2   **JURISDICTION AND VENUE**

3       1.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b).

4   Defendants constitute an "enterprise" within the meaning of the Fair Labor Standards

5   Act, 29 U.S.C. § 203. See 29 U.S.C. § 203(r) (defining "enterprise"). Defendants are

6   engaged in interstate commerce, with annual sales in excess of $1,000,000 and with

7   more than 300 employees. This Court has federal-question jurisdiction under 28 U.S.C.

8   § 1331. Furthermore, under 28 U.S.C. § 1367, this Court may exercise supplemental

9   jurisdiction over Plaintiff's state-law claims. There are no grounds that would justify

10   this Court's declining to exercise its jurisdiction pursuant to 28 U.S.C. § 1367. See 28

11   U.S.C. § 1367(c) (explaining grounds on which courts may decline to exercise

12   supplemental jurisdiction).

13   **PARTIES AND JURISDICTION**

14       2.    Plaintiffs FRANCISCO CISNEROS-ZAVALA ("CISNEROS-ZAVALA"),

15   MARGARITO GONZALEZ ("GONZALEZ") and WALTER PEREZ ESCOBAR

16   ("ESCOBAR") (collectively, "Plaintiffs") are individuals who, during the time periods

17   relevant to this Complaint, were employed within the County of Contra Costa, State of

18   California. ESCOBAR is resident of the County of Marin, State of California.

19   CISNEROS-ZAVALA and GONZALEZ are residents of the County of Contra Costa.

20       3.    Defendant WHITESIDE CONSTRUCTION CORPORATION

21   ("WHITESIDE") was and is a California Corporation doing business within the State of

22   California. On the California Secretary of State's website, WHITESIDE lists its address

23   as P.O. Box 3578, San Rafael, California 94912. Defendants are informed and believe

24   and thereupon allege that WHITESIDE's actual place of business is 1151 Hensley Street,

25   Richmond, California 94801. WHITESIDE's Agent for Service of Process is David R.

26   Whiteside, 101 Morphew Street, San Rafael, California 94901. WHITESIDE is a large

27   concrete construction company that conducts business throughout the greater San

28   Francisco Bay Area. WHITESIDE is licensed in California under Contractor's License

1    number 577719.

2        4.      Defendant NMS SUPPLY INC. ("NMS") was and is a California

3    Corporation doing business within the State of California.  On the California Secretary

4    of State's website, NMS lists its address as 1151 Hensley Street, Richmond, California

5    94801.  NMS's Agent for Service of Process is David R. Whiteside, 20 Baywood Circle,

6    Novato, California 94949.  On information and belief, NMS does not appear to hold a

7    California Contractor's License.

8        5.      Defendant J.W. CONSTRUCTION, INC. ("JWC") was and is a California

9    Corporation doing business within the State of California.  On the California Secretary

10   of State's website, JWC lists its address as 631 Marina Way South, Richmond,

11   California 94804.  JWC's Agent for Service of Process is Michelle A. Whiteside, 615

12   Biscayne Drive, San Rafael, California 94901.  On information and belief, JWC does not

13   appear to hold a California Contractor's License.

14       6.      WHITESIDE 2007 ("WHITESIDE 2007") is the name of the company that

15   is listed on GONZALEZ's W2 for the year 2007.  The California Secretary of State does

16   not list WHITESIDE 2007 as either a registered California Corporation or a registered

17   Limited Liability Company.  GONZALEZ's W2 lists WHITESIDE 2007's Employer

18   Identification Number ("EIN") as the same EIN as is listed on WHITESIDE's W2.

19   Plaintiffs are informed and believe and thereupon allege that Defendant DAVID R.

20   WHITESIDE controls and operates WHITESIDE 2007, and that WHITESIDE 2007 is

21   another name for WHITESIDE.

22       7.      Plaintiffs are informed and believe and thereupon allege that Defendant

23   David R. Whiteside ("DAVID R. WHITESIDE") is the President of WHITESIDE, NMS,

24   and JWC.  DAVID R. WHITESIDE controls and is responsible for the operations,

25   policies and practices as herein alleged for WHITESIDE, NMS, and JWC.  Defendants

26   are informed and believe and thereupon alleged that DAVID R. WHITESIDE is a

27   resident of Novato, California.   Plaintiffs are informed and believe and thereupon allege

28   that DAVID R. WHITESIDE hires employees by and through WHITESIDE, JWC, and

1  NMS to work on and for DAVID R. WHITESIDE's various construction jobs

2  throughout Northern California.

3      8.    Defendants are informed and believe and thereupon alleged that

4  WHITESIDE, NMS, JWC, and DAVID R. WHITESIDE maintain facilities in and

5  throughout Marin and Contra Costa Counties. WHITESIDE, NMS, JWC, and DAVID

6  R. WHITESIDE conduct business throughout Northern California and at all relevant

7  times employed Plaintiffs and numerous other hourly paid employees throughout

8  Northern California. WHITESIDE, NMS, JWC, and DAVID R. WHITESIDE have

9  significant contacts with this judicial district and the activities complained of herein

10  occurred in whole or in part, in this judicial district.

11                    **GENERAL ALLEGATIONS**

12      9.    CISNEROS-ZAVALA worked as an employee of WHITESIDE, NMS

13  and/or JWC from approximately December 2000 through August 2007. During this

14  period CISNEROS-ZAVALA was employed as a non-exempt Laborer at

15  WHITESIDES's facilities in Richmond, California. GONZALEZ worked as an

16  employee of WHITESIDE and JWC from approximately April 1991 through February

17  2007. During this period GONZALEZ was employed as a non-exempt Laborer at

18  WHITESIDES's facilities in Richmond, California. ESCOBAR worked as an employee

19  of NMS from approximately November 2007 through December 2007. During this

20  period GONZALEZ was employed as a non-exempt Laborer at WHITESIDES's

21  facilities in Richmond, California. Under Wage Order 16-2001, Construction

22  occupations, including construction Laborers such as Plaintiffs, are not considered

23  exempt employees.

24      10.    WHITESIDE, NMS, JWC and DAVID R. WHITESIDE required that

25  Plaintiffs report to the WHITESIDE construction yard in Richmond, California at 6:00

26  A.M. each workday. At that time, the Plaintiffs would be directed by WHITESIDE

27  management, including but not limited to DAVID R. WHITESIDE, as to where they

28  were being assigned to work that particular day. Thereafter, the Plaintiffs would travel

1    from the WHITESIDE construction yard to the WHITESIDE project where they were

2    assigned to work. Generally, WHITESIDE would assign the Plaintiffs a work schedule

3    that began at 7:00 A.M and ended at 3:30 P.M.

4         11.    Generally, WHITESIDE, NMS, JWC and DAVID R. WHITESIDE did not

5    pay the Plaintiffs for any time spent working prior to 7:00 A.M. Furthermore, Plaintiffs

6    were not paid for the travel time between the WHITESIDE construction yard in

7    Richmond, California and the location where the Plaintiffs would work that day.

8    Furthermore, many times the Plaintiffs would work past 3:30 PM, the time they were

9    regularly scheduled to end work, but Plaintiffs were rarely, if even, compensated for this

10   additional time spent working. Furthermore, Plaintiffs would not be compensated for the

11   afternoon or evening time spent driving from the Defendant construction site to the

12   WHITESIDE yard in Richmond, California.

13        12.    Plaintiffs were rarely provided with a 10 minute break within the first 4

14   hours of their workday. Furthermore, Plaintiffs were never provided with a 10 minute

15   break within the second 4 hours of work of their workday (i.e. within hours 5 through 8

16   of a typical workday).

17        13.    Furthermore, in many instances Plaintiffs were required to work through

18   their 30 minute lunch break, and were either not allowed to take a lunch break, or, were

19   required to cut short their 30 minute lunch break.

20        14.    In many instances, the Plaintiffs were required to drive their own vehicles

21   from the WHITESIDE yard in Richmond, California to the defendant construction

22   location where the employee was assigned to work on a particular day. Sometimes the

23   work site would be more than an hour from the WHITESIDE yard in Richmond,

24   California. Even though Plaintiffs used their personal vehicles to drive from the

25   WHITESIDE yard in Richmond to the construction site, the Plaintiffs were never paid a

26   mileage stipend, nor were they compensated for their gas money or bridge tolls.

27        15.    At all relevant times mentioned herein, section 201 of the California Labor

28   Code provided that "wages earned and unpaid at the time of discharge are due and

[PROPOSED] FIRST AMENDED COMPLAINT

1   payable immediately." Section 202 of the California Labor code provided that for

2   individuals who quit with at least three days notice, payment of final wages would be

3   immediate and that for individuals who quit without notice, payment of final wages

4   would be within 72 hours.

5       16.    WHITESIDE, NMS, JWC and DAVID R. WHITESIDE did not compensate

6   Plaintiffs as required by sections 201 and/or 202 of the California Labor Code.

7       17.    To date, Plaintiffs have not been compensated for all of the work they

8   performed for WHITESIDE, NMS, JWC and DAVID R. WHITESIDE.

9       18.    At all relevant times mentioned herein, section 203 of the California Labor

10  Code provided:

11          If an employer willfully fails to pay, without abatement or reduction, in

12          accordance with Sections 201, 201.5, 202 and 202.5, any wages of an

13          employee who is discharged or who quits, the wages of the employee shall

14          continue as a penalty from the due date thereof at the same rate until paid or

15          until action therefor is commenced; but the wages shall not continue for

16          more than 30 days.

17      19.    Plaintiffs contend that the failure of WHITESIDE, NMS, JWC and DAVID

18  R. WHITESIDE to pay them within the time provided by sections 201 and 202 of the

19  California Labor Code has been and is "willful" within the meaning of section 203 of the

20  California Labor Code and that, accordingly, Plaintiffs are entitled to the "continuing

21  wages" provided for by section 203.

22      20.    At all relevant times mentioned herein, section 1198 of the California Labor

23  Code provided:

24          The maximum hours of work and the standard conditions of labor fixed by

25          the [Industrial Welfare Commission] shall be the maximum hours of work

26          and the standard conditions of labor for employees. The employment of any

27          employee for longer hours than those fixed by [an] order or under

28          conditions of labor prohibited by [an] order is unlawful.

1    21.    At all relevant times mentioned herein, Wage Order Number 16 (as

2    periodically amended) applied to Plaintiffs.

3    22.    Wage Order 16 requires a one-hour wage premium for each day that an

4    employee is not provided with a mandated ten-minute rest period per four-hour work

5    period.  Wage Order 16, ¶11(D).  Additionally, Wage Order 16 requires a one-hour wage

6    premium for each day that an employee is not provided with a mandated thirty-minute

7    meal period for any shift that is longer than five hours.  Wage Order 16, ¶10(F).  Finally,

8    Wage Order 16 requires that those who are employed more than eight (8) hours in any

9    workday or more than 40 hours in any workweek receive overtime compensation.  Wage

10   Order 16, ¶3(A).

11   23.    The right to rest periods and meal periods has been codified in sections

12   226.7 and 512 of the California Labor Code.  At all relevant times mentioned herein,

13   section 512(a) provided:

14       An employer may not employ an employee for a work period of more than

15       five hours per day without providing the employee with a meal period of not

16       less than 30 minutes, except that if the total work period per day of the

17       employee is no more than six hours, the meal period may be waived by

18       mutual consent of both the employer and employee.  An employer may not

19       employ an employee for a work period of more than 10 hours per day

20       without providing the employee with a second meal period of not less than

21       30 minutes, except that if the total hours worked is no more than 12 hours,

22       the second meal period may be waived by mutual consent of the employer

23       and the employee only if the first meal period was not waived.

24   At all relevant times mentioned herein, section 226.7(b) provided:

25       If an employer fails to provide an employee a meal period or rest period in

26       accordance with an applicable order of the Industrial Welfare Commission,

27       the employer shall pay the employee one additional hour of pay at the

28       employee's regular rate of compensation for each work day that the meal or

7

1    rest period is not provided.

2        24.    Compensation for missed rest and meal periods constitutes wages within the

3    meaning of the California Labor Code.

4        25.    At all relevant times mentioned herein, section 558 of the California Labor

5    Code provided:

6        (a) Any employer or other person acting on behalf of an employer who

7        violates, or causes to be violated, a section of this chapter or any provision

8        regulating hours and days of work in any order of the Industrial Welfare

9        Commission shall be subject to a civil penalty as follows:  (1) For any initial

10       violation, fifty dollars ($50) for each underpaid employee for each pay

11       period for which the employee was underpaid in addition to an amount

12       sufficient to recover underpaid wages.  (2) For each subsequent violation,

13       one hundred dollars ($100) for each underpaid employee for each pay

14       period for which the employee was underpaid in addition to an amount

15       sufficient to recover underpaid wages.  (3) Wages recovered pursuant to this

16       section shall be paid to the affected employee.

17       26.    Plaintiffs contend that WHITESIDE, NMS, JWC and DAVID R.

18   WHITESIDE's failure to comply with section 512 of the California Labor Code and with

19   Wage Order 16 subjects WHITESIDE, NMS, and JWC to civil penalties pursuant to

20   section 558.

21       27.    Plaintiffs also contend that WHITESIDE, NMS, and JWC's failure to

22   comply with section 226 of the California Labor Code subjects WHITESIDE, NMS, and

23   JWC to civil penalties pursuant to section 226.3 of the California Labor Code.  At all

24   relevant times mentioned herein, section 226 of the California Labor Code provided:

25       (a) Every employer shall, semimonthly or at the time of each payment of

26       wages, furnish each of his or her employees, either as a detachable part of

27       the check, draft, or voucher paying the employee's wages, or separately

28       when wages are paid by personal check or cash, an itemized statement in

writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

. . . .

(g) An employee may also bring an action for injunctive relief to ensure

1    compliance with this section, and is entitled to an award of costs and

2    reasonable attorney's fees.

3 WHITESIDE, NMS, and JWC employed Plaintiffs but failed to provide them with the

4 data required by section 226 of the California Labor Code.  For example, WHITESIDE,

5 NMS, and JWC failed to provide information concerning the legal name and address of

6 the employer, the total hours actually worked by the employee and total wages earned on

7 account of meal and rest penalties.  WHITESIDE, NMS, and JWC further failed to

8 provide information regarding the time and wages for pre and post-shift work preformed

9 by Plaintiffs but not paid for by WHITESIDE, NMS, and JWC.  Exhibit 1 hereto reflects

10 certain of Plaintiffs' wage statements.  At all relevant times mentioned herein, section

11 226.3 of the California Labor Code provided:

12    Any employer who violates subdivision (a) of Section 226 shall be subject

13    to a civil penalty in the amount of two hundred fifty dollars ($250) per

14    employee per violation in an initial citation and one thousand dollars

15    ($1,000) per employee for each violation in a subsequent citation, for which

16    the employer fails to provide the employee a wage deduction statement or

17    fails to keep the records required in subdivision (a) of Section 226.  The

18    civil penalties provided for in this section are in addition to any other

19    penalty provided by law.

20    28.    At all relevant times mentioned herein, section 204(a) of the California

21 Labor Code provided:

22    All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2,

23    earned by any person in any employment are due and payable twice during

24    each calendar month, on days designated in advance by the employer as the

25    regular paydays. Labor performed between the 1st and 15th days, inclusive,

26    of any calendar month shall be paid for between the 16th and the 26th day

27    of the month during which the labor was performed, and labor performed

28    between the 16th and the last day, inclusive, of any calendar month, shall be

1  paid for between the 1st and 10th day of the following month.

2      29.   At all relevant times mentioned herein, section 510 (a) of the California

3  Labor Code provided:

4        Eight hours of labor constitutes a day's work. Any work in excess of

5        eight hours in one workday and any work in excess of 40 hours in any

6        one workweek and the first eight hours worked on the seventh day of

7        work in any one workweek shall be compensated at the rate of at least one

8        and one-half times the regular rate of pay for an employee. Any work in

9        excess of 12 hours in one day shall be compensated at the rate of no less

10       than twice the regular rate of pay for an employee. In addition, any work

11       in excess of eight hours on any seventh day of a workweek shall be

12       compensated at the rate of no less than twice the regular rate of pay of an

13       employee. Nothing in this section requires an employer to combine more

14       than one rate of overtime compensation in order to calculate the amount

15       to be paid to an employee for any hour of overtime work. The

16       requirements of this section do not apply to the payment of overtime

17       compensation to an employee working pursuant to any of the following

18         (1) An alternative workweek schedule adopted pursuant to Section 511.

19         (2) An alternative workweek schedule adopted pursuant to a collective

20         bargaining agreement pursuant to Section 514.

21     30.   In regard to the employment of Plaintiffs, the provisions of subparagraphs

22 (1) and (2) of section 510 of the California Labor Code were inapplicable in that no

23 alternative workweek schedule had been adopted pursuant to section 511 and Plaintiffs'

24 employment to which reference is hereinafter made was not governed by any collective

25 bargaining agreement.

26     31.   At all relevant times mentioned herein, section 1194 of the California Labor

27 Code provided:

28       Notwithstanding any agreement to work for a lesser wage, any employee

1    receiving less than the legal minimum wage or the legal overtime

2    compensation applicable to the employee is entitled to recover in a civil

3    action the unpaid balance of the full amount of this . . . overtime

4    compensation, including interest thereon, reasonable attorney's fees, and

5    costs of suit.

6    At all relevant times mentioned herein, section 1194.2 of the California Labor Code

7    provided:

8    (a) In any action under . . . Section 1194 to recover wages because of the

9    payment of a wage less than the minimum wage fixed by an order of the

10   commission, an employee shall be entitled to recover liquidated damages in

11   an amount equal to the wages unlawfully unpaid and interest thereon.

12   32.    Notwithstanding the foregoing requirements of law, Plaintiffs were

13   routinely denied payment of minimum wage or overtime wages, being compensated only

14   for hours scheduled rather than for actual hours worked.  For example, Plaintiffs were

15   not compensated for work performed before and/or after the scheduled work shift.

16   Further, when paying overtime, Plaintiffs were routinely paid at an artificially low rate,

17   the employer-Defendants, when computing the applicable base hourly wage, failing to

18   give proper consideration to wages earned by reason of employee work through rest

19   periods and meal breaks.  As a result, the Defendants failed to pay overtime wages at the

20   correct overtime rate.

21   33.    Section 2699 of the California Labor Code, the Labor Code Private

22   Attorneys General Act of 2004, provides in subpart (a) and subparts (f) through (g):

23   Notwithstanding any other provision of law, any provision of this code that

24   provides for a civil penalty to be assessed and collected by the Labor and

25   Workforce Development Agency or any of its departments, divisions,

26   boards, agencies or employees, for a violation of this code, may, as an

27   alternative, be recovered through a civil action brought by an aggrieved

28   employee on behalf of herself or herself and other current or former

1  employees pursuant to the procedures specified in Section 2699.3.

2  . . . .

3  For all provisions of this code except those for which a civil penalty is

4  specifically provided, there is established a civil penalty for a violation of

5  these provisions . . . on behalf of herself or herself and other current or

6  former employees . . . .

7      34.    Pursuant to section 2699 of the California Labor Code, Plaintiffs contends

8  that sections 201, 203, 204, 226, 226.3, 226.7, 512, 558, 1194 and 1198 of the California

9  Labor Code may entitle them to recover civil penalties against WHITESIDE, NMS, and

10  JWC through a civil action on behalf of themselves and other current and former

11  employees.  Further, the provisions of Wage Order 16 also may entitle them to recover

12  civil penalties against WHITESIDE, NMS, and JWC through a civil action on behalf of

13  themselves and other current and former employees.

14  **CLASS-ACTION ALLEGATIONS**

15      35.    The class represented by Plaintiffs (hereafter referred to as the "Class")

16  consists of all natural persons who were issued one or more paychecks by WHITESIDE,

17  NMS, and/or JWC in California during the period beginning four years prior to the filing

18  of this Complaint to date (such persons referred to hereafter as "Class Members" and

19  such period referred to hereafter as "Class Period").

20      36.    Plaintiffs contend that the failure of WHITESIDE, NMS, and/or JWC to

21  provide the data required by section 226 of the California Labor Code entitles each Class

22  Member to either actual damages or statutory damages, whichever is greater.

23      37.    Plaintiffs contend that the failure of WHITESIDE, NMS, and/or JWC to pay

24  wages as provided by section 226.7 of the California Labor Code entitles each Class

25  Member to payment of such earned but unpaid wages owing on account of missed rest

26  periods and meal breaks.

27      38.    Plaintiffs contend that the failure of WHITESIDE, NMS, and/or JWC to pay

28  overtime wages as provided by sections 204, 514 and 1194 of the California Labor Code

1  entitles each Class Member to payment of such earned but unpaid overtime wages,

2  WHITESIDE, NMS, and/or JWC having, inter alia, failed to consider unpaid wages

3  owed on account of missed rest periods and meal breaks in computing the overtime rate

4  applicable to Plaintiffs and Class Members.

5       39.    Plaintiffs contend that the failure of WHITESIDE, NMS, and JWC to make

6  final wage payments within the time provided by sections 201 and/or 202 of the

7  California Labor Code has been and is "willful" within the meaning of section 203 of the

8  California Labor Code and that, accordingly, each Class Member who has had his

9  employment with Defendant NMS terminated is entitled to the "continuing wages" for

10  which provision is made by section 203 of the California Labor Code.

11       40.    The number of Class Members is great, believed to be in excess of one-

12  thousand persons.  It therefore is impractical to join each Class Member as a named

13  plaintiff.  Accordingly, utilization of a class action is the most economically feasible

14  means of determining the merits of this litigation.

15       41.    Despite the Class Members' numerosity, the Class Members are readily

16  ascertainable through an examination of the records that WHITESIDE, NMS, and JWC

17  are required by law to keep.  Likewise, the dollar amount owed to each Class Member is

18  readily ascertainable by an examination of those same records.

19       42.    Common questions of fact and of law predominate in the claims of Class

20  Members over individual issues regarding the money owed to each Class Member.

21  Some of the common issues herein are described in Paragraph 46, infra.

22       43.    There is a well-defined community of interest in the questions of law and

23  fact common to the Class Members. Some of the common issues herein are described in

24  Paragraph 46, infra.

25       44.    Plaintiffs' claims are typical of the claims of the Class Members, which

26  claims all arise from the same general operative facts, namely, Defendants did not

27  compensate employees as required by the California Labor Code and the Fair Labor

28  Standards Act.  Plaintiffs have no conflict of interest with the other Class Members and

1  they and their counsel are able to represent the interests of the other Class Members

2  fairly and adequately.

3      45.    A class action is a superior method for the fair and efficient adjudication of

4  this controversy. The persons within the Class are so numerous that joinder of all of

5  them is impracticable. The disposition of all claims of the members of the class in a

6  class action, rather than in individual actions, benefits the parties and the court. The

7  interest of the Class Members in controlling the prosecution of separate claims against

8  Defendants is small when compared with the efficiency of a class action. The claims of

9  each individual Class Member are too small to litigate individually, and the

10  commencement of separate actions in this Court would lead to an undue burden on

11  scarce judicial resources. Further, the alternative of individual proceedings before the

12  California Labor Commissioner is impractical inasmuch as that agency has insufficient

13  resources to process such claims promptly and, under the provisions of California Labor

14  Code section 98.2, if the individual class members were to succeed in obtaining awards

15  in their favor, such awards are subject to appeal as a matter of right for a *de novo* trial in

16  Superior Court, leading to a multiplicity of such trials in that court. Further, absent class

17  treatment, employees will most likely be unable to secure redress given the time and

18  expense necessary to pursue individual claims, and individual Class Members will likely

19  be unable to retain counsel willing to prosecute their claims on an individual basis, given

20  the small amount of recovery. As a practical matter, denial of class treatment will lead to

21  denial of recovery to the individual Class Members.

22      46.  There is a well-defined community of interest in the questions of law and fact

23  common to the Class. The key questions are the same for each Class Member:  (a) Was

24  such Class Member an employee of Defendant WHITESIDE, NMS, JWC and/or DAVID

25  R. WHITESIDE?  (b) Was such Class Member entitled to continuing wages?  (c) Was

26  such Class Member paid his or her wages as provided by sections 201 and/or 202 of the

27  California Labor Code?  (d) Did WHITESIDE, NMS, JWC and/or DAVID R.

28  WHITESIDE fail to timely pay Class members their minimum and overtime wages? (e)

1  Did WHITESIDE, NMS, JWC and/or DAVID R. WHITESIDE fail to pay Class

2  Members for work performed before and/or after a work shift? (f) Did WHITESIDE,

3  NMS, JWC and/or DAVID R. WHITESIDE fail to provide Class Members with

4  appropriate a thirty minute, uninterrupted meal break? (g) Did WHITESIDE, NMS, JWC

5  and/or DAVID R. WHITESIDE fail to provide Class Members with a mandated ten-

6  minute rest period per four-hour work period? (h) Did WHITESIDE, NMS, JWC and/or

7  DAVID R. WHITESIDE commit unlawful business acts or practices within the meaning

8  of California Business and Professions Code sections 17200 *et seq.*? (i) Did

9  WHITESIDE, NMS, JWC and/or DAVID R. WHITESIDE fail to compensate Class

10 Members for car and transportation expense between WHITESIDE, which is located in

11 Richmond, California and the Class Members' daily work site?

12    47.  The interest of each Class Member in controlling the prosecution of his or her

13 individual claim against WHITESIDE, NMS, JWC and DAVID R. WHITESIDE is small

14 when compared with the efficiency of a class action.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16    48. In this collective action, Plaintiffs seek to represent all individuals who were

17 employed by Defendants (the "COLLECTIVE ACTION MEMBERS").

18    49.  Plaintiffs are similarly situated with the COLLECTIVE ACTION MEMBERS

19 in that: (a) Plaintiffs and the COLLECTIVE ACTION MEMBERS were employed by

20 Defendants; (b) Plaintiffs and the COLLECTIVE ACTION MEMBERS were not paid

21 their wages for actual hours worked, instead being paid for scheduled hours; (c)

22 Plaintiffs and the COLLECTIVE ACTION MEMBERS were not paid for work

23 performed before and/or after a work shift; (d) Defendants knowingly and willfully

24 violated provisions of the FLSA, by not paying Plaintiffs and the COLLECTIVE

25 ACTION MEMBERS their wages; (e) As a result of Defendants' practice of withholding

26 compensation for all hours worked, Plaintiffs and the COLLECTIVE ACTION

27 MEMBERS have been similarly damaged in that they have not received timely payment

28 in full of their earned wages.

1    50. This action is maintainable as an "opt-in" collective action pursuant to 29

2    U.S.C. § 216(b) as to claims for liquidated damages, costs and attorneys' fees under the

3    FLSA.

4    51. All individuals employed by Defendants should be given notice and be

5    allowed to give their consent in writing, i.e., "opt in," to the collective action pursuant to

6    29 U.S.C. § 216(b).

7                              **FIRST CLAIM FOR RELIEF**
                                (Cal. Lab. Code § 226.7 *et seq.*)
8                    (On Behalf of Class Against WHITESIDE, NMS, and JWC)

9    52.    Plaintiffs replead, reallege, and incorporate by reference each and every

10   allegation set forth in the Complaint.

11   53.    During the Class Period, Plaintiffs and Class Members generally were not

12   provided time to take all required ten-minute rest period during their work shifts.

13   54.    During the Class Period, Plaintiffs and Class Members generally were not

14   provided time to take all required non-working thirty-minute meal breaks during their

15   work shifts.

16   55.    Accordingly, each Plaintiff and Class Member is entitled to compensation

17   for one hour of pay for each work shift longer than four hours during which he or she

18   was not provided a ten-minute rest period.  Likewise, each Plaintiff and Class Member is

19   entitled to compensation for one hour of pay for each work shift longer than five hours

20   during which he or she was not provided a thirty-minute non-working meal break.

21                             **SECOND CLAIM FOR RELIEF**
                                (Cal. Lab. Code § 203)
22                   (On Behalf of Class Against WHITESIDE, NMS, and JWC)

23   56.    Plaintiffs replead, reallege, and incorporate by reference each and every

24   allegation set forth in the Complaint.

25   57.    The failure of Defendants to compensate Plaintiffs and Class Members

26   within the time provided by sections 201 and/or 202 of the California Labor Code,

27   despite its knowledge of its obligation to do so, was "willful" within the meaning of

28   section 203 of the California Labor Code.  Each Plaintiff and Class Member is entitled to

1  continuing wages from the date on which his or her wages were due until the date on

2  which WHITESIDE, NMS, JWC and DAVID R. WHITESIDE makes payment of the

3  wages, not to exceed thirty days.

4     58.   Plaintiffs and Class Members are entitled to an injunction to prevent such

5  misconduct in the future, costs and such other relief as may be appropriate, demand for

6  which is hereby made in accord with the provisions of the California Labor Code.

7                    **THIRD CLAIM FOR RELIEF**
                      (Cal. Lab. Code § 226)
8           (On Behalf of Class Against WHITESIDE, NMS, and JWC)

9     59.   Plaintiffs replead, reallege, and incorporate by reference each and every

10  allegation set forth in the Complaint.

11    60.   WHITESIDE, NMS, JWC and DAVID R. WHITESIDE employed Plaintiffs

12  and Class Members but failed to provide them with the data required by section 226 of

13  the California Labor Code.  For example, WHITESIDE, NMS, JWC and DAVID R.

14  WHITESIDE failed to provide information concerning the legal name and address of the

15  employer, the total hours actually worked by the employee and total wages earned on

16  account of meal and rest penalties.  WHITESIDE, NMS, JWC and DAVID R.

17  WHITESIDE further failed to provide information regarding the time and wages for pre

18  and post-shift work preformed by Plaintiffs and Class Members but not paid for by

19  WHITESIDE, NMS, and/or JWC.   Accordingly, each Plaintiff and Class Member is

20  entitled to damages, and Plaintiffs are entitled to an injunction to prevent such

21  misconduct in the future, costs and attorney's fees, demand for which is hereby made in

22  accord with the provisions of the California Labor Code.

23                   **FOURTH CLAIM FOR RELIEF**
       (Cal. Lab Code §§ 204, 510, 1194, 1194.2 and 1197 California Labor Code -- Failure
24                to Pay Minimum Wage and Overtime Compensation)
             (On Behalf of Class Against WHITESIDE, NMS, and JWC)
25

26    61.   Plaintiffs replead, reallege, and incorporate by reference each and every

     allegation set forth in the Complaint.
27

28    62.   WHITESIDE, NMS, and JWC employed Plaintiffs and Class Members but

1   failed to provide them with the overtime compensation required by sections 204, 510,

2   1194, 1194.2 and 1197 of the California Labor Code.  WHITESIDE, NMS, and JWC

3   routinely paid employees for their scheduled time, rather than for their actual hours

4   worked.  WHITESIDE, NMS, and JWC routinely paid employees at an artificially low

5   overtime rate, failing to consider the impact of wages owing on account of employee

6   work during rest periods and meal breaks.  Accordingly, each Plaintiff and Class

7   Member is entitled to damages and liquidated damages, and Plaintiffs are entitled to

8   costs and attorney's fees, demand for which is hereby made in accord with the provisions

9   of the California Labor Code.

**FIFTH CLAIM FOR RELIEF**
(29 USCS § 206 and 207 – Fair Labor Standards Act -- Failure to Pay Minimum Wage
and Overtime Compensation)
(On Behalf of Class Against All Defendants)

63.    Plaintiffs replead, reallege, and incorporate by reference each and every
allegation set forth in the Complaint.

64.    Defendants, by failing to pay Plaintiffs and Class Members the wages due
and owing to them for work in excess of hours scheduled, have violated the Fair Labor
Standards Act by failing to provide at least minimum and overtime wages as required by
29 USCS § 206 and 207.  WHITESIDE, NMS, and JWC routinely paid employees at an
artificially low overtime rate, failing to consider the impact of wages owing on account
of employee work during rest periods and meal breaks.

65.    Each Plaintiff and Class Member therefore is entitled to be paid according
to proof at least the minimum and overtime wages for the hours they worked and
damages under 29 USCS § 216.  Additionally, Plaintiffs are entitled to attorney's fees
and costs.

**SIXTH CLAIM FOR RELIEF**
(Cal. Bus. & Prof. Code § 17200 *et seq.*)
(On Behalf of Class Against All Defendants)

66.    Plaintiffs replead, reallege, and incorporate by reference each and every
allegation set forth in the Complaint.

1    67.    WHITESIDE, NMS, JWC and DAVID R. WHITESIDE each are a "person"

2    within the meaning of section 17201 of the California Business and Professions Code.

3    68.    As set forth in this Complaint, Plaintiffs are informed, believe, and thereon

4    allege that, for the last four years, WHITESIDE, NMS, JWC and DAVID R.

5    WHITESIDE intentionally and improperly failed to comply with the California Labor

6    Code and the federal Fair Labor Standards Act.

7    69.    The failure of WHITESIDE, NMS, JWC and DAVID R. WHITESIDE to

8    comply with the California Labor Code has resulted in WHITESIDE, NMS, JWC and

9    DAVID R. WHITESIDE under-reporting to state authorities wages earned by Plaintiffs

10   and Class Members and, therefore, in Defendants under-paying state taxes,

11   unemployment premiums, and workers' compensation premiums, all this in an amount

12   based on estimated unpaid wages according to proof.

13   70.    Additionally, Plaintiffs are informed, believe, and thereon allege that

14   WHITESIDE, NMS, JWC and DAVID R. WHITESIDE were able to compete unfairly

15   by not complying with the California Labor Code.  By competing unfairly, WHITESIDE,

16   NMS, JWC and DAVID R. WHITESIDE have gained a competitive advantage over

17   other comparable businesses in the State of California.

18   71.    Accordingly, the failure of WHITESIDE, NMS, JWC and DAVID R.

19   WHITESIDE to comply with the California Labor Code is an unfair and/or unlawful

20   business activity prohibited by section 17200 *et seq.* of the California Business and

21   Professions Code, and it justifies the issuance of an injunction, restitution, and other

22   equitable relief pursuant to section 17203 of the California Business and Professions

23   Code.  All remedies are cumulative pursuant to section 17205 of the California Business

24   and Professions Code.

25   72.    Further, Plaintiffs request attorney's fees and costs pursuant to section

26   1021.5 of the California Code of Civil Procedure upon proof that they have acted in the

27   public interest as set forth in the Private Attorneys General Act.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SEVENTH CLAIM FOR RELIEF
(California Labor Code § 2802, Indemnification for Expenditures
or Losses in Discharge of Duties)
(On Behalf of Class Against WHITESIDE, NMS, and JWC)

73. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

74. At all times relevant herein, the relevant portion of section 2802 of the California Labor Code provided:

(a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

(b) All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.

(c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

75. Plaintiffs and the members of the Class were required by Defendants to use their own funds to provide for gas and tolls when traveling to and from construction sites and the WHITESIDE yard in Richmond, California. On information and belief, Plaintiffs and members of the Class have never been reimbursed for such costs, or depreciation on their vehicles. Defendants required Plaintiffs and Class members to bring and use their vehicles to perform the required duties. Accordingly, Plaintiffs and class members use of their vehicles for Defendants was in "direct consequence of the discharge of his [] duties." Cal. Lab. Code § 2802(a).

1   76.  To date, Defendants have not reimbursed Plaintiffs and/or the members of the

2   Class for their expenditures.

3   77.  Accordingly, Plaintiffs and the members of the Class are entitled to damages

4   in accordance with California Labor Code section 2802.

5   ## EIGHTH CLAIM FOR RELIEF

(Cal. Lab. Code § 2698 *et seq.*)

6   (On Behalf of Class Against WHITESIDE, NMS, and JWC)

7   78.  Plaintiffs replead, reallege, and incorporate by reference each and every

8   allegation set forth in the Complaint.

9   79.  Pursuant to California Labor Code section 2699.3(a)(1), on June 20, 2008,

10  Plaintiffs gave written notice by certified mail to the Labor and Workforce Development

11  Agency and Defendants, through their attorney, of the specific provisions of the

12  California Labor Code alleged to have been violated, including the facts and theories

13  specified in the original Complaint.

14  80.  Thereafter, the appropriate official of the Labor and Workforce

15  Development Agency sent a letter to Plaintiffs and to Defendants.  Pursuant to section

16  2699.3(a)(2)(A), the letter stated that the Labor and Workforce Development Agency did

17  not intend to investigate Defendants' alleged violations.  Accordingly, Plaintiffs "may as

18  a matter of right amend [the] existing complaint to add a cause of action arising under

19  this part within 60 days of the time periods specified in this part." Cal. Lab. Code §

20  2699.3(a)(2)(C).

21  81.  Section 2699 of the Labor Code provides for civil penalties for violations of

22  the Labor Code.  Section 2699(a) provides that civil penalties may be "recovered through

23  a civil action brought by an aggrieved employee on behalf of himself or herself and other

24  current or former employees."  Id. § 2699(a).  Section 2699(g) provides that an employee

25  who prevails in a civil action under section 2699 shall be entitled to an award of

26  reasonable attorneys' fees and costs.

27  82.  The State of California and Plaintiffs are, therefore, entitled to civil

28  penalties, attorneys' fees and costs, according to proof.

1   **WHEREFORE**, Plaintiffs pray judgment as follows:

2       1.    That this Court certify the class action and the collective action described in

3   this Complaint.

4       2.    That, with respect to the First Claim for Relief, Plaintiff and Class Members

5   be awarded judgment according to proof, interest, attorneys' fees and costs.

6       3.    That, with respect to the Second Claim for Relief, it be adjudged that the

7   failure of Defendant to make payment of wages within the time prescribed by sections

8   201 and/or 202 of the California Labor Code was "willful" within the meaning of section

9   203 of the California Labor Code and that this Court award Class Members continuing

10   wages, costs of suit, and interest, each according to proof.

11       4.    That, with respect to the Third Claim for Relief, this Court enter judgment

12   in favor of Class Members for damages, injunctive relief, reasonable attorney's fees, and

13   costs of suit, each according to proof.

14       5.    That, with respect to the Fourth Claim for Relief, each Class Member be

15   awarded his or her wages, liquidated damages, attorney's fees, and costs according to

16   proof.

17       6.    That, with respect to the Fifth Claim for Relief, this Court enter judgment in

18   favor of Plaintiff in the amount of damages according to proof, reasonable attorney's

19   fees, statutory damages, and costs of suit.

20       7.    That, with respect to the Sixth Claim for Relief, this Court enter judgment

21   for restitution in an amount according to proof, for interest on any restitution, and for

22   reasonable attorney's fees and costs.

23       8.    That, with respect to the Seventh Claim for Relief, this Court enter

24   judgment in favor of Plaintiff in the amount of damages according to proof, reasonable

25   attorney's fees, statutory damages, and costs of suit.

26       9.    With respect to the Eighth Claim for Relief, that the State of California,

27   Plaintiff, and the putative Class Members be awarded their civil penalties, attorney's

28   fees, and costs, each according to proof.

1        10    For such further relief as the Court may order.

2    DATED: August 7, 2008                    HARRIS & RUBLE

3

4

5                                        _____

                                    Alan Harris

6                                        *Attorney for Plaintiff*

7    ### **DEMAND FOR JURY TRIAL**

8        Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal

9    Rules of Civil Procedure.

10                                         HARRIS & RUBLE

11

12                                       _____

13                                       Alan Harris

                                    *Attorney for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] FIRST AMENDED COMPLAINT

FIRST AM. COMPL. EX. 1

029010

## WHITESIDE CONSTRUCTION CORPORATION

| Rec#: 299 | | Emp#: 485 MARGARITO GONZALEZ | | | | Quarter: 1 | State: CA | |
|---|---|---|---|---|---|---|---|---|
| Check: 29010 | | Date: 02/06/2007 | | | | Period: 02/05/2007 | to | 02/11/2007 |

| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
|---|---|---|---|---|---|---|---|---|
| Rate: | 23.9900 | 35.9900 | 47.9800 | | | | Diem | 0.00 |
| Hours: | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| Pay: | 191.92 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 8.00 | 191.92 | 18.24 | 35.58 | 174.58 | 6,273.49 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 13.03 | 424.44 | State Disability (S | Ded | 1.26 | 41.06 |
| Employee Medicare | Ded | 3.05 | 99.27 | LABOR VACATION | A/D | 18.24 | 572.28 |
| Federal Income Tax | Ded | | 453.82 | LABOR PENSION | Acc | 26.08 | 818.26 |
| State Income Taxes | Ded | | 100.57 | | | | |

## WHITESIDE CONSTRUCTION CORPORATION

030009

| Rec#: 1235 | | Emp#: 485 MARGARITO GONZALEZ | | | | Quarter: 2 | State: CA | |
|---|---|---|---|---|---|---|---|---|
| Check: 30009 | | Date: 06/01/2007 | | | | Period: 05/28/2007 | to | 06/03/2007 |

| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
|---|---|---|---|---|---|---|---|---|
| Rate: | 23.9900 | 35.9900 | 47.9800 | | | | Diem | 0.00 |
| Hours: | 18.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| Pay: | 431.82 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 18.00 | 431.82 | 41.04 | 80.23 | 392.63 | 7,281.07 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 29.32 | 492.85 | State Disability (S | Ded | 2.84 | 47.68 |
| Employee Medicare | Ded | 6.86 | 115.27 | LABOR VACATION | A/D | 41.04 | 668.04 |
| Federal Income Tax | Ded | 0.17 | 469.92 | LABOR PENSION | Acc | 58.68 | 955.18 |
| State Income Taxes | Ded | | 100.57 | | | | |

WHITESIDE CONSTRUCTION CORPORATION

027375

| Rec#: 1820 | | Emp#: 485 MARGARITO GONZALEZ | | | | Quarter: 3 | State: CA | |
|---|---|---|---|---|---|---|---|---|
| Check: 27375 | | Date: 09/08/2006 | | | | | | |
| | | | | | Period: 08/28/2006 | to | 09/03/2006 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 23.9900 | 35.9900 | 45.9800 | | | | | |
| Hours: | 40.00 | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 959.60 | 35.99 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 41.00 | 995.59 | 93.48 | 284.19 | 804.88 | 15,283.69 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 67.52 | 1,037.08 | State Disability (S | Ded | 8.71 | 133.83 |
| Employee Medicare | Ded | 15.79 | 242.55 | LABOR VACATION | A/D | 93.48 | 1,443.24 |
| Federal Income Tax | Ded | 80.09 | 1,182.32 | LABOR PENSION | Acc | 133.66 | 1,875.63 |
| State Income Taxes | Ded | 18.60 | 272.76 | | | | |

WHITESIDE CONSTRUCTION CORPORATION

027494

| Rec#: 1937 | | Emp#: 485 MARGARITO GONZALEZ | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Check: 27494 | | Date: 09/22/2006 | | | | | | |
| | | | | | | Quarter: 3 | State: CA | |
| | | | | | Period: 09/11/2006 | to | 09/17/2006 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 23.9900 | 35.9900 | 45.9800 | | | | | |
| Hours: | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 959.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 40.00 | 959.60 | 91.20 | 270.66 | 780.14 | 17,046.96 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 65.15 | 1,156.72 | State Disability (S | Ded | 8.41 | 149.27 |
| Employee Medicare | Ded | 15.24 | 270.53 | LABOR VACATION | A/D | 91.20 | 1,609.68 |
| Federal Income Tax | Ded | 74.35 | 1,305.24 | LABOR PENSION | Acc | 130.40 | 2,113.61 |
| State Income Taxes | Ded | 16.31 | 297.61 | | | | |

ITESIDE CONSTRUCTION CORPORATION

027429

| Rec#: 1873 | | Emp#: 485 MARGARITO GONZALEZ | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Check: 27429 | | Date: 09/15/2006 | | | | | | |
| | | | | | | Quarter: 3 | State: CA | |
| | | | | | Period: 09/04/2006 | to | 09/10/2006 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 23.9900 | 35.9900 | 45.9800 | | | | | |
| Hours: | 32.00 | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 767.68 | 35.99 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 33.00 | 803.67 | 75.24 | 206.61 | 672.30 | 16,087.36 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 54.49 | 1,091.57 | State Disability (S | Ded | 7.03 | 140.86 |
| Employee Medicare | Ded | 12.74 | 255.29 | LABOR VACATION | A/D | 75.24 | 1,518.48 |
| Federal Income Tax | Ded | 48.57 | 1,230.89 | LABOR PENSION | Acc | 107.58 | 1,983.21 |
| State Income Taxes | Ded | 8.54 | 281.30 | | | | |

## W. CONSTRUCTION, INC.

009022

| Recit: 239 | | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | Quarter: 3  State: CA | | |
|---|---|---|---|---|---|---|---|---|
| Check: 9022 | | Date: 07/13/2007 | | | Period: 07/02/2007 | to | 07/08/2007 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | | |
| Hours: | 32.00 | 1.50 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 528.00 | 37.13 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| | | | | | | | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 33.50 | 565.13 | 0.00 | 46.62 | 518.51 | 17,980.90 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 35.04 | 1,114.85 | State Income Taxes | Ded | | 16.39 |
| Employee Medicare | Ded | 8.19 | 260.72 | State Disability (S | Ded | 3.39 | 107.90 |
| Federal Income Tax | Ded | | 187.65 | | | | |

## J. W. CONSTRUCTION, INC.

009009

| Recit: 229 | | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | Quarter: 3  State: CA | | |
|---|---|---|---|---|---|---|---|---|
| Check: 9009 | | Date: 07/06/2007 | | | Period: 06/25/2007 | to | 07/01/2007 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | | |
| Hours: | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 660.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| | | | | | | | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 40.00 | 660.00 | 0.00 | 60.64 | 599.36 | 17,415.77 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 40.92 | 1,079.81 | State Income Taxes | Ded | | 16.39 |
| Employee Medicare | Ded | 9.57 | 252.53 | State Disability (S | Ded | 3.96 | 104.51 |
| Federal Income Tax | Ded | 6.19 | 187.65 | | | | |

## SUPPLY, INC.

000102

| Recit: 10 | | Emp#: 2 FRANCISCO CISNEROS-ZAVAL | | | | Quarter: 3  State: CA | | |
|---|---|---|---|---|---|---|---|---|
| Check: 102 | | Date: 08/10/2007 | | | Period: 07/30/2007 | to | 08/05/2007 | |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| | 16.5000 | 24.7500 | 33.0000 | | | | | |
| | 40.00 | 10.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| | 660.00 | 247.50 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| | | | | | | | Misc | 0.00 |
| | | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| | | 907.50 | 0.00 | 134.99 | 772.51 | 1,171.50 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| | Ded | 56.27 | 72.64 | State Income Taxes | Ded | 8.98 | 8.98 |
| | Ded | 13.16 | 16.99 | State Disability (S | Ded | 5.46 | 7.03 |
| | Ded | 51.43 | 51.13 | | | | |

**J. W. CONSTRUCTION, INC.**

**008997**

| Rec#: 219 | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | | Quarter: 2 | State: CA |

| Check: 8997 | Date: 06/22/2007 | | | | Period: 06/11/2007 | to | 06/17/2007 |

| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
|---|---|---|---|---|---|---|---|---|
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | | |
| Hours: | 12.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 198.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 12.00 | 198.00 | 0.00 | 16.34 | 181.66 | 16,083.39 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 12.28 | 997.20 | State Income Taxes | Ded | | 16.39 |
| Employee Medicare | Ded | 2.87 | 233.21 | State Disability (S | Ded | 1.19 | 96.52 |
| Federal Income Tax | Ded | | 174.03 | | | | |

---

**W. CONSTRUCTION, INC.**

**009058**

| Rec#: 274 | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | | Quarter: 3 | State: CA |

| Check: 9058 | Date: 07/27/2007 | | | | Period: 07/16/2007 | to | 07/22/2007 |

| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
|---|---|---|---|---|---|---|---|---|
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | | |
| Hours: | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 0.00 | 198.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 8.00 | 198.00 | 0.00 | 16.34 | 181.66 | 19,771.15 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 12.28 | 1,225.85 | State Income Taxes | Ded | | 23.01 |
| Employee Medicare | Ded | 2.87 | 286.68 | State Disability (S | Ded | 1.19 | 118.64 |
| Federal Income Tax | Ded | | 229.64 | | | | |

---

**W. CONSTRUCTION, INC.**

**009045**

| Rec#: 261 | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | | Quarter: 3 | State: CA |

| Check: 9045 | Date: 07/27/2007 | | | | Period: 07/16/2007 | to | 07/22/2007 |

| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
|---|---|---|---|---|---|---|---|---|
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | | |
| Hours: | 40.00 | 11.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 660.00 | 272.25 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 51.00 | 932.25 | 0.00 | 119.33 | 812.92 | 19,771.15 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 57.80 | 1,225.85 | State Income Taxes | Ded | 6.62 | 23.01 |
| Employee Medicare | Ded | 13.52 | 286.68 | State Disability (S | Ded | 5.59 | 118.64 |
| Federal Income Tax | Ded | 35.80 | 229.64 | | | | |

W. CONSTRUCTION, INC.                                                              008968

| Reci#: 192 | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | Quarter: 2 | State: CA |
|---|---|---|---|---|---|---|
| Check: 8968 | Date: 06/08/2007 | | | Period: 05/28/2007 | to | 06/03/2007 |

| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
|---|---|---|---|---|---|---|---|---|
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | | |
| Hours: | 24.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 396.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 24.00 | 396.00 | 0.00 | 32.67 | 363.33 | 14,594.26 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 24.55 | 904.87 | State Income Taxes | Ded | | 16.39 |
| Employee Medicare | Ded | 5.74 | 211.62 | State Disability (S | Ded | 2.38 | 87.59 |
| Federal Income Tax | Ded | | 167.84 | | | | |

W. CONSTRUCTION, INC.                                                              008986

| Reci#: 209 | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | Quarter: 2 | State: CA |
|---|---|---|---|---|---|---|
| Check: 8986 | Date: 06/15/2007 | | | Period: 06/04/2007 | to | 06/10/2007 |

| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
|---|---|---|---|---|---|---|---|---|
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | | |
| Hours: | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 132.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 8.00 | 132.00 | 0.00 | 10.88 | 121.12 | 15,225.39 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 8.18 | 944.00 | State Income Taxes | Ded | | 16.39 |
| Employee Medicare | Ded | 1.91 | 220.77 | State Disability (S | Ded | 0.79 | 91.37 |
| Federal Income Tax | Ded | | 167.84 | | | | |

W. CONSTRUCTION, INC.                                                              009033

| Reci#: 250 | Emp#: 82 FRANCISCO CISNEROS-ZAVALA | | | | Quarter: 3 | State: CA |
|---|---|---|---|---|---|---|
| Check: 9033 | Date: 07/20/2007 | | | Period: 07/09/2007 | to | 07/15/2007 |

| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
|---|---|---|---|---|---|---|---|---|
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | | |
| Hours: | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 660.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 40.00 | 660.00 | 0.00 | 60.64 | 599.36 | 18,640.90 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 40.92 | 1,155.77 | State Income Taxes | Ded | | 16.39 |
| Employee Medicare | Ded | 9.57 | 270.29 | State Disability (S | Ded | 3.96 | 111.86 |
| Federal Income Tax | Ded | 6.19 | 193.84 | | | | |

J. W. CONSTRUCTION, INC.

UU6844

| Rec#: 337 | | Emp#: 90 MARGARITO GONZALEZ | | | | | Quarter: 2 | State: CA |
|---|---|---|---|---|---|---|---|---|
| Check: 6844 | | Date: 06/25/2004 | | | | Period: 06/14/2004 | to | 06/20/2004 |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 15.0000 | 22.5000 | 0.0000 | | | | | |
| Hours: | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 600.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| | | | | | | | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 40.00 | 600.00 | 0.00 | 196.38 | 403.62 | 14,715.00 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 37.20 | 912.35 | State Income Taxes | Ded | | 0.42 |
| Employee Medicare | Ded | 8.70 | 213.38 | State Disability (S | Ded | 7.08 | 173.65 |
| Federal Income Tax | Ded | 8.85 | 200.60 | Wage Attachment | Ded | 134.55 | 1,345.50 |

J. W. CONSTRUCTION, INC.

006732

| Rec#: 253 | | Emp#: 90 MARGARITO GONZALEZ | | | | | Quarter: 2 | State: CA |
|---|---|---|---|---|---|---|---|---|
| Check: 6732 | | Date: 05/07/2004 | | | | Period: 04/26/2004 | to | 05/02/2004 |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 15.0000 | 22.5000 | 0.0000 | | | | | |
| Hours: | 40.00 | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 600.00 | 22.50 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| | | | | | | | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 41.00 | 622.50 | 0.00 | 200.63 | 421.87 | 10,620.00 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 38.60 | 658.45 | State Income Taxes | Ded | | 0.42 |
| Employee Medicare | Ded | 9.03 | 154.00 | State Disability (S | Ded | 7.35 | 125.32 |
| Federal Income Tax | Ded | 11.10 | 145.25 | Wage Attachment | Ded | 134.55 | 403.65 |

J. W. CONSTRUCTION, INC.

006861

| Rec#: 349 | | Emp#: 90 MARGARITO GONZALEZ | | | | | Quarter: 3 | State: CA |
|---|---|---|---|---|---|---|---|---|
| Check: 6861 | | Date: 07/02/2004 | | | | Period: 06/21/2004 | to | 06/27/2004 |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 15.0000 | 22.5000 | 0.0000 | | | | | |
| Hours: | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 600.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| | | | | | | | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 40.00 | 600.00 | 0.00 | 196.38 | 403.62 | 15,315.00 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 37.20 | 949.55 | State Income Taxes | Ded | | 0.42 |
| Employee Medicare | Ded | 8.70 | 222.08 | State Disability (S | Ded | 7.08 | 160.73 |
| Federal Income Tax | Ded | 8.85 | 209.45 | Wage Attachment | Ded | 134.55 | 1,480.05 |

/. CONSTRUCTION, INC.

007664

| Rec#: 331 | | Emp#: 90 MARGARITO GONZALEZ | | | | | Quarter: 2 | State: CA |
|---|---|---|---|---|---|---|---|---|
| Check: 7664 | | Date: 06/10/2005 | | | | Period: 05/30/2005 to | | 06/05/2005 |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 15.0000 | 22.5000 | 0.0000 | | | | Diem | 0.00 |
| Hours: | 32.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| Pay: | 480.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 32.00 | 480.00 | 0.00 | 41.90 | 438.10 | 12,393.75 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 29.76 | 768.41 | Federal Income Tax | Ded | | 133.29 |
| Employee Medicare | Ded | 6.96 | 179.70 | State Disability (S | Ded | 5.18 | 133.85 |

CONSTRUCTION, INC.

007908

| Rec#: 555 | | Emp#: 90 MARGARITO GONZALEZ | | | | | Quarter: 4 | State: CA |
|---|---|---|---|---|---|---|---|---|
| Check: 7908 | | Date: 10/21/2005 | | | | Period: 10/10/2005 to | | 10/16/2005 |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 16.5000 | 24.7500 | 0.0000 | | | | Diem | 0.00 |
| Hours: | 40.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| Pay: | 660.00 | 198.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 48.00 | 858.00 | 0.00 | 117.18 | 740.82 | 25,240.13 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 53.20 | 1,564.92 | State Income Taxes | Ded | 6.07 | 35.68 |
| Employee Medicare | Ded | 12.44 | 365.99 | State Disability (S | Ded | 9.27 | 272.61 |
| Federal Income Tax | Ded | 36.20 | 472.70 | | | | |

. W. CONSTRUCTION, INC.

007568

| Rec#: 243 | | Emp#: 90 MARGARITO GONZALEZ | | | | | Quarter: 2 | State: CA |
|---|---|---|---|---|---|---|---|---|
| Check: 7568 | | Date: 04/29/2005 | | | | Period: 04/18/2005 to | | 04/24/2005 |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
| Rate: | 15.0000 | 22.5000 | 0.0000 | | | | Diem | 0.00 |
| Hours: | 40.00 | 2.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| Pay: | 600.00 | 45.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | Salary | 0.00 |
| Totals: | 42.00 | 645.00 | 0.00 | 68.50 | 576.50 | 9,405.00 | | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 39.99 | 583.11 | Federal Income Tax | Ded | 12.19 | 115.65 |
| Employee Medicare | Ded | 9.35 | 136.37 | State Disability (S | Ded | 6.97 | 101.58 |

**NMS SUPPLY, INC.**

000103

| Reck: 33 | Empl: 2 FRANCISCO CISNEROS-ZAVAL | | | | | Quarter: 3 | State: CA |
|---|---|---|---|---|---|---|---|
| Check: 124 | Date: 08/17/2007 | | | | Period: 08/06/2007 | to | 08/12/2007 |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece 0.00 |
| Rate | 16.5000 | 24.7500 | 33.0000 | | | | Diem 0.00 |
| Hours | | 3.50 | 0.00 | 0.00 | 0.00 | 0.00 | Misc 0.00 |
| Pays | 670.38 | | 0.00 | 0.00 | 0.00 | 0.00 | Salary 0.00 |
| Hours | | Gross Pay 670.38 | Add-Ons 0.00 | Deductions 124.85 | Net Pay 745.53 | YTD Wages 2,041.88 | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Medicare | Ded | 12.63 | 29.61 | State Income Taxes | Ded | 7.49 | |
| Federal Income Tax | Ded | 45.66 | 98.88 | State Disability (S | Ded | 5.22 | |

000142

**NMS SUPPLY, INC.**

| Reck: 11 | Empl: 2 FRANCISCO CISNEROS-ZAVAL | | | | | Quarter: 3 | State: CA |
|---|---|---|---|---|---|---|---|
| Check: 103 | Date: 08/10/2007 | | | | Period: 07/30/2007 | to | 08/05/2007 |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece 0.00 |
| Rate | 16.5000 | 24.7500 | 33.0000 | | | | Diem 0.00 |
| Hours | 16.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc 0.00 |
| Pays | 264.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Salary 0.00 |
| Hours | 16.00 | Gross Pay 264.00 | Add-Ons 0.00 | Deductions 21.78 | Net Pay 242.22 | YTD Wages 1,171.50 | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Medicare | Ded | 16.37 | 72.64 | State Income Taxes | Ded | | 3.85 |
| Federal Income Tax | Ded | 3.83 | 16.99 | State Disability (S | Ded | 1.58 | 7.03 |
| | Ded | | 51.13 | | | | |

000142

**NMS SUPPLY, INC.**

| Reck: 46 | Empl: 2 FRANCISCO CISNEROS-ZAVAL | | | | | Quarter: 3 | State: CA |
|---|---|---|---|---|---|---|---|
| Check: 142 | Date: 08/24/2007 | | | | Period: 08/13/2007 | to | 08/19/2007 |
| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece 0.00 |
| Rate | 16.5000 | 24.7500 | 33.0000 | | | | Diem 0.00 |
| Hours | 40.00 | 1.50 | 0.00 | 0.00 | 0.00 | 0.00 | Misc 0.00 |
| Pays | 660.00 | 37.13 | 0.00 | 0.00 | 0.00 | 0.00 | Salary 0.00 |
| Hours | 41.50 | Gross Pay 697.13 | Add-Ons 0.00 | Deductions 80.75 | Net Pay 616.38 | YTD Wages 2,739.01 | |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| | Ded | 43.22 | 169.82 | State Income Taxes | Ded | 0.64 | 17.91 |
| Employee Medicare | Ded | 10.11 | 39.72 | State Disability (S | Ded | 4.18 | 16.43 |
| Federal Income Tax | Ded | 22.60 | 119.28 | | | | |

**NMS SUPPLY, INC.**

000331

| Rec#: 217 | | Emp#: 27 WALTER A. PEREZ ESCOBAR #27 | | | | | Quarter: 4 | State: CA |
|---|---|---|---|---|---|---|---|---|
| Check: 331 | | Date: 12/07/2007 | | | | Period: 11/26/2007 to 12/02/2007 | | |

| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
|---|---|---|---|---|---|---|---|---|
| Rate: | 25.0000 | 37.5000 | 50.0000 | | | | | |
| Hours: | 32.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 800.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 32.00 | 800.00 | 0.00 | 128.06 | 671.94 | 2,418.75 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 49.60 | 149.96 | State Income Taxes | Ded | 8.02 | 25.84 |
| Employee Medicare | Ded | 11.60 | 35.07 | State Disability (S | Ded | 4.80 | 14.51 |
| Federal Income Tax | Ded | 54.04 | 166.47 | | | | |

**NMS SUPPLY, INC.**

000345

| Rec#: 230 | | Emp#: 27 WALTER A. PEREZ ESCOBAR #27 | | | | | Quarter: 4 | State: CA |
|---|---|---|---|---|---|---|---|---|
| Check: 345 | | Date: 12/14/2007 | | | | Period: 12/10/2007 to 12/16/2007 | | |

| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
|---|---|---|---|---|---|---|---|---|
| Rate: | 25.0000 | 37.5000 | 50.0000 | | | | | |
| Hours: | 32.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 800.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 32.00 | 800.00 | 0.00 | 128.06 | 671.94 | 4,218.75 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 49.60 | 261.56 | State Income Taxes | Ded | 8.02 | 50.88 |
| Employee Medicare | Ded | 11.60 | 61.17 | State Disability (S | Ded | 4.80 | 25.31 |
| Federal Income Tax | Ded | 54.04 | 304.55 | | | | |

**NMS SUPPLY, INC.**

000340

| Rec#: 225 | | Emp#: 27 WALTER A. PEREZ ESCOBAR #27 | | | | | Quarter: 4 | State: CA |
|---|---|---|---|---|---|---|---|---|
| Check: 340 | | Date: 12/14/2007 | | | | Period: 12/03/2007 to 12/09/2007 | | |

| | Regular | Overtime | Premium | Sick | Vacation | Holiday | Piece | 0.00 |
|---|---|---|---|---|---|---|---|---|
| Rate: | 25.0000 | 37.5000 | 50.0000 | | | | | |
| Hours: | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Diem | 0.00 |
| Pay: | 1,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Misc | 0.00 |
| | Hours | Gross Pay | Add-Ons | Deductions | Net Pay | YTD Wages | | |
| Totals: | 40.00 | 1,000.00 | 0.00 | 182.56 | 817.44 | 3,418.75 | Salary | 0.00 |

| Calculation | Type | Check | Year | Calculation | Type | Check | Year |
|---|---|---|---|---|---|---|---|
| Employee Fica | Ded | 62.00 | 211.96 | State Income Taxes | Ded | 16.02 | 42.86 |
| Employee Medicare | Ded | 14.50 | 49.57 | State Disability (S | Ded | 6.00 | 20.51 |
| Federal Income Tax | Ded | 84.04 | 250.51 | | | | |