1  Alan Harris (SBN 146079)
   David Zelenski (SBN 231768)
2  HARRIS & RUBLE
   5455 Wilshire Boulevard, Suite 1800
3  Los Angeles, California 90036
   Telephone: (323) 931-3777
4  Facsimile: (323) 931-3366
   law@harrisandruble.com
5  dzelenski@harrisandruble.com

6  Attorneys for Plaintiff

7

8
                        UNITED STATES DISTRICT COURT
9
                        NORTHERN DISTRICT OF CALIFORNIA
10

11 | WALTER PEREZ ESCOBAR,              | Case No. CV-08-1120 WHA
   | MARGARITO GONZALEZ and             |
12 | FRANCISCO CISNEROS-ZAVALA,         | **PLAINTIFFS' REPLY MEMORANDUM
   | individually and on behalf of all others | OF POINTS AND AUTHORITIES IN
13 | similarly situated,                 | SUPPORT OF MOTION FOR
   |                                    | CERTIFICATION OF A COLLECTIVE
14 |          Plaintiffs,               | ACTION**

15 |          v.                        | Date:      August 21, 2008
   |                                    | Time:      8:00 AM
16 | WHITESIDE CONSTRUCTION              | Courtroom: 9
   | CORPORATION, NMS SUPPLY INC., J.W. | Judge:     Hon. William Alsup
17 | CONSTRUCTION, INC. and DAVID R.    |
   | WHITESIDE,                         |
18 |                                    |
   |          Defendants.               |
19

20

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

I. The Proposed Notice and Consent-to-Sue Forms Are Appropriate ………………………………………………………………… 1

II. Plaintiffs Satisfy the *Hoffman-La Roche, Inc.* Notice Standard ……………………………. 1

III. Conclusion ………………………………………………………………….. 6

# **TABLE OF AUTHORITIES**

*Cases*

Anderson v. Mt. Clemens Potter Co.
328 U.S. 680 (1946) ………………………………………………………………..…….….. 4

Brock v. Seto
790 F.2d 1446 (9th Cir. 1986) …………………………………………………………… 4

Bouman v. Block
940 F.2d 1211 (9th Cir. 1991) …………………………………………………………… 4

Caridad v. Metro-North Commuter R.R.
191 F. 3d 283 (2d Cir. 1999) ……………………………………………………………... 4

Crain v. Helmerich & Payne Intern. Drilling Co.
1992 WL 91946 (E.D. La. 1992) ……………………………………………...………… 6

Dukes v. Wal-Mart, Inc.
474 F.3d 1214 (9th Cir. 2007) ……………………………………………………… 3–4

Gjurovich v. Emmanuel's Marketplace, Inc.
282 F. Supp. 2d 91 (S.D.N.Y. 2003) ……………………………………………………........ 2

Grayson v. K-Mart Corp.
79 F.3d 1086 (11th Cir. 1996) ………………………………………………………… 2

Haynes v. Singer Co., Inc.
696 F.2d 884 (11th Cir. 1983) ………………………………………………………… 2

Hoffman-La Roche, Inc. v. Sperling
493 U.S. 165 (1989) …………………………………………………………………… 1, 7

Hoffman v. Sbarro, Inc.
982 F. Supp. 249 (S.D.N.Y. 1997) ……………………………………………………… 2

Kurihara v. Best Buy Co., Inc.
2007 U.S. Dist. LEXIS 64224 (N.D. Cal. 2007) ……………………………………….. 4

Mooney v. Aramco Servs., Inc.
54 F.3d 1207 (5th Cir. 1995) …………………………………………………………… 2

Scott v. Aetna Servs., Inc.
210 F.R.D. 261 (D. Conn. 2002) ………………………………………………………...……… 2

Soler v. G & U, Inc.
86 F.R.D. 524 (S.D.N.Y. 1980) …………………………………………………………………. 1

Sperling v. Hoffman-La Roche, Inc.
118 F.R.D. 392 (D.N.J. 1988) …………………………………………………………………… 2

Thiebes v. Wal-Mart Stores, Inc.
1999 U.S. Dist. LEXIS 18649 (D. Or. 1999) …………………………………………………… 5

Thiessen v. G.E. Elec. Capital Corp.
267 F.3d 1095 (10th Cir. 2001) ……………………………………………………………….. 6

Werthein v. State of Arizona
1993 U.S. Dist. LEXIS 21292 (D. Ariz. 1993) ………………………………………………….. 2

***Statutes & Regulations***

29 U.S.C. § 216 ……………………………………………………………………………….. 1

**I.      The Proposed Notice and Consent-to-Sue Forms Are Appropriate.**

Defendants Whiteside Construction Corp., NMS Supply Inc., J.W. Construction, Inc., and David R. Whiteside assert that Plaintiffs' proposed Notice is defective because it allegedly would include "overtime exempt employees, office and clerical employees and field supervisors including foremen, project managers and estimators." (Defs. Whiteside Constr. Corp., NMS Supply, Inc., J.W. Constr., Inc., & David R. Whiteside's Opp'n to Pls.' Mot. for Certification of a Collective Action ("Defs.' Opp'n") at 8:6–7.) Plaintiff has requested that this Court certify a collective action for employees whose minimum and overtime wages were underpaid due to Defendants' routine practice of denying the payment of wages to employees who were forced to work before and/or beyond their scheduled hours. Perhaps the defense objection to the form of notice would best be resolved by adding to the Notice the following language:

> **PLAINTIFFS ASSERT THAT YOU MAY BE ENTITLED TO BACK WAGES IF YOU WERE FORCED TO WORK BEFORE AND/OR BEYOND YOUR SCHEDULED HOURS, WITHOUT PAY.**

The foregoing language would be inserted as the second full paragraph in the Notice, as reflected in Exhibit 1 hereto.

In addition, at page three, the "opt-in" portion of the Notice could be enhanced to read:

> **I believe I may have a claim for unpaid hourly wages and I wish to <u>join</u> the lawsuit as a party plaintiff under the FLSA**.
>
> **YES [ ]**

Defendants point to no authority supporting their arguments. The Court should approve Plaintiffs' proposed notice, as modified. "Successful implementation of [section 216(b) of the Fair Labor Standards Act] requires *broad* dissemination of information to the class of persons *potentially* affected by the suit." Soler v. G & U, Inc., 86 F.R.D. 524, 530 (S.D.N.Y. 1980) (emphasis supplied). Indeed, the benefits of section 216(b) "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 170 (1989).

## II. *Plaintiffs Satisfy the* Hoffman-La Roche, Inc. *Notice Standard.*

Plaintiffs satisfy the lenient, first-phase Hoffman-La Roche, Inc. standard for providing notice to employees. This case is at that first phase, that is, the phase where the Court "examines the pleadings and affidavits of the proposed class action and determines whether the proposed class members are 'similarly situated.'" Scott v. Aetna Servs., Inc., 210 F.R.D. 261, 264 (D. Conn. 2002) (quoting Mooney v. Aramco Servs., Inc., 54 F.3d 1207, 1213 (5th Cir. 1995) ("Courts utilize a two-step approach to certifying collective actions under the FLSA."). In other words, Plaintiff simply must show "a 'reasonable basis' for [the] . . . class-wide" claim. Grayson v. K-Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996) (quoting Haynes v. Singer Co., Inc., 696 F.2d 884, 887 (11th Cir. 1983). Plaintiffs' burden at this stage "is not heavy." Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 91, 95 (S.D.N.Y. 2003) ("[P]laintiff's burden is minimal, especially since the 'determination that potential plaintiffs are similarly situated' is merely a 'preliminary' one") (quoting Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). "'Plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members.'" Grayson, 79 F.3d at 1096 (quoting Sperling v. Hoffman-La Roche, Inc., 118 F.R.D. 392 (D.N.J. 1988)).

At this notice stage, Plaintiffs only need only to make a "modest factual showing" that members of each proposed class were victims of a common policy or plan. Hoffman v. Sbarro, Inc., 982 F. Supp. at 261. This means that Plaintiffs need merely show that "some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." Wertheim v. State of Arizona, 1993 U.S. Dist. LEXIS 21292 at *3 (D. Ariz. 1993). As explained in Grayson, "plaintiffs may meet this burden, which is not heavy, by making substantial *allegations* of class-wide discrimination, that is, detailed allegations supported by *affidavits* which successfully engage defendants' affidavits to the contrary. Grayson, 79 F.3d at 1097 (emphasis supplied).

Here, Plaintiffs allege how and why employees throughout the Defendant companies have not been paid all the overtime wages to which they are entitled. Plaintiffs allege that employees

were routinely unpaid their earned overtime. Defendants studiously ignore the evidence in support, dismissing out-of-hand the Declarations of Plaintiffs Francisco Cisneros-Zavala, Walter Perez Escobar, and Margarito Gonzalez, attached as Exhibits 1 through to the Harris Declaration of July 16, 2008, filed in support of Plaintiffs' Motion. Furthermore, the David Whiteside Declaration filed by Defendants implicitly *admits* that some employees did, in fact, work off the clock: "[I]f anyone, other than drivers of company vehicles, loaded tools or material in a truck it was voluntary and, then, only for a few minutes." (Decl. of David R. Whiteside in Opp'n to Pls.' Mot. for Certification of Fair Labor Standards Act Collective Action and Approval of Notice ("Whiteside Decl.") ¶ 7.) In addition: "Those workers who came to the yard in the morning would generally arrive between 6:15am to 6:45am." (Whiteside Decl. ¶ 8.) Similarly, the Charles Flanders Declaration admits that "[e]mployees on [Mr. Flanders'] crews . . . go to the Company yard in Richmond for a ride to the jobsite in a company truck." (Decl. of Charles Flanders in Opp'n to Pls.' Mot. for Certification of Fair Labor Standards Act Collective Action and Approval of Notice ¶ 4.) Likewise, the Raul Palacio Declaration contains evidence that Mr. Palacio himself would go to the Company yard and "help[] load . . . company truck[s] before driving to [a] job site." (Decl. of Raul Palacio in Opp'n to Pls.' Mot. for Certification of Fair Labor Standards Act Collective Action and Approval of Notice ¶ 5.) The same is true of the David Castillo Declaration: "Occasionally, during stops at the yard [before going to a job site], I would help my dad [who is employee of Defendants] load equipment onto the truck." (Decl. of David Castillo in Opp'n to Pls.' Mot. for Certification of Fair Labor Standards Act Collective Action and Approval of Notice ¶ 5.) The Daniel Castillo Declaration is irrelevant, as Mr. Castillo only worked for the company in 2002 and 2003, and, again, after May 2008. (Decl. of Daniel Castillo in Opp'n to Pls.' Mot. for Certification of Fair Labor Standards Act Collective Action and Approval of Notice ¶ 3.) This suit was filed in February 2008, and it only seeks redress with respect to defense misconduct since February 2004.

    At this stage, it is not the Court's place to weigh the conflicting evidence presented by Plaintiffs and Defendants. The Ninth Circuit is clear that "a district court may not weigh conflicting expert evidence or engage in 'statistical dueling' of experts." Dukes v. Wal-Mart,

Inc., 474 F.3d 1214, 1229 (9th Cir. 2007); *accord*, Caridad v. Metro-North Commuter R.R., 191 F.3d 283, 393 (2d Cir. 1999). As District Judge Patel noted in Kurihara v. Best Buy Company, Inc., 2007 U.S. Dist. LEXIS 64224 (N.D. Cal. 2007):

> An evidentiary hearing on class certification is not required, Bouman v. Block, 940 F.2d 1211, 1232 (9th Cir. 1991), and the court should not weigh conflicting expert evidence. See, e.g. Caridad v. Metro-North Commuter R.R., 191 F.3d 283, 292–93 (2d Cir. 1999). At this early stage, robust gatekeeping of expert evidence is not required; rather the court must query only whether expert evidence is "useful in evaluating whether class certification requirements have been met." Dukes v. Wal-Mart, Inc., 222 F.R.D. 189, 191 (N.D. Cal. 2004).

Kurihara, 2007 U.S. Dist. LEXIS 64224 at *13. In the same vein, Anderson v. Mt. Clemens Pottery, 328 U.S. 680 (1946), *superseded by statute on other grounds*, leaves no doubt that an award of back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA:

> The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of § 11(c) of the [FLSA]. . . . *Nor is . . . [an award] to be condemned by the rule that precludes the recovery of uncertain and speculative damages*.

Anderson, 328 U.S. 680 at 688 (emphasis supplied). See also Brock v. Seto, 790 F.2d 1446, 1448 (9th Cir. 1986). Of course, under the FLSA, an employee who seeks to recover unpaid wages "has the burden of proving that he performed work for which he was not properly compensated." Brock v. Seto, 790 F.2d 1446, 1447–48 (9th Cir. 1986). However, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of a just and reasonable inference." Anderson, 328 U.S. at 687. The burden then shifts to the employer to show the precise number of hours worked or to present

evidence sufficient to negate "the reasonableness of the inference to be drawn from the employee's evidence." Id. at 687–88. Anderson teaches that, when an employer's records are inaccurate or inadequate, the solution is not to penalize the employee by denying him or her any recovery on the ground that he or she is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with the statutory duty, and it would allow the employer to keep the benefits of an employee's labors without paying due compensation. In such a situation, an employee has carried out his or her burden if he or she proves that he or she has, in fact, performed work for which he or she was improperly compensated and if he or she produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, *even though the result be only approximate*. In the matter presently before the Court, Defendants have done nothing to negative the reasonableness of the inference that their other employees received the same treatment as Plaintiffs.

Moreover, contrary to Defendants' implicit argument, collective actions can be brought and maintained on behalf of employees in various positions and locations. A Ninth Circuit case illustrates the appropriate approach. In Thiebes v. Wal-Mart Stores, Inc., 1999 U.S. Dist. LEXIS 18649 (D. Or. 1999), the plaintiffs alleged that Wal-Mart had engaged in a practices of encouraging hourly workers to work off the clock and of altering time cards to reduce overtime obligations. Thiebes, 1999 U.S. Dist. LEXIS 18649 at *2. In seeking to proceed as a collective action under the FLSA, the *two* named plaintiffs relied on *only* their own testimony as evidence that they and potential plaintiffs were victims of a common scheme that violated the law. Id. at *8–9. The court found the showing sufficient *at the notice stage*—the stage at which the matter presently before the Court is—and approved their request for discovery and opt-in notice. Id. at *9 ("I emphasize that I am certifying the collective action only for notice and discovery purposes. I am not holding at this time that all members of the proposed class who will be sent

notices are, in fact, similarly situated to plaintiffs—far too little discovery has been taken for me to make such a determination now. Furthermore, should discovery reveal that plaintiffs are not similarly situated to some or all of the persons who may choose to opt in, I may later decertify the class or divide the class into subgroups, if appropriate.")

By attempting to implement a stricter standard than what is required, Defendants attempt to eviscerate the broad remedial purposes of the FLSA. But even under the higher standard utilized after discovery is complete, opt-in plaintiffs "need only show that their positions are similar, not identical, to those of the named plaintiffs." Federal Procedure, Lawyers Edition § 50:826. "[T]his requirement has been interpreted not to require that positions and claims of employees be *identical*, but rather to permit employees to bring an action on behalf of themselves and others *even though their individual claims are separate and distinct*, and are different as to unimportant details." Federal Procedure, Lawyers Edition § 52:1698 (citation omitted) (emphasis supplied). In fact, "[t]he court's determination will not be governed by how much or what degree of similarity there may or may not be; rather, the court will permit a suit on behalf of similarly situated employees if there is *any* similarity." Id. (citation omitted) (emphasis supplied). Thus, "employees of one class or department may bring suit on behalf of themselves and employees in another class or department." Id. (citing Crain v. Helmerich and Payne Intern. Drilling Co., 1992 WL 91946 (E.D. La. 1992), for holding that employees were similarly situated "despite having worked in different areas of the country, on different types of rigs, and performed different jobs"); Thiessen v. G.E. Elec. Corp., 267 F.3d 1095, 1107 (10th Cir. 2001) (finding similar situation despite "'highly individualized' defenses" available to the defendant).

The analysis of whether the employees are "similarly situated" has little, if anything, to do with the nomenclature that Defendants use to describe a position. Rather, even during the second-phase analysis, the inquiry is whether the positions are "similar, not identical, to those of the named plaintiffs," Federal Procedure, Lawyers Edition § 50:826, and whether a common policy or plan that violates the FLSA exists with respect to the putative collection-action members.

1   Plaintiffs' evidence is sufficient to show a common plan. Defendants take issue with the
2   substance of Plaintiffs' evidence, pointing to the limited number of Declarations submitted. But
3   these arguments are insufficient to deny *conditional* certification, and Defendants' showing by
4   counter-declarations or other evidence showing that the wrongful conduct did not exist is
5   extremely weak. Collectively, Plaintiffs' Declarations detail Defendants' illegal acts and
6   omissions. The defense provides little evidence that the conduct described in Plaintiffs'
7   Declarations was not uniform throughout the period at issue. At this *preliminary* stage, the
8   Court must conclude that the common plan was entrenched for many years.

9   Moreover, the employees performed similar duties, and there are no inherent conflicts
10  among them. In this regard, the defense again jettisons the first phase of the Hoffman-LaRoche,
11  Inc. analysis and moves to the second phase, arguing that Plaintiffs cannot maintain their
12  collective action because of alleged highly individualized inquiries regarding the specific
13  amounts owing to each employee.

### III. Conclusion.

15  Plaintiffs present a sufficient showing that Defendants' employees are similarly situated,
16  at least for purposes of phase-one collective-action notice and discovery. The Court need not,
17  and should not, at this stage address whether the employees are similarly situated for ultimate
18  certification of the collective action. Accordingly, this Court should certify the requested
19  collective action and order mailing of the revised Notice.

DATED: August 7, 2008              HARRIS & RUBLE

                                   /s/
                                   Alan Harris
                                   *Attorneys for Plaintiffs*

**PROOF OF SERVICE**

I am an attorney for Plaintiffs herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 5455 Wilshire Boulevard, Suite 1800, Los Angeles, California 90036. On August 7, 2008, I served the within document(s): **PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CERTIFICATION OF A COLLECTIVE ACTION**.

I caused such document(s) to be delivered by hand in person to:

    N/A

I caused such document(s) to be delivered by fax or e-mail to:

    N/A

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

    N/A

I caused such document(s) to be delivered via the Court's CM/ECF System to:

    Paul Simpson – psimpson@sglilaw.com

I declare under penalty of perjury that the above is true and correct. Executed on August 7, 2008, at Los Angeles, California.

                                        /s/
                                      David Zelenski

**NOTICE OF PENDENCY OF FEDERAL LAW FAIR LABOR STANDARDS ACT COLLECTIVE ACTION**

Escobar v. Whiteside Construction Corporation, NMS Supply, Inc., J.W. Construction, Inc. and David R. Whiteside
United States District Court Case No. CV-08-1120 WHA (N.D. Cal.)

**PLEASE READ THIS NOTICE CAREFULLY**

THIS NOTICE RELATES TO A FEDERAL LAW FAIR LABOR STANDARDS ACT COLLECTIVE ACTION AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS AS A POTENTIAL MEMBER OF THE COLLECTIVE ACTION (IF YOU OPT IN).

PLAINTIFFS ASSERT THAT YOU MAY BE ENTITLED TO BACK WAGES IF YOU WERE FORCED TO WORK BEFORE AND/OR BEYOND YOUR SCHEDULED HOURS, WITHOUT PAY.

AS EXPLAINED IN MORE DETAIL BELOW, TO PARTICIPATE IN THE COLLECTIVE ACTION YOU MUST OPT IN BY [insert date – 60 days from mailing]. IF YOU FAIL TO TIMELY OPT IN, YOU WILL RECEIVE NOTHING UNDER THIS LAWSUIT.

   Pursuant to an Order of the United States District Court (the "Court"), dated August ___, 2008, a federal law collective action has been certified. Information regarding your address has been obtained under the auspices of a Court Order and is being handled in a confidential manner, for use in this case only. In Escobar v. Whiteside Construction Corporation, NMS Supply, Inc., J.W. Construction, Inc. and David R. Whiteside, United States District Court Case No. CV-08-1120 WHA (N.D. Cal.) (the "Litigation"), Plaintiff has filed suit on your behalf, seeking damages for certain similarly situated employees. The Litigation may provide payments to Members of the Collective Action who file Opt In Forms with respect to the collective action. You will be bound by the result of the collective action, but only if you opt in.

   This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation or the merits of the claims or defenses asserted. This Notice is to advise you of the case and your rights in connection with it.

**A. PURPOSE OF THIS NOTICE**

   The Court has certified the following collective action (the "Collective Action Class"):

> **All natural persons who worked as employees in California at any time during the period from February 25, 2004, through August 21, 2008, for Whiteside Construction Corporation, NMS Supply Inc. and/or J.W. Construction, Inc.**

   You may be a member of the Collective Action Class. The purpose of this notice is to inform you about the matter and to discuss your rights and options with respect to the Litigation.

**B. DESCRIPTION OF THE LITIGATION**

   Plaintiff contends that members of the Collective Action Class were not provided wage payments in accordance with the federal Fair Labor Standards Act ("FLSA"), thereby entitling members of the Collective Action Class to back wages, liquidated damages under the FLSA, and/or interest.

Please be advised that the Court has not ruled on the merits of Plaintiff's claims or Defendants' defenses. If you "opt in," you may be asked to participate in some court proceedings. There is a possibility that Collective Action Class Members will recover nothing.

The attorneys representing the Collective Action Class ("Class Counsel") are:

> David S. Harris
> NORTH BAY LAW GROUP
> 901 Irwin Street
> San Rafael, CA 94901
> Telephone: (415) 460-5300
> Facsimile: (415) 460-5303
>
> David Zelenski
> HARRIS & RUBLE
> 5455 Wilshire Boulevard, Suite 1800
> Los Angeles, CA 90036
> Telephone:  (323) 931-3777
> Facsimile:  (323) 931-3366

## C.    TO PARTICIPATE IN THE COLLECTIVE ACTION

Plaintiff filed a lawsuit in which he claims that he is entitled to certain monetary compensation under the FLSA when an employer fails to make proper payment of wages. You may be entitled to collect such compensation if you join the lawsuit and if the lawsuit is successful. If you do not join the lawsuit, you will not receive any benefit from the suit in the event that it is successful. You would, however, have the right, should you so choose, to file your own separate lawsuit, however it may be subject to the applicable statute of limitations.

If you desire to join the lawsuit, you must completely fill out and sign the attached form. In order to be valid, your request must be postmarked not later than [date – 60 days from mailing].

## D.    IF YOU DO NOTHING

If you do nothing in response to this Notice, you will not receive any proceeds under the collective action, but you will have the right to adjudicate your own claims, if any, under the federal FLSA. But, if you opt in and if this case is not successful, you will be barred from asserting further claims on the same legal basis against Defendants

You have the right, if you so desire, to enter an appearance in this Litigation through your own counsel.

## E.    ADDITIONAL INFORMATION

This Notice only summarizes the Litigation and other related matters. For more information, you may review the Court's files at the Office of the Clerk of the Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California (16th Floor) 94102, during business hours of each business day. You may also review the Court's files at pacer.psc.uscourts.gov. Any questions regarding this Notice or this Opt In Form should be addressed to Class Counsel at the address and telephone number set forth above. If your address changes or is different from the one on the envelope

enclosing this Notice, please promptly notify Gilardi & Co., LLC at the address listed below. Please note that your contact information was obtained for purposes of this litigation only, as ordered by the Court, and shall not be utilized for any other purpose other than this pending litigation. Gilardi & Co., LLC shall use all reasonable means to protect your information.

F.  **REMINDER AS TO TIME LIMITS**

If you wish to submit this Opt In Form, you must complete the balance of this page and timely return it to Gilardi & Co., LLC. Your Form must be postmarked on or before [date – 60 days after mailing] or it will be considered untimely. You must mail it to:

Gilardi & Co., LLC
[insert address]

**I believe I may have a claim for unpaid hourly wages and I wish to join the lawsuit as a party plaintiff under the FLSA.**

Yes [ ]

Please print your full name, present address, and telephone number, and then sign this form and return it postmarked by [date – 60 days after mailing].

Name _____

Address _____

Telephone number: _____

**Signature:** _____

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE**