1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WALTER PEREZ ESCOBAR, MARGARITA
GONZALEZ and FRANCISCO
CISNEROS-ZAVALA, individually and on
behalf of all others similarly situated,

          Plaintiffs,

  v.

WHITE SIDE CONSTRUCTION
CORPORATION, NMS SUPPLY INC.,
J.W. CONSTRUCTION, INC., and
DAVID R. WHITESIDE,

          Defendants.

                                  /

No. C 08-01120 WHA

**ORDER RE MOTION FOR
PRELIMINARY APPROVAL
OF CLASS SETTLEMENT**

     In this putative class action, plaintiffs Walter Perez Escobar, Margarita Gonzalez,

and Francisco Cisneros-Zavala sued defendants Whiteside Construction Corporation, NMS

Supply Inc., J.W. Construction, Inc., and David R. Whiteside under various provisions of state

and federal labor laws.  An August 2008 order certified the action as a collective action under

the Fair Labor Standards Act, but plaintiffs have yet to seek class certification of the remaining

claims under Rule 23.  An amended complaint was filed in September 2008.

     The parties have reached a proposed class settlement agreement and move for

preliminary approval thereof.  A hearing on the motion was held in February 2008.  At the

hearing, the Court indicated that it was unable to evaluate the fairness of the proposed

settlement given that the motion included no damages study or estimate.  The Court also stated

that it would not approve the proposed enhancement award for the named plaintiffs.  The Court

therefore requested that plaintiffs submit their expert's damages report and a declaration from

each plaintiff indicating that they understood they would receive no enhancement award.

*          *          *

Plaintiffs have since submitted the requested declarations and damages study.  This case is estimated to be worth as much as $9,128,831, and at a minimum to be worth $2,650,000.  The proposed settlement amount is $444,000 — before any reduction thereof for attorney's fees and costs.  That is, the proposed settlement is just five to seventeen percent of the estimated damages (before fees and costs).  This is too low for the strength of the case.

The justifications given for the settlement amount include possible weaknesses in the case, including the case for class certification, and the possibility that a larger verdict would push defendants into bankruptcy.  Although the strength of the case on the merits can be a factor, weaknesses in the suitability of the case for class treatment should not be taken into account when assessing the fairness of the proposed settlement.  With respect to the possibility of bankruptcy, although counsel and plaintiffs' expert state that a large verdict could force defendants to seek bankruptcy protection, the evidence in support of this possibility is thin and consists largely of speculation as to when a recovery greater than the proposed low-end settlement would push defendants into bankruptcy.

Under the current proposal, the average gross recovery — *i.e.*, *before* any reductions for attorney's fees and costs — for each class member would be approximately $1,400 (individual recoveries would depend on factors such as hours worked).  As stated, this is just five to seventeen percent of the estimated damages.  If the requested attorney's fees and costs were awarded, the average recovery would be reduced to less than $1,000.  Given that the case is potentially worth far more than this amount, class members would likely prefer to seek a larger recovery through litigation and take their chances with bankruptcy.

The proposed class settlement is **DENIED**.  The main reason the proposed settlement is being denied is that the settlement value is too low for the merits of the case.  The Court would not insist on a one-hundred percent settlement, nor even necessarily a fifty percent settlement, but the current proposal is too low.

With respect to the further justification regarding whether certain claims could be certified at all, this issue can be dealt with by plaintiff bringing a motion to certify.  If the class

1   is certified, this possible problem will no longer drag down the settlement value.  On the other

2   hand, if the class is not certified, no harm will be done because absent class members should

3   not have had their claims adjudicated in this action in the first place.  It is troubling to the

4   Court that legitimate claims of class members could be unreasonably compromised merely

5   because those claims are not amenable to class treatment.  If a class is not certified, plaintiff

6   will be required to notify class members so that they are able to sue individually.

7

8   **IT IS SO ORDERED.**

9

10  Dated:  May 22, 2009.

11  _____
    WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3