IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER PEREZ ESCOBAR, MARGARITA GONZALEZ and FRANCISCO CISNEROS-ZAVALA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WHITESIDE CONSTRUCTION CORPORATION, NMS SUPPLY INC., J.W. CONSTRUCTION, INC., and DAVID R. WHITESIDE,<br><br>Defendants. | No. C 08-01120 WHA<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

**INTRODUCTION**

In this putative class action alleging claims under various provisions of state and federal labor laws, the parties move for preliminary approval of a proposed class settlement agreement. Although the proposed settlement amount is a very low percentage of the estimated damages before fees and costs, counsel have, after several attempts, sufficiently documented defendant's weak financial condition to support their contention that a larger settlement might force defendant into bankruptcy. They have also by and large remedied the other problems with their earlier proposals. Accordingly, the joint motion for preliminary approval of the proposed settlement is **GRANTED**, reserving on final approval later.

**STATEMENT**

Plaintiffs worked as employees of defendant corporation Whiteside Construction Corporation, NMS Supply Inc., and/or J.W. Construction, Inc. David Whiteside is the

president and principal shareholder of these companies. The complaint asserts that: (i) defendants failed to compensate plaintiffs with an extra hour of pay for each work shift longer than four hours during which plaintiffs did not get a 10-minute rest period as required by the California Labor Code; (ii) defendants willfully failed to compensate plaintiffs in accordance with the California Labor Code; (iii) defendants failed to provide plaintiffs with information regarding time and wages for pre-shift and post-shift work as required by the California Labor Code; (iv) defendants failed to provide overtime compensation under the California Labor Code; (v) defendants failed to provide minimum and overtime wages pursuant to the Fair Labor Standards Act; (vi) defendants engaged in unfair practices under the California Unfair Competition Law; and (vii) defendants failed to reimburse plaintiffs for costs and depreciation of vehicles used to travel between the construction site and Whiteside construction yard in violation of California Labor Code.

An August 2008 order certified the action as a collective action under the Fair Labor Standards Act, but plaintiffs have yet to seek class certification of their remaining claims under Rule 23. The parties reached a proposed class settlement agreement, and notice of the FLSA action has yet to be sent pending the outcome of class settlement proceedings. The parties' first motion for preliminary approval of class settlement was filed in January 2009, and a renewed motion followed in July 2009 that addressed some but not all of the Court's concerns. In September 2009, the parties submitted a revised class notice and additional declarations and exhibits in support of the proposed settlement agreement to address the remaining concerns.

**ANALYSIS**

The parties' previous attempts for preliminary approval of class settlement have been denied for several reasons, which have now been largely remedied. The parties' changes are detailed below:

**1. STEEP DISCOUNT IN SETTLEMENT.**

The main reason the proposed settlement was initially denied is that the settlement value is extremely low for the merits of the case. The damages study by plaintiffs' expert estimated to be worth as much as $9,128,831, and at a minimum to be worth $2,650,000. The proposed

settlement amount is only $444,000 — before any reduction thereof for attorney's fees and costs. That is, the proposed settlement is just five to seventeen percent of the estimated damages (before fees and costs). Plaintiff's earlier proposals did not properly justify the low return to plaintiffs relative to the merits of the action. Although counsel point to some possible weaknesses in plaintiffs' case, the only reasonable justification for such an extremely low settlement here is the possibility that a larger verdict would push defendants into bankruptcy. With respect to the possibility of bankruptcy, the evidence the parties initially offered in support of that possibility was too thin and consisted largely of speculation.

The renewed motion for preliminary approval submits additional evidence on defendant's poor financial condition, including declarations from Whiteside Construction's president and accountant describing the company's financial straits, a copy of Whiteside Construction's 2008 tax return and a copy of Whiteside Construction's balance sheet documenting its financial condition for 2009 through the end of August. The tax return shows the company suffered a loss of $2,857,478 for 2008 (Smith Decl. Exh. A). The 2009 balance sheet shows a working capital deficit of $1,698,868 (Whiteside Supp. Decl. Exh. A), supporting the parties' concerns that the company may not have sufficient funds to satisfy its upcoming operational expenses and continue operations. David Whiteside avers that the company's field construction workforce shrunk from 85 full-time workers in June 2008 to 38 full-time workers in June 2009 (Whiteside Decl. ¶ 4). Whiteside is also suffering from a denial of usual trade credit from its suppliers (Smith Decl. ¶ 4).

Given the strength of the case, the tiny recovery remains problematic. But the parties have sufficiently documented the financial weakness of defendants and accompanying risk that continued litigation might cause defendant companies to cease operating as going-concerns to accept the low settlement, at least for purposes of putting the proposal out for comment.

**2. SCOPE OF RELEASE.**

The earlier proposed settlement was not fair to absent class members. It included a general release as to any and all known or unknown claims that plaintiffs have against defendants, and would have released all claims of any class members who failed to timely to opt

3

out of the settlement. This would have extinguished plaintiffs' rights to recover even for claims completely separate from those asserted in this action. Workers who failed to receive the notice (due to changes in address or other delivery problems) or who put it aside unread due to the press of other matters or who simply did not prepare and file a claim on the tight timetable in the notice would have lost all their rights. Why plaintiffs' counsel would have so prejudiced absent class members is a mystery.

The new proposal has a narrower release. Class members who submit claims forms will only release claims that were asserted in the complaint. To the extent that they have other causes of action against defendants, they do not trade away their rights to pursue those claims separately. Class members who do not opt-out of the settlement will release only the state-law claims asserted in the complaint, but not any claims under the Fair Labor Standards Act, or any other claims they may have against defendants.

### 3. INCENTIVE PAYMENTS.

The prior proposed agreement included an enhancement award for the named plaintiffs as a side payment, of which the previous order disapproved. (If the settlement is not good enough for the named plaintiffs, it is not good enough for the class.) Plaintiffs have removed this form of "payoff," and have submitted a declaration from each named plaintiff indicating that they understand they will receive no additional benefits beyond those received by the rest of the class.

## CONCLUSION

For the above-stated reasons, the parties' motion for preliminary approval of the proposed settlement agreement is **GRANTED**, subject to further consideration thereof at the settlement hearing provided for below. This order finds that even though the recovery is very low, in the context of the weak financial situation of defendants it is sufficiently within the range of reasonableness so that notice of the proposed settlement should be given as provided for below.

The revised form of notice is hereby **APPROVED** with an addition as follows. The Court wants the class members to have an objective opportunity to comment on the proposed

4

settlement before final approval. The notice shall be required to include the following paragraph, to be bolded therein:

### SUMMARY OF PROPOSED SETTLEMENT

**If you worked for defendants Whiteside Construction Corporation, NMS Supply, Inc., J.W. Construction, Inc., and David R. Whiteside from February 25, 2004, through September 15, 2008, as a carpenter, laborer, cement mason, foreman, dump-truck driver, rebar fabricator, rebar installer, or material-delivery driver, you could get a payment from a class-action settlement. Plaintiffs allege that defendants violated provisions of the California Labor Code and the Fair Labor Standards Act ("FLSA") by (1) failing to provide meal and rest periods to certain employees in compliance with California law; (2) failing to timely pay all wages owing to certain former employees within the time periods specified by California law; (3) failing to provide employees with accurate itemized wage statements in compliance with California law; (4) failing to compensate certain employees with minimum wages and/or overtime compensation under California Law and the FLSA; and (5) failing to reimburse certain employees for business expenses. Although the Court granted preliminary approval and required this notice, the Court has reservations about the proposed settlement because a damages study by plaintiffs' expert estimated the value of the lawsuit to be between $2,650,000 and $9,128,831, and the proposed settlement amount is only $444,000. The parties have argued that defendant companies are in a weak financial situation and that a larger settlement risks pushing them into bankruptcy. The Court recognizes that its concerns about the low value of settlement must be weighed against these other considerations that support settlement. The Court invites the views of class members on the fairness, adequacy and reasonableness of the proposed settlement. There will be a fairness hearing at which the Court will consider objections, if any, to the proposed settlement and determine whether the proposed settlement should be approved. This hearing will be held on January 28, 2010, at 2:00 p.m. in Courtroom 9 at the United States District Court, 450 Golden Gate Avenue, San Francisco, California 94102. Objections and comments must be submitted to the Court on or before January 14, 2010.**

Within 20 days after the date of the entry of this order, defendants shall provide to plaintiffs' counsel a copy of the last-known address for all Whiteside Construction Corporation, NMS Supply Inc., and J.W. Construction, Inc. employees who worked in California at any time during the period from February 25, 2004, through August 21, 2008. Within 10 days after receipt of these addresses, plaintiffs' counsel shall update the addresses of all individuals on the list provided by defendants using the National Change of Address database, and shall cause copies of the notice to class substantially in the form attached hereto to be mailed to all individuals on the updated list. To the extent any notices are returned to plaintiffs' counsel as not deliverable, plaintiffs' counsel shall update the addresses using Lexis and shall remail them within 5 days. A class member will be given 65 days after the date of mailing to submit the claim form or to exercise his or her right to object to or opt out of the settlement.

The final approval hearing date shall be **JANUARY 28, 2010 AT 2:00 P.M.** The objection and comment deadline shall be **JANUARY 14, 2010.**

**IT IS SO ORDERED.**

Dated: October 5, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE