IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER PEREZ ESCOBAR, MARGARITA GONZALEZ and FRANCISCO CISNEROS-ZAVALA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WHITESIDE CONSTRUCTION CORPORATION, NMS SUPPLY INC., J.W. CONSTRUCTION, INC., and DAVID R. WHITESIDE,<br><br>Defendants. | No. C 08-01120 WHA<br><br>**ORDER RE RE-MAILING OF NOTICE TO CLASS OF PROPOSED SETTLEMENT OF CLASS ACTION** |

Counsel first moved for preliminary approval of a proposed class settlement agreement in this action in January 2009. Preliminary approval was delayed several times due to various problems with the parties' successive proposals including inappropriate incentive payments to the named plaintiffs, a proposed settlement amount that was a very low percentage of the estimated damages before fees and costs, and an overbroad release of claims on behalf of absent class members. Preliminary approval was finally granted in October 2009 after counsel sufficiently documented defendants' weak financial condition to support their contention that a larger settlement might force defendants into bankruptcy. Counsel also by and large remedied the other problems with their earlier proposals.

Counsels' proposed form of notice was approved with the addition of a summary paragraph to be bolded therein. It stated:

### SUMMARY OF PROPOSED SETTLEMENT

**If you worked for defendants Whiteside Construction Corporation, NMS Supply, Inc., J.W. Construction, Inc., and David R. Whiteside from February 25, 2004, through September 15, 2008, as a carpenter, laborer, cement mason, foreman, dump-truck driver, rebar fabricator, rebar installer, or material-delivery driver, you could get a payment from a class-action settlement. Plaintiffs allege that defendants violated provisions of the California Labor Code and the Fair Labor Standards Act ("FLSA") by (1) failing to provide meal and rest periods to certain employees in compliance with California law; (2) failing to timely pay all wages owing to certain former employees within the time periods specified by California law; (3) failing to provide employees with accurate itemized wage statements in compliance with California law; (4) failing to compensate certain employees with minimum wages and/or overtime compensation under California Law and the FLSA; and (5) failing to reimburse certain employees for business expenses. Although the Court granted preliminary approval and required this notice, the Court has reservations about the proposed settlement because a damages study by plaintiffs' expert estimated the value of the lawsuit to be between $2,650,000 and $9,128,831, and the proposed settlement amount is only $444,000. The parties have argued that defendant companies are in a weak financial situation and that a larger settlement risks pushing them into bankruptcy. The Court recognizes that its concerns about the low value of settlement must be weighed against these other considerations that support settlement. The Court invites the views of class members on the fairness, adequacy and reasonableness of the proposed settlement. There will be a fairness hearing at which the Court will consider objections, if any, to the proposed settlement and determine whether the proposed settlement should be approved. This hearing will be held on January 28, 2010, at 2:00 p.m. in Courtroom 9 at the United States District Court, 450 Golden Gate Avenue, San Francisco, California 94102. Objections and comments must be submitted to the Court on or before January 14, 2010.**

The objection and comment deadline was set for January 14, 2010, and the hearing on final approval for the class was scheduled for January 28, 2010.

Plaintiffs' counsel Alan Harris has now submitted a sworn declaration stating that when notice was mailed to the 398 names on the class list, the summary paragraph above was omitted due to his inadvertence and the inadvertence of the claims administrator. The claims administrator, Markham Sherwood, has submitted a sworn declaration stating that as of

2

December 21, 2009, 91 class members (under 23 percent of the class) have submitted claim forms and no objections have been filed.

Although all of the information in the summary paragraph was contained elsewhere in the notice, the summary paragraph succinctly explained to class members the details of this action and proposed settlement and solicited their comments and objections. This was particularly important in this action because the proposed settlement value is extremely low for the merits of the case: just five to seventeen percent of the estimated damages before fees and costs. Although preliminary approval was granted despite this low recovery due to the documented financial weakness of defendants, any objections and comments from class members in this matter are of particular interest before final approval is considered.

It is therefore ordered that the claims administrator mail a revised notice including the summary paragraph no later than January 7, 2009. Class members will be given 30 days from the date of mailing of the revised notice to submit the claim form or exercise their right to opt out of the settlement. Class members who submitted claim forms, opt outs, comments or objections in response to the mailing of the initial notice do not need to re-submit their responses again. All claim forms, opt outs, objections and comments submitted in response to the initial notice will be considered timely. The objection and comment deadline shall be extended to **FEBRUARY 11, 2010.** The final approval hearing date shall be continued to **FEBRUARY 18, 2010, AT 8:00 A.M.**

**IT IS SO ORDERED.**

Dated: December 31, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE