IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WALTER PEREZ ESCOBAR,
MARGARITO GONZALEZ, and
FRANCISCO CISNEROS-ZAVALA,
individually and on behalf of all others
similarly situated,

    Plaintiffs,

  v.

WHITESIDE CONSTRUCTION
CORPORATION, NMS SUPPLY, INC.,
J.W. CONSTRUCTIONS, INC., and
DAVID R. WHITESIDE,

    Defendants.

No. C 08-1120 WHA

**ORDER GRANTING FINAL APPROVAL TO CLASS SETTLEMENT**

On February 18, 2010, the Court held a final fairness hearing pursuant to FRCP 23(e)(2) on the settlement reached between defendants Whiteside Construction Corporation, NMS Supply Inc., J.W. Construction, Inc., and David R. Whiteside, and plaintiffs Walter Perez Escobar, Margarita Gonzalez and Francisco Cisneros-Zavala, on behalf of themselves and all others similarly situated, in this putative class action alleging claims under various provisions of state and federal labor law.

Having scrutinized the terms of the settlement agreement, proposed plan of distribution, and adequacy of notice provided to class members, and having considered the motion for final approval of the settlement agreement, the declarations submitted therewith, oral argument by counsel, and all other documents of record in this matter, this order holds that the settlement

agreement is in the best interests of the class and is fair, reasonable, and adequate under the factors set forth in *Hanlon v. Chrysler*, 150 F.3d 1011 (9th Cir. 1998).

Preliminary approval in this matter was only granted after numerous revisions were made to the original settlement agreement. The scope of the release was narrowed significantly to protect the interests of absent class members. Class members who submitted claims forms release only claims that were asserted in the complaint. Class members who did not opt-out of the settlement but did not submit claims forms release only the state-law claims asserted in the complaint but not any claims under the Fair Labor Standards Act, or any other claims they may have against defendants.

Nevertheless, the settlement value is extremely low for the merits of the case. The damages study by plaintiffs' expert estimated plaintiffs' claims to be worth as much as $9,128,831, and at a minimum to be worth $2,650,000. The settlement amount is only $444,000 — before any reduction thereof for attorney's fees and costs. In other words, the proposed settlement is just five to seventeen percent of the estimated damages even before fees and costs. The only reason that such a low settlement has been approved is that the parties have submitted documentation supporting their contention that a larger verdict would push defendants into bankruptcy.

The version of the agreement and notice of settlement was also revised to clearly communicate the Court's concern with the tiny recovery. When the notice was initially mailed to the 398 names on the class list, a summary paragraph of the proposed settlement noting these reservations was omitted by plaintiffs' counsel and the claims administrator. They were subsequently ordered to mail a revised notice including the summary paragraph to all class members, and the objection, comment, and opt out deadline was extended. Of the 398 class members, 164 claim forms were submitted. No objections to the settlement were submitted and only one class member opted out. The class member who opted out wrote that he only worked for defendants for one day and for that reason did not want to participate. He did not raise any objections to the settlement itself.

Accordingly, final approval of settlement shall be granted.

2

\* \* \*

Plaintiff's counsel seek attorney's fees in the amount of $132,000, as well as reimbursement of their costs in the amount of $11,397.38. For district courts applying the percentage-of-the-fund method, the Ninth Circuit has "established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations." *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). "The benchmark percentage should be adjusted . . . when special circumstances indicate that the percentage recovery would be either too small *or too large* in light of the hours devoted to the case *or other relevant factors*." *Sex Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (emphasis added).

Plaintiff's counsel claim a lodestar of $222,181. Although they seek considerably less than this, their requested attorney's fees of $132,000 nevertheless represent thirty percent of the recovery of $440,000. This is an unreasonably large percentage — well above the Ninth Circuit's benchmark — especially in light of the very low recovery in this action as noted above. This order shall grant attorney's fees at the Ninth Circuit benchmark of twenty-five percent of the recovery. No special circumstances warrant an upward adjustment here.

The claims administrator seeks administration costs of $25,000. This does not include the costs of mailing the revised notice which was necessitated by the original notice's omission of the summary paragraph due, as explained above, to the inadvertence of plaintiffs' counsel and the claims administrator. Plaintiffs' counsel and the claims administrator will not be reimbursed for the costs of mailing the revised notice.

\* \* \*

Accordingly, it is hereby ordered as follows:

1. The Court hereby makes final the certification of the settlement class.

2. The Court hereby finds that the revised notice as mailed to all class members fairly and adequately described the proposed settlement, the manner in which class members could object to or participate in the settlement, and the manner in which class members could opt out of the class; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all class members; and complied fully with the Federal Rules of Civil

Procedure, due process, and all other applicable laws. The Court further finds that a full and fair opportunity has been afforded to class members to participate in the proceedings convened to determine whether the proposed settlement should be given final approval. Accordingly, the Court hereby determines that all class members who did not exclude themselves from the Settlement by filing a timely request for exclusion are bound by this settlement order and judgment.

3. The Court hereby finds that the settlement is fair, reasonable, and adequate as to the class, plaintiffs and defendants; that it is the product of good faith, arms-length negotiations between the parties; and that the settlement is consistent with public policy and fully complies with all applicable provisions of law. Accordingly, the Court hereby finally and unconditionally approves the settlement and authorizes defendants to pay the settlement awards and associated tax obligations in accordance with the terms of the settlement.

4. Defendants agreed in the settlement to pay reasonable attorney's fees to plaintiffs' counsel as approved by the Court, as well as to reimburse plaintiffs' counsel for actual and reasonable costs and expenses incurred in bringing this action as approved by the Court. The Court has considered plaintiffs' motion for award of attorney's fees and reimbursement of costs. It hereby awards plaintiffs' counsel attorney's fees in the amount of $110,000 and costs and expenses in the amount of $11,397.38. Defendants are authorized to pay half of the attorney's fees to Harris & Ruble immediately. The other half is authorized to be paid at the end of the distribution process.

5. Defendants further agreed in the settlement to pay from the settlement fund the reasonable costs and expenses of the settlement administrator in connection with the operation and implementation of the settlement. Good cause appearing, the Court hereby authorizes defendants to pay the amount of $10,000 to the settlement administrator in accordance with the terms of the Settlement.

6. The claims in this action are hereby dismissed with prejudice. Class members who did not opt out of the settlement are barred from reasserting against defendants any and all state-law claims for unpaid wages (including minimum wages, overtime compensation, and

4

compensation for missed meal and/or rest breaks), unreimbursed business expenses and inaccurate wage statements arising between February 25, 2004, and September 15, 2008. In addition, class members who submitted a claim form are barred from reasserting against defendants all claims pursuant to the Fair Labor Standards Act, 29 U.S.C. 206–07, for failure to pay minimum wage and overtime compensation arising between February 25, 2004, and September15, 2008. Without affecting the finality of this settlement order and judgment, the Court hereby retains exclusive and continuing jurisdiction over the action, plaintiffs, all settlement class members, and defendants for purposes of supervising, administering, implementing, interpreting, and enforcing this settlement order and judgment, as well as the settlement, for a period of three years.

**IT IS SO ORDERED.**

Dated: February 19, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE